UNITED STATED DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| MARY MADISON ) | |
| ) | |
| Plaintiff, ) | Case No. 23CV16476 |
| ) | |
| ) | Hon. Judge Elaine E. Bucklo |
| CREATIVE WERKS, LLC, and ) | |
| STEVE SCHROEDER, ) | |
| ) | |
| Defendant. ) | |
| ) | |

**MOTION TO SET ASIDE DEFAULT AND
FOR LEAVE TO FILE MOTION TO DISMISS**

The named Defendant, Creative Werks, Inc., by and through its counsel, Dickinson Wright PLLC, hereby sets forth this Motion to Set Aside Default and for Leave to File Motion to Dismiss, with respect to Plaintiff, Mary Madison's Complaint, pursuant to Rule 12(c) of the Federal Rules of Civil Procedure.

**RELEVANT FACTS**

On December 4, 2023, Plaintiff, Mary Madison, filed a Complaint against Defendant Creative Werks, LLC ("Creative Werks") alleging violations under the Age Discrimination Employment Act, Title VII of the Civil Rights Act (based upon Race), and Title VII of the Civil Rights Act (based on sex). *See* Complaint; Dkt. 1. The Complaint was served upon Creative Werks on December 15, 2023, originally to be answered or otherwise pled on or before January 5, 2024. The individually named Defendant, Steve Schroeder has yet to be served with the Complaint. Prior to filing this Complaint, the Plaintiff filed claims with the EEOC and the Illinois Department of Human Rights, setting forth claims that are predicated upon the same actions and predicated upon the same alleged counts. Indeed, on the face of the Complaint itself, Plaintiff admits that an underlying IDHR action is *still* pending (*See* Par. 7.1(a)(ii) of Complaint), and she attached copies

of her administrative complaint(s) and letter from the IDHR indicating that it is currently investigating her claims pursuant to her request…after the EEOC issued a "Right to Sue" letter. (*See* Exhibits 1 & 2 of Complaint).

Plaintiff also has a pending claim against Creative Werks, in a Department of Labor/OSHA matter, predicated upon nearly identical facts and seeking nearly identical relief. The OSHA Complaint was filed on May 26, 2023, and is still a pending case. In the OSHA case, a settlement conference was conducted by an OSHA investigator on January 22, 2024. On December 29, 2023, ahead of that settlement conference, a two (2) week extension to answer or otherwise plead was negotiated with Plaintiff's Illinois Counsel in that matter, Jordan Hoffman, Esq. An email exchange confirming this agreed extension agreement is attached in Group Exhibit A hereto. On January 22, 2024, the settlement conference was started but not concluded. On January 23, 2024, a request for an additional two (2) weeks to answer or otherwise plead was subsequently negotiated in the context of there being a potential global settlement. The second extension of time is also reflected in a *contemporaneous* email to Plaintiff's counsel, reflecting on its face (and citing this case) that no pleadings would be due until February 8, 2024. (*Id*.)

Notwithstanding the above agreements (reflected in writings) for extensions to file, on January 24, 2024, Plaintiff filed a Motion for Default predicated upon a failure of Creative Werks to file an answer or otherwise plead.[1] When Mr. Hoffman was contacted about the Motion for

---

[1] It is noted for the record, that in the Motion for Default, Plaintiff lists "John Schroeder" in that caption as a named defendants in error, as she previously named Steve Schroeder in the Complaint.

Default in early February 2024, he claimed not to have any knowledge of the Motion for Default but admitted that he consented to extensions of time to answer or otherwise plead.[2]

## ARGUMENT

Under Federal Rule of Civil Procedure Rule 55, a court may "for good cause shown" set aside an entry of default. Fed. R. Civ. P. 55(c). The Seventh Circuit has repeatedly expressed a strong preference that, as a general matter, defaults be avoided and that claims and defenses be disposed of on their merits. *Sun v. Bd. of Trs. of the Univ. of Ill.*, 473 F.3d 799, 810 (7th Cir. 2007). In exercising that discretion, courts must be mindful of the policy favoring the resolution of the merits of a case by trial rather than through a default, and the resulting leniency the Seventh Circuit has established under Rule 55(c). *Cracco v. Vitran Express., Inc.*, 559 F.3d 625, 630-31 (7th Cir. 2009. In order to vacate an entry of default, the moving party must show: "(1) good cause for the default; (2) quick action to correct it; and (3) a meritorious defense to the complaint." (*Id.*, internal quotations omitted). Rule 55(c) motions should be liberally construed in order to provide relief from the onerous consequences of defaults and default judgments."

