

MCP

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS**

|  |  |
|---|---|
| ) | |
| ) | |
| Mary Madison ) | |
| **Plaintiff,** ) | **Case Number: 1:23-CV-16476** |
| ) | |
| -vs- ) | **Honorable Judge Manish S. Shah** |
| ) | |
| Steve Schroeder ) | |
| Creative Werks, LLC ) | |
| **Defendant** ) | |

## PLAINTIFF'S MOTION IN OPPOSITION TO DEFENDANT'S MOTION TO SET ASIDE PLAINTIFF'S DEFAULT JUDGMENT

NOW COMES the Plaintiff and in support of her Motion In Opposition To Defendant's Motion to Set Aside Plaintiff's Default Judgment pursuant to Federal Rule of Civil Procedure 55, states as follows:

Plaintiff contends that Defendants failed to discharge themselves of their burden under FRCP 55(c) relative to its motion to vacate the default judgment entered on February 6, 2024 by the Honorable Judge Shah.

FRCP requires that "the defendants must demonstrate (1) good cause for the default, (2) quick action to correct it, and (3) a meritorious defense to the complaint. *Sun v. Bd. of Trs. of the Univ. of Ill.,* 473 F.3d 799, 810 (7th Cir. 2007)

Defendants' purported motion to vacate is riddled with flaws, inconsistencies, mistruths and intentionally patently false statements. Defendants' motion characterizes and suggests that Defendants have fallen prey to a contrived scheme to gain a tactical advantage, when in fact Defendants are the source of this alleged conundrum.

Legal counsel for Defendant Steve Schroeder and his alter ego, Creative Werks approached Madison's legal counsel, in late summer of 2023 about a settlement in the OSHA matter.

On December 5, 2023, Madison filed her federal law claims before this court Pro Se. Service was executed on December 15, 2023 and on December 18, 2023, a due date, of January 5, 2024, was entered for the Defendants to respond.

In December of 2023, legal counsel for Defendant Steve Schroeder and his alter ego Creative Werks again approached Madison's legal counsel about resolving all of the claims at once at OSHA.

It is an undisputed fact that the claims before OSHA and the District Court are based on the same common core or nucleus of facts.

Defendants or Defendants' counsel never approached Madison about the impending lawsuit, but instead took it upon themselves to contact Madison's counsel in the OSHA matter. This is borne out in Defendants' Motion to Set Aside Default Judgment. Defendants' conduct in contacting someone other than Madison was the first misstep in this conundrum.

Madison understood her responsibility to keep her case moving along and on task, while trying to remain cooperative and engaged in settlement talks that could possibly resolve the matters.

On January 22, 2024, OSHA held a settlement conference. At the conference, Defendants' counsel acknowledged the claim in the District Court and that the answer was due and owing and it was to be filed within a day or two (2). It was well established and understood by all of the participants[1] that Madison's counsel in this matter was not representing her in the matters before this court.

From Madison's perspective, the settlement conference was not productive, as the Defendants offered less money than they had initially offered in January of 2023 prior to the filing of the complaints at the Department of Labor and the District Court. Minutes before the end of business on January 24, 2024, Madison filed her Rule 55 Motion and served Defendants with a copy of the motion.

Madison subsequently learned that Defendants' counsel emailed Mr. Hoffman on January 23, 2024 telling him that he would like to put down his pencil for two (2) weeks while considering if the whole dispute could be resolved and to put more money in Madison's pocket (See Hoffman Declaration ¶13).

On Sunday evening, February 4, 2024, Defendants counsel makes another misstep and emails Madison's counsel in the OSHA matter asking for a two (2) week extension to respond to the

---

[1]The participants were John Cohen, outside counsel for Defendants, John Schroeder, in-house counsel Creative Werks, Gretchen LeMay VP of People Creative Werks, and Steve Schroeder Founder of Creative Werks, LLC, Mary Madison and Jordan Hoffman, Complainant's counsel.

federal complaint (See Hoffman Declaration ¶16).

Mr. Hoffman indicated that he would have to confer with Madison and that he had recently learned that Madison had filed a Motion for Default Judgment (See Hoffman Declaration ¶18).

On February 5, 2024, Mr. Hoffman emails Madison indicating that Defendants wanted an additional two (2) weeks to respond to the complaint, as well as asking Madison's counsel to get Madison to withdraw her Rule 55 Motion (See Hoffman Declaration ¶20).

Madison was not inclined to give additional time for the Defendant to respond to the complaint. Nor was Madison inclined to withdraw her Rule 55 Motion.

On February 6, 2024, Madison appeared before the Honorable Judge Shah.  Madison was surprised that Defendants' counsel did not appear especially since they had confirmed knowledge that the motion was pending.

Madison learned that, on February 7, 2024, Defendants' counsel emailed Madison's legal counsel in the OSHA matter requesting to speak with him regarding the judgment entered on February 6, 2024 Exhibit B.  During the conversation, Defendants' counsel insisted Madison's counsel join in the pleadings to help him in vacate the judgment or to get Madison to agree to have the motion vacated.  If Madison's counsel did not comply, Defendants' counsel stated that he would raise some scandalous and/or scurrilous allegations against Madison's counsel in the pleadings to the court.

Madison's counsel indicated that he felt like Defendants' counsel was making threats in an effort to coerce him to comply with his demands or to pressure Madison to withdraw her motion (See Hoffman Declaration ¶22).

After, Madison's counsel, Mr. Hoffman, in the other matter refused Defendants counsel carried out his threat, when he filed the motion to vacate on February 8, 2024.

DEFENDANTS VIOLATED FRCP 11

Defendants filed its Motion to Set Aside the Default Judgment for impermissible purposes.

Defendants' motion contained intentionally and patently false and misleading information.

Including the following:

Defendants state that Mr. Hoffman was contacted in early February about the Motion for Default and at that time Mr. Hoffman claimed to not have any knowledge of the Motion. Docket Entry #15 page 2 ¶2-1:23-CV-16476

For the following reasons, Defendants statement is erroneous and patently false:

     1. On February 4, 2024, Mr. Cohen, Defendants attorney asked for an additional two (2) week extension (See Hoffman Declaration ¶16).

     2. Madison was blind copied on Mr. Hoffman's response to Mr. Cohen informing him that he needed to confer with Ms. Madison about an extension and that he had recently learned that a Motion for Default had been filed (See Hoffman Declaration ¶18).

The correspondence between Mr. Hoffman and Mr. Cohen are in direct contradiction to the intentionally false statements made by Defendants for the purpose of having Madison's Default Judgment Set Aside. Defendants conduct was malicious and willful.

<u>DEFENDANTS KNEW ABOUT THE MOTION FOR DEFAULT</u>

Defendants knew prior to February 6, 2024 hearing that the Motion was before the court and willfully failed to present themselves at the hearing. Additionally, Defendants never claimed that they did not receive the motion or any error occurred at its registered agent.

Specifically, Defendants did not allege in their motion that any error, clerical or otherwise occurred on its part or its registered agent's part. Nor did Defendants, individually or collectively, allege that service of the motion was defective in any way or unperfected relative to the service of the compliant or the motion (See Docket Entry 15).

Defendants also in violation of FRCP 11 willfully and intentionally presented to this honorable court a motion that they knowingly contained patently false information for impermissible purposes.

What is even more telling is that Defendants reference specific dates leading up to this patently false generalized statement. A statement that used in furtherance of Defendants' scheme to game the system and gain an order to set aside the Default Judgment entered on February 6, 2024.

To be specific, Defendants filed its motion on February 8, 2024, which would also be considered "early February." It is not reasonable to contend that Defendants came upon this information by happenstance.

In sum, Defendants motion focused solely on the fact that Defendants had been previously given

an extension of time to respond to the complaint and that they fell prey to nefariousness.

<u>DEFENDANTS DID NOT DISCHARGE THEMSELVES OF THEIR OBLIGATIONS TO MADISON</u>

Mr. Hoffman indicated that he was not aware that Defendants' counsel had not taken steps to extend or enlarge his time to file his pleadings with the Court (See Hoffman Declaration ¶15). Presumptively, Defendants counsel's conduct signaled or suggested that he had fully discharged his self of his obligations and responsibilities to Madison and the Court.

In error, any communication made with Defendants counsel regarding the District Court matter was made on the presumption that Defendants' counsel discharged itself of its obligation(s). Mr. Hoffman also indicated that at no time did he signal or state that he represented Ms. Madison in the District Court (See Hoffman Declaration ¶8).

While Defendants' counsel is casting aspersions and pointing fingers, Defendants' counsel willfully and intentionally did not disclose to the court that it sought an additional extension of time to respond to the case, in addition to seeking Madison to withdraw her Rule 55 motion as late at February 5, 2024 (See Hoffman Declaration ¶16). Defendants' counsel knew or should have known that it was improper to speak to anyone other Madison about this matter without her expressed consent. Neither Mr. Hoffman nor Madison was aware that Defendants' counsel had been operating outside of the normal operating procedure until February 7, 2024.

Additionally, Defendants' counsel represents that it had to February 8, 2024 to respond, when in fact Defendants' counsel requested two (2) weeks (See Hoffman Declaration ¶16). In the

ordinary context and definition of a week, two (2) weeks from January 23, 2024, would have been February 6, 2024; the day Madison's Rule 55 Motion was before the court.

Conveniently, once again Defendants' counsel only presents part or a fraction of the true story. Such an omission can be construed as gaming the system, deceptive and an attempt to frustrate the legal process. More specifically, it can also be construed as willful interference with justice and its administration.

Defendants' counsel of his own volition enlarged or exceeded the time requested and conveniently referenced a date that was beyond the time requested.  Further, Defendants' counsel should have been seeking to enlarge the time to respond to the matter from the court and not Madison's counsel on another matter.  Neither Madison nor her counsel on the other matter has the authority to change or modify a date that was set and entered on the docket (See Docket Entry #8 Docket Text)

The request of Sunday, February 4, 2024 (See Hoffman Declaration ¶16) for an additional two (2) weeks makes it clear to any reasonable person that Defendants would not have met the February 6th or 8th deadline.

Hence, raising an issue that is non-existent and/or hypothetical to create a fictitious kerfuffle is an affront to justice and its administration.  Not to mention such egregious conduct thwarts justice and is a waste of taxpayer monies, judicial resources and a travesty of justice. The Supreme Court has reasoned, "lying cannot be condoned in any formal proceeding." *See ABF*

*Freight System, Inc. v. N.L.R.B.*, 510 U.S. 317, 323 (1994)("False testimony in a formal proceeding is intolerable.") It "undermines the function and province of the law and threatens the integrity of judgments" *United States v. Alvarez*, 132 S.Ct. 2537, 2540 (2012) and "poisons the life blood of the administration of justice."

Defendants and its counsel have a duty to tell the truth (*Rodriguez v. M & M/Mars*, 1997 WL 349989, *2 (N.D. Ill. June 23, 1997)) and not engage in gamesmanship that create precedents and other constructs that can cause society, Madison and others further irreparable harms.

Therefore, to intentionally and willfully mislead the court into believing that Madison and her counsel on another matter had acted nefariously and beguiled Defendants into an unfair situation is patently false, deceptive, malicious and an act of bad faith.

DEFENDANTS MERITORIOUS DEFENSE IS MISPLACED

Defendants' motion also did not provide the meritorious defense required under FRCP 55(c) to vacate a default judgment. *Sun v. Bd. of Trs. of the Univ. of Ill., 473 F.3d 799, 810 (7th Cir. 2007).*

Madison does not have state claims before this court. Docket Entry 1 pg. 2 merely references that charges were filed at the Illinois Department of Human Rights and that the claims were being investigated. No references to any State of Illinois Statues were cited to support Defendants assertions.

Even if Madison did have improper State claims pending before this court, it would not obviate the Title VII claims that exhausted its administrative remedy that are currently before this court. Further, 42 U.S.C. §§1981 and 1985 do not require administrative exhaustion. If what Defendants allege is true, State claims would be dismissed and the federal claims would remain. *Principe v. Village of Melrose Park*, No. 20 CV 1545 (N.D. Ill. Aug. 18, 2020)


Contrarily, Defendants' assertion of State claims is false.


DEFENDANTS DID NOT RAISE A MERITORIOUS DEFENSE RELATIVE TO FEDERAL CLAIMS


Madison further asserts that Defendants do not have a meritorious defense. As there is nothing that can obviate the fact that Defendants provided Madison a written   letter stating that it was suspending Madison because of the conversation she had with Steve Schroeder (See Docket Entry #1 pg. 60)—A similar conversation about compliance and regulatory gaps that Steve Schroeder had with Erich Zicher at length on several occasions. Yet, Erich Zicher was not subjected to any adverse employment actions like Madison (See Docket Entry #1 pg. 32). Nor can Defendants overcome the subsequent remedial measures of their contrived schemes to induce Madison to see their then outside legal as a term and condition of her employment among other schemes (See Docket Entry #1 pg. 63). Nor can Defendants overcome not paying Madison her sign on bonus as contractually agreed among other things (See Docket Entry #1 pg. 61) Additionally, Defendants have not ever denied their actions.

<u>DEFENDANTS WERE WILLFUL IN NOT APPEARING AT THE FEBRUARY 6, 2024 HEARING</u>

Without trepidation Madison asserts and contends Defendants were aware of the complaint and the Rule 55 Motion before the court, as evidenced in their February 8, 2024 Motion to set aside the default judgment that does not address any deficiencies in service of the motion or the complaint. (See Hoffman Declaration ¶'s 16, 18, 19 & 21)

Defendants' awareness of, in particular, Madison's Rule 55 Motion before the court is further evidenced by an email sent, by Defendants' counsel, at approximately 10:30 am on February 7, 2024 to Madison's counsel, in the OSHA matter exclaiming that they needed to discuss the Default Judgment entered on February 6, 2024 (See Hoffman Declaration ¶21).

Considering Defendants, counselors did not file an appearance on behalf of Steve Schroeder and Creative Werks (Docket entry # 12 & 13) until February 8, 2024, it would have been impossible for Defendants counsel to have known about the entry of the order so soon, unless Defendants and its counsel were aware of the impending motion.

Defendants' counsels' threatening and coercive actions towards Madison's counsel in the OSHA matter in trying to force him to ill advise Madison is also telling and unethical at the very least. It is also consistent with Defendants immediate past behaviors. (See Hoffman Declaration ¶19)

<u>QUICK ACTION</u>

Defendants' counsels' quick action in filing its motion to correct the default judgment is also telling of its actions.  Docket entry #15

Defendants counsels' February 5, 2024 request for Madison to withdraw her Rule 55 Motion and subsequent actions of February 7 & 8, 2024 support the fact that Defendants' were aware of the pending Motion on February 6, 2024. To mock justice, Defendants intentionally and willfully failed to present themselves to the court at the appointed hour (See Docket Entry's 13, 14, 15 & 16; Also See Hoffman Declaration ¶'s 16, 18, 19 & 21).

Further, Defendants' counsels' office is 0.2 miles from the courthouse, a five (5) minute or less walk. There is no reason Defendants' nor it counsel could not have appeared at the Rule 55 Motion on February 6, 2024.

In addition, there was nothing impeding Defendants' counsel from presenting the information it had had on hand for weeks prior to the court on February 6, 2024 that was eventually presented in Defendants' February 8, 2024 motion. The timing of the information presented after the February 6, 2024 hearing on the motion is telling. Especially in view of Defendants confirmed foreknowledge of the hearing, as evidenced in the February 5, 2024 email (See Hoffman Declaration ¶19)

Defendants' conduct of thumbing its nose at the court in this instance and the exercising of subsequent remedial measures is reminiscence of Madison's recollection of Defendants' conduct of suspending her because raising compliance issues with Steve Schroeder that had been previously raised by Erich Zicher with Steve Schroeder (See Docket Entry 1 pg. 60). Or leading Madison to believe that as a term and condition of her employment she was required to meet with Creative Werks outside legal counsel who was to act as an independent fact finder, but

ended up being their legal counsel (See Exhibit A and Docket Entry #1 pgs. 63-64) amongst other instances.

**WHEREFORE**, for the foregoing reasons, Madison request that this Honorable Court: 1) Deny Defendants' motion to vacate the Default Judgment. 2) Find that Defendants acted intentionally and willfully when they refused to appear in court at the appointed hour. 3) Find that Defendants intentionally and willfully withheld information to obtain an ill-gotten judicial finding that would be detrimental to Madison and cause irreparable harms. 4) Enter an order stating that Defendants intentionally and willfully did not respond to the complaint. 5) Enter an order reaffirming the default judgment. 6) Enter an order indicating that Defendants waived their rights to issues not raised in its motion. 7) Enter an order for Defendants and their counsel to show cause why they did not appear at the Rule 55 motion hearing on February 6, 2024. 8) Strike from the record the scandalous and/or scurrilous allegations made against Madison's counsel in the pleadings to the court and forbid any such further scandalous and/or scurrilous comments or references to Madison or Mr. Hoffman; and 9) provide any other relief available to Madison and that is available to deter future bad actors.

Respectfully submitted,


 /S/_____
Mary Madison
9758 S Charles
Chicago, Il 60643
7732979569
Mdj123197@aol.com

EXHIBIT A



Mary Madison <assist2law@gmail.com>

---

# Attorney Interview- Tomorrow

18 messages

---

**Gretchen LeMay** <glemay@cwerksglobal.com>                    Tue, Nov 1, 2022 at 8:42 AM
To: "assist2law@gmail.com" <assist2law@gmail.com>

Mary


Our outside counsel will be interviewing you in person tomorrow to discuss your report.  Please find the pertinent information below and confirm back via email that you have received this information.


**Date & Time: Wednesday, November 2 at 10am CST**

**Where: Law Office of Ford Harrison**

**180 N. Stetson Ave**

**Suite 1660**

**Chicago, IL**

**Who: Kimberly Ross**


The law office is in the Prudential Plaza building.  You will enter the building on Randolph and take the escalator to the front desk where you will check in and get a pass.  You will need your ID.


Please confirm that you have received this email and if you have any further questions.


Thank you,

Gretchen



**Gretchen LeMay**

Head of People / Corporate Vice President

1470 Brummel Ave,
Elk Grove Village, IL 60007
630-422-3587 *(office)*
creative-werks.com   

---

Complex packaging solutions with speed and peace of mind 

---

**Gretchen LeMay** <glemay@cwerksglobal.com>                     Tue, Nov 1, 2022 at 4:40 PM
To: "assist2law@gmail.com" <assist2law@gmail.com>

Mary

Following up on this email to confirm that you received it.  I also left a voicemail on both phone numbers that you
provided in system.

Thank you,

Gretchen



**Gretchen LeMay**
Head of People / Corporate Vice President

1470 Brummel Ave,
Elk Grove Village, IL 60007
630-422-3587 *(office)*
creative-werks.com   

Complex packaging solutions with speed and peace of mind 

---

[Quoted text hidden]

---

**Mary Madison** <assist2law@gmail.com>                     Wed, Nov 2, 2022 at 2:13 AM
To: Gretchen LeMay <glemay@cwerksglobal.com>

Good day Ms. LeMay

I am in receipt of your 4:40 pm email and voice mail, of November 1, 2022, regarding an interview with the
company's outside counsel on November 2, 2022.  When you, Wendy and I last spoke on Wednesday,
October 26, 2022, you indicated that I was being suspended for the conversation that I had with Mr.
Schroder on Friday, October 21, 2022.

When I asked why I was being suspended, you indicated that you conducted an investigation that concluded that the issues raised in the risk assessment that I prepared, as the quality regulatory manager, for Mr. Schroder were totally unfounded.

In seeking to better understand the scope of the investigation, I repeatedly asked what the investigation entailed. Each time, you declined to share any information including what those findings were. It was after those requests that you stated that you reviewed my emails and I had also violated a company policy by allegedly sending company property to an outside email address, as a further reason for my suspension. In seeking further clarification, regarding sending company property to an outside email, I asked you a couple of times what was sent? You stated it was something related to the Dunkaroo's account. To which, I categorically deny such an action. You also cited my assertion in the risk assessment that the company had made false statements as the main contributing factor for my suspension.

In support of my contentions, I offered you a report that underscored issues raised in the risk assessment; which, in my opinion, would have brought clarity to the situation. However, you refused to review it and further suggested that I present it to the outside counsel. As such, the adverse employment decision to discipline me with suspension was made without affording me an opportunity to participate in the investigation.

After careful consideration and my inability to reconcile the purpose for speaking with outside legal counsel, I believe that I too need legal counsel when I speak with the company's outside counsel. In light of the circumstances, the discipline against me suggests, I need legal counsel to protect my interest.

Further, being suspended feels more like a punishment for raising issues relative to non-compliance. In my opinion, this goes against the very spirit of the purported open door policy and transparency mantra of "see something say something" that is touted in this organization. I believe this discipline goes against the purpose for which I was hired.

As a direct result of not understanding this process and my desire to protect my interest and rights, I am exercising my right to have legal counsel present during this interview. Further, you stated that you would be in contact with me within a day or so to arrange this meeting. However, almost a week later contact is made for a next day appointment. Due to this short notice, I will need time to arrange for my counsel's availability for any meeting with the company's outside counsel.

Thank you for your time, consideration and assistance in this matter.

Mary Madison

[Quoted text hidden]

---

**Gretchen LeMay** <glemay@cwerksglobal.com>                    Wed, Nov 2, 2022 at 7:13 AM
To: Mary Madison <assist2law@gmail.com>

Mary

Your below email does not correctly recap the conversation we had last week. You were suspended pending the results of an investigation that included an interview that needed to happen with you which is scheduled for this morning. For an internal matter employees do not need or require counsel to be present.

Given that you are on a paid suspension there should be no reason that you cannot meet with Kim as scheduled this morning.


Thank you,



**Gretchen LeMay**
Head of People / Corporate Vice President

1470 Brummel Ave,
Elk Grove Village, IL 60007
630-422-3587 *(office)*

creative-werks.com   

Complex packaging solutions with speed and peace of mind 🎁

---

**From:** Mary Madison <assist2law@gmail.com>
**Sent:** Wednesday, November 2, 2022 2:13 AM
**To:** Gretchen LeMay <glemay@cwerksglobal.com>
**Subject:** Re: Attorney Interview- Tomorrow

---

CAUTION: This email originated from outside of the organization. Do not click links or open attachments unless you recognize the sender and know the content is safe.

[Quoted text hidden]

---

Mary Madison <assist2law@gmail.com>                Wed, Nov 2, 2022 at 11:17 AM
To: Gretchen LeMay <glemay@cwerksglobal.com>

Good day Ms. LeMay

I have no problem following up with you or anyone else in regards to the risk assessment prepared and submitted to Mr. Schroeder on October 21, 2022. However, the rub is the circumstances that surround the matter.

Moreover, the email you are referencing, as an incorrect interpretation based upon your interpretation, is my interpretation of what you stated to me during our meeting October 26, 2022. Further, I am certain that it was my understanding that you stated that you had conducted an investigation that conclusively found my risk assessment(s) unfounded prompting my suspension. Based upon those findings you indicated that it warranted a need to get outside counsel involved.

I am alarmingly concerned as you reference this matter as an internal matter that is now using external resources presumably for the protection of the company's interest. Further, it is hard and difficult for me to look at the actions taken against me and the conversations that I have had relative to this matter and not logically deduce that: 1) my risk assessments were not received as correct and that; 2) there was something that was identified by you and others that supported the fact I allegedly committed some type of malfeasance to warrant such a drastic measure of suspension. Further, at no time could you provide me with those relevant details.

Contrarily, if my interpretation is not correct, then am I to understand that there was no investigation that led up to me being suspended?

Again, I have no problem defending the risk identified. However, the conversation that I had with you, the actions taken against me and involvement of outside counsel leads me to believe otherwise. I contend that based upon these circumstances and inconsistencies, I require legal representation, when I speak to the outside counsel, whose recommendations and findings will be used as a determinative factor in this matter.

Thank you for your time and assistance in this matter.

Mary Madison

[Quoted text hidden]

---

**Gretchen LeMay** <glemay@cwerksglobal.com>                              Thu, Nov 3, 2022 at 8:35 AM
To: Mary Madison <assist2law@gmail.com>

Hi Mary,

I'm not going to debate what your interpretation or understanding is of our prior conversation. The fact is that we have an ongoing investigation, the company has retained an outside investigator, and the investigator would like to meet with you to gather information.

While we don't typically allow an employee to have counsel present during a company investigation, we will make an exception in this situation because we want to make sure you have an opportunity to provide information so that the investigator has that information as part of her findings. Please understand that your counsel will not be allowed to interfere with the interview but may be present if you like.

Since you are still being paid while not working as the investigation proceeds, we would like you to meet with the investigator as soon as possible. Please provide your counsel's availability to me today so that we can arrange for the meeting.

Thank you,

Gretchen



**Gretchen LeMay**
Head of People / Corporate Vice President

1470 Brummel Ave,
Elk Grove Village, IL 60007
630-422-3587 *(office)*
creative-werks.com    

Complex packaging solutions with speed and peace of mind 

[Quoted text hidden]

---

**Mary Madison** <assist2law@gmail.com>                          Fri, Nov 4, 2022 at 8:21 AM
To: Gretchen LeMay <glemay@cwerksglobal.com>

Good day Ms. LeMay,

I am awaiting a return call and will forward you that information up receipt.

Thank you for your time and assistance in this matter.

Respectfully
Mary Madison
[Quoted text hidden]

---

**Mary Madison** <assist2law@gmail.com>                        Mon, Nov 7, 2022 at 7:38 AM
To: Gretchen LeMay <glemay@cwerksglobal.com>

Good day Ms. LeMay

I will have counselor's availability this afternoon and will provide it at that time.

Best Regards
Mary Madison
[Quoted text hidden]

---

**Mary Madison** <assist2law@gmail.com>                        Mon, Nov 7, 2022 at 5:02 PM
To: Gretchen LeMay <glemay@cwerksglobal.com>

Good day Ms. LeMay,

As promised here is the counselor's availability.

1:00 pm-2:00 pm on 11.18.2022
2:00 pm-3:00 pm on 11.29.2022
12:00 pm-1:00 pm on 11.30.2022

Further, I am requesting a copy of my entire personnel file under the Illinois personnel Review Act.

Thank you for your time and assistance in these matters.

Best regards,
Mary Madison
[Quoted text hidden]

---

**Gretchen LeMay** <glemay@cwerksglobal.com>                   Tue, Nov 8, 2022 at 1:21 PM
To: Mary Madison <assist2law@gmail.com>

Mary


Per your request, attached please find a zip file that contains your onboarding documents that you completed prior to your employment along with your suspension letter.


Thank you for providing your counsel's availability.  Unfortunately, that will not be a long enough window of time to conduct the investigation as our outside counsel estimates needing 3-4 hours to speak with you.


We have been trying to have this meeting for over a week while you have been on paid suspension.   Our counsel was prepared to meet with you promptly last week, but you did not show up for the meeting.  Please speak with your counsel and provide availability for 3-4 hours to meet with our investigator.  Until that meeting takes place you will be put on unpaid suspension.  We will not continue to pay you while delays on your part remain.  You will be paid through today and for any time spent meeting with our investigator.


Thank you,

Gretchen




**Gretchen LeMay**
Head of People / Corporate Vice President

1470 Brummel Ave,
Elk Grove Village, IL 60007
630-422-3587 *(office)*
creative-werks.com   


Complex packaging solutions with speed and peace of mind 📦


---

**From:** Mary Madison <assist2law@gmail.com>
**Sent:** Monday, November 7, 2022 5:03 PM
**To:** Gretchen LeMay <glemay@cwerksglobal.com>
**Subject:** Re: Attorney Interview- Tomorrow


CAUTION: This email originated from outside of the organization. Do not click links or open attachments unless you recognize the sender and know the content is safe.

Good day Ms. LeMay,

As promised here is the counselor's availability.

1:00 pm-2:00 pm on 11.18.2022

2:00 pm-3:00 pm on 11.29.2022

12:00 pm-1:00 pm on 11.30.2022

Further, I am requesting a copy of my entire personnel file under the Illinois personnel Review Act.

Thank you for your time and assistance in these matters.

Best regards,

Mary Madison

On Mon, Nov 7, 2022 at 7:38 AM Mary Madison <assist2law@gmail.com> wrote:

> Good day Ms. LeMay
>
> I will have counselor's availability this afternoon and will provide it at that time.
>
> Best Regards
> Mary Madison
>
> On Fri, Nov 4, 2022, 8:21 AM Mary Madison <assist2law@gmail.com> wrote:
>
>> Good day Ms. LeMay,
>>
>> I am awaiting a return call and will forward you that information up receipt.
>>
>> Thank you for your time and assistance in this matter.
>>
>> Respectfully
>> Mary Madison
>>
>> On Thu, Nov 3, 2022 at 8:36 AM Gretchen LeMay <glemay@cwerksglobal.com> wrote:

DECLARATION OF JORDAN T. HOFFMAN

I, Jordan T. Hoffman, an attorney licensed to practice law in the State of Illinois since, November 1987 upon oath and affirmation state as follows:

1. Since April of 2023, I have represented Ms. Madison in an ongoing matter before OSHA at the Department of Labor regarding a whistleblower action that Ms. Madison brought against Defendant Creative Werks.

2. During the investigation, Defendant(s) expressed a desire to engage in settlement.

3. During the course of the OSHA investigation, Ms. Madison filed an EEOC complaint and was issued a Right to Sue Letter.

4. A settlement had not been reached and Ms. Madison filed her instant action in the District Court on December 4, 2023.

5. On December 15, 2023, at Ms. Madison's request, I served the summons and complaint to the Defendants' registered agent, CT Corporation.

6. It is well established that a party to the suit cannot serve the opposing party.

7. Defendants counsel, Jon Cohen reached out to me in late December of 2023 to discuss the dynamics and logistics of pursuing settlement at the Department of Labor that would resolve all outstanding claims and issues globally.

8. Defendants counsel, Jon Cohen was fully aware that I was not representing Ms. Madison in the District Court.   I indicated that Ms. Madison was pro se and that I was not a member of the Federal Trial Bar.

9. Because I was not involved in the litigation in the District Court, I was unaware of any details or dates concerning the docket. Nor was I monitoring the action.

10. To reduce cost and other efforts it seemed reasonable to agree to engage in the settlement conference.

11. January 22, 2024 was set as the settlement conference date. During the conference Defendants made an offer that was less than its original offer in January of 2023.

12.  The settlement talks unraveled and broke down.

13. On January 23, 2024, Defendants' Counsel, Jon Cohen reached out to me and requested additional time to help facilitate further negotiations to save money to apply towards the settlement.  Exhibit 1

14. Mr. Cohen requested an additional two (2) weeks from January 23, 2024, which I took literally.

15. I presumed that Mr. Cohen had filed his appearance and would take measures to ensure that he had extended or enlarged the time for filing his pleadings with the court in accordance with his request.

16. On Sunday, February 4, 2024, Defendants' counsel Jon Cohen emailed me after 5:30 pm requesting an additional two (2) weeks. See Exhibit 2

17. This request suggest that Defendants would not be meeting the upcoming February 6, 2024 or alleged February 8th deadline to answer or otherwise plead in the District Court.

18. On Sunday, February 4, 2024, I emailed Mr. Cohen to inform him that I had recently learned that Ms. Madison had filed a Motion for Default and that I would have to confer with Ms. Madison. See Exhibit 3

19. On Monday, February 5, 2024, Mr. Cohen emailed me. We also had a telephone discussion and at that time, Mr. Cohen indicated that he wanted me to get Ms. Madison to withdraw her motion and grant additional time to answer or otherwise plead. See Exhibit 4

20. After speaking with Defendants' counsel, I emailed Ms. Madison outlining the context of the conversation with Defendants' counsel, Jon Cohen.  See Exhibit 5

21. On February 7, 2024 at 10:39 am, Defendants' counsel emailed me stating that "We need to discuss this Please!" The Order of Default entered on February 6, 2024 was attached to the email. See Exhibit 6

22. During the phone conversation, Defendants' counsel, Mr. Cohen, was aggressive, insistent and threatening. He specifically stated that if I did not help him to get Ms. Madison to vacate the judgment or either join in his pleadings to vacate the judgment, he would reference a reprimand against me.

23. Mr. Cohen effectively asked me to breach my duty of loyalty to Ms. Madison and sought to gain an advantage in the case by either threatening to bring up a reprimand in another court matter or intimating a veiled threat of presenting a disciplinary charge.

24. Feeling concerned and manipulated, I contacted the ARDC to get a better understanding on the matter and later informed Mr. Cohen that I would not be able to assist him. See Exhibit 7

25. During the relevant time period, I had no knowledge of the Court Docket in this matter or pleading deadlines nor that Defendants had not appeared or filed its requests with the Court to extend of enlarge the time to file its pleadings.

26. Mr. Cohen references in a footnote an instance that I am not aware of nor had any communication about.

27. Mr. Cohen followed through on his threat concerning the purported reprimand against me as evidenced by his February 8, 2024 pleading to set aside the motion for default entered on February 6, 2024 in the matter of Madison vs. Steve Schroeder and Creative Werks 1:23 -CV-16476.

Pursuant to 28 U.S. Code §1746 I certify under penalty of perjury that the foregoing is true and correct.

Dated:  Executed on February 12, 2024

Jordan T. Hoffman
2711 E. New York St., Suite 205
Aurora, IL 60502

Jordan Hoffman <jthoffmanlaw@gmail.com>

**Exhibit 1**

---

# Extension

1 message

---

**Jon D. Cohen** <JCohen@dickinson-wright.com>                                       Tue, Jan 23, 2024 at 10:30 AM
To: Jordan Hoffman <jthoffmanlaw@gmail.com>


Jordyn, can you give me a quick call about the case pending in federal.   I'm working on addressing that, but I'd like to put my pencil down for two weeks while we consider if the whole dispute can be resolved.  If I have to spend the next day or two, working on that, I know my client will be less inclined to put money into your clients pockets.  312-731-8216


Sent from my iPhone


> On Jan 17, 2024, at 10:33 AM, Jordan Hoffman <jthoffmanlaw@gmail.com> wrote:


Jon, I'm not sure if you intended to type "what" or "that."  Please clarify.  Thanks,

Jordan
The Law Office of
Jordan T. Hoffman, P.C.
2711 East New York St., Suite 205
Aurora, IL 60502
888.958.4529 Phone and Facsimile
jthoffmanlaw@gmail.com

***"Balancing the Scales of Justice"***

www.attyjthoffman.com

- CONFIDENTIALITY NOTICE: The information contained in this communication is confidential, may be attorney-client privileged or attorney work product, may constitute inside information or internal deliberative staff communication, and is intended only for the use of the addressee. Unauthorized use, disclosure or copying of this communication or any part thereof is strictly prohibited and may be unlawful. If you have received this communication in error, please notify the sender immediately by return e-mail and destroy this communication and all copies thereof, including all attachments. Receipt by an unintended recipient does not waive attorney-client privilege, attorney work product privilege, or any other exemption from disclosure.


**Jon D. Cohen** Member


55 West Monroe Street
Suite 1200
Chicago Illinois 60603

Phone  312-377-4565
Fax      844-670-6009
Email   JCohen@dickinsonwright.com

| Profile | V-Card |

**DICKINSON** WRIGHT PLLC

ARIZONA  CALIFORNIA  COLORADO  FLORIDA  ILLINOIS  KENTUCKY  MICHIGAN
NEVADA  OHIO  TENNESSEE  TEXAS  WASHINGTON D.C.  TORONTO


On Wed, Jan 17, 2024 at 10:30 AM Jon D. Cohen <JCohen@dickinson-wright.com> wrote:

> What works for us.
>
> Sent from my iPhone

![Gmail logo] Gmail

Jordan Hoffman <jthoffmanlaw@gmail.com>

**Exhibit 2**

---

## RE: EXTERNAL: Madison v. Creative Werks, Claim No. 301015087; Settlement Statement

---

**Jon D. Cohen** <JCohen@dickinson-wright.com>                    Sun, Feb 4, 2024 at 5:34 PM
To: Jordan Hoffman <jthoffmanlaw@gmail.com>

Jordan, have you and your client circled back with Amy Bailey regarding settlement?  Also, can we have an additional 2 week extension on answering or pleading of the federal action under these circumstances.  I'd rather save the money and have ability to apply it to a settlement vs. spending on legal fees for now.

**From:** Jordan Hoffman <jthoffmanlaw@gmail.com>
**Sent:** Thursday, January 18, 2024 11:37 AM
**To:** Bailey, Amy - OSHA <Bailey.Amy@dol.gov>; Jon D. Cohen <JCohen@dickinson-wright.com>
**Subject:** EXTERNAL: Madison v. Creative Werks, Claim No. 301015087; Settlement Statement

Good morning, attached please find a statement conforming to the parameters the parties agreed upon as points for our settlement discussions.  Thank you for your consideration.

Jordan Hoffman

The Law Office of

Jordan T. Hoffman, P.C.

2711 East New York St., Suite 205

Aurora, IL 60502

888.958.4529 Phone and Facsimile

jthoffmanlaw@gmail.com

**"Balancing the Scales of Justice"**

www.attyjthoffman.com

- CONFIDENTIALITY NOTICE: The information contained in this communication is confidential, may be attorney-client privileged or attorney work product, may constitute inside information or internal deliberative staff communication, and is intended only for the use of the addressee. Unauthorized use, disclosure or copying of this communication or any part thereof is strictly prohibited and may be unlawful. If you have received this communication in error, please notify the sender immediately by return e-mail and destroy this communication and all copies thereof, including all attachments. Receipt by an unintended recipient does not waive attorney-client privilege, attorney work product privilege, or any other exemption from disclosure.

**Jon D. Cohen** Member

55 West Monroe Street
Suite 1200
Chicago Illinois 60603

Phone 312-377-4565
Fax 844-670-6009
Email JCohen@dickinsonwright.com

[Profile] [V-Card]



DICKINSON WRIGHT PLLC

ARIZONA CALIFORNIA COLORADO FLORIDA ILLINOIS KENTUCKY MICHIGAN
NEVADA OHIO TENNESSEE TEXAS WASHINGTON D.C. TORONTO

**M** Gmail                                                    Jordan Hoffman <jthoffmanlaw@gmail.com>

**Exhibit 3**

## RE: EXTERNAL: Madison v. Creative Werks, Claim No. 301015087; Settlement Statement

**Jordan Hoffman** <jthoffmanlaw@gmail.com>                         Sun, Feb 4, 2024 at 5:56 PM
To: "Jon D. Cohen" <JCohen@dickinson-wright.com>
Bcc: Mary Madison <assist2law@gmail.com>

I requested an additional week to get feedback from Ms. Madison concerning a counter-proposal.     I would need to consult with Ms. Madison concerning the extension to answer.  I recently learned that she had filed a motion for default.


Jordan Hoffman

The Law Office of
Jordan T. Hoffman, P.C.
2711 East New York St., Suite 205
Aurora, IL 60502
888.958.4529 Phone and Facsimile
jthoffmanlaw@gmail.com

*"Balancing the Scales of Justice"*

www.attyjthoffman.com

- CONFIDENTIALITY NOTICE: The information contained in this communication is confidential, may be attorney-client privileged or attorney work product, may constitute inside information or internal deliberative staff communication, and is intended only for the use of the addressee. Unauthorized use, disclosure or copying of this communication or any part thereof is strictly prohibited and may be unlawful. If you have received this communication in error, please notify the sender immediately by return e-mail and destroy this communication and all copies thereof, including all attachments. Receipt by an unintended recipient does not waive attorney-client privilege, attorney work product privilege, or any other exemption from disclosure.

[Quoted text hidden]

**Jordan Hoffman <jthoffmanlaw@gmail.com>**

## RE: EXTERNAL: Madison v. Creative Werks, Claim No. 301015087; Settlement Statement

**Jon D. Cohen** <JCohen@dickinson-wright.com>                                              Sun, Feb 4, 2024 at 7:12 PM
To: Jordan Hoffman <jthoffmanlaw@gmail.com>

Filing for default would be somewhat interesting given that we obtained an extension of time to answer or otherwise plead from you. (See Your January 23, 2024 email regarding same). I assume you will instruct here to withdraw that Motion without delay?

[Quoted text hidden]
[Quoted text hidden]



Jordan Hoffman <jthoffmanlaw@gmail.com>

**Exhibit 4**

---

## RE: EXTERNAL: Madison v. Creative Werks, Claim No. 301015087; Settlement Statement

---

**Jon D. Cohen** <JCohen@dickinson-wright.com>                                                                           Mon, Feb 5, 2024 at 8:44 AM
To: Jordan Hoffman <jthoffmanlaw@gmail.com>
Cc: Joe Delehanty <jdelehanty1575@gmail.com>

Jordan, as a follow up, the service of which you personally accentuated for your client of the federal lawsuit has individual claims against a supervisor under age discrimination, race discrimination under title, seven and sex discrimination. As you know, none of those actions can be brought against the supervisor versus a company. Your client has also filed a complaint that will be subject to dismissal because she failed to follow the procedures of the Illinois department of human rights acts with respect to exhaustion of its remedies. I know that since you caused these to be served, as in prior cases, the judge may somewhat be irked by whether or not you have any responsibility over the filing made by your client. Accordingly, before I take any actions, I would like to speak with you further this morning to discuss addressing this matter, addressing your relationship with respect to those federal filings and also discussed the fact that there is an extension outstanding. I would also like to ask you about the judge issuing her until March for the service of the summons and the reasons therefore. Can you call me when you get this at 312-773-8216. Please pardon any typos as I dictated this !

Sent from my iPhone

> On Feb 4, 2024, at 7:12 PM, Jon D. Cohen <JCohen@dickinson-wright.com> wrote:
>
>
> Filing for default would be somewhat interesting given that we obtained an extension of time to answer or otherwise plead from you. (See Your January 23, 2024 email regarding same). I assume you will instruct here to withdraw that Motion without delay?
>
>
> **From:** Jordan Hoffman <jthoffmanlaw@gmail.com>
> **Sent:** Sunday, February 4, 2024 5:56 PM
> **To:** Jon D. Cohen <JCohen@dickinson-wright.com>
> **Subject:** Re: EXTERNAL: Madison v. Creative Werks, Claim No. 301015087; Settlement Statement
>
>
> I requested an additional week to get feedback from Ms. Madison concerning a counter-proposal. I would need to consult with Ms. Madison concerning the extension to answer. I recently learned that she had filed a motion for default.
>
>
> Jordan Hoffman
>
>
> The Law Office of
>
> Jordan T. Hoffman, P.C.
>
> 2711 East New York St., Suite 205
>
> Aurora, IL 60502
>
> 888.958.4529 Phone and Facsimile

*"Balancing the Scales of Justice"*

www.attyjthoffman.com

- CONFIDENTIALITY NOTICE: The information contained in this communication is confidential, may be attorney-client privileged or attorney work product, may constitute inside information or internal deliberative staff communication, and is intended only for the use of the addressee. Unauthorized use, disclosure or copying of this communication or any part thereof is strictly prohibited and may be unlawful. If you have received this communication in error, please notify the sender immediately by return e-mail and destroy this communication and all copies thereof, including all attachments. Receipt by an unintended recipient does not waive attorney-client privilege, attorney work product privilege, or any other exemption from disclosure.

On Sun, Feb 4, 2024 at 5:35 PM Jon D. Cohen <JCohen@dickinson-wright.com> wrote:

Jordan, have you and your client circled back with Amy Bailey regarding settlement?  Also, can we have an additional 2 week extension on answering or pleading of the federal action under these circumstances.  I'd rather save the money and have ability to apply it to a settlement vs. spending on legal fees for now.

**From:** Jordan Hoffman <jthoffmanlaw@gmail.com>
**Sent:** Thursday, January 18, 2024 11:37 AM
**To:** Bailey, Amy - OSHA <Bailey.Amy@dol.gov>; Jon D. Cohen <JCohen@dickinson-wright.com>
**Subject:** EXTERNAL: Madison v. Creative Werks, Claim No. 301015087; Settlement Statement

Good morning, attached please find a statement conforming to the parameters the parties agreed upon as points for our settlement discussions.  Thank you for your consideration.

Jordan Hoffman

The Law Office of

Jordan T. Hoffman, P.C.

2711 East New York St., Suite 205

Aurora, IL 60502

888.958.4529 Phone and Facsimile

jthoffmanlaw@gmail.com

*"Balancing the Scales of Justice"*

www.attyjthoffman.com

- CONFIDENTIALITY NOTICE: The information contained in this communication is confidential, may be attorney-client privileged or attorney work product, may constitute inside information or internal deliberative staff communication, and is intended only for the use of the addressee. Unauthorized use, disclosure or copying of this communication or any part thereof is strictly prohibited and may be unlawful. If you have received this communication in error, please notify the sender immediately by return e-mail and destroy this communication and all copies thereof, including all attachments. Receipt by an unintended recipient does not waive attorney-client privilege, attorney work product privilege, or any other exemption from disclosure.

**Jon D. Cohen** Member

55 West Monroe Street       Phone  312-377-4565
Suite 1200
Chicago Illinois 60603
                Fax     844-670-6009

                            Email   JCohen@dickinsonwright.com



**Jon D. Cohen** Member

55 West Monroe Street    Phone  312-377-4565
Suite 1200               Fax     844-670-6009
Chicago Illinois 60603   Email   JCohen@dickinsonwright.com

---

**3 attachments**

 **image001.jpg**
6K

 **image002.jpg**
6K

 **image004.jpg**
5K

M **Gmail**                                                  Jordan Hoffman <jthoffmanlaw@gmail.com>

**Exhibit 5**

## Creative Werks Request for Extension and Motion for Default Judgment

**Jordan Hoffman** <jthoffmanlaw@gmail.com>                              Mon, Feb 5, 2024 at 6:33 PM
To: Mary Madison <assist2law@gmail.com>

I received an email from Jon Cohen, counsel for Creative Werks today requesting that I call to discuss the extension to file their answer and the motion you filed for default judgment. During the phone call, he also stated that you named individuals in the federal lawsuit and that there is a body of case law that does not permit that.

He further states that the complaint is subject to dismissal because you did not exhaust your administrative remedies even though you previously had a "right to sue letter" from the EEOC. He states that attached to the complaint as an exhibit was your statement to the IDHR that you wanted it to take up the investigation previously taken up by the EEOC to which you were given the right to sue.

He has requested that I speak with you and request that you withdraw the motion to dismiss and further suggest that you withdraw or dismiss without prejudice the current lawsuit as now it is back in the status of not having exhausted the administrative remedies. Because according to my discussion with him weeks ago when he and I discussed the extension he has asked that the withdrawals be done before February 8.

He has stated that otherwise, he would have to file motions requesting sanctions based on the email from me granting the previous extension. So, under the circumstances, I think you should consider doing so. Also, I think that we would have more cooperation in trying to obtain a settlement.

Bubba


The Law Office of
Jordan T. Hoffman, P.C.
2711 East New York St., Suite 205
Aurora, IL 60502
888.958.4529 Phone and Facsimile
jthoffmanlaw@gmail.com

*"Balancing the Scales of Justice"*

www.attyjthoffman.com

- CONFIDENTIALITY NOTICE: The information contained in this communication is confidential, may be attorney-client privileged or attorney work product, may constitute inside information or internal deliberative staff communication, and is intended only for the use of the addressee. Unauthorized use, disclosure or copying of this communication or any part thereof is strictly prohibited and may be unlawful. If you have received this communication in error, please notify the sender immediately by return e-mail and destroy this communication and all copies thereof, including all attachments. Receipt by an unintended recipient does not waive attorney-client privilege, attorney work product privilege, or any other exemption from disclosure.

Jordan Hoffman <jthoffmanlaw@gmail.com>

**Exhibit 6**

# Madison

**Jon D. Cohen** <JCohen@dickinson-wright.com>                    Wed, Feb 7, 2024 at 10:38 AM
To: Jordan Hoffman <jthoffmanlaw@gmail.com>

Jordan, we need to discuss this please!

**Jon D. Cohen** Member



| | |
|---|---|
| 55 West Monroe Street | Phone 312-377-4565 |
| Suite 1200 | Fax   844-670-6009 |
| Chicago Illinois 60603 | Email  JCohen@dickinsonwright.com |

Profile   V-Card



DICKINSON WRIGHT PLLC

ARIZONA  CALIFORNIA  COLORADO  FLORIDA  ILLINOIS  KENTUCKY  MICHIGAN
NEVADA  OHIO  TENNESSEE  TEXAS  WASHINGTON D.C.  TORONTO

📄 **067129926137.pdf**
18K



Jordan Hoffman <jthoffmanlaw@gmail.com>

**Exhibit 7**

---

## Madison

---

**Jordan Hoffman** <jthoffmanlaw@gmail.com>                                    Wed, Feb 7, 2024 at 3:13 PM
To: "Jon D. Cohen" <JCohen@dickinson-wright.com>

Jon, after reflecting upon it and seeking a third-party advisory opinion, I regretfully cannot assist you in the manner requested.

The Law Office of
Jordan T. Hoffman, P.C.
2711 East New York St., Suite 205
Aurora, IL 60502
888.958.4529 Phone and Facsimile
jthoffmanlaw@gmail.com

*"Balancing the Scales of Justice"*

www.attyjthoffman.com

- CONFIDENTIALITY NOTICE: The information contained in this communication is confidential, may be attorney-client privileged or attorney work product, may constitute inside information or internal deliberative staff communication, and is intended only for the use of the addressee. Unauthorized use, disclosure or copying of this communication or any part thereof is strictly prohibited and may be unlawful. If you have received this communication in error, please notify the sender immediately by return e-mail and destroy this communication and all copies thereof, including all attachments. Receipt by an unintended recipient does not waive attorney-client privilege, attorney work product privilege, or any other exemption from disclosure.

[Quoted text hidden]