


FILED
3/19/2024
KG
THOMAS G. BRUTON
CLERK, U.S. DISTRICT COURT

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS

|  |  |  |
|---|---|---|
| Mary Madison | ) | |
| Plaintiff, | ) | Case Number: 1:23-CV-16476 |
| | ) | |
| -vs- | ) | Honorable Judge Manish S. Shah |
| | ) | |
| Steve Schroeder | ) | |
| Creative Werks, LLC | ) | |
| Defendants | ) | |

## PLAINTIFF'S OPPOSITION TO DEFENDANTS' RULE 12(c) MOTION FOR JUDGMENT ON THE PLEADINGS

### STATEMENT OF THE FACTS

Defendants hired Plaintiff, an African-American female, as the Quality Regulatory Manager and at all relevant times Plaintiff met Defendants' legitimate employment expectations. Plaintiff suffered adverse employment decisions, after engaging in a conversation with Steve Schroeder about similar and/or same contextual compliance gaps that Erich Zicher, a white-male, discussed with Steve Schroeder.

### LEGAL STANDARD

In assessing a motion for judgment on the pleadings under Rule 12(c), the Court may consider the complaint, answers, matters of public record, exhibits to the complaint and answer. The motion is evaluated using the same standard as a motion to dismiss under Rule 12(b)(6): to survive the motion, "a complaint must state a claim to relief that is plausible on its face." *Bishop v. Air Line Pilots Ass'n, Int'l,* 900 F.3d 388, 397 (7th Cir. 2018). That standard tests "legal sufficiency of the complaint" but "does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses. *Gibson v. City of Chicago,* 910 F.2d 150, 1520 (7th Cir. 1990). A claim has "facial plausibility when

the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Wagner v. Teva Pharm. USA, Inc.,* 840 F.3d 355, 358 (7th Cir. 2016). In assessing a motion for judgment on the pleadings, the Court draws "all reasonable inferences and facts in favor of the non-movant, but need not accept as true any legal assertions. "Erickson v. Pardus, 551 U.S. 89, 93-94, 127 S.Ct. 2197, 167 L.Ed.2d 1081 (2007)

<div align="center">ARGUMENT</div>

I.      PLAINTIFF REJECTS THE CONTENTION THAT ILLINOIS DEPARTMENT OF HUMAN RIGHTS, "HEREIN AFTER IDHR" CLAIMS ARE BEFORE THE DISTRICT COURT

1.  Plaintiff timely initiated these proceedings, Pro Se, on December 4, 2023 seeking relief for Title VII and 42 USC §§ 1981 and 1985 violations (Dkt. Entry #1).

2.  Section 7. 1 of the Northern District of Illinois online Complaint of Employment Discrimination form (Rev. 06/27/2016) specifically asks if charge(s) had been filed against the defendant asserting the acts of discrimination indicated in this complaint with any of the following government agencies as: The United States Equal Employment Opportunity Commission, or The Illinois Department of Human Rights. (Dkt. Entry # 1 pg. 2 §7. 1). See Exhibit A

3.  Plaintiff responded in the affirmative to the queries. Further, Plaintiff dispositioned and qualified, using blue ink, that the claims filed with the IDHR were "currently under investigation" to avoid any confusion about the claims before the District Court.

4.  Further, this statement was made to clarify and demonstrate that the matter had not been conclusively resolved with the IDHR and was not an object of the civil suit (Dkt. Entry #1 pg. 2 §7. 1 (a)(ii); See also Exhibit A)

5. Further, Plaintiff also provided supporting documentation from the IDHR that the matter was "currently under investigation." (See Dkt. Entry #1- Exhibit 3 pg. 34-35).

6. A reasonable inference would have supported that there were no IDHR claims before the court.

7. On January 24, 2024, Plaintiff filed a Rule 55 Motion for Default. (Dkt. Entry #10).

8. Plaintiff's Rule 55 Motion specifically indicated that Plaintiff is seeking relief for Title VII and 42 USC §§ 1981 and 1985 violations.

9. Defendants' asserted in its February 8, 2024, motion to Set Aside the Default Judgement entered on February 6, 2024 that Plaintiff had IDHR claims before the District Court, as a part of its meritorious defense (Dkt. Entry #15 pg. 4 ¶ 2)

10. On February 13, 2024, Plaintiff filed a motion in Opposition to Defendants' Motion to Set Aside the Default Motion entered on February 6, 2024. (Dkt. Entry # 17)

11. Plaintiff's motion unequivocally stated and reiterated that there were no IDHR claims before the court. (Dkt. Entry # 17 pg. 9 ¶ 5)

12. Plaintiff at no time has signaled and or acquiesced to Defendants assertions that claims from the IDHR were being brought before the District Court in this case.

13. Hence, it is befuddling and stupefying to understand and or intelligibly reconcile how Defendants' drew the conclusion that IDHR claims were before the District court when there is no evidence to support such an assertion or contention.

14. It further becomes more egregious and malodorous that Defendants' would continue to propagate an erroneous assertion or contention that they knew was patently false through a Federal Rule of Civil Procedure 12(C) motion to dismiss (Dkt. Entry # 19) filed on February 14, 2024.

15. No reasonably competent person could have continued to believe that IDHR claims were before the District Court, after being put on notice that there were no IDHR claims. (Dkt. Entry # 17) Nor did Defendants' seek clarification about the disposition from Plaintiff either.

16. Plaintiff contends that Defendants willfully submitted a sham Rule 12(c) motion to this Honorable court in bad faith to harass, prejudice and vex Plaintiff and in violation of Rule 11.

17. Defendants immediate past behaviours, of not responding to Plaintiff's complaint, as required by Fed. R. Civ. P. 12(a), and failing to initially respond to Plaintiff's Fed. R. Civ. P. 55 motion and not presenting themselves in court but appearing just in time to oppose the motion is telling. This behaviour is also suggestive of Defendants' blatant disrespect of the law and this Honorable Court. In addition, Defendants' willfully misrepresented to this Honorable Court that it had obtained permission not to respond to the complaint, when in fact Defendants never spoke to Plaintiff about an extension. Further, it is an intenable excuse for Defendants' counsel to speak to Plaintiff's counsel in another matter regarding issues in this matter, without permission or consent. It is disrespectful and unethical. Further, neither Plaintiff nor her counsel in the other matter had the authority to grant Defendants an extension of time to respond to this complaint. This was a function of this Honorable Court. And beyond the pale, threatening and bullying Plaintiff's legal counsel in the matter at Department of Labour, to help Defendants gain a tactical advantage by trying to strong arm and instructing Plaintiff's counsel in that matter to advise Plaintiff to withdraw her Fed. R. Civ. P. 55 motion in this matter. And if Plaintiff's counsel in the DOL matter did not, he would be subjected to Defendants' making scandalous and/or scurrilous allegations, to which Defendants carried out in their February 8, 2024 Motion to Set Aside (Dkt. Entry # 15).

18. Defendants' willful and dilatory actions are indicative of and underscore Defendants' intentional and reprehensible immediate past behaviours. Defendants' past behaviours include, but are not limited to providing false and misleading information to the FDA about adulterated foods, requesting to engage in a settlement conference beginning in October of 2023 at the Department of Labour relative to the same common core of facts. And, then pushing the settlement conference date out for almost twelve (12) weeks and then coming to the settlement conference on January 22, 2024 with an offer less than the offer Defendants' made prior to charges being filed at the Department of Labour, EEOC and the IDHR.

19. No reasonable person could contend that Defendants' and its counsel acted in good faith after dragging out the settlement conference date for months and then lowering its settlement offer. And, now Defendants are serendipitously concocting and asserting the idea that there are IDHR claims before the District Court, when there is no evidence to support such.

20. Categorically, this is a waste of taxpayer's monies, judicial resources, an obstruction to justice and its administration, in addition to being prejudicial, burdensome and a hardship for Plaintiff.

21. Plaintiff contends that the Defendants Rule 12(c) was a sham to vex and harass Plaintiff, prolong litigation and in violation of Rule 11 and Plaintiff's rights to a fair, speedy and just trial.

22. Plaintiff also contends that Defendants knew that its purported meritorious defense was a sham and not meritorious because: 1) There are no IDHR claims nor is there anything in Plaintiff's complaint that reasonably signaled that any IDHR claims were being brought before the court or any evidence to support this was a reasonable contention;

23. And, that Defendants knew that there is nothing that Defendants nor its counsel can do to overcome, obviate or contradict the following:

a)      That within three (3) business days of Plaintiff's conversation with Steve Schroeder, about food safety regulatory and compliance gaps, Plaintiff was discriminated against when, Defendants Vice President of People, provided Madison with a written suspension letter, signed by the Vice President of People for Creative Werks, on behalf of Defendants. *Collins v. American Red Cross*, 715 F.3d 994, 998 (7th Cir. 2013). Defendants specifically stated in the letter that Plaintiff  was being suspending because of the conversation had with Schroeder (Docket Entry #1 pg. 60; Also see Exhibit B)—A similar conversation about compliance and regulatory gaps that Steve Schroeder had with Erich Zicher at length on several occasions. *Lang v. Illinois Dept. of Children and Family Ser.*, 361 F.3d 416, 419 (7th Cir. 2004).

b)      Nor can they overcome, obviate or contradict the subsequent remedial measures taken to create a pretext to justify the adverse employment actions taken against Plaintiff.  Defendants' and others contrived a scheme that induced Madison to meet with their then outside legal counsel, who alleged to be an independent fact finder, as a term and condition of her employment (See Exhibit B & C).  The independent fact finder turned out ultimately to be their legal counsel. Who claimed attorney client privilege when the investigation findings were requested. (See Docket Entry #1 pg. 63; Exhibit D). *Indep. Trust Corp. v. Stewart Info. Servs. Corp.,* 665 F.3d 930, 938-39 (7th Cir. 2012)

c)      Nor can Defendants or its counsel overcome, obviate or contradict other subsequent remedial measures taken to create other pretexts in furtherance of its schemes to violate Plaintiff's rights. Such as, Defendants' and others contrived scheme in hiring an alleged expert witness to provide testimony to the Department of Labor to demonstrate that Defendants were compliant with the Food Drug and Cosmetic Act and other statutes and to propagate that Plaintiff was incompetent and an alarmist. *Ibid*

Contrarily, this testimony is in direct contradiction of the issues raised from the FDA investigation of adulterated foods and in its inspection reports (See Dkt. Entry #1 pgs.36-52). In addition to the consumer complaints filed with the FDA about adulterated foods (See Dkt. Entry #1 pgs.72-78). In addition to Defendants' 3rd party audit findings, Defendants' customer audit findings, Defendants need to hire Plaintiff to manage compliance and Defendants' employee, Erich Zicher's, testimony/declaration of July 2023 to the Department of Labour stating that Plaintiff was hired to bring compliance.

    *d)*    Nor can they overcome, obviate or contradict that they again retaliated against Plaintiff by not paying her the contractually agreed upon sign on bonus. (See Docket Entry #1 pg. 61; See Exhibit E). *Burlington Northern and Santa Fe Railway Co. v. White, 126 S.Ct. 2405 (2006)*

    *e)*    Nor can they overcome, obviate or contradict that no adverse employment actions were taken against Erich Zicher for having similar conversations about compliance and regulatory gaps with Steve Schroeder on various occasions. (See Dkt. Entry #1 pg. 32).

24. Even if Defendants and its counsel made a mistake in the interpretation of the facts, which seems highly implausible, it does not excuse or obviate Defendants willful actions of failing to comply with Fed. R. Civ. P. 12(a); a construct that a reasonably competent person/attorney should know.

## II.  DEFENDANTS' FED. R. CIV. P. 12 (C) MOTION IS IMPROPER

1. Fed. R. Civ. P. 12 (c) motions are post answer motions that assume all allegations of Plaintiff's complaint are true and is a motion that is filed after the pleadings are closed.

2. For the purposes of a 12(c) motion, "[t]he pleadings include the complaint, the answer, and any written instruments attached as exhibits." *N. Ind. Gun &amp; Outdoor Shows, Inc. v. City of S. Bend, 163 F.3d 449, 452 (7th Cir. 1998)*.

3. Per Rule 8(c), the proper time to identify affirmative defenses is in a defendant's responsive pleading. Fed. R. Civ. P. 8(c).

4. Defendants raise the affirmative defense of failure to exhaust administrative remedies as the basis of its Fed. R. Civ. P. 12 (c) motion to dismiss.(DKT Entry # 19)

5. In order for Defendants to discharge themselves of their burden(s), Defendants must first answer the complaint. Then, "[a]fter pleadings are closed," a party may subsequently file a motion for judgment on the pleadings and seek judgment based on the previously raised affirmative defense. Fed. R. Civ. P. 12(c)

6. Defendants to date have failed to respond to the complaint by filing a responsive pleading or, alternatively, by filing a motion to dismiss under Rule 12(b). Fed. R. Civ. P. 12(a).

7. The Court ordered Defendants on February 13, 2024 to file a responsive pleading, or alternatively, file a motion to dismiss under Fed. R. Civ. P. 12(a).

8. Defendants violated the Court's order to file a responsive pleading, or alternatively, file a motion to dismiss under Fed. R. Civ. P. 12(a). "Orders must be complied with promptly and completely, for the alternative would be to frustrate and disrupt the progress of the trial with issues collateral to the central questions in litigation." (*Maness v. Meyers*, 419 U.S. 449, 459 95 S. Ct. 584, 42 L. Ed. 2d 574 (1975).

9. Conclusively, Defendants willfully and intentionally did not comply with the Court's order and the Fed. R. Civ. P. 12(c). Hence, Defendants have not discharged themselves of their obligations and burdens under Fed. R. Civ. P. 12(c) or this Honorable Court.

10. Additionally, Defendants' knowingly filed an improper motion in contravention to Fed. R. Civ. P. 11(a) and ignored the controlling rules and case laws pretending that dispositive authority against [Defendants] position does not exist. *Allison v. Dugan, 951 F.2d 828, 834 (7th Cir. 1992).*

11. Defendants conduct is an example of a callous disregard for governing law and its administration.

## III. AFFIRMATIVE DEFENSE

1. Defendants raised the affirmative defense of failure to exhaust administrative remedies, relative to alleged IDHR claims being improperly before the District Court. Such affirmative defenses, under Fed. R. Civ. P. 8 (c), are "external" to the complaint. *Brownmark Films, LLC v. Comedy Partners,* 682 F.3d 687, 690 n.I (7th Cir. 2012).

2. Affirmative defenses must comply with the pleading requirements of Federal Rule of Civil Procedure 8(a). *See Heller Financial, Inc. v. Midwhey Powder Co., Inc.,* 883 F.2d 1286, 1294 (7th Cir. 1989). They also require Defendants' to have the burden of pleading and proving the defense. *Massey v. Helman, 196 F.3d 727, 735 (7th Cir. 1999)*

3. In contravention to Fed. R. Civ. P. 8 (c), Defendants have not provided any pleadings, as required by Fed. R. Civ. P. 12(a), to prove its defense.

4. The language of Rule 8(c) of the Federal Rules states that "[i]n responding to a pleading, a party must affirmatively state any avoidance or affirmative defense including. Fed. R. Civ. P. 8 (c).

5. Defendants have not discharged their burden(s) under Fed. R. Civ. P. 8 (c), 12(a) and (c).

6. Further, Defendants' Fed. R. Civ. P. 12 (c) motion is baseless, as it is not ground in fact or law in contravention to Fed. R. Civ. P. 11. *Dreis & Krump Mfg. v. Intern. Ass'n of Machinists,* 802 F.2d 247, 255 (7th Cir. 1986).

7. Defendants cannot demonstrate with a sliver of evidence that it reasonably deduced, thought or legitimately contemplated through investigation or objective analysis of the facts that IDHR claims were before the District Court to support its Fed. R. Civ. P. 12(c) motion. *Ibid*

8. Defendants cannot reasonably or legitimately justify by fact or law under the given circumstance filing its Fed. R. Civ. P. 12 (c) motion. *Brown v. National Bd. of Medical Examiners*, 800 F.2d 168, 171 (7th Cir. 1986).

9. Defendants conduct is an example of a callous disregard for governing law (*Allison 951 F.2d at 834*) and evidence of a lack of duty to the justice system. *Lepucki v. Van Wormer*, 765 F.2d 86, 87 (7th Cir. 1985).

10. Defendants in willful defiance of the court did not discharge themselves of their statutory obligations and burdens.

## IV. DEFENDANTS MISSTATE/MISAPPLY AND MANIPULATE THE LAW IN FURTHERANCE OF ITS UNLAWFUL SCHEMES

1. Defendants propounded its Fed. R. Civ. P. 12 (c) motion based upon a frivolous argument of alleged IDHR claims that is cognitively and legally unreasonable, without foundation, and asserted for an improper purpose to prejudice, vex and harass Plaintiff, while ceremoniously delaying the legal proceedings." *Fries v. Helsper, 146 F.3d 452, 458 (7th Cir. 1998) ("Frivolous is defined as an argument or claim that is baseless and made without a reasonable and competent inquiry."). See also Brunt v. Service Employees Intern. Union, 284 F.3d 715 (7th Cir. 2002).*

2. Defendants were to ensure that any papers filed with the court were well-grounded in fact, legally tenable, and not interposed for any improper purpose, but this was not the case. *Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384, 110 S. Ct. 2447, 392 110 L. Ed. 2d 359 (1990).

3. There is no logical, theoretical and or practical reason or rationale to contradict the fact that Plaintiff did nothing to signal to Defendants that there were IDHR claims before the court or to controvert the fact that the court record reflects Defendants had been placed on notice prior to the filing of their Rule 12(c) motion that there were no IDHR claims before the court (Dkt. Entry #17 pg. 9 ¶5)

4. Further, Defendants isolated Fed. R. Civ. P. 12 (c) out of its statutory construction and context in relation to Fed. R. Civ. P. 12 (a) and other statutory constructs of Fed. R. Civ. P. 8 (a) and (c).

5. "Statutory language must be given its plain and ordinary meaning, and, where the language is clear and unambiguous, the statute must be applied without resort to further aids of statutory construction." *Cothron v. White Castle System, Inc.*, 477 F. Supp. 3d 723, 731-732 (N.D. Ill. 2020). In sum, Fed. R. Civ. P. 8 (a) and (c) and 12 (a) and (c) are clear.

6. Defendants failed to represent themselves within the existing structure of the law, but instead intentionally misconstrued, misstated and misapplied Fed. R. Civ. P. 12 (c) for impermissible purposes. *Thornton v. Wahl, 787 F.2d 1151, 1154 (7th Cir.), cert. denied, 479 U.S. 851, 107 S.Ct. 181, 93 L.Ed.2d 116 (1986).* There is no white paper, peer review, article, precedents or law to remotely support Defendants imaginary version of the law or its conduct of filing a baseless motion based on bogus and patently false statements in contravention to Fed. R. Civ. P.'s. 11 and 12(a) and the Court's February 14, 2024 order. (Dkt. Entry #20)

7. The Courts have reasoned that it is a "fundamental principle of statutory construction (and, indeed, of language itself) that the meaning of a word(s) cannot be determined in isolation, but must be drawn from the context in which it is used." *Reno v. Koray*, 515 U.S. 50, 56 115 S. Ct. 2021, 132 L. Ed. 2d 46 (1995).

8. Defendants masterfully go on to assert, in its Fed. R. Civ. P. 12 (c) motion, that "all of Plaintiff's claims should be dismissed" (Dkt. Entry # 19 pg.5 ¶ 2). An assertion predicated on an imaginary version of the law, as evidenced in the frivolous and improper motion filed. A motion riddled with conclusory and patently false statements that are in contravention to Fed. Riv. Procedures.

9. It is well established that unsupported statements, whether in oral argument, *In re: Payne,* 431 F.3d 1055, 1060 (7th Cir.2005), or in briefs do not count." *Sommerfield v. City of Chicago,* 613 F. Supp. 2d 1004 (N.D. Ill. 2009).

10. Further, governing law and precedents supports only unexhausted claims, such as a failure to exhaust administrative remedies, be dismissed without prejudice. *Greene v. Meese*, 875 F.2d 639, 643 (7th Cir. 1989); Also see, *Principe v. Village of Melrose Park, No. 20 CV 1545 (N.D. ILL Aug. 18, 2020.*

11. Federal claims, such as Title VII, 42 U.S.C. § 1981 and 1985, that are before this Honorable Court are not inextricably linked to state claims, such as those at the IDHR. These claims are separate, distinct and independent. *Alexander v. Gardner-Denver Co.,* 415 U.S. 36, 48 94 S. Ct. 1011, 39 L. Ed. 2d 147 (1974).

12. Plaintiff rejects Defendants contentions that her claims be dismissed. *Greene* 875 F.2d at 642

13. It is also well established that "Courts ordinarily do not resolve affirmative defenses, like res judicata, failure to exhaust administrative remedies, or the statute of limitations, on a motion to dismiss. *United States v. Lewis,* 411 F.3d 838, 842 (7th Cir. 2005) (complaints do not have to anticipate affirmative defenses). " *Mitchell v. B-Way Corp., No. 20 CV 1648, 2 (N.D. Ill. Jan. 11, 2021)*

14. It is further well established that a complaint invoking recognized legal theories, such as Disparate Treatment and Retaliation among others that contain plausible allegations on the material issues such as Plaintiff's matter before this Honorable Court cannot be dismissed under Rule 12. *See Erickson v. Pardus, 551 U.S. 89, 127 S.Ct. 2197, 167 L.Ed.2d 1081 (2007). Richards v. Mitcheff, 696 F.3d 635, 638 (7th Cir. 2012).*

15. Further, after engaging in an objective analysis of the facts, Defendants should have known with reasonable certainty: 1) that their position was groundless because the IDHR claims do not exist; 2) And that responsive pleadings were a requisite to filing a Fed. R. Civ. P. 12 (c) motion; 3) And, that the Fed. R. Civ. P. 12 (b) is the proper vehicle for challenging the sufficiency of the complaint. Fed. R. Civ. P. 12(b); 4) And that misapplying/misstating patently false facts and the law to make conclusory assertions and assertions of law out of context in hopes that it will turn out to be true and in furtherance of Defendants schemes is unacceptable. *Thornton 787 F.2d at 1154.* 5) And that it is a Fed. R. Civ. P. 11 violation when "parties or their attorneys" sign a pleading, motion, or other paper that, after reasonable inquiry, is not well grounded in fact and is not warranted by existing law or a good faith argument for the extension, modification, or reversal of existing law. Fed. R. Civ. P. 11.

16. Parties and/or their attorneys violate Rule 11 when they bring legal action for any improper purpose, such as to harass or needlessly increase the cost of litigation. *National Wrecking Co. v. International Bhd. of Teamsters, Local 731, 990 F.2d 957, 963 (7th Cir. 1993); See also Burda v. M. Ecker Co., 2 F.3d 769, 773-74 (7th Cir. 1993).*

17. Defendants conduct in this instance and collectively throughout the various legal proceedings can reasonably be construed as a mockery of justice and its administration, judicially abusive and a

fraudulent misuse of the legal system; attributes that are disfavoured by society and the courts. *Methode Elecs., Inc. v. Adam Techs., Inc., 371 F.3d 923, 927 (7th Cir. 2004) (citing Chambers v. NASCO, Inc., 501 U.S. 32, 46 (1991))*. Further, this type of despicable conduct causes unnecessary societal pressures and burdens that create systemic and systematic injustices that become woven into the fabric of society that ignite hostile and animus tensions within our societal construct.

## V. RULE 11 VIOLATIONS

1. Rule 11 requires counsel to study the law before representing its contents to a federal court. . . . The Rule requires counsel to read and consider before litigating. Counsel who puts the burden of study and illumination on the opposing party or the court must expect to pay attorney's fees under the Rule. . . . The point . . . is that every lawyer must do the necessary work to find the law before filing the brief. It is not acceptable to make an assertion of law and hope that it will turn out to be true. *Thornton 787 F.2d at 1154; See also Burda 2 F.3d at 775*

2. Defendants conduct of filing a sham and baseless motion does not comply with Fed. R. Civ. P. 11.

3. Rule 11 does not require that the district court make a finding that the transgressor acted in bad faith. *National Wrecking Co. 990 F.2d at 963*

4. The district court need only "undertake an objective inquiry into whether the party or his counsel `should have known that his position is groundless.'" *Chicago Newspaper Publishers'; Ass'n v. Chicago Web Printing Pressmen's Union No. 7,821 F.2d 390, 397 (7th Cir. 1987)*.

## VI. WAIVER

Rule 12(g) of the Federal Rules of Civil Procedure provides as follows:

A party that makes a motion under this rule must not make another motion under this rule raising a defense or objection that was available to the party but omitted from its earlier motion.

Plaintiff asserts and raises the issue that Defendants have forfeited their right to raise any other available defense. Plaintiff reserves the right to amend her complaint. Further, Plaintiff also requests that if the complaint is dismissed that Plaintiff be given at least one opportunity to amend the complaint. *See Runnion ex rel. Runnion v. Girl Scouts of Greater Chi. & Nw. Ind.*, 786 F.3d 510, 519 (7th Cir. 2015). FED. R. CIV. P. 15(A)(2).

## VII.    AGE DISCRIMINATION

1.   Plaintiff acknowledges an entry error of mistakenly checking the age discrimination box.

Defendants' diligence in discovering this issue underscores that Defendants analyzed the complaint. This same analysis should have supported that there were IDHR claims before the District Court.

## VIII.    INDIVIDUAL LIABILITY-42 U.S.C. 1981 and 1985

1.   Individual liability is appropriate under 42 U.S.C. 1981 and 1985. *Smith v. Bray, 681 F.3d 888, 896 (7th Cir. 2012); Summerland v. Exelon Generation Co.*, 455 F. Supp. 3d 646 (N.D. Ill. 2020); *Independent Trust v. Stewart Information Services*, 665 F.3d 930 (7th Cir. 2012).

   **WHEREFORE,** Plaintiff, for the aforementioned reasons, respectfully requests that this Honorable Court enter an Order Denying Defendants' Rule 12 (c) motion and provide relief under Rule 11 any other relief available.

Dated:  March 18, 2024                                  Respectfully submitted,

                                                           /S/  Mary Madison
                                                          Mary Madison
                                                          9758 S Charles
                                                          Chicago, Il 60643
                                                          7732979569
                                                          Mdj123197@aol.com

[If you need additional space for ANY section, please attach an additional sheet and reference that section.]

5. The plaintiff [*check one box*]

    (a) ☐ was denied employment by the defendant.

    (b) ☐ was hired and is still employed by the defendant.

    (c) ☒ was employed but is no longer employed by the defendant.

6. The defendant discriminated against the plaintiff on or about, or beginning on or about,
(month) **October**_____, (day)**26**_____, (year) **2022**_____.

7.1 (*Choose paragraph 7.1 or 7.2, do not complete both*.)

    (a) The defendant is not a federal governmental agency, and the plaintiff
[*check one box*] ☒*has* ☐*has not* filed a charge or charges against the defendant

    asserting the acts of discrimination indicated in this complaint with any of the

    following government agencies:

        (i) ☒ the United States Equal Employment Opportunity Commission, on or about

        (month) **August**_____ (day) **21**_____ (year) **2023**_____. **See Attached Exhibit 1**

        (ii) ☒ the Illinois Department of Human Rights, on or about
        **Currently under investigation see attached Exhibit 2**
        (month)_____ (day)_____ (year)_____.

    (b) If charges *were* filed with an agency indicated above, a copy of the charge is

    attached. ☒ Yes, ☐ No, **but plaintiff will file a copy of the charge within 14 days**.

It is the policy of both the Equal Employment Opportunity Commission and the Illinois

Department of Human Rights to cross-file with the other agency all charges received. The

plaintiff has no reason to believe that this policy was not followed in this case.

7.2 The defendant is a federal governmental agency, and

    (a) the plaintiff previously filed a Complaint of Employment Discrimination with the

[If you need additional space for ANY section, please attach an additional sheet and reference that section.]

Rev. 06/27/2016

**Exhibit B**

**Exhibit 6**



1470 Brummel Ave
Elk Grove Village, IL 60007

www.creative-werks.com
630.860.2222

## Notice of Suspension

October 26, 2022

Mary Madison
Quality Regulatory Manager
Via Hand Delivery

Dear Mary,

This letter is to inform you that you are being placed on a paid suspension effective immediately. This suspension will last until a full investigation into the statements made in your report and during your conversation with Steve Schroeder on Friday, October 21, 2022 can be fully completed. This review will be conducted by an outside attorney and Human Resources will make the introduction when the time comes.

During your suspension you will be paid at your regular rate of pay and have access to benefits. You will not have access to any IT systems or the building until the investigation is complete.

If you have further questions, please reach out the HR team as needed.

Thank you,

Gretchen LeMay
Head of People

**Exhibit C**

 Gmail

Mary Madison <assist2law@gmail.com>

---

## Attorney Interview- Tomorrow
18 messages

---

**Gretchen LeMay** <glemay@cwerksglobal.com>                     Tue, Nov 1, 2022 at 8:42 AM
To: "assist2law@gmail.com" <assist2law@gmail.com>

Mary

Our outside counsel will be interviewing you in person tomorrow to discuss your report.  Please find the pertinent information below and confirm back via email that you have received this information.

**Date & Time: Wednesday, November 2 at 10am CST**

**Where: Law Office of Ford Harrison**

      **180 N. Stetson Ave**

      **Suite 1660**

      **Chicago, IL**

**Who: Kimberly Ross**

The law office is in the Prudential Plaza building.  You will enter the building on Randolph and take the escalator to the front desk where you will check in and get a pass.  You will need your ID.

Please confirm that you have received this email and if you have any further questions.

Thank you,

Gretchen



**Gretchen LeMay**

Head of People / Corporate Vice President

1470 Brummel Ave,
Elk Grove Village, IL 60007
630-422-3587 *(office)*
creative-werks.com 

Complex packaging solutions with speed and peace of mind 

---

**Gretchen LeMay** <glemay@cwerksglobal.com>        Tue, Nov 1, 2022 at 4:40 PM
To: "assist2law@gmail.com" <assist2law@gmail.com>

Mary

Following up on this email to confirm that you received it.  I also left a voicemail on both phone numbers that you provided in system.

Thank you,

Gretchen



### Gretchen LeMay

Head of People / Corporate Vice President

1470 Brummel Ave,
Elk Grove Village, IL 60007
630-422-3587 *(office)*

creative-werks.com   

Complex packaging solutions with speed and peace of mind 

[Quoted text hidden]

---

**Mary Madison** <assist2law@gmail.com>        Wed, Nov 2, 2022 at 2:13 AM
To: Gretchen LeMay <glemay@cwerksglobal.com>

Good day Ms. LeMay

I am in receipt of your 4:40 pm email and voice mail, of November 1, 2022, regarding an interview with the company's outside counsel on November 2, 2022.  When you, Wendy and I last spoke on Wednesday, October 26, 2022, you indicated that I was being suspended for the conversation that I had with Mr. Schroder on Friday, October 21, 2022.

When I asked why I was being suspended, you indicated that you conducted an investigation that concluded that the issues raised in the risk assessment that I prepared, as the quality regulatory manager, for Mr. Schroder were totally unfounded.

In seeking to better understand the scope of the investigation, I repeatedly asked what the investigation entailed.  Each time, you declined to share any information including what those findings were.  It was after those requests that you stated that you reviewed my emails and I had also violated a company policy by allegedly sending company property to an outside email address, as a further reason for my suspension.  In seeking further clarification, regarding sending company property to an outside email, I asked you a couple of times what was sent? You stated it was something related to the Dunkaroo's account. To which, I categorically deny such an action.  You also cited my assertion in the risk assessment that the company had made false statements as the main contributing factor for my suspension.

In support of my contentions, I offered you a report that underscored issues raised in the risk assessment; which, in my opinion, would have brought clarity to the situation.  However, you refused to review it and further suggested that I present it to the outside counsel.  As such, the adverse employment decision to discipline me with suspension was made without affording me an opportunity to participate in the investigation.

After careful consideration and my inability to reconcile the purpose for speaking with outside legal counsel, I believe that I too need legal counsel when I speak with the company's outside counsel. In light of the circumstances, the discipline against me suggests, I need legal counsel to protect my interest.

Further, being suspended feels more like a punishment for raising issues relative to non-compliance.  In my opinion, this goes against the very spirit of the purported open door policy and transparency mantra of "see something say something" that is touted in this organization. I believe this discipline goes against the purpose for which I was hired.

As a direct result of not understanding this process and my desire to protect my interest and rights, I am exercising my right to have legal counsel present during this interview.  Further, you stated that you would be in contact with me within a day or so to arrange this meeting.  However, almost a week later contact is made for a next day appointment.  Due to this short notice, I will need time to arrange for my counsel's availability for any meeting with the company's outside counsel.

Thank you for your time, consideration and assistance in this matter.

Mary Madison

[Quoted text hidden]

---

**Gretchen LeMay** <glemay@cwerksglobal.com>                    Wed, Nov 2, 2022 at 7:13 AM
To: Mary Madison <assist2law@gmail.com>

Mary

Your below email does not correctly recap the conversation we had last week.  You were suspended pending the results of an investigation that included an interview that needed to happen with you which is scheduled for this morning.  For an internal matter employees do not need or require counsel to be present.

Given that you are on a paid suspension there should be no reason that you cannot meet with Kim as scheduled this morning.


Thank you,



**Gretchen LeMay**
Head of People / Corporate Vice President

1470 Brummel Ave,
Elk Grove Village, IL 60007
630-422-3587 *(office)*

creative-werks.com   

Complex packaging solutions with speed and peace of mind 🎁

---

**From:** Mary Madison <assist2law@gmail.com>
**Sent:** Wednesday, November 2, 2022 2:13 AM
**To:** Gretchen LeMay <glemay@cwerksglobal.com>
**Subject:** Re: Attorney Interview- Tomorrow

> CAUTION: This email originated from outside of the organization. Do not click links or open attachments unless you recognize the sender and know the content is safe.

[Quoted text hidden]

---

**Mary Madison** <assist2law@gmail.com>           Wed, Nov 2, 2022 at 11:17 AM
To: Gretchen LeMay <glemay@cwerksglobal.com>

Good day Ms. LeMay

I have no problem following up with you or anyone else in regards to the risk assessment prepared and submitted to Mr. Schroeder on October 21, 2022. However, the rub is the circumstances that surround the matter.

Moreover, the email you are referencing, as an incorrect interpretation based upon your interpretation, is my interpretation of what you stated to me during our meeting October 26, 2022. Further, I am certain that it was my understanding that you stated that you had conducted an investigation that conclusively found my risk assessment(s) unfounded prompting my suspension. Based upon those findings you indicated that it warranted a need to get outside counsel involved.

I am alarmingly concerned as you reference this matter as an internal matter that is now using external resources presumably for the protection of the company's interest. Further, it is hard and difficult for me to look at the actions taken against me and the conversations that I have had relative to this matter and not logically deduce that: 1) my risk assessments were not received as correct and that; 2) there was something that was identified by you and others that supported the fact I allegedly committed some type of malfeasance to warrant such a drastic measure of suspension. Further, at no time could you provide me with those relevant details.

Contrarily, if my interpretation is not correct, then am I to understand that there was no investigation that led up to me being suspended?

Again, I have no problem defending the risk identified.  However, the conversation that I had with you, the actions taken against me and involvement of outside counsel leads me to believe otherwise.  I contend that  based upon these circumstances and inconsistencies, I require legal representation, when I speak to the outside counsel, whose recommendations and findings will be used as a determinative factor in this matter.

Thank you for your time and assistance in this matter.
Mary Madison

[Quoted text hidden]

---

**Gretchen LeMay** <glemay@cwerksglobal.com>                    Thu, Nov 3, 2022 at 8:35 AM
To: Mary Madison <assist2law@gmail.com>

Hi Mary,


I'm not going to debate what your interpretation or understanding is of our prior conversation.  The fact is that we have an ongoing investigation, the company has retained an outside investigator, and the investigator would like to meet with you to gather information.


While we don't typically allow an employee to have counsel present during a company investigation, we will make an exception in this situation because we want to make sure you have an opportunity to provide information so that the investigator has that information as part of her findings.  Please understand that your counsel will not be allowed to interfere with the interview but may be present if you like.


Since you are still being paid while not working as the investigation proceeds, we would like you to meet with the investigator as soon as possible.  Please provide your counsel's availability to me today so that we can arrange for the meeting.


Thank you,

Gretchen




**Gretchen LeMay**
Head of People / Corporate Vice President

1470 Brummel Ave,
Elk Grove Village, IL 60007
630-422-3587 *(office)*
creative-werks.com    

Complex packaging solutions with speed and peace of mind 

[Quoted text hidden]

---

**Mary Madison** <assist2law@gmail.com>                                     Fri, Nov 4, 2022 at 8:21 AM
To: Gretchen LeMay <glemay@cwerksglobal.com>

Good day Ms. LeMay,

I am awaiting a return call and will forward you that information up receipt.

Thank you for your time and assistance in this matter.

Respectfully
Mary Madison
[Quoted text hidden]

---

**Mary Madison** <assist2law@gmail.com>                                     Mon, Nov 7, 2022 at 7:38 AM
To: Gretchen LeMay <glemay@cwerksglobal.com>

Good day Ms. LeMay

I will have counselor's availability this afternoon and will provide it at that time.

Best Regards
Mary Madison
[Quoted text hidden]

---

**Mary Madison** <assist2law@gmail.com>                                     Mon, Nov 7, 2022 at 5:02 PM
To: Gretchen LeMay <glemay@cwerksglobal.com>

Good day Ms. LeMay,

As promised here is the counselor's availability.

1:00 pm-2:00 pm on 11.18.2022
2:00 pm-3:00 pm on 11.29.2022
12:00 pm-1:00 pm on 11.30.2022

Further, I am requesting a copy of my entire personnel file under the Illinois personnel Review Act.

Thank you for your time and assistance in these matters.

Best regards,
Mary Madison
[Quoted text hidden]

---

**Gretchen LeMay** <glemay@cwerksglobal.com>                                Tue, Nov 8, 2022 at 1:21 PM
To: Mary Madison <assist2law@gmail.com>

Mary

Per your request, attached please find a zip file that contains your onboarding documents that you completed prior to your employment along with your suspension letter.

Thank you for providing your counsel's availability.  Unfortunately, that will not be a long enough window of time to conduct the investigation as our outside counsel estimates needing 3-4 hours to speak with you.

We have been trying to have this meeting for over a week while you have been on paid suspension.   Our counsel was prepared to meet with you promptly last week, but you did not show up for the meeting.   Please speak with your counsel and provide availability for 3-4 hours to meet with our investigator.   Until that meeting takes place you will be put on unpaid suspension.   We will not continue to pay you while delays on your part remain.   You will be paid through today and for any time spent meeting with our investigator.

Thank you,

Gretchen



**Gretchen LeMay**
Head of People / Corporate Vice President

1470 Brummel Ave,
Elk Grove Village, IL 60007
630-422-3587 *(office)*
creative-werks.com   

Complex packaging solutions with speed and peace of mind 📦

---

**From:** Mary Madison <assist2law@gmail.com>
**Sent:** Monday, November 7, 2022 5:03 PM
**To:** Gretchen LeMay <glemay@cwerksglobal.com>
**Subject:** Re: Attorney Interview- Tomorrow

CAUTION: This email originated from outside of the organization. Do not click links or open attachments unless you recognize the sender and know the content is safe.

Good day Ms. LeMay,

As promised here is the counselor's availability.

1:00 pm-2:00 pm on 11.18.2022

2:00 pm-3:00 pm on 11.29.2022

12:00 pm-1:00 pm on 11.30.2022

Further, I am requesting a copy of my entire personnel file under the Illinois personnel Review Act.

Thank you for your time and assistance in these matters.

Best regards,

Mary Madison

On Mon, Nov 7, 2022 at 7:38 AM Mary Madison <assist2law@gmail.com> wrote:

> Good day Ms. LeMay
>
> I will have counselor's availability this afternoon and will provide it at that time.
>
> Best Regards
>
> Mary Madison
>
> On Fri, Nov 4, 2022, 8:21 AM Mary Madison <assist2law@gmail.com> wrote:
>
>> Good day Ms. LeMay,
>>
>> I am awaiting a return call and will forward you that information up receipt.
>>
>> Thank you for your time and assistance in this matter.
>>
>> Respectfully
>>
>> Mary Madison
>>
>> On Thu, Nov 3, 2022 at 8:36 AM Gretchen LeMay <glemay@cwerksglobal.com> wrote:

Hi Mary,

I'm not going to debate what your interpretation or understanding is of our prior conversation. The fact is that we have an ongoing investigation, the company has retained an outside investigator, and the investigator would like to meet with you to gather information.

While we don't typically allow an employee to have counsel present during a company investigation, we will make an exception in this situation because we want to make sure you have an opportunity to provide information so that the investigator has that information as part of her findings. Please understand that your counsel will not be allowed to interfere with the interview but may be present if you like.

Since you are still being paid while not working as the investigation proceeds, we would like you to meet with the investigator as soon as possible. Please provide your counsel's availability to me today so that we can arrange for the meeting.

Thank you,

Gretchen



**Gretchen LeMay**

Head of People / Corporate Vice President

1470 Brummel Ave,
Elk Grove Village, IL 60007
630-422-3587 *(office)*
creative-werks.com   

Complex packaging solutions with speed and peace of mind 🎁

---

**From:** Mary Madison <assist2law@gmail.com>
**Sent:** Wednesday, November 2, 2022 11:17 AM
**To:** Gretchen LeMay <glemay@cwerksglobal.com>
**Subject:** Re: Attorney Interview- Tomorrow

CAUTION: This email originated from outside of the organization. Do not click links or open attachments unless you recognize the sender and know the content is safe.

Good day Ms. LeMay

I have no problem following up with you or anyone else in regards to the risk assessment prepared and submitted to Mr. Schroeder on October 21, 2022.  However, the rub is the circumstances that surround the matter.

Moreover, the email you are referencing, as an incorrect interpretation based upon your interpretation, is my interpretation of what you stated to me during our meeting October 26, 2022.  Further, I am certain that it was my understanding that you stated that you had conducted an investigation that conclusively found my risk assessment(s) unfounded prompting my suspension. Based upon those findings you indicated that it warranted a need to get outside counsel involved.

I am alarmingly concerned as you reference this matter as an internal matter that is now using external resources presumably for the protection of the company's interest.  Further, it is hard and difficult for me to look at the actions taken against me and the conversations that I have had relative to this matter and not logically deduce that: 1) my risk assessments were not received as correct and that; 2) there was something that was identified by you and others that supported the fact I allegedly committed some type of malfeasance to warrant such a drastic measure of suspension.  Further, at no time could you provide me with those relevant details.

Contrarily, if my interpretation is not correct, then am I to understand that there was no investigation that led up to me being suspended?

Again, I have no problem defending the risk identified.  However, the conversation that I had with you, the actions taken against me and involvement of outside counsel leads me to believe otherwise.  I contend that based upon these circumstances and inconsistencies, I require legal representation, when I speak to the outside counsel, whose recommendations and findings will be used as a determinative factor in this matter.

Thank you for your time and assistance in this matter.

Mary Madison


On Wed, Nov 2, 2022 at 7:14 AM Gretchen LeMay <glemay@cwerksglobal.com> wrote:

> Mary
>
> Your below email does not correctly recap the conversation we had last week.  You were suspended pending the results of an investigation that included an interview that needed to happen with you which is scheduled for this morning.  For an internal matter employees do not need or require counsel to be present.

Given that you are on a paid suspension there should be no reason that you cannot meet with Kim as scheduled this morning.

Thank you,



**Gretchen LeMay**

Head of People / Corporate Vice President

1470 Brummel Ave,
Elk Grove Village, IL 60007
630-422-3587 *(office)*

creative-werks.com   

Complex packaging solutions with speed and peace of mind 👑

---

**From:** Mary Madison <assist2law@gmail.com>
**Sent:** Wednesday, November 2, 2022 2:13 AM
**To:** Gretchen LeMay <glemay@cwerksglobal.com>
**Subject:** Re: Attorney Interview- Tomorrow

CAUTION: This email originated from outside of the organization. Do not click links or open attachments unless you recognize the sender and know the content is safe.

Good day Ms. LeMay

I am in receipt of your 4:40 pm email and voice mail, of November 1, 2022, regarding an interview with the company's outside counsel on November 2, 2022. When you, Wendy and I last spoke on Wednesday, October 26, 2022, you indicated that I was being suspended for the conversation that I had with Mr. Schroder on Friday, October 21, 2022.

When I asked why I was being suspended, you indicated that you conducted an investigation that concluded that the issues raised in the risk assessment that I prepared, as the quality regulatory manager, for Mr. Schroder were totally unfounded.

In seeking to better understand the scope of the investigation, I repeatedly asked what the investigation entailed. Each time, you declined to share any information including what those findings were. It was after

those requests that you stated that you reviewed my emails and I had also violated a company policy by allegedly sending company property to an outside email address, as a further reason for my suspension. In seeking further clarification, regarding sending company property to an outside email, I asked you a couple of times what was sent? You stated it was something related to the Dunkaroo's account. To which, I categorically deny such an action. You also cited my assertion in the risk assessment that the company had made false statements as the main contributing factor for my suspension.

In support of my contentions, I offered you a report that underscored issues raised in the risk assessment; which, in my opinion, would have brought clarity to the situation. However, you refused to review it and further suggested that I present it to the outside counsel. As such, the adverse employment decision to discipline me with suspension was made without affording me an opportunity to participate in the investigation.

After careful consideration and my inability to reconcile the purpose for speaking with outside legal counsel, I believe that I too need legal counsel when I speak with the company's outside counsel. In light of the circumstances, the discipline against me suggests, I need legal counsel to protect my interest.

Further, being suspended feels more like a punishment for raising issues relative to non-compliance. In my opinion, this goes against the very spirit of the purported open door policy and transparency mantra of "see something say something" that is touted in this organization. I believe this discipline goes against the purpose for which I was hired.

As a direct result of not understanding this process and my desire to protect my interest and rights, I am exercising my right to have legal counsel present during this interview. Further, you stated that you would be in contact with me within a day or so to arrange this meeting. However, almost a week later contact is made for a next day appointment. Due to this short notice, I will need time to arrange for my counsel's availability for any meeting with the company's outside counsel.

Thank you for your time, consideration and assistance in this matter.

Mary Madison

On Tue, Nov 1, 2022 at 4:40 PM Gretchen LeMay <glemay@cwerksglobal.com> wrote:

Mary

Following up on this email to confirm that you received it. I also left a voicemail on both phone numbers that you provided in system.

Thank you,

Gretchen



**Gretchen LeMay**

Head of People / Corporate Vice President

1470 Brummel Ave,
Elk Grove Village, IL 60007

630-422-3587 *(office)*

creative-werks.com   

Complex packaging solutions with speed and peace of mind 🎁

---

**From:** Gretchen LeMay
**Sent:** Tuesday, November 1, 2022 8:42 AM
**To:** assist2law@gmail.com
**Subject:** Attorney Interview- Tomorrow
**Importance:** High


Mary


Our outside counsel will be interviewing you in person tomorrow to discuss your report.  Please find the pertinent information below and confirm back via email that you have received this information.


**Date & Time: Wednesday, November 2 at 10am CST**

**Where: Law Office of Ford Harrison**

       **180 N. Stetson Ave**

       **Suite 1660**

       **Chicago, IL**

**Who: Kimberly Ross**


The law office is in the Prudential Plaza building.  You will enter the building on Randolph and take the escalator to the front desk where you will check in and get a pass.  You will need your ID.


Please confirm that you have received this email and if you have any further questions.


Thank you,

Gretchen



**M. Madison E-File.zip**
2157K

---

**Mary Madison** <assist2law@gmail.com>                                    Thu, Nov 10, 2022 at 9:50 AM
To: Gretchen LeMay <glemay@cwerksglobal.com>

Good day Ms. LeMay

Thank you for your response.

Please confirm that no documents, notes etc... have been omitted from my employee file that you sent. i.e. the file includes all documents to date related to my employment at Creative Werks.

Also, in respect to the attorney interview, this is the first mention of a time frame of 3-4 hours that was to be applied to my "interview" with the company's attorney.

I had no way of knowing the particulars just articulated to me; therefore, I was unable to articulate those details to the counselor.

Further, just to be clear, it was not my wish nor desire to have such an adverse employment action of suspension taken against me for raising operational risk/non-compliance issues to the company- Assessments that are within the scope of my employment as the Quality Regulatory Manager.

The actions taken against me were swift, punitive and harsh given the fact that no one ever took the time to speak with me for further clarification of the risks and non-compliances identified in the report dated October 20, 2022, after it was reviewed.

Nor, during the time I was being informed of my suspension, was anyone willing to review the supporting evidence that I offered during that time to underscore and corroborate the analysis.

I categorically deny that I did not show up for the interview with Creative Werks legal counsel, but assert that I was not given proper notice. The disconnect to this scenario is that I was not informed, made apprised or became aware of the "interview" until several hours prior to the "interview," when I received your voicemail. Contrarily, you indicated to me on the day of my suspension that you would be in contact with me in a couple of days.  A couple of days turned into almost a week.

Further, based upon the adverse employment actions taken and; the continued actions taken against me and; the ever changing conditions of the circumstances, I exerted my rights to legal counsel.

Further, it seems as if I am again being punished for protecting my legal rights after suffering the initial adverse employment action.

Further, the conduct and actions surrounding your decision to allow me to have legal counsel seems quite disingenuous and somewhat contrived.  Based upon the information that you provided, to me regarding the matter and the "interview," I passed that along to the counselor.  Based upon that information, the counselor

allotted the time.   Failing to provide me such pertinent details as to the slated length of time of 3-4 hours for the "interview" among other things is telling.  Additionally, couching it as an "interview" is also misleading and telling based upon the current information provided; making it seem more akin to a grilling session or a subsequent remedial measure to contrive reasons to support the adverse employment actions already taken against me for raising operational risk/noncompliance issues within the scope of my employment.

Furthermore, the logic surrounding this "interview" is flawed; especially, where you purport that this interview will help to better understand the issues raised in the risk analysis and further the investigation.  Specifically, the logic is flawed surrounding bringing in a 3rd party, for as you previously stated an internal matter, who is further removed from the operational and regulatory scope of your business, intervenes to help you understand the gaps in Creative Werks operation that lead to the business risks and non-compliances identified.  Secondly, failing to share or apprise me of your findings, in your conclusive investigation that contravened or contradicted my assertions that led to this interview is also telling.  Additionally, this type of tactic could be disadvantageous in shoring up the gaps in understanding and learning about the issues raised and identified.  Last, but not least, if I had only been asked or involved in the investigation, I could have simply pointed you the FDA website that addresses most of the issues surrounding the circumstances.

I further contend that there probably would have been an issue raised by you to support your decision to further punish me by implementing further adverse employment actions upon me.  I further assert and contend that these actions and adverse employment decisions are harassive and retaliatory in nature.

Again, I am fully able and willing to speak with anyone to defend the position taken in the risk analysis.

I will reach out and obtain a time that can accommodate that time frame.

Thank you kindly for your time and assistance in this matter.

Respectfully
Mary Madison
[Quoted text hidden]

___

**10 attachments**



**logo-160x68.png**
10K

**facebook.png**
1K

**instagram.png**
2K

**linkedin.png**
1K

**twitter.png**
1K



**image001.png**
10K



**image002.png**
1K



**image003.png**
2K

**image004.png**
1K

**image005.png**
1K

---

**Gretchen LeMay** <glemay@cwerksglobal.com>                    Fri, Nov 11, 2022 at 11:03 AM
To: Mary Madison <assist2law@gmail.com>

Mary,

I am not going to engage in lengthy debate by email except to say that I disagree with almost everything you state in your email.

The company has provided you with all the documents you are entitled to under the Illinois Personnel Records Review Act.

I also am confirming that your interview is expected to take approximately 3-4 hours.  Please provide availability at your earliest opportunity.

Thank you,



**Gretchen LeMay**
Head of People / Corporate Vice President

1470 Brummel Ave,
Elk Grove Village, IL 60007
630-422-3587 *(office)*
creative-werks.com    

---

Complex packaging solutions with speed and peace of mind 🎁

2/13/24, 12:11 AM

**From:** Mary Madison <assist2law@gmail.com>
**Sent:** Thursday, November 10, 2022 9:50 AM
**To:** Gretchen LeMay <glemay@cwerksglobal.com>
**Subject:** Re: Attorney Interview- Tomorrow

---

CAUTION: This email originated from outside of the organization. Do not click links or open attachments unless you recognize the sender and know the content is safe.

---

Good day Ms. LeMay

Thank you for your response.

Please confirm that no documents, notes etc... have been omitted from my employee file that you sent. i.e. the file includes all documents to date related to my employment at Creative Werks.

Also, in respect to the attorney interview, this is the first mention of a time frame of 3-4 hours that was to be applied to my "interview" with the company's attorney.

I had no way of knowing the particulars just articulated to me; therefore, I was unable to articulate those details to the counselor.

Further, just to be clear, it was not my wish nor desire to have such an adverse employment action of suspension taken against me for raising operational risk/non-compliance issues to the company- Assessments that are within the scope of my employment as the Quality Regulatory Manager.

The actions taken against me were swift, punitive and harsh given the fact that no one ever took the time to speak with me for further clarification of the risks and non-compliances identified in the report dated October 20, 2022, after it was reviewed.

Nor, during the time I was being informed of my suspension, was anyone willing to review the supporting evidence that I offered during that time to underscore and corroborate the analysis.

I categorically deny that I did not show up for the interview with Creative Werks legal counsel, but assert that I was not given proper notice. The disconnect to this scenario is that I was not informed, made apprised or became aware of the "interview" until several hours prior to the "interview," when I received your voicemail.

Contrarily, you indicated to me on the day of my suspension that you would be in contact with me in a couple of days.  A couple of days turned into almost a week.

Further, based upon the adverse employment actions taken and; the continued actions taken against me and; the ever changing conditions of the circumstances, I exerted my rights to legal counsel.

Further, it seems as if I am again being punished for protecting my legal rights after suffering the initial adverse employment action.

Further, the conduct and actions surrounding your decision to allow me to have legal counsel seems quite disingenuous and somewhat contrived.  Based upon the information that you provided, to me regarding the matter and the "interview," I passed that along to the counselor.  Based upon that information, the counselor allotted the time.   Failing to provide me such pertinent details as to the slated length of time of 3-4 hours for the "interview" among other things is telling.  Additionally, couching it as an "interview" is also misleading and telling based upon the current information provided; making it seem more akin to a grilling session or a subsequent remedial measure to contrive reasons to support the adverse employment actions already taken against me for raising operational risk/noncompliance issues within the scope of my employment.

Furthermore, the logic surrounding this "interview" is flawed; especially, where you purport that this interview will help to better understand the issues raised in the risk analysis and further the investigation.  Specifically, the logic is flawed surrounding bringing in a 3rd party, for as you previously stated an internal matter, who is further removed from the operational and regulatory scope of your business, intervenes to help you understand the gaps in Creative Werks operation that lead to the business risks and non-compliances identified.  Secondly, failing to share or apprise me of your findings, in your conclusive investigation that contravened or contradicted my assertions that led to this interview is also telling.  Additionally, this type of tactic could be disadvantageous in shoring up the gaps in understanding and learning about the issues raised and identified.  Last, but not least, if I had only been asked or involved in the investigation, I could have simply pointed you the FDA website that addresses most of the issues surrounding the circumstances.

I further contend that there probably would have been an issue raised by you to support your decision to further punish me by implementing further adverse employment actions upon me.  I further assert and contend that these actions and adverse employment decisions are harassive and retaliatory in nature.

Again, I am fully able and willing to speak with anyone to defend the position taken in the risk analysis.

I will reach out and obtain a time that can accommodate that time frame.

Thank you kindly for your time and assistance in this matter.

Respectfully

Mary Madison


On Tue, Nov 8, 2022, 1:21 PM Gretchen LeMay <glemay@cwerksglobal.com> wrote:

Mary


Per your request, attached please find a zip file that contains your onboarding documents that you completed prior to your employment along with your suspension letter.


Thank you for providing your counsel's availability. Unfortunately, that will not be a long enough window of time to conduct the investigation as our outside counsel estimates needing 3-4 hours to speak with you.


We have been trying to have this meeting for over a week while you have been on paid suspension. Our counsel was prepared to meet with you promptly last week, but you did not show up for the meeting. Please speak with your counsel and provide availability for 3-4 hours to meet with our investigator. Until that meeting takes place you will be put on unpaid suspension. We will not continue to pay you while delays on your part remain. You will be paid through today and for any time spent meeting with our investigator.


Thank you,

Gretchen




**Gretchen LeMay**

Head of People / Corporate Vice President

1470 Brummel Ave,
Elk Grove Village, IL 60007

630-422-3587 *(office)*

creative-werks.com   


Complex packaging solutions with speed and peace of mind 👑

**From:** Mary Madison <assist2law@gmail.com>
**Sent:** Monday, November 7, 2022 5:03 PM
**To:** Gretchen LeMay <glemay@cwerksglobal.com>
**Subject:** Re: Attorney Interview- Tomorrow

CAUTION: This email originated from outside of the organization. Do not click links or open attachments unless you recognize the sender and know the content is safe.

Good day Ms. LeMay,

As promised here is the counselor's availability.

1:00 pm-2:00 pm on 11.18.2022

2:00 pm-3:00 pm on 11.29.2022

12:00 pm-1:00 pm on 11.30.2022

Further, I am requesting a copy of my entire personnel file under the Illinois personnel Review Act.

Thank you for your time and assistance in these matters.

Best regards,

Mary Madison

On Mon, Nov 7, 2022 at 7:38 AM Mary Madison <assist2law@gmail.com> wrote:

> Good day Ms. LeMay
>
> I will have counselor's availability this afternoon and will provide it at that time.
>
> Best Regards
>
> Mary Madison
>
> On Fri, Nov 4, 2022, 8:21 AM Mary Madison <assist2law@gmail.com> wrote:
>
>> Good day Ms. LeMay,

I am awaiting a return call and will forward you that information up receipt.


Thank you for your time and assistance in this matter.


Respectfully

Mary Madison


On Thu, Nov 3, 2022 at 8:36 AM Gretchen LeMay <glemay@cwerksglobal.com> wrote:

> Hi Mary,
>
>
> I'm not going to debate what your interpretation or understanding is of our prior conversation.  The fact is that we have an ongoing investigation, the company has retained an outside investigator, and the investigator would like to meet with you to gather information.
>
>
> While we don't typically allow an employee to have counsel present during a company investigation, we will make an exception in this situation because we want to make sure you have an opportunity to provide information so that the investigator has that information as part of her findings.  Please understand that your counsel will not be allowed to interfere with the interview but may be present if you like.
>
>
> Since you are still being paid while not working as the investigation proceeds, we would like you to meet with the investigator as soon as possible.  Please provide your counsel's availability to me today so that we can arrange for the meeting.
>
>
> Thank you,
>
> Gretchen
>
>
> **Gretchen LeMay**
>
> Head of People / Corporate Vice President
>
> 1470 Brummel Ave,
> Elk Grove Village, IL 60007
>
> 630-422-3587 *(office)*
>
> creative-werks.com

Complex packaging solutions with speed and peace of mind 

---

**From:** Mary Madison <assist2law@gmail.com>
**Sent:** Wednesday, November 2, 2022 11:17 AM
**To:** Gretchen LeMay <glemay@cwerksglobal.com>
**Subject:** Re: Attorney Interview- Tomorrow

> **CAUTION:** This email originated from outside of the organization. Do not click links or open attachments unless you recognize the sender and know the content is safe.

Good day Ms. LeMay

I have no problem following up with you or anyone else in regards to the risk assessment prepared and submitted to Mr. Schroeder on October 21, 2022.  However, the rub is the circumstances that surround the matter.

Moreover, the email you are referencing, as an incorrect interpretation based upon your interpretation, is my interpretation of what you stated to me during our meeting October 26, 2022.  Further, I am certain that it was my understanding that you stated that you had conducted an investigation that conclusively found my risk assessment(s) unfounded prompting my suspension. Based upon those findings you indicated that it warranted a need to get outside counsel involved.

I am alarmingly concerned as you reference this matter as an internal matter that is now using external resources presumably for the protection of the company's interest.  Further, it is hard and difficult for me to look at the actions taken against me and the conversations that I have had relative to this matter and not logically deduce that: 1) my risk assessments were not received as correct and that; 2) there was something that was identified by you and others that supported the fact I allegedly committed some type of malfeasance to warrant such a drastic measure of suspension.  Further, at no time could you provide me with those relevant details.

Contrarily, if my interpretation is not correct, then am I to understand that there was no investigation that led up to me being suspended?

Again, I have no problem defending the risk identified.  However, the conversation that I had with you, the actions taken against me and involvement of outside counsel leads me to believe otherwise.  I contend that based upon these circumstances and inconsistencies, I require legal representation, when I speak to the outside counsel, whose recommendations and findings will be used as a determinative factor in this matter.

Thank you for your time and assistance in this matter.

Mary Madison

On Wed, Nov 2, 2022 at 7:14 AM Gretchen LeMay <glemay@cwerksglobal.com> wrote:

> Mary
>
> Your below email does not correctly recap the conversation we had last week. You were suspended pending the results of an investigation that included an interview that needed to happen with you which is scheduled for this morning. For an internal matter employees do not need or require counsel to be present.
>
> Given that you are on a paid suspension there should be no reason that you cannot meet with Kim as scheduled this morning.
>
> Thank you,

**Gretchen LeMay**

Head of People / Corporate Vice President

1470 Brummel Ave,
Elk Grove Village, IL 60007
630-422-3587 *(office)*
creative-werks.com

Complex packaging solutions with speed and peace of mind 🎁

---

**From:** Mary Madison <assist2law@gmail.com>
**Sent:** Wednesday, November 2, 2022 2:13 AM
**To:** Gretchen LeMay <glemay@cwerksglobal.com>
**Subject:** Re: Attorney Interview- Tomorrow

> **CAUTION:** This email originated from outside of the organization. Do not click links or open attachments unless you recognize the sender and know the content is safe.

Good day Ms. LeMay

I am in receipt of your 4:40 pm email and voice mail, of November 1, 2022, regarding an interview with the company's outside counsel on November 2, 2022.  When you, Wendy and I last spoke on Wednesday, October 26, 2022, you indicated that I was being suspended for the conversation that I had with Mr. Schroder on Friday, October 21, 2022.

When I asked why I was being suspended, you indicated that you conducted an investigation that concluded that the issues raised in the risk assessment that I prepared, as the quality regulatory manager, for Mr. Schroder were totally unfounded.

In seeking to better understand the scope of the investigation, I repeatedly asked what the investigation entailed.  Each time, you declined to share any information including what those findings were.  It was after those requests that you stated that you reviewed my emails and I had also violated a company policy by allegedly sending company property to an outside email address, as a further reason for my suspension.  In seeking further clarification, regarding sending company property to an outside email, I asked you a couple of times what was sent? You stated it was something related to the Dunkaroo's account. To which, I categorically deny such an action.  You also cited my assertion in the risk assessment that the company had made false statements as the main contributing factor for my suspension.

In support of my contentions, I offered you a report that underscored issues raised in the risk assessment; which, in my opinion, would have brought clarity to the situation.  However, you refused to review it and further suggested that I present it to the outside counsel.  As such, the adverse employment decision to discipline me with suspension was made without affording me an opportunity to participate in the investigation.

After careful consideration and my inability to reconcile the purpose for speaking with outside legal counsel, I believe that I too need legal counsel when I speak with the company's outside counsel. In light of the circumstances, the discipline against me suggests, I need legal counsel to protect my interest.

Further, being suspended feels more like a punishment for raising issues relative to non-compliance.  In my opinion, this goes against the very spirit of the purported open door policy and transparency mantra of "see something say something" that is touted in this organization. I believe this discipline goes against the purpose for which I was hired.

As a direct result of not understanding this process and my desire to protect my interest and rights, I am exercising my right to have legal counsel present during this interview.  Further, you stated that you would be in contact with me within a day or so to arrange this meeting.  However, almost a week later contact is made for a next day appointment.  Due to this short notice, I will need time to arrange for my counsel's availability for any meeting with the company's outside counsel.

Thank you for your time, consideration and assistance in this matter.

Mary Madison

On Tue, Nov 1, 2022 at 4:40 PM Gretchen LeMay <glemay@cwerksglobal.com> wrote:

> Mary

Following up on this email to confirm that you received it.  I also left a voicemail on both phone numbers that you provided in system.


Thank you,

Gretchen


**Gretchen LeMay**

Head of People / Corporate Vice President

1470 Brummel Ave,
Elk Grove Village, IL 60007
630-422-3587 *(office)*
creative-werks.com


Complex packaging solutions with speed and peace of mind 🎁

---

**From:** Gretchen LeMay
**Sent:** Tuesday, November 1, 2022 8:42 AM
**To:** assist2law@gmail.com
**Subject:** Attorney Interview- Tomorrow
**Importance:** High


Mary


Our outside counsel will be interviewing you in person tomorrow to discuss your report.  Please find the pertinent information below and confirm back via email that you have received this information.


**Date & Time: Wednesday, November 2 at 10am CST**

**Where: Law Office of Ford Harrison**

       **180 N. Stetson Ave**

       **Suite 1660**

**Who: Kimberly Ross**

The law office is in the Prudential Plaza building. You will enter the building on Randolph and take the escalator to the front desk where you will check in and get a pass. You will need your ID.

Please confirm that you have received this email and if you have any further questions.

Thank you,

Gretchen

---

**Mary Madison** <assist2law@gmail.com>                                   Mon, Nov 14, 2022 at 11:50 AM
To: Kimberly Kidd <kim.teamkidd@gmail.com>

---------- Forwarded message ---------
From: **Gretchen LeMay** <glemay@cwerksglobal.com>
Date: Fri, Nov 11, 2022, 11:03 AM
Subject: RE: Attorney Interview- Tomorrow
To: Mary Madison <assist2law@gmail.com>

Mary,

I am not going to engage in lengthy debate by email except to say that I disagree with almost everything you state in your email.

The company has provided you with all the documents you are entitled to under the Illinois Personnel Records Review Act.

I also am confirming that your interview is expected to take approximately 3-4 hours. Please provide availability at your earliest opportunity.

Thank you,



**Gretchen LeMay**
Head of People / Corporate Vice President

1470 Brummel Ave,
Elk Grove Village, IL 60007

630-422-3587 *(office)*

creative-werks.com ☐ ☐ ☐ ☐

Complex packaging solutions with speed and peace of mind 👑

---

**From:** Mary Madison <assist2law@gmail.com>
**Sent:** Thursday, November 10, 2022 9:50 AM
**To:** Gretchen LeMay <glemay@cwerksglobal.com>
**Subject:** Re: Attorney Interview- Tomorrow

CAUTION: This email originated from outside of the organization. Do not click links or open attachments unless you recognize the sender and know the content is safe.

Good day Ms. LeMay

Thank you for your response.

Please confirm that no documents, notes etc... have been omitted from my employee file that you sent. i.e. the file includes all documents to date related to my employment at Creative Werks.

Also, in respect to the attorney interview, this is the first mention of a time frame of 3-4 hours that was to be applied to my "interview" with the company's attorney.

I had no way of knowing the particulars just articulated to me; therefore, I was unable to articulate those details to the counselor.

Further, just to be clear, it was not my wish nor desire to have such an adverse employment action of suspension taken against me for raising operational risk/non-compliance issues to the company- Assessments that are within the scope of my employment as the Quality Regulatory Manager.

The actions taken against me were swift, punitive and harsh given the fact that no one ever took the time to speak with me for further clarification of the risks and non-compliances identified in the report dated October 20, 2022, after it was reviewed.

Nor, during the time I was being informed of my suspension, was anyone willing to review the supporting evidence that I offered during that time to underscore and corroborate the analysis.

I categorically deny that I did not show up for the interview with Creative Werks legal counsel, but assert that I was not given proper notice. The disconnect to this scenario is that I was not informed, made apprised or became aware of the "interview" until several hours prior to the "interview," when I received your voicemail. Contrarily, you indicated to me on the day of my suspension that you would be in contact with me in a couple of days. A couple of days turned into almost a week.

Further, based upon the adverse employment actions taken and; the continued actions taken against me and; the ever changing conditions of the circumstances, I exerted my rights to legal counsel.

Further, it seems as if I am again being punished for protecting my legal rights after suffering the initial adverse employment action.

Further, the conduct and actions surrounding your decision to allow me to have legal counsel seems quite disingenuous and somewhat contrived. Based upon the information that you provided, to me regarding the matter and the "interview," I passed that along to the counselor. Based upon that information, the counselor allotted the time. Failing to provide me such pertinent details as to the slated length of time of 3-4 hours for the "interview" among other things is telling. Additionally, couching it as an "interview" is also misleading and telling based upon the current information provided; making it seem more akin to a grilling session or a subsequent remedial measure to contrive reasons to support the adverse employment actions already taken against me for raising operational risk/noncompliance issues within the scope of my employment.

Furthermore, the logic surrounding this "interview" is flawed; especially, where you purport that this interview will help to better understand the issues raised in the risk analysis and further the investigation. Specifically, the logic is flawed surrounding bringing in a 3rd party, for as you previously stated an internal matter, who is further removed from the operational and regulatory scope of your business, intervenes to help you understand the gaps in Creative Werks operation that lead to the business risks and non-compliances identified. Secondly, failing to share or apprise me of your findings, in your conclusive investigation that contravened or contradicted my assertions that led to this interview is also telling. Additionally, this type of tactic could be disadvantageous in shoring up the gaps in understanding and learning about the issues raised and identified. Last, but not least, if I had only been asked or involved in the investigation, I could have simply pointed you the FDA website that addresses most of the issues surrounding the circumstances.

I further contend that there probably would have been an issue raised by you to support your decision to further punish me by implementing further adverse employment actions upon me. I further assert and contend that these actions and adverse employment decisions are harassive and retaliatory in nature.

Again, I am fully able and willing to speak with anyone to defend the position taken in the risk analysis.

I will reach out and obtain a time that can accommodate that time frame.

Thank you kindly for your time and assistance in this matter.

Respectfully

Mary Madison

On Tue, Nov 8, 2022, 1:21 PM Gretchen LeMay <glemay@cwerksglobal.com> wrote:

Mary

Per your request, attached please find a zip file that contains your onboarding documents that you completed prior to your employment along with your suspension letter.

Thank you for providing your counsel's availability. Unfortunately, that will not be a long enough window of time to conduct the investigation as our outside counsel estimates needing 3-4 hours to speak with you.

We have been trying to have this meeting for over a week while you have been on paid suspension. Our counsel was prepared to meet with you promptly last week, but you did not show up for the meeting. Please speak with your counsel and provide availability for 3-4 hours to meet with our investigator. Until that meeting takes place you will be put on unpaid suspension. We will not continue to pay you while delays on your part remain. You will be paid through today and for any time spent meeting with our investigator.

Thank you,

Gretchen

**Gretchen LeMay**

Head of People / Corporate Vice President

1470 Brummel Ave,
Elk Grove Village, IL 60007

630-422-3587 *(office)*

creative-werks.com

Complex packaging solutions with speed and peace of mind 👑

---

**From:** Mary Madison <assist2law@gmail.com>
**Sent:** Monday, November 7, 2022 5:03 PM
**To:** Gretchen LeMay <glemay@cwerksglobal.com>
**Subject:** Re: Attorney Interview- Tomorrow

> **CAUTION:** This email originated from outside of the organization. Do not click links or open attachments unless you recognize the sender and know the content is safe.

Good day Ms. LeMay,

As promised here is the counselor's availability.

1:00 pm-2:00 pm on 11.18.2022

2:00 pm-3:00 pm on 11.29.2022

12:00 pm-1:00 pm on 11.30.2022

Further, I am requesting a copy of my entire personnel file under the Illinois personnel Review Act.

Thank you for your time and assistance in these matters.

Best regards,

Mary Madison

On Mon, Nov 7, 2022 at 7:38 AM Mary Madison <assist2law@gmail.com> wrote:

Good day Ms. LeMay

I will have counselor's availability this afternoon and will provide it at that time.


Best Regards

Mary Madison


On Fri, Nov 4, 2022, 8:21 AM Mary Madison <assist2law@gmail.com> wrote:

> Good day Ms. LeMay,
>
>
> I am awaiting a return call and will forward you that information up receipt.
>
>
> Thank you for your time and assistance in this matter.
>
>
> Respectfully
>
> Mary Madison
>
>
> On Thu, Nov 3, 2022 at 8:36 AM Gretchen LeMay <glemay@cwerksglobal.com> wrote:
>
>> Hi Mary,
>>
>>
>> I'm not going to debate what your interpretation or understanding is of our prior conversation. The fact is that we have an ongoing investigation, the company has retained an outside investigator, and the investigator would like to meet with you to gather information.
>>
>>
>> While we don't typically allow an employee to have counsel present during a company investigation, we will make an exception in this situation because we want to make sure you have an opportunity to provide information so that the investigator has that information as part of her findings. Please understand that your counsel will not be allowed to interfere with the interview but may be present if you like.
>>
>>
>> Since you are still being paid while not working as the investigation proceeds, we would like you to meet with the investigator as soon as possible. Please provide your counsel's availability to me today so that we can arrange for the meeting.
>>
>>
>> Thank you,
>>
>> Gretchen

**Gretchen LeMay**

Head of People / Corporate Vice President

1470 Brummel Ave,
Elk Grove Village, IL 60007

630-422-3587 *(office)*

creative-werks.com

Complex packaging solutions with speed and peace of mind 👑

---

**From:** Mary Madison <assist2law@gmail.com>
**Sent:** Wednesday, November 2, 2022 11:17 AM
**To:** Gretchen LeMay <glemay@cwerksglobal.com>
**Subject:** Re: Attorney Interview- Tomorrow

---

> CAUTION: This email originated from outside of the organization. Do not click links or open attachments unless you recognize the sender and know the content is safe.

---

Good day Ms. LeMay

I have no problem following up with you or anyone else in regards to the risk assessment prepared and submitted to Mr. Schroeder on October 21, 2022.  However, the rub is the circumstances that surround the matter.

Moreover, the email you are referencing, as an incorrect interpretation based upon your interpretation, is my interpretation of what you stated to me during our meeting October 26, 2022.  Further, I am certain that it was my understanding that you stated that you had conducted an investigation that conclusively found my risk assessment(s) unfounded prompting my suspension. Based upon those findings you indicated that it warranted a need to get outside counsel involved.

I am alarmingly concerned as you reference this matter as an internal matter that is now using external resources presumably for the protection of the company's interest.  Further, it is hard and difficult for me to look at the actions taken against me and the conversations that I have had relative to this matter and not logically deduce that: 1) my risk assessments were not received as correct and that; 2) there was something

that was identified by you and others that supported the fact I allegedly committed some type of malfeasance to warrant such a drastic measure of suspension.  Further, at no time could you provide me with those relevant details.

Contrarily, if my interpretation is not correct, then am I to understand that there was no investigation that led up to me being suspended?

Again, I have no problem defending the risk identified.  However, the conversation that I had with you, the actions taken against me and involvement of outside counsel leads me to believe otherwise.  I contend that based upon these circumstances and inconsistencies, I require legal representation, when I speak to the outside counsel, whose recommendations and findings will be used as a determinative factor in this matter.

Thank you for your time and assistance in this matter.

Mary Madison

On Wed, Nov 2, 2022 at 7:14 AM Gretchen LeMay <glemay@cwerksglobal.com> wrote:

> Mary
>
> Your below email does not correctly recap the conversation we had last week.  You were suspended pending the results of an investigation that included an interview that needed to happen with you which is scheduled for this morning.  For an internal matter employees do not need or require counsel to be present.
>
> Given that you are on a paid suspension there should be no reason that you cannot meet with Kim as scheduled this morning.
>
> Thank you,
>
> **Gretchen LeMay**
> Head of People / Corporate Vice President
>
> 1470 Brummel Ave,
> Elk Grove Village, IL 60007
> 630-422-3587 *(office)*
> creative-werks.com

Complex packaging solutions with speed and peace of mind 

---

**From:** Mary Madison <assist2law@gmail.com>
**Sent:** Wednesday, November 2, 2022 2:13 AM
**To:** Gretchen LeMay <glemay@cwerksglobal.com>
**Subject:** Re: Attorney Interview- Tomorrow

---

> CAUTION: This email originated from outside of the organization. Do not click links or open attachments unless you recognize the sender and know the content is safe.

---

Good day Ms. LeMay

I am in receipt of your 4:40 pm email and voice mail, of November 1, 2022, regarding an interview with the company's outside counsel on November 2, 2022.  When you, Wendy and I last spoke on Wednesday, October 26, 2022, you indicated that I was being suspended for the conversation that I had with Mr. Schroder on Friday, October 21, 2022.

When I asked why I was being suspended, you indicated that you conducted an investigation that concluded that the issues raised in the risk assessment that I prepared, as the quality regulatory manager, for Mr. Schroder were totally unfounded.

In seeking to better understand the scope of the investigation, I repeatedly asked what the investigation entailed.  Each time, you declined to share any information including what those findings were.  It was after those requests that you stated that you reviewed my emails and I had also violated a company policy by allegedly sending company property to an outside email address, as a further reason for my suspension.  In seeking further clarification, regarding sending company property to an outside email, I asked you a couple of times what was sent? You stated it was something related to the Dunkaroo's account. To which, I categorically deny such an action.  You also cited my assertion in the risk assessment that the company had made false statements as the main contributing factor for my suspension.

In support of my contentions, I offered you a report that underscored issues raised in the risk assessment; which, in my opinion, would have brought clarity to the situation.  However, you refused to review it and further suggested that I present it to the outside counsel.  As such, the adverse employment decision to discipline me with suspension was made without affording me an opportunity to participate in the investigation.

After careful consideration and my inability to reconcile the purpose for speaking with outside legal counsel, I believe that I too need legal counsel when I speak with the company's outside counsel. In light of the circumstances, the discipline against me suggests, I need legal counsel to protect my interest.

Further, being suspended feels more like a punishment for raising issues relative to non-compliance.  In my opinion, this goes against the very spirit of the purported open door policy and transparency mantra of "see something say something" that is touted in this organization. I believe this discipline goes against the purpose for which I was hired.

As a direct result of not understanding this process and my desire to protect my interest and rights, I am exercising my right to have legal counsel present during this interview.  Further, you stated that you would be in contact with me within a day or so to arrange this meeting.  However, almost a week later contact is

made for a next day appointment.  Due to this short notice, I will need time to arrange for my counsel's availability for any meeting with the company's outside counsel.

Thank you for your time, consideration and assistance in this matter.

Mary Madison

On Tue, Nov 1, 2022 at 4:40 PM Gretchen LeMay <glemay@cwerksglobal.com> wrote:

Mary

Following up on this email to confirm that you received it.  I also left a voicemail on both phone numbers that you provided in system.

Thank you,

Gretchen

**Gretchen LeMay**

Head of People / Corporate Vice President

1470 Brummel Ave,
Elk Grove Village, IL 60007
630-422-3587 *(office)*
creative-werks.com

Complex packaging solutions with speed and peace of mind 👑

---

**From:** Gretchen LeMay
**Sent:** Tuesday, November 1, 2022 8:42 AM
**To:** assist2law@gmail.com
**Subject:** Attorney Interview- Tomorrow
**Importance:** High

Mary

Our outside counsel will be interviewing you in person tomorrow to discuss your report. Please find the pertinent information below and confirm back via email that you have received this information.

**Date & Time: Wednesday, November 2 at 10am CST**

**Where: Law Office of Ford Harrison**

**180 N. Stetson Ave**

**Suite 1660**

**Chicago, IL**

**Who: Kimberly Ross**

The law office is in the Prudential Plaza building. You will enter the building on Randolph and take the escalator to the front desk where you will check in and get a pass. You will need your ID.

Please confirm that you have received this email and if you have any further questions.

Thank you,

Gretchen

---

**15 attachments**


**logo-160x68.png**
10K


**facebook.png**
1K


**instagram.png**
2K


**linkedin.png**
1K


**twitter.png**
1K


**logo-160x68.png**
10K

**linkedin.png**
1K

**twitter.png**
1K


**logo-160x68.png**
10K

**twitter.png**
1K

**facebook.png**
1K

**instagram.png**
2K

**instagram.png**
2K

**linkedin.png**
1K

**facebook.png**
1K

---

**Mary Madison** <assist2law@gmail.com>                                    Tue, Nov 15, 2022 at 5:25 PM
To: Gretchen LeMay <glemay@cwerksglobal.com>

Good day Ms. LeMay,

As promised, here are the attorney's available times.

November 30, 2022 11:30 am
December 1, 2022 11:00 am
December 2, 2022 1:00 pm

Thank you in advance for your assistance in this matter.

Mary Madison
[Quoted text hidden]

---

**Gretchen LeMay** <glemay@cwerksglobal.com>                              Wed, Nov 16, 2022 at 4:09 PM
To: Mary Madison <assist2law@gmail.com>

Mary

I have confirmed with Kimberly that November 30 @ 11:30am will work.

Thank you

Gretchen



**Gretchen LeMay**
Head of People / Corporate Vice President

1470 Brummel Ave,
Elk Grove Village, IL 60007
630-422-3587 *(office)*

creative-werks.com   

Complex packaging solutions with speed and peace of mind 🎁

---

**From:** Mary Madison <assist2law@gmail.com>
**Sent:** Tuesday, November 15, 2022 5:26 PM
**To:** Gretchen LeMay <glemay@cwerksglobal.com>
**Subject:** Re: Attorney Interview- Tomorrow

> CAUTION: This email originated from outside of the organization. Do not click links or open attachments unless you recognize the sender and know the content is safe.

Good day Ms. LeMay,

As promised, here are the attorney's available times.

November 30, 2022 11:30 am

December 1, 2022 11:00 am

December 2, 2022 1:00 pm

Thank you in advance for your assistance in this matter.

Mary Madison

On Fri, Nov 11, 2022 at 11:03 AM Gretchen LeMay <glemay@cwerksglobal.com> wrote:

Mary,

I am not going to engage in lengthy debate by email except to say that I disagree with almost everything you state in your email.

The company has provided you with all the documents you are entitled to under the Illinois Personnel Records Review Act.

I also am confirming that your interview is expected to take approximately 3-4 hours.  Please provide availability at your earliest opportunity.

Thank you,



**Gretchen LeMay**

Head of People / Corporate Vice President

1470 Brummel Ave,
Elk Grove Village, IL 60007
630-422-3587 *(office)*
creative-werks.com   

Complex packaging solutions with speed and peace of mind 📦

---

**From:** Mary Madison <assist2law@gmail.com>
**Sent:** Thursday, November 10, 2022 9:50 AM
**To:** Gretchen LeMay <glemay@cwerksglobal.com>
**Subject:** Re: Attorney Interview- Tomorrow

> CAUTION: This email originated from outside of the organization. Do not click links or open attachments unless you recognize the sender and know the content is safe.

Good day Ms. LeMay

Thank you for your response.

Please confirm that no documents, notes etc... have been omitted from my employee file that you sent. i.e. the file includes all documents to date related to my employment at Creative Werks.

Also, in respect to the attorney interview, this is the first mention of a time frame of 3-4 hours that was to be applied to my "interview" with the company's attorney.

I had no way of knowing the particulars just articulated to me; therefore, I was unable to articulate those details to the counselor.

Further, just to be clear, it was not my wish nor desire to have such an adverse employment action of suspension taken against me for raising operational risk/non-compliance issues to the company- Assessments that are within the scope of my employment as the Quality Regulatory Manager.

The actions taken against me were swift, punitive and harsh given the fact that no one ever took the time to speak with me for further clarification of the risks and non-compliances identified in the report dated October 20, 2022, after it was reviewed.

Nor, during the time I was being informed of my suspension, was anyone willing to review the supporting evidence that I offered during that time to underscore and corroborate the analysis.

I categorically deny that I did not show up for the interview with Creative Werks legal counsel, but assert that I was not given proper notice. The disconnect to this scenario is that I was not informed, made apprised or became aware of the "interview" until several hours prior to the "interview," when I received your voicemail. Contrarily, you indicated to me on the day of my suspension that you would be in contact with me in a couple of days. A couple of days turned into almost a week.

Further, based upon the adverse employment actions taken and; the continued actions taken against me and; the ever changing conditions of the circumstances, I exerted my rights to legal counsel.

Further, it seems as if I am again being punished for protecting my legal rights after suffering the initial adverse employment action.

Further, the conduct and actions surrounding your decision to allow me to have legal counsel seems quite disingenuous and somewhat contrived. Based upon the information that you provided, to me regarding the matter and the "interview," I passed that along to the counselor. Based upon that information, the counselor

allotted the time.   Failing to provide me such pertinent details as to the slated length of time of 3-4 hours for the "interview" among other things is telling.  Additionally, couching it as an "interview" is also misleading and telling based upon the current information provided; making it seem more akin to a grilling session or a subsequent remedial measure to contrive reasons to support the adverse employment actions already taken against me for raising operational risk/noncompliance issues within the scope of my employment.

Furthermore, the logic surrounding this "interview" is flawed; especially, where you purport that this interview will help to better understand the issues raised in the risk analysis and further the investigation.  Specifically, the logic is flawed surrounding bringing in a 3rd party, for as you previously stated an internal matter, who is further removed from the operational and regulatory scope of your business, intervenes to help you understand the gaps in Creative Werks operation that lead to the business risks and non-compliances identified.  Secondly, failing to share or apprise me of your findings, in your conclusive investigation that contravened or contradicted my assertions that led to this interview is also telling.  Additionally, this type of tactic could be disadvantageous in shoring up the gaps in understanding and learning about the issues raised and identified.  Last, but not least, if I had only been asked or involved in the investigation, I could have simply pointed you the FDA website that addresses most of the issues surrounding the circumstances.

I further contend that there probably would have been an issue raised by you to support your decision to further punish me by implementing further adverse employment actions upon me.  I further assert and contend that these actions and adverse employment decisions are harassive and retaliatory in nature.

Again, I am fully able and willing to speak with anyone to defend the position taken in the risk analysis.

I will reach out and obtain a time that can accommodate that time frame.

Thank you kindly for your time and assistance in this matter.

Respectfully

Mary Madison

On Tue, Nov 8, 2022, 1:21 PM Gretchen LeMay <glemay@cwerksglobal.com> wrote:

Mary

Per your request, attached please find a zip file that contains your onboarding documents that you completed prior to your employment along with your suspension letter.

Thank you for providing your counsel's availability.  Unfortunately, that will not be a long enough window of time to conduct the investigation as our outside counsel estimates needing 3-4 hours to speak with you.

We have been trying to have this meeting for over a week while you have been on paid suspension. Our counsel was prepared to meet with you promptly last week, but you did not show up for the meeting. Please speak with your counsel and provide availability for 3-4 hours to meet with our investigator. Until that meeting takes place you will be put on unpaid suspension. We will not continue to pay you while delays on your part remain. You will be paid through today and for any time spent meeting with our investigator.

Thank you,

Gretchen



**Gretchen LeMay**

Head of People / Corporate Vice President

1470 Brummel Ave,
Elk Grove Village, IL 60007
630-422-3587 *(office)*
creative-werks.com   

Complex packaging solutions with speed and peace of mind 🎁

---

**From:** Mary Madison <assist2law@gmail.com>
**Sent:** Monday, November 7, 2022 5:03 PM
**To:** Gretchen LeMay <glemay@cwerksglobal.com>
**Subject:** Re: Attorney Interview- Tomorrow

> CAUTION: This email originated from outside of the organization. Do not click links or open attachments unless you recognize the sender and know the content is safe.

Good day Ms. LeMay,

As promised here is the counselor's availability.

2/13/24, 12:11 AM

1:00 pm-2:00 pm on 11.18.2022

2:00 pm-3:00 pm on 11.29.2022

12:00 pm-1:00 pm on 11.30.2022

Further, I am requesting a copy of my entire personnel file under the Illinois personnel Review Act.

Thank you for your time and assistance in these matters.

Best regards,

Mary Madison

On Mon, Nov 7, 2022 at 7:38 AM Mary Madison <assist2law@gmail.com> wrote:

Good day Ms. LeMay

I will have counselor's availability this afternoon and will provide it at that time.

Best Regards

Mary Madison

On Fri, Nov 4, 2022, 8:21 AM Mary Madison <assist2law@gmail.com> wrote:

Good day Ms. LeMay,

I am awaiting a return call and will forward you that information up receipt.

Thank you for your time and assistance in this matter.

Respectfully

Mary Madison

On Thu, Nov 3, 2022 at 8:36 AM Gretchen LeMay <glemay@cwerksglobal.com> wrote:

Hi Mary,

I'm not going to debate what your interpretation or understanding is of our prior conversation.  The fact is that we have an ongoing investigation, the company has retained an outside investigator, and the investigator would like to meet with you to gather information.

While we don't typically allow an employee to have counsel present during a company investigation, we will make an exception in this situation because we want to make sure you have an opportunity to provide information so that the investigator has that information as part of her findings.  Please understand that your counsel will not be allowed to interfere with the interview but may be present if you like.

Since you are still being paid while not working as the investigation proceeds, we would like you to meet with the investigator as soon as possible.  Please provide your counsel's availability to me today so that we can arrange for the meeting.

Thank you,

Gretchen

**Gretchen LeMay**

Head of People / Corporate Vice President

1470 Brummel Ave,
Elk Grove Village, IL 60007

630-422-3587 *(office)*
creative-werks.com

Complex packaging solutions with speed and peace of mind 

---

**From:** Mary Madison <assist2law@gmail.com>
**Sent:** Wednesday, November 2, 2022 11:17 AM
**To:** Gretchen LeMay <glemay@cwerksglobal.com>
**Subject:** Re: Attorney Interview- Tomorrow

> **CAUTION:** This email originated from outside of the organization. Do not click links or open attachments unless you recognize the sender and know the content is safe.

Good day Ms. LeMay

I have no problem following up with you or anyone else in regards to the risk assessment prepared and submitted to Mr. Schroeder on October 21, 2022. However, the rub is the circumstances that surround the matter.

Moreover, the email you are referencing, as an incorrect interpretation based upon your interpretation, is my interpretation of what you stated to me during our meeting October 26, 2022. Further, I am certain that it was my understanding that you stated that you had conducted an investigation that conclusively found my risk assessment(s) unfounded prompting my suspension. Based upon those findings you indicated that it warranted a need to get outside counsel involved.

I am alarmingly concerned as you reference this matter as an internal matter that is now using external resources presumably for the protection of the company's interest. Further, it is hard and difficult for me to look at the actions taken against me and the conversations that I have had relative to this matter and not logically deduce that: 1) my risk assessments were not received as correct and that; 2) there was something that was identified by you and others that supported the fact I allegedly committed some type of malfeasance to warrant such a drastic measure of suspension. Further, at no time could you provide me with those relevant details.

Contrarily, if my interpretation is not correct, then am I to understand that there was no investigation that led up to me being suspended?

Again, I have no problem defending the risk identified. However, the conversation that I had with you, the actions taken against me and involvement of outside counsel leads me to believe otherwise. I contend that based upon these circumstances and inconsistencies, I require legal representation, when I speak to the outside counsel, whose recommendations and findings will be used as a determinative factor in this matter.

Thank you for your time and assistance in this matter.

Mary Madison

On Wed, Nov 2, 2022 at 7:14 AM Gretchen LeMay <glemay@cwerksglobal.com> wrote:

> Mary
>
> Your below email does not correctly recap the conversation we had last week. You were suspended pending the results of an investigation that included an interview that needed to happen with you which is

scheduled for this morning. For an internal matter employees do not need or require counsel to be present.

Given that you are on a paid suspension there should be no reason that you cannot meet with Kim as scheduled this morning.

Thank you,

**Gretchen LeMay**

Head of People / Corporate Vice President

1470 Brummel Ave,
Elk Grove Village, IL 60007

630-422-3587 *(office)*
creative-werks.com

Complex packaging solutions with speed and peace of mind 

---

**From:** Mary Madison <assist2law@gmail.com>
**Sent:** Wednesday, November 2, 2022 2:13 AM
**To:** Gretchen LeMay <glemay@cwerksglobal.com>
**Subject:** Re: Attorney Interview- Tomorrow

> CAUTION: This email originated from outside of the organization. Do not click links or open attachments unless you recognize the sender and know the content is safe.

Good day Ms. LeMay

I am in receipt of your 4:40 pm email and voice mail, of November 1, 2022, regarding an interview with the company's outside counsel on November 2, 2022. When you, Wendy and I last spoke on Wednesday, October 26, 2022, you indicated that I was being suspended for the conversation that I had with Mr. Schroder on Friday, October 21, 2022.

When I asked why I was being suspended, you indicated that you conducted an investigation that concluded that the issues raised in the risk assessment that I prepared, as the quality regulatory manager, for Mr. Schroder were totally unfounded.

In seeking to better understand the scope of the investigation, I repeatedly asked what the investigation entailed. Each time, you declined to share any information including what those findings were. It was after those requests that you stated that you reviewed my emails and I had also violated a company policy by allegedly sending company property to an outside email address, as a further reason for my suspension. In seeking further clarification, regarding sending company property to an outside email, I asked you a couple of times what was sent? You stated it was something related to the Dunkaroo's account. To which, I categorically deny such an action. You also cited my assertion in the risk assessment that the company had made false statements as the main contributing factor for my suspension.

In support of my contentions, I offered you a report that underscored issues raised in the risk assessment; which, in my opinion, would have brought clarity to the situation. However, you refused to review it and further suggested that I present it to the outside counsel. As such, the adverse employment decision to discipline me with suspension was made without affording me an opportunity to participate in the investigation.

After careful consideration and my inability to reconcile the purpose for speaking with outside legal counsel, I believe that I too need legal counsel when I speak with the company's outside counsel. In light of the circumstances, the discipline against me suggests, I need legal counsel to protect my interest.

Further, being suspended feels more like a punishment for raising issues relative to non-compliance. In my opinion, this goes against the very spirit of the purported open door policy and transparency mantra of "see something say something" that is touted in this organization. I believe this discipline goes against the purpose for which I was hired.

As a direct result of not understanding this process and my desire to protect my interest and rights, I am exercising my right to have legal counsel present during this interview. Further, you stated that you would be in contact with me within a day or so to arrange this meeting. However, almost a week later contact is made for a next day appointment. Due to this short notice, I will need time to arrange for my counsel's availability for any meeting with the company's outside counsel.

Thank you for your time, consideration and assistance in this matter.

Mary Madison

On Tue, Nov 1, 2022 at 4:40 PM Gretchen LeMay <glemay@cwerksglobal.com> wrote:

Mary

Following up on this email to confirm that you received it. I also left a voicemail on both phone numbers that you provided in system.

Thank you,

Gretchen

**Gretchen LeMay**

Head of People / Corporate Vice President

1470 Brummel Ave,
Elk Grove Village, IL 60007

630-422-3587 *(office)*
creative-werks.com

Complex packaging solutions with speed and peace of mind 

---

**From:** Gretchen LeMay
**Sent:** Tuesday, November 1, 2022 8:42 AM
**To:** assist2law@gmail.com
**Subject:** Attorney Interview- Tomorrow
**Importance:** High

Mary

Our outside counsel will be interviewing you in person tomorrow to discuss your report.  Please find the pertinent information below and confirm back via email that you have received this information.

**Date & Time: Wednesday, November 2 at 10am CST**

**Where: Law Office of Ford Harrison**

   **180 N. Stetson Ave**

   **Suite 1660**

   **Chicago, IL**

**Who: Kimberly Ross**

The law office is in the Prudential Plaza building.  You will enter the building on Randolph and take the escalator to the front desk where you will check in and get a pass.  You will need your ID.

Please confirm that you have received this email and if you have any further questions.

Thank you,

Gretchen

---

**Mary Madison** <assist2law@gmail.com>                                     Wed, Nov 16, 2022 at 4:51 PM
To: Gretchen LeMay <glemay@cwerksglobal.com>

Good day Ms.Lemay

Thank you for the update.

Just to follow up, you indicated in your email of November 11, 2022 that you provided my personnel file to me under the Illinois Personnel Act. However, you did not speak directly to the question that I asked regarding whether or not you provided me with all the contents of my personnel file; inclusive of the outstanding issue.

Please confirm that you have either sent my employment file in its entirety or it has been redacted.  Please advise.

Additionally, what are the next steps after meeting with Creative Werks outside legal counsel? Please advise.

Thank you for your time and consideration.

Mary Madison
[Quoted text hidden]

---

**10 attachments**

**logo-160x68.png**
10K

**facebook.png**
1K

**instagram.png**
2K

**linkedin.png**
1K

**twitter.png**
1K

**image001.png**
10K

**image002.png**
1K

**image003.png**
2K

 **image004.png**
1K

 **image005.png**
1K

---

**Gretchen LeMay** <glemay@cwerksglobal.com>                      Fri, Nov 18, 2022 at 8:33 AM
To: Mary Madison <assist2law@gmail.com>

Mary

Anything in your personnel file has been sent to you.

We will determine next steps after your conversation with Kimberly.

Please provide your counsel's name so it can be added into the visitor log at the office.

Thanks

Gretchen



**Gretchen LeMay**
Head of People / Corporate Vice President

1470 Brummel Ave,
Elk Grove Village, IL 60007
630-422-3587 *(office)*

creative-werks.com   

---

**From:** Mary Madison <assist2law@gmail.com>
**Sent:** Wednesday, November 16, 2022 4:51 PM
**To:** Gretchen LeMay <glemay@cwerksglobal.com>
**Subject:** Re: Attorney Interview- Tomorrow

---

CAUTION: This email originated from outside of the organization. Do not click links or open attachments unless you recognize the sender and know the content is safe.

---

Good day Ms.Lemay

Thank you for the update.

Just to follow up, you indicated in your email of November 11, 2022 that you provided my personnel file to me under the Illinois Personnel Act. However, you did not speak directly to the question that I asked regarding whether or not you provided me with all the contents of my personnel file; inclusive of the outstanding issue.

Please confirm that you have either sent my employment file in its entirety or it has been redacted.  Please advise.

Additionally, what are the next steps after meeting with Creative Werks outside legal counsel? Please advise.

Thank you for your time and consideration.

Mary Madison

On Wed, Nov 16, 2022, 4:09 PM Gretchen LeMay <glemay@cwerksglobal.com> wrote:

> Mary
>
> I have confirmed with Kimberly that November 30 @ 11:30am will work.
>
> Thank you
> Gretchen
>
> **Gretchen LeMay**
> Head of People / Corporate Vice President
>
> 1470 Brummel Ave,
> Elk Grove Village, IL 60007
> 630-422-3587 *(office)*
> creative-werks.com

Complex packaging solutions with speed and peace of mind 

**From:** Mary Madison <assist2law@gmail.com>
**Sent:** Tuesday, November 15, 2022 5:26 PM
**To:** Gretchen LeMay <glemay@cwerksglobal.com>
**Subject:** Re: Attorney Interview- Tomorrow

---

CAUTION: This email originated from outside of the organization. Do not click links or open attachments unless you recognize the sender and know the content is safe.

---

Good day Ms. LeMay,

As promised, here are the attorney's available times.

November 30, 2022 11:30 am

December 1, 2022 11:00 am

December 2, 2022 1:00 pm

Thank you in advance for your assistance in this matter.

Mary Madison

On Fri, Nov 11, 2022 at 11:03 AM Gretchen LeMay <glemay@cwerksglobal.com> wrote:

> Mary,
>
> I am not going to engage in lengthy debate by email except to say that I disagree with almost everything you state in your email.
>
> The company has provided you with all the documents you are entitled to under the Illinois Personnel Records Review Act.
>
> I also am confirming that your interview is expected to take approximately 3-4 hours.  Please provide availability at your earliest opportunity.
>
> Thank you,

**Gretchen LeMay**

Head of People / Corporate Vice President

1470 Brummel Ave,
Elk Grove Village, IL 60007

630-422-3587 *(office)*

creative-werks.com

Complex packaging solutions with speed and peace of mind 🎁

---

**From:** Mary Madison <assist2law@gmail.com>
**Sent:** Thursday, November 10, 2022 9:50 AM
**To:** Gretchen LeMay <glemay@cwerksglobal.com>
**Subject:** Re: Attorney Interview- Tomorrow

> CAUTION: This email originated from outside of the organization. Do not click links or open attachments unless you recognize the sender and know the content is safe.

Good day Ms. LeMay

Thank you for your response.

Please confirm that no documents, notes etc... have been omitted from my employee file that you sent. i.e. the file includes all documents to date related to my employment at Creative Werks.

Also, in respect to the attorney interview, this is the first mention of a time frame of 3-4 hours that was to be applied to my "interview" with the company's attorney.

I had no way of knowing the particulars just articulated to me; therefore, I was unable to articulate those details to the counselor.

Further, just to be clear, it was not my wish nor desire to have such an adverse employment action of suspension taken against me for raising operational risk/non-compliance issues to the company- Assessments that are within the scope of my employment as the Quality Regulatory Manager.

The actions taken against me were swift, punitive and harsh given the fact that no one ever took the time to speak with me for further clarification of the risks and non-compliances identified in the report dated October 20, 2022, after it was reviewed.

Nor, during the time I was being informed of my suspension, was anyone willing to review the supporting evidence that I offered during that time to underscore and corroborate the analysis.

I categorically deny that I did not show up for the interview with Creative Werks legal counsel, but assert that I was not given proper notice. The disconnect to this scenario is that I was not informed, made apprised or became aware of the "interview" until several hours prior to the "interview," when I received your voicemail.  Contrarily, you indicated to me on the day of my suspension that you would be in contact with me in a couple of days.  A couple of days turned into almost a week.

Further, based upon the adverse employment actions taken and; the continued actions taken against me and; the ever changing conditions of the circumstances, I exerted my rights to legal counsel.

Further, it seems as if I am again being punished for protecting my legal rights after suffering the initial adverse employment action.

Further, the conduct and actions surrounding your decision to allow me to have legal counsel seems quite disingenuous and somewhat contrived.  Based upon the information that you provided, to me regarding the matter and the "interview," I passed that along to the counselor. Based upon that information, the counselor allotted the time.   Failing to provide me such pertinent details as to the slated length of time of 3-4 hours for the "interview" among other things is telling.  Additionally, couching it as an "interview" is also misleading and telling based upon the current information provided; making it seem more akin to a grilling session or a subsequent remedial measure to contrive reasons to support the adverse employment actions already taken against me for raising operational risk/noncompliance issues within the scope of my employment.

Furthermore, the logic surrounding this "interview" is flawed; especially, where you purport that this interview will help to better understand the issues raised in the risk analysis and further the investigation. Specifically, the logic is flawed surrounding bringing in a 3rd party, for as you previously stated an internal matter, who is further removed from the operational and regulatory scope of your business, intervenes to help you understand the gaps in Creative Werks operation that lead to the business risks and non-compliances identified. Secondly, failing to share or apprise me of your findings, in your conclusive investigation that contravened or contradicted my assertions that led to this interview is also telling. Additionally, this type of tactic could be disadvantageous in shoring up the gaps in understanding and learning about the issues raised and identified. Last, but not least, if I had only been asked or involved in the investigation, I could have simply pointed you the FDA website that addresses most of the issues surrounding the circumstances.

I further contend that there probably would have been an issue raised by you to support your decision to further punish me by implementing further adverse employment actions upon me. I further assert and contend that these actions and adverse employment decisions are harassive and retaliatory in nature.

Again, I am fully able and willing to speak with anyone to defend the position taken in the risk analysis.

I will reach out and obtain a time that can accommodate that time frame.

Thank you kindly for your time and assistance in this matter.

Respectfully

Mary Madison

On Tue, Nov 8, 2022, 1:21 PM Gretchen LeMay <glemay@cwerksglobal.com> wrote:

Mary

Per your request, attached please find a zip file that contains your onboarding documents that you completed prior to your employment along with your suspension letter.

Thank you for providing your counsel's availability. Unfortunately, that will not be a long enough window of time to conduct the investigation as our outside counsel estimates needing 3-4 hours to speak with you.

We have been trying to have this meeting for over a week while you have been on paid suspension.   Our counsel was prepared to meet with you promptly last week, but you did not show up for the meeting.  Please speak with your counsel and provide availability for 3-4 hours to meet with our investigator.  Until that meeting takes place you will be put on unpaid suspension.  We will not continue to pay you while delays on your part remain.  You will be paid through today and for any time spent meeting with our investigator.


Thank you,

Gretchen


### Gretchen LeMay

Head of People / Corporate Vice President

1470 Brummel Ave,
Elk Grove Village, IL 60007

630-422-3587 *(office)*

creative-werks.com


Complex packaging solutions with speed and peace of mind 

---

**From:** Mary Madison <assist2law@gmail.com>
**Sent:** Monday, November 7, 2022 5:03 PM
**To:** Gretchen LeMay <glemay@cwerksglobal.com>
**Subject:** Re: Attorney Interview- Tomorrow

> CAUTION: This email originated from outside of the organization. Do not click links or open attachments unless you recognize the sender and know the content is safe.

Good day Ms. LeMay,

As promised here is the counselor's availability.

1:00 pm-2:00 pm on 11.18.2022

2:00 pm-3:00 pm on 11.29.2022

12:00 pm-1:00 pm on 11.30.2022

Further, I am requesting a copy of my entire personnel file under the Illinois personnel Review Act.

Thank you for your time and assistance in these matters.

Best regards,

Mary Madison

On Mon, Nov 7, 2022 at 7:38 AM Mary Madison <assist2law@gmail.com> wrote:

> Good day Ms. LeMay
>
> I will have counselor's availability this afternoon and will provide it at that time.
>
> Best Regards
>
> Mary Madison

On Fri, Nov 4, 2022, 8:21 AM Mary Madison <assist2law@gmail.com> wrote:

>> Good day Ms. LeMay,
>>
>> I am awaiting a return call and will forward you that information up receipt.
>>
>> Thank you for your time and assistance in this matter.
>>
>> Respectfully
>>
>> Mary Madison

On Thu, Nov 3, 2022 at 8:36 AM Gretchen LeMay <glemay@cwerksglobal.com> wrote:

>>> Hi Mary,
>>>
>>> I'm not going to debate what your interpretation or understanding is of our prior conversation. The fact is that we have an ongoing investigation, the company has retained an outside investigator, and the investigator would like to meet with you to gather information.

While we don't typically allow an employee to have counsel present during a company investigation, we will make an exception in this situation because we want to make sure you have an opportunity to provide information so that the investigator has that information as part of her findings. Please understand that your counsel will not be allowed to interfere with the interview but may be present if you like.

Since you are still being paid while not working as the investigation proceeds, we would like you to meet with the investigator as soon as possible. Please provide your counsel's availability to me today so that we can arrange for the meeting.

Thank you,

Gretchen

**Gretchen LeMay**

Head of People / Corporate Vice President

1470 Brummel Ave,
Elk Grove Village, IL 60007

630-422-3587 *(office)*
creative-werks.com

Complex packaging solutions with speed and peace of mind 

---

**From:** Mary Madison <assist2law@gmail.com>
**Sent:** Wednesday, November 2, 2022 11:17 AM
**To:** Gretchen LeMay <glemay@cwerksglobal.com>
**Subject:** Re: Attorney Interview- Tomorrow

CAUTION: This email originated from outside of the organization. Do not click links or open attachments unless you recognize the sender and know the content is safe.

Good day Ms. LeMay

I have no problem following up with you or anyone else in regards to the risk assessment prepared and submitted to Mr. Schroeder on October 21, 2022. However, the rub is the circumstances that surround the matter.

Moreover, the email you are referencing, as an incorrect interpretation based upon your interpretation, is my interpretation of what you stated to me during our meeting October 26, 2022. Further, I am certain that it was my understanding that you stated that you had conducted an investigation that conclusively found my risk assessment(s) unfounded prompting my suspension. Based upon those findings you indicated that it warranted a need to get outside counsel involved.

I am alarmingly concerned as you reference this matter as an internal matter that is now using external resources presumably for the protection of the company's interest. Further, it is hard and difficult for me to look at the actions taken against me and the conversations that I have had relative to this matter and not logically deduce that: 1) my risk assessments were not received as correct and that; 2) there was something that was identified by you and others that supported the fact I allegedly committed some type of malfeasance to warrant such a drastic measure of suspension. Further, at no time could you provide me with those relevant details.

Contrarily, if my interpretation is not correct, then am I to understand that there was no investigation that led up to me being suspended?

Again, I have no problem defending the risk identified. However, the conversation that I had with you, the actions taken against me and involvement of outside counsel leads me to believe otherwise. I contend that based upon these circumstances and inconsistencies, I require legal representation, when I speak to the outside counsel, whose recommendations and findings will be used as a determinative factor in this matter.

Thank you for your time and assistance in this matter.

Mary Madison

On Wed, Nov 2, 2022 at 7:14 AM Gretchen LeMay <glemay@cwerksglobal.com> wrote:

> Mary
>
> Your below email does not correctly recap the conversation we had last week. You were suspended pending the results of an investigation that included an interview that needed to happen with you which is scheduled for this morning. For an internal matter employees do not need or require counsel to be present.

Given that you are on a paid suspension there should be no reason that you cannot meet with Kim as scheduled this morning.

Thank you,

**Gretchen LeMay**

Head of People / Corporate Vice President

1470 Brummel Ave,
Elk Grove Village, IL 60007

630-422-3587 *(office)*
creative-werks.com

Complex packaging solutions with speed and peace of mind 

---

**From:** Mary Madison <assist2law@gmail.com>
**Sent:** Wednesday, November 2, 2022 2:13 AM
**To:** Gretchen LeMay <glemay@cwerksglobal.com>
**Subject:** Re: Attorney Interview- Tomorrow

> CAUTION: This email originated from outside of the organization. Do not click links or open attachments unless you recognize the sender and know the content is safe.

Good day Ms. LeMay

I am in receipt of your 4:40 pm email and voice mail, of November 1, 2022, regarding an interview with the company's outside counsel on November 2, 2022. When you, Wendy and I last spoke on Wednesday, October 26, 2022, you indicated that I was being suspended for the conversation that I had with Mr. Schroder on Friday, October 21, 2022.

When I asked why I was being suspended, you indicated that you conducted an investigation that concluded that the issues raised in the risk assessment that I prepared, as the quality regulatory manager, for Mr. Schroder were totally unfounded.

In seeking to better understand the scope of the investigation, I repeatedly asked what the investigation entailed. Each time, you declined to share any information including what those findings

were.  It was after those requests that you stated that you reviewed my emails and I had also violated a company policy by allegedly sending company property to an outside email address, as a further reason for my suspension.  In seeking further clarification, regarding sending company property to an outside email, I asked you a couple of times what was sent? You stated it was something related to the Dunkaroo's account. To which, I categorically deny such an action.  You also cited my assertion in the risk assessment that the company had made false statements as the main contributing factor for my suspension.

In support of my contentions, I offered you a report that underscored issues raised in the risk assessment; which, in my opinion, would have brought clarity to the situation.  However, you refused to review it and further suggested that I present it to the outside counsel.  As such, the adverse employment decision to discipline me with suspension was made without affording me an opportunity to participate in the investigation.

---

**Gretchen LeMay** <glemay@cwerksglobal.com>                    Mon, Nov 28, 2022 at 9:07 AM
To: Mary Madison <assist2law@gmail.com>

Mary

Following up and confirming you are all set for November 30 at 11:30am.  Please send your counsel's name so they can be added into their visitor system.  They will not be allowed into the office without checking in.

Thank you,

Gretchen



## Gretchen LeMay

Head of People / Corporate Vice President

1470 Brummel Ave,
Elk Grove Village, IL 60007

630-422-3587 *(office)*

creative-werks.com 

---

**From:** Gretchen LeMay
**Sent:** Friday, November 18, 2022 8:34 AM
**To:** Mary Madison <assist2law@gmail.com>
**Subject:** RE: Attorney Interview- Tomorrow

Mary

Anything in your personnel file has been sent to you.

We will determine next steps after your conversation with Kimberly.

Please provide your counsel's name so it can be added into the visitor log at the office.


Thanks

Gretchen

---

**From:** Mary Madison <assist2law@gmail.com>
**Sent:** Wednesday, November 16, 2022 4:51 PM
**To:** Gretchen LeMay <glemay@cwerksglobal.com>
**Subject:** Re: Attorney Interview- Tomorrow

---

> CAUTION: This email originated from outside of the organization. Do not click links or open attachments unless you
> recognize the sender and know the content is safe.

---

Good day Ms.Lemay


Thank you for the update.


Just to follow up, you indicated in your email of November 11, 2022 that you provided my personnel file to me under the
Illinois Personnel Act. However, you did not speak directly to the question that I asked regarding whether or not you
provided me with all the contents of my personnel file; inclusive of the outstanding issue.


Please confirm that you have either sent my employment file in its entirety or it has been redacted.  Please advise.


Additionally, what are the next steps after meeting with Creative Werks outside legal counsel? Please advise.


Thank you for your time and consideration.


Mary Madison


On Wed, Nov 16, 2022, 4:09 PM Gretchen LeMay <glemay@cwerksglobal.com> wrote:

> Mary

I have confirmed with Kimberly that November 30 @ 11:30am will work.

Thank you

Gretchen

### Gretchen LeMay
Head of People / Corporate Vice President

1470 Brummel Ave,
Elk Grove Village, IL 60007
630-422-3587 *(office)*
creative-werks.com

Complex packaging solutions with speed and peace of mind 

---

**From:** Mary Madison <assist2law@gmail.com>
**Sent:** Tuesday, November 15, 2022 5:26 PM
**To:** Gretchen LeMay <glemay@cwerksglobal.com>
**Subject:** Re: Attorney Interview- Tomorrow

> **CAUTION:** This email originated from outside of the organization. Do not click links or open attachments unless you recognize the sender and know the content is safe.

Good day Ms. LeMay,

As promised, here are the attorney's available times.

November 30, 2022 11:30 am

December 1, 2022 11:00 am

December 2, 2022 1:00 pm

Thank you in advance for your assistance in this matter.


Mary Madison


On Fri, Nov 11, 2022 at 11:03 AM Gretchen LeMay <glemay@cwerksglobal.com> wrote:

Mary,


I am not going to engage in lengthy debate by email except to say that I disagree with almost everything you state in your email.


The company has provided you with all the documents you are entitled to under the Illinois Personnel Records Review Act.


I also am confirming that your interview is expected to take approximately 3-4 hours.  Please provide availability at your earliest opportunity.


Thank you,


**Gretchen LeMay**

Head of People / Corporate Vice President

1470 Brummel Ave,
Elk Grove Village, IL 60007
630-422-3587 *(office)*
creative-werks.com


Complex packaging solutions with speed and peace of mind 🎁

---

**From:** Mary Madison <assist2law@gmail.com>
**Sent:** Thursday, November 10, 2022 9:50 AM
**To:** Gretchen LeMay <glemay@cwerksglobal.com>
**Subject:** Re: Attorney Interview- Tomorrow

CAUTION: This email originated from outside of the organization. Do not click links or open attachments unless you recognize the sender and know the content is safe.

Good day Ms. LeMay

Thank you for your response.

Please confirm that no documents, notes etc... have been omitted from my employee file that you sent. i.e. the file includes all documents to date related to my employment at Creative Werks.

Also, in respect to the attorney interview, this is the first mention of a time frame of 3-4 hours that was to be applied to my "interview" with the company's attorney.

I had no way of knowing the particulars just articulated to me; therefore, I was unable to articulate those details to the counselor.

Further, just to be clear, it was not my wish nor desire to have such an adverse employment action of suspension taken against me for raising operational risk/non-compliance issues to the company- Assessments that are within the scope of my employment as the Quality Regulatory Manager.

The actions taken against me were swift, punitive and harsh given the fact that no one ever took the time to speak with me for further clarification of the risks and non-compliances identified in the report dated October 20, 2022, after it was reviewed.

Nor, during the time I was being informed of my suspension, was anyone willing to review the supporting evidence that I offered during that time to underscore and corroborate the analysis.

I categorically deny that I did not show up for the interview with Creative Werks legal counsel, but assert that I was not given proper notice. The disconnect to this scenario is that I was not informed, made apprised or became aware of the "interview" until several hours prior to the "interview," when I received your voicemail.  Contrarily, you indicated to me on the day of my

suspension that you would be in contact with me in a couple of days. A couple of days turned into almost a week.

Further, based upon the adverse employment actions taken and; the continued actions taken against me and; the ever changing conditions of the circumstances, I exerted my rights to legal counsel.

Further, it seems as if I am again being punished for protecting my legal rights after suffering the initial adverse employment action.

Further, the conduct and actions surrounding your decision to allow me to have legal counsel seems quite disingenuous and somewhat contrived. Based upon the information that you provided, to me regarding the matter and the "interview," I passed that along to the counselor. Based upon that information, the counselor allotted the time. Failing to provide me such pertinent details as to the slated length of time of 3-4 hours for the "interview" among other things is telling. Additionally, couching it as an "interview" is also misleading and telling based upon the current information provided; making it seem more akin to a grilling session or a subsequent remedial measure to contrive reasons to support the adverse employment actions already taken against me for raising operational risk/noncompliance issues within the scope of my employment.

Furthermore, the logic surrounding this "interview" is flawed; especially, where you purport that this interview will help to better understand the issues raised in the risk analysis and further the investigation. Specifically, the logic is flawed surrounding bringing in a 3rd party, for as you previously stated an internal matter, who is further removed from the operational and regulatory scope of your business, intervenes to help you understand the gaps in Creative Werks operation that lead to the business risks and non-compliances identified. Secondly, failing to share or apprise me of your findings, in your conclusive investigation that contravened or contradicted my assertions that led to this interview is also telling. Additionally, this type of tactic could be disadvantageous in shoring up the gaps in understanding and learning about the issues raised and identified. Last, but not least, if I had only been asked or involved in the investigation, I could have simply pointed you the FDA website that addresses most of the issues surrounding the circumstances.

I further contend that there probably would have been an issue raised by you to support your decision to further punish me by implementing further adverse employment actions upon me. I further assert and contend that these actions and adverse employment decisions are harassive and retaliatory in nature.

Again, I am fully able and willing to speak with anyone to defend the position taken in the risk analysis.

I will reach out and obtain a time that can accommodate that time frame.


Thank you kindly for your time and assistance in this matter.


Respectfully

Mary Madison


On Tue, Nov 8, 2022, 1:21 PM Gretchen LeMay <glemay@cwerksglobal.com> wrote:

Mary


Per your request, attached please find a zip file that contains your onboarding documents that you completed prior to your employment along with your suspension letter.


Thank you for providing your counsel's availability. Unfortunately, that will not be a long enough window of time to conduct the investigation as our outside counsel estimates needing 3-4 hours to speak with you.


We have been trying to have this meeting for over a week while you have been on paid suspension. Our counsel was prepared to meet with you promptly last week, but you did not show up for the meeting. Please speak with your counsel and provide availability for 3-4 hours to meet with our investigator. Until that meeting takes place you will be put on unpaid suspension. We will not continue to pay you while delays on your part remain. You will be paid through today and for any time spent meeting with our investigator.


Thank you,

Gretchen


**Gretchen LeMay**

Head of People / Corporate Vice President

1470 Brummel Ave,
Elk Grove Village, IL 60007

630-422-3587 *(office)*
creative-werks.com

Complex packaging solutions with speed and peace of mind 📦

---

**From:** Mary Madison <assist2law@gmail.com>
**Sent:** Monday, November 7, 2022 5:03 PM
**To:** Gretchen LeMay <glemay@cwerksglobal.com>
**Subject:** Re: Attorney Interview- Tomorrow

> CAUTION: This email originated from outside of the organization. Do not click links or open attachments unless
> you recognize the sender and know the content is safe.

Good day Ms. LeMay,

As promised here is the counselor's availability.

1:00 pm-2:00 pm on 11.18.2022

2:00 pm-3:00 pm on 11.29.2022

12:00 pm-1:00 pm on 11.30.2022

Further, I am requesting a copy of my entire personnel file under the Illinois personnel Review Act.

Thank you for your time and assistance in these matters.

Best regards,

Mary Madison

On Mon, Nov 7, 2022 at 7:38 AM Mary Madison <assist2law@gmail.com> wrote:

> Good day Ms. LeMay
>
> I will have counselor's availability this afternoon and will provide it at that time.

Best Regards

Mary Madison

On Fri, Nov 4, 2022, 8:21 AM Mary Madison <assist2law@gmail.com> wrote:

Good day Ms. LeMay,

I am awaiting a return call and will forward you that information up receipt.

Thank you for your time and assistance in this matter.

Respectfully

Mary Madison

On Thu, Nov 3, 2022 at 8:36 AM Gretchen LeMay <glemay@cwerksglobal.com> wrote:

Hi Mary,

I'm not going to debate what your interpretation or understanding is of our prior conversation. The fact is that we have an ongoing investigation, the company has retained an outside investigator, and the investigator would like to meet with you to gather information.

While we don't typically allow an employee to have counsel present during a company investigation, we will make an exception in this situation because we want to make sure you have an opportunity to provide information so that the investigator has that information as part of her findings. Please understand that your counsel will not be allowed to interfere with the interview but may be present if you like.

Since you are still being paid while not working as the investigation proceeds, we would like you to meet with the investigator as soon as possible. Please provide your counsel's availability to me today so that we can arrange for the meeting.

Thank you,

Gretchen

**Gretchen LeMay**

Head of People / Corporate Vice President

1470 Brummel Ave,
Elk Grove Village, IL 60007

630-422-3587 *(office)*
creative-werks.com

Complex packaging solutions with speed and peace of mind 

---

**From:** Mary Madison <assist2law@gmail.com>
**Sent:** Wednesday, November 2, 2022 11:17 AM
**To:** Gretchen LeMay <glemay@cwerksglobal.com>
**Subject:** Re: Attorney Interview- Tomorrow

> **CAUTION:** This email originated from outside of the organization. Do not click links or open attachments unless you recognize the sender and know the content is safe.

Good day Ms. LeMay

I have no problem following up with you or anyone else in regards to the risk assessment prepared and submitted to Mr. Schroeder on October 21, 2022.  However, the rub is the circumstances that surround the matter.

Moreover, the email you are referencing, as an incorrect interpretation based upon your interpretation, is my interpretation of what you stated to me during our meeting October 26, 2022.  Further, I am certain that it was my understanding that you stated that you had conducted an investigation that conclusively found my risk assessment(s) unfounded prompting my suspension. Based upon those findings you indicated that it warranted a need to get outside counsel involved.

I am alarmingly concerned as you reference this matter as an internal matter that is now using external resources presumably for the protection of the company's interest.  Further, it is hard and difficult for me to look at the actions taken against me and the conversations that I have had relative to this matter and not logically deduce that: 1) my risk assessments were not received as correct and that; 2) there was something that was identified by you and others that supported the fact I allegedly committed some type of malfeasance to warrant such a drastic measure of suspension.  Further, at no time could you provide me with those relevant details.

Contrarily, if my interpretation is not correct, then am I to understand that there was no investigation that led up to me being suspended?

Again, I have no problem defending the risk identified. However, the conversation that I had with you, the actions taken against me and involvement of outside counsel leads me to believe otherwise. I contend that based upon these circumstances and inconsistencies, I require legal representation, when I speak to the outside counsel, whose recommendations and findings will be used as a determinative factor in this matter.

Thank you for your time and assistance in this matter.

Mary Madison

On Wed, Nov 2, 2022 at 7:14 AM Gretchen LeMay <glemay@cwerksglobal.com> wrote:

Mary

Your below email does not correctly recap the conversation we had last week. You were suspended pending the results of an investigation that included an interview that needed to happen with you which is scheduled for this morning. For an internal matter employees do not need or require counsel to be present.

Given that you are on a paid suspension there should be no reason that you cannot meet with Kim as scheduled this morning.

Thank you,

**Gretchen LeMay**

Head of People / Corporate Vice President

1470 Brummel Ave,
Elk Grove Village, IL 60007
630-422-3587 *(office)*
creative-werks.com

Complex packaging solutions with speed and peace of mind 

---

**From:** Mary Madison <assist2law@gmail.com>
**Sent:** Wednesday, November 2, 2022 2:13 AM
**To:** Gretchen LeMay <glemay@cwerksglobal.com>
**Subject:** Re: Attorney Interview- Tomorrow

> CAUTION: This email originated from outside of the organization. Do not click links or open attachments unless you recognize the sender and know the content is safe.

Good day Ms. LeMay

I am in receipt of your 4:40 pm email and voice mail, of November 1, 2022, regarding an interview with the company's outside counsel on November 2, 2022. When you, Wendy and I last spoke on Wednesday, October 26, 2022, you indicated that I was being suspended for the conversation that I had with Mr. Schroder on Friday, October 21, 2022.

When I asked why I was being suspended, you indicated that you conducted an investigation that concluded that the issues raised in the risk assessment that I prepared, as the quality regulatory manager, for Mr. Schroder were totally unfounded.

In seeking to better understand the scope of the investigation, I repeatedly asked what the investigation entailed. Each time, you declined to share any information including what those findings were. It was after those requests that you stated that you reviewed my emails and I had also violated a company policy by allegedly sending company property to an outside email address, as a further reason for my suspension. In seeking further clarification, regarding sending company property to an outside email, I asked you a couple of times what was sent? You stated it was something related to the Dunkaroo's account. To which, I categorically deny such an action. You also cited my assertion in the risk assessment that the company had made false statements as the main contributing factor for my suspension.

In support of my contentions, I offered you a report that underscored issues raised in the risk assessment; which, in my opinion, would have brought clarity to the situation. However, you refused to review it and further suggested that I present it to the outside counsel. As such, the adverse employment decision to discipline me with suspension was made without affording me an opportunity to participate in the investigation.

**Exhibit D**



**Exhibit 8**

## Mary Madison: Statement; Risk Analysis and Personnel File Requests
1 message

| | |
|---|---|
| **Craig R. Thorstenson** <CThorstenson@fordharrison.com><br>To: Jordan Hoffman <jthoffmanlaw@gmail.com> | Fri, Jan 20, 2023 at 9:53 AM |

Hi Jordan

I've asked Creative Werks to pull together Madison's personnel file and will provide them to you. She specifically asks for the investigation findings in her request. We will not be providing any investigation report or findings because they are subject to the attorney client privilege.

[Quoted text hidden]

*ATTORNEY WORK PRODUCT - PRIVILEGED & CONFIDENTIAL*

The information contained in this message from Ford & Harrison LLP and any attachments are privileged and confidential and intended only for the named recipient(s). If you have received this message in error, you are prohibited from reviewing, copying, distributing or using the information. Please contact the sender immediately by return email and delete the original message and attachments. In the absence of an executed engagement letter or fee contract, no attorney client relationship is established by this communication.



## Mary Madison: Statement; Risk Analysis and Personnel File Requests

1 message

**Jordan Hoffman** <jthoffmanlaw@gmail.com>
To: Craig R. Thorstenson <CThorstenson@fordharrison.com>

Fri, Jan 20, 2023 at 10:59 AM

Good morning, Craig. Thank you for your response. Surely, the attorney-client privilege doesn't extend to the in-house communications between the decision makers that are in Ms. Madison's file relative to Creative Werk's preliminary investigation that lead to her suspension.

Jordan

The Law Office of
Jordan T. Hoffman, P.C.
2711 East New York St., Suite 205
Aurora, IL 60502
888.958.4529 Phone and Facsimile
jthoffmanlaw@gmail.com

*"Balancing the Scales of Justice"*

www.attyjthoffman.com

- CONFIDENTIALITY NOTICE: The information contained in this communication is confidential, may be attorney-client privileged or attorney work product, may constitute inside information or internal deliberative staff communication, and is intended only for the use of the addressee. Unauthorized use, disclosure or copying of this communication or any part thereof is strictly prohibited and may be unlawful. If you have received this communication in error, please notify the sender immediately by return e-mail and destroy this communication and all copies thereof, including all attachments. Receipt by an unintended recipient does not waive attorney-client privilege, attorney work product privilege, or any other exemption from disclosure.

[Quoted text hidden]



creative **werks**

**Exhibit 7**

**Exhibit E**

1470 Brummel Ave
Elk Grove Village, IL 60007

www.creative-werks.com
630.860.2222

September 20, 2022

Mary Madison,
Via Paycor– assist2law@gmail.com

Dear Mary,

I am very pleased to offer you the opportunity to join our team at creative werks. We believe that you will find working at creative werks challenging, fun, and a great opportunity to learn. Fit is key for us and we believe that your contributions and work ethic will help our Company grow and flourish.

We would like to confirm the arrangements made regarding this opportunity. We are very happy to offer you a position as a **Quality Regulatory Manager,** at our **Elk Grove Village**location on **1st Shift** within our **Quality** department. This position will be reporting to Erich Zicher (Food Safety Director) starting on September 27, 2022.

### Compensation

- You will be paid a Salaried Exempt rate of $3,653.85 paid bi-weekly ($95,00 annually) so long as you are actively employed by the Company.

### Annual Incentive Plan (AIP)

- You will be eligible to participate in creative werks 2023 Annual Incentive Plan (AIP) with a target incentive of 10% of your salary. The AIP is based on a combination of company performance, individual performance, and target incentive. The 2023 AIP will be payable in March 2024. Please refer to the AIP document for specific plan details.
- As discussed, we are pleased to offer you a signing bonus of $2,500 payable in one lump sum on October 27, 2022. This signing bonus is taxable, and all regular payroll taxes will be withheld. In the event that you leave creative werks within 12 months of your date of hire, you will be responsible for reimbursing the company for the entire signing bonus. By your signature on this employment agreement, you authorize the company to withhold $2,500 from any severance and other final pay you receive should your employment terminate on or before October 27, 2023

### Paid Time Off (PTO) and Holiday Pay

- You will accrue PTO at the rate of 16 days per year (2.46 hours per week).
- For 2022, since you are starting later in the year, you will be eligible for 4.5 days of PTO.
- As a CW associate you will receive 9 paid holidays throughout the calendar year.

<<Bates Number MMAD#6#1>>



1470 Brummel Ave
Elk Grove Village, IL 60007

www.creative-werks.com
630.860.2222

**Code of Ethics, Values and Policies**

- creative werks is committed to creating a positive environment and conducting business ethically. As an associate of the Company, you will be expected to abide by our Guiding Principles and general policies and practices set forth in our Employee Handbook.

After you return this signed offer letter, you will receive two emails from Paylocity. Paylocity is our onboarding tool which contains various online documents such as benefit forms, tax forms, a participation release form, an emergency contact form, confidentiality agreements, a background check, an employment eligibility form (I-9), and information about the Health Insurance Portability and Accountability Act. Please complete these documents as soon as you can. We need these completed in advance of your start date so we can be prepared for you when you arrive.

Please note that this offer is contingent upon successful completion of the background check and compliance with all new hire forms.

Mary, your signature below will acknowledge that there have been no representations by the Company or its agents which are not reflected in this letter. Please review all terms of this letter, returning the signed original to me by September 23, 2022

I am pleased you have decided to join creative werks. I look forward to watching your progress with the Company.

Sincerely,

*Gretchen LeMay*

Gretchen LeMay
Head Of People / Corporate VP


Mary Madison1 cef
_____

Mary Madison


September 20, 2022
_____

Date

&lt;&lt;Bates Number MMAD#6#1&gt;&gt;

## <u>CERTIFICATE OF SERVICE</u>

I, Mary Madison, hereby certify that on March 18, 2024, a true and accurate copy of

Plaintiff's Response to Defendants Rule 12(c) Motion to Dismiss was served upon all parties of

record via the Court's CM/ECF electronic system to the following:


Jon D. Cohen, Esquire
Joseph R. Delehanty, Esquire
C/o Dickinson Wright PLLC
55 West Monroe St. Suite 1200
Chicago, Il 60603


Respectfully,

Mary Madison
/s/ Mary Madison____
Mary Madison
9758 S Charles
Chicago, Il 60643
7732979569
Mdj12319 7@aol.com
Plaintiff ( *Pro se* )