---

[2] Here, it is acknowledged that Mr. Hoffman has not filed an appearance in this case, but he did execute the Service of Citation with respect to the Complaint at issue. In addition to representing Plaintiff in the ongoing OSHA matter, he also acted on Plaintiff's behalf in this case on at least two (2) occasions when agreeing to extensions of pleading dates. In a prior and unrelated action, the District Court, for Central District of Illinois, was critical of Mr. Hoffman for the alleged ghost-writing of pleadings on behalf of this same Plaintiff, Mary Madison. *See Madison v. Kenco Logistic Services LLC et al*, 15-cv-02290-CSB-EIL *14 (C.D. Ill Sept. 21, 2017). While it is unclear if Mr. Hoffman drafted any portions of the instant Complaint, he was involved in its service and acted on behalf of Ms. Madison in this case. Ms. Madison should not be able to take advantage of this "gray area" and should be held to the agreements made by her legal counsel, Mr. Hoffman.

Here, good cause exists to <u>set aside</u> the entry of a default against Defendants. Counsel for Defendants have been mindful of the date required to answer or otherwise plead since the Complaint was originally filed. Due to negotiations between the parties with respect to other pending matters, it was contemplated that a global settlement might be effectuated. Toward those ends, Defendants' counsel engaged in contemporaneous communications with Plaintiff's legal counsel and obtained agreed extensions of time to answer or otherwise plead, with filings contemplated to be due after the Plaintiff sought a Motion for Default. Whether, Plaintiff's own lawyer duly notified her of the agreed extensions or not, Defendant acted in good faith to comply with filing deadlines at issue in this case.

Secondly, both named defendants have a meritorious defense to the claims against them. As reflected in <u>Exhibit B</u> hereto, Defendants seek to file a Motion to Dismiss (pursuant to the leave requested in this Motion) based on Plaintiff's failure to exhaust her administrative remedies (hereinafter "Motion to Dismiss"). Based on the face of Plaintiff's Complaint and its attachments, Plaintiff affirmatively pleads that the underlying actions (predicated on the same facts and legal theories), are still pending before the IDHR. (*See* Motion to Dismiss and *generally, Anderson v. Centers for New Horizons, Inc.*, 891 F.Supp.2d 9559-960 (N.D. Ill. 2012) (wherein this Court dismissed all claim because they were still pending before the IDHR); *Davis v. Potter*, 2004 U.S. Dist. LEXIS 2105, No. 03 C 4155, *7 (N.D. Ill. Feb. 6, 2004); *Boutte v. Principi,* 2003 U.S. Dist. LEXIS 1796, No. 02 C 1916, *1 (N.D. Ill. Jan. 27, 2003); *Hankins v. Best Buy Co., Inc.*, No. 10 CV 4508, 2011 WL 6016233, at *6 (N.D.Ill. Dec. 2, 2011) ("the fact that [the plaintiff] received a right to sue notice from the EEOC does not establish that he may bring suit under the [IDHR]")). As such, because Plaintiff has not exhausted her administrative remedies, this Court has no jurisdiction with respect to the named parties. Thus, assuming the Court subsequently addresses

the substance of the Motion to Dismiss sought to be filed herewith, it is clear that there is a meritorious defense.[3]

Third, the Defendants acted with reasonable promptness in seeking to set aside the entry of default. In this case, this Motion was filed within two (2) days from the date that this Court entered a minute order reflecting an order of default, and Creative Werks seeks to file its Motion to Dismiss (attached hereto) *on the very date that such pleading was due pursuant to an agreement with Plaintiff's counsel.*

Fourth, Plaintiff will not suffer any prejudice in this lawsuit as a result of the granting of this motion. The individually named Defendant has not even been served this in this case, nor has discovery commenced nor will the passage of a few days, in any way, impact the instant case, its prosecution or defense.

## **CONCLUSION**

For the foregoing reasons, Creative Werks, LLC respectfully petitions the Court to set aside the entry of default and allow the attached Motion to Dismiss be filed in response to the Complaint.

---

[3] Subject to and without waiving the legal arguments set forth in the Motion to Dismiss, if required to file an Answer, Defendants dispute the material allegations and conclusions of law in the Complaint and would plead so, along with affirmative defenses if not successful on its proposed Motion for Default.

Respectfully submitted this 8th day of February, 2024.

**On behalf of Creative Werks, LLC**

__/s Jon D. Cohen_____
By Jon D. Cohen, their counsel

Dickinson Wright PLLC
Jon D. Cohen (IL ARDC 6206666)
jcohen@dickinsonwright.com
Joseph R. Delehanty (IL ARDC 6334295)
jdelehanty@dickinsonwright.com
55 W. Monroe Street, Suite 1200
Chicago, Illinois 60603
312-572-6905