

BC

**FILED**
3/29/2024
THOMAS G. BRUTON
CLERK, U.S. DISTRICT COURT

KG

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**

|  |  |  |
|---|---|---|
| | ) | |
| | ) | |
| Mary Madison | ) | |
| **Plaintiff,** | ) | **Case Number: 1:23-CV-16476** |
| | ) | |
| -vs- | ) | **Honorable Judge Manish S. Shah** |
| | ) | |
| Steve Schroeder | ) | |
| Creative Werks, LLC | ) | |
| **Defendant** | ) | |

**PLAINTIFF'S MEMORANDUM IN SUPPORT OF THE RULE 55 MOTION FOR DEFAULT**

**JUDGMENT AND ORDER OF JUDGMENT**

NOW COMES the Plaintiff and in support of her Motion for Default Judgment pursuant to Federal Rule of Civil Procedure 55, states as follows:

**Statement of Facts**

1. Plaintiff timely initiated these proceedings, Pro Se, on December 4, 2023 seeking relief for Title VII and 42 USC §§ 1981 and 1985 violations.

2. On December 15, 2023, Defendant, Creative Werks, was served by a non-party to the suit, pursuant to Rule 4 of the Fed. R. Civ. P., with a copy of the Complaint and Summons at its registered agent's office as set forth on the attached Certificate of Service. (Exhibit A)

3. Defendant's answer was due and owing since January 5, 2024. (Dkt. #8)

4. More than twenty (20) days has elapsed since service to Defendant. Defendant failed to file an appearance, answer, plead, or otherwise defend the allegations of Plaintiff's Complaint. Fed. R. Civ. P. 12(a).

5. On January 22, 2024, Defendants acknowledged before the Department of Labour, "herein after the DOL" that they were aware that an answer was due and owing to the complaint filed in the District court and before this Honorable court. (Dkt. # 17 pg. 3 ¶1)

6. Plaintiff filed a motion for default on January 24, 2024, due to Defendant's failure to file an appearance, answer, plead or otherwise defend the allegations of Plaintiff's complaint, as required by Fed. R. Civ. P. 12(a), resulting in those allegations deemed as admitted. (Dkt. # 10)

7. Plaintiff properly served the Rule 55 Motion to Defendants through its registered agent.

8. Defendants' counsel contacted Plaintiff's DOL counsel by email about the District Court matter, on Sunday, February 4, 2024, asking for an extension of time to file an answer in that matter. (Dkt. # 17 pg. 3 ¶4 and pg. 24 ¶ 16; See Group Exhibit A)

9. Defendants' counsel followed up with Plaintiff's DOL counsel by email again on Sunday, February 4, 2024 about the motion for default. (Dkt. # 17 pg. 24 ¶18; See Exhibit B)

10. Defendants counsel once again contacted Plaintiff's DOL counsel by email and phone regarding the motion for default on Monday, February 5, 2024. Making remarks to Plaintiff's DOL counsel that "the Judge may be somewhat 'irked' by whether or not you have any responsibility over the filings made by your client[1]." (Dkt. # 17 pg. 24 ¶19; See Exhibit C)

11. Defendants' foretelling is an unequivocal admission of Defendants' knowledge about the Rule 55 Motion and Defendants recalcitrant and contumacious conduct towards the matter.

12. On February 6, 2024, Plaintiff presented herself to the court regarding the Rule 55 Motion.

13. Contrary to being properly noticed and having foreknowledge of the Rule 55 Motion for Default, Defendants nor Defendants' counsel failed to present themselves at the hearing.

---

[1] Plaintiff was not bound or required to apprise Plaintiff's DOL how the civil matter was being managed.

14. Because of Defendants actions, the Honorable court entered an order of Default Judgment on February 6, 2024 against Defendant Creative Werks. (Dkt. #20). Additionally, Plaintiff was required to serve the remaining Defendant Schroeder.

15. On February 7, 2024, Defendants again contacted Plaintiff's DOL counsel by email and phone regarding the entry of default coercing and soliciting Plaintiff's DOL counsel to help Defendants perfect their schemes of contrivance by joining their pleadings or else be subject to scandal and scurrilousness. (Dkt. # 17 pg. 4 ¶5; See Exhibit D)

16. On February 8, 2024, Defendants filed an appearance through its two (2) attorney's Jon Cohen and Joseph R. Delehanty of Dickinson Wright, PLLC of Chicago, IL. (Dkt. #'s 13 & 14)

17. The motion to set aside the Default Judgment was filed for a sundry of reasons, including that Defendants had obtained permission for an extension of time to file an answer from Plaintiff's DOL counsel[2]. Defendants also asserted that it had a meritorious defense to the complaint pursuant to FRCP 12(c) that Plaintiff had unexhausted IDHR claims before the court.(Dkt. # 15) Claims that were not made by Plaintiff to this court.

18. Plaintiff filed a motion in opposition to Defendants motion to set aside. (Dkt. # 17)

19. Plaintiff's motion discussed at length that Defendants: 1) Were aware of the Rule 55 motion and hearing. 2) Lack of consent from Plaintiff to speak with Plaintiff's DOL counsel should have foreclosed on Defendants contacting Plaintiff's DOL counsel about a matter he was not managing[3]. 3) Violated Rule 11. 4) Meritorious defense was egregiously displaced, as there are no IDHR claims raised by Plaintiff in this action. 5) Did not raise any due process issues. 6) Threatened Plaintiff's DOL counsel. Stating that if he did not help Defendants, in a contrived

---

[2] Even if the assertion is true, Defendants' request for a two (2) week extension on February 4, 2024, underscores that Defendants would not be able to meet its February 6, 2024 deadline. (Dk. 17pg. 3 ¶4 )

[3] Defendants seasoned and reasonably competent counsel should have known at the most rudimentary and perfunctory level not to engage in case management with an unauthorized third-party without having done its due diligence.

scheme to gain a tactical advantage over Plaintiff, by insisting that he instruct Plaintiff to withdraw her Rule 55 motion and/or join the pleadings or be subjected to scandalous and/or scurrilous allegations being made by Defendants to this Honorable court. See Exhibit E

20.    Defendants carried out their threats in its Motion to Set Aside (Dkt. Entry # 15).

21.    On February 13, 2024, The Honorable Court granted Defendants' Motion to Set Aside.

22.    Additionally, Defendant Schroeder submitted to the jurisdiction of the court during the hearing on the Motion to Set Aside the Default Judgment;

23.    Defendants, Schroeder and Creative Werks, were granted another opportunity to answer or otherwise plead in this action in accordance with Fed. R. Civ. P. 12(a)(1)(A).

24.    Defendants filed a Rule 12 (c) motion and failed to answer or otherwise plead in this action.

25.    Pursuant to Federal Rule of Civil Procedure 55(a) and 55(b)(2), Plaintiff moves this Honorable Court for an Order of Default and Default Judgment finding that the Defendants are liable on all counts set forth in Plaintiff's complaint. Plaintiff further seeks damages incurred because of Defendants' unlawful actions as alleged in the complaint.

**Legal Standard**

"Federal Rule of Civil Procedure 55 governs default judgments in federal court." Silberman v. Wigod, 914 F.2d 260 (Table), 1990 WL 127568, at *4 (7th Cir. 1990); see Fed. R. Civ. P. 55. It is important to note that Rule 55 "draws a distinction between an entry of a default, [in] Rule 55(a), and the entry of judgment by default, [in] Rule 55(b)." Thacker v. Menard, Inc., 86 F.3d 1158 (Table), 1996 WL 267456, at *1 (7th Cir. 1996). Rule 55(a) provides that "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." Fed. R. Civ. P. 55(a). "Although Rule 55(a) . . . refers to entry of default by the clerk, it is well-established that a default also may be entered by the court." Breuer Elec. Mfg. Co. v. Toronado Sys. of Am., Inc., 687

F.2d 182, 185 (7th Cir. 1982). When motion is made to the court for entry of a default, "the decision

to enter default lies within the district court's discretion." Arnold v. Boatmen's Nat'l Bank of

Belleville, 89 F.3d 838 (Table), 1996 WL 359778, at *2 (7th Cir. 1996); O'Brien v. R.J. O'Brien &

Assoc's, Inc., 998 F.2d 1394, 1398 (7th Cir. 1993).

## Argument

## I.      DEFENDANTS WILFULLY AND RECALCITRANTLY DEFIED THE DEADLINES IMPOSED BY THE FEDERAL RULES OF CIVIL PROCEDURE AND BY THE COURT

1.      BLACK'S LAW DICTIONARY defines the term "willful" as:

> [P]roceeding from a conscious motion of the will; voluntary;
> knowingly; deliberate. Intending the result which actually comes to
> pass; designed; intentional; purposeful; not accidental or
> involuntary. Premeditated; malicious; done with evil intent, or with
> a bad motive or purpose, or with indifference to the natural
> consequences; unlawful; without legal justification.

2.      The Supreme Court has reasoned that:

> An act or omission is "willfully" done, if done voluntarily and
> intentionally and with the specific intent to do something the law
> forbids, or with the specific intent to fail to do something the law
> requires to be done; that is to say, with bad purpose either to
> disobey or to disregard the law. It is a word of many meanings,
> with its construction often influenced by its context. *Screws v.*
> *United States, 325 U.S. 91,101, 65 S.Ct. 1031,1035, 89 L.Ed. 1495.*

3.      The Court ordered Defendants on February 13, 2024 to file a responsive pleading, or

alternatively, file a motion to dismiss pursuant Fed. R. Civ. P. 12(a). (Dkt. #20).

4.      Defendants to date have failed once again to respond pursuant Fed. R. Civ. P 12(a).

5.      Defendants willfully and recalcitrantly defied the deadlines imposed by Federal Rules of Civil

Procedures and the Court's order (Dkt. #20).  *US v. AN UNDETERMINED QUANTITY,*

*ETC.,* 583 F.2d 942, 947 (7th Cir. 1978).

## II.    DEFENDANTS HAVE NOT EVIDENCED A CLEAR INTENTION TO DEFEND THE LAWSUIT

1.  Defendants willfully did not file an appearance until after the default judgment was entered. *Ibid*

2.  Defendants willfully violated the Fed. R. Civ. P and the Court's order to file a responsive pleading, or alternatively, file a motion to dismiss under Fed. R. Civ. P. 12(a).  "Orders must be complied with promptly and completely, for the alternative would be to frustrate and disrupt the progress of the trial with issues collateral to the central questions in litigation." *Maness v. Meyers,* 419 U.S. 449, 459 95 S. Ct. 584, 42 L. Ed. 2d 574 (1975).

3.  Defendants recalcitrantly chose in contravention to the Fed. R. Civ. P. and the court's order to file a Rule 12 (c) motion based upon claims that were not raised by Plaintiff. The orderly and expeditious administration of justice by the courts requires that "an order issued by a court with jurisdiction over the subject matter and person must be obeyed by the parties until it is reversed by orderly and proper proceedings." *United States* v. *Mine Workers,* 330 U. S. 258, 293 (1947).

4.  Fed. R. Civ. P.  12 (c) motions are post answer motions filed after the pleadings are closed. "[T]he pleadings include the complaint, the answer, and any written instruments attached as exhibits." *Murray v. IndyMac Bank, FSB*, 461 F. Supp. 2d 645 (N.D. Ill. 2006).

5.  Per Rule 8(c), the proper time to identify affirmative defenses is in a defendant's responsive pleading. Fed. R. Civ. P. 8(c).

6.  These are all facts that Defendants legal counsel should have known and verified before filing.

7.  Hence, Defendants have abandoned and waived their right to defend the matter. *An Undetermined Quantity, etc.*, 583 at 947

## III.    DEFENDANTS WILLFULLY MISREPRESENTED THEMSELVES OUTSIDE THE EXISTING STRUCTURE OF THE LAW

1. Defendants once again failed to represent themselves within the existing structure of the law, but instead intentionally misconstrued, misstated and misapplied Fed. R. Civ. P. 12 (c) for impermissible purposes. *Thornton v. Wahl, 787 F.2d 1151, 1154 (7th Cir.), cert. denied, 479 U.S. 851, 107 S.Ct. 181, 93 L.Ed.2d 116 (1986).*

2. Defendants raise the affirmative defense of failure to exhaust administrative remedies as the basis of its Fed. R. Civ. P. 12 (c) motion to dismiss based upon an imaginary version of the law and "wholly invented facts" that Plaintiff had IDHR claims before the court. *Mays v. Chicago Sun-Times,* 865 F.2d 134, 140  (7th Cir. 1989).

3. In sum, Defendants' Fed. R. Civ. P. 12 (c) motion is baseless, as it is not ground in fact or law and is in contravention to Rule 11 amongst others rules such as Fed. R. Civ. P.  7, 8 and 12. *Dreis & Krump Mfg. v. Intern. Ass'n of Machinists,* 802 F.2d 247, 255 (7th Cir. 1986).

4. Defendants cannot demonstrate with a sliver of evidence that it reasonably deduced, thought or legitimately contemplated through investigation or objective analysis of the facts that Plaintiff brought IDHR claims before the District Court to legitimately support its Rule 12(c) motion or its motion to set aside. *Ibid*; See also Fed. R. Civ. P. 11.

5. Defendants cannot reasonably or legitimately justify, by fact or law under the given circumstance, filing its Fed. R. Civ. P. 12 (c) motion. Especially after having notice prior to filing the Rule 12(c) motion that no IDHR claims were before the court. (Dkt. Entry #17 pg. 9 ¶ 5) *Brown v. National Bd. of Medical Examiners,* 800 F.2d 168, 171 (7th Cir. 1986).

## IV.   DEFENDANTS WILLFULLY CONTRIVED AND PURPORTED THAT PLAINTIFF HAD IDHR CLAIMS BEFORE THE COURT

1. Defendants propounded its motions to set aside and its Rule 12 (c) motion based upon a frivolous argument of alleged IDHR claims that is cognitively and legally unreasonable, without foundation, and asserted for an improper purpose to subvert justice, prejudice, vex and harass

Plaintiff, while ceremoniously delaying the legal proceedings." *Fries v. Helsper, 146 F.3d 452, 458 (7th Cir. 1998) ("Frivolous is defined as an argument or claim that is baseless and made without a reasonable and competent inquiry."). See also Brunt v. Service Employees Intern. Union, 284 F.3d 715 (7th Cir. 2002).*

2. Defendants' asserted in its, February 8, 2024, motion to set aside that Plaintiff had IDHR claims before the District Court, as a part of its meritorious defense (Dkt. Entry #15 pg. 4 ¶ 2)

3. Plaintiff at no time has signaled and or acquiesced to Defendants assertions that claims from the IDHR were being brought before the District Court in this case. (Dkt. #1 pg. 2 § 7.1)

4. Plaintiff filed a motion to oppose Defendants' Motion to Set Aside the Default Judgment and rejected the contention that IDHR claims were before the court (Dkt. Entry # 17 pg. 9 ¶ 5).

5. There is no logical, theoretical and or practical reason or rationale to contradict the fact Plaintiff did nothing to signal that there were IDHR claims before the court. Or is there anything controvert the court record reflecting Defendants being placed on notice, prior to the filing of their Rule 12(c) motion, that there were no IDHR claims before the court.

6. Hence, it is befuddling and stupefying to understand and or intelligibly reconcile how Defendants' drew the conclusion that IDHR claims were before the District court when there is no evidence to support such an assertion or contention. Fed. R. Civ. P. 11

7. It further becomes more egregious and malodorous that Defendants' would continue to propagate an erroneous assertion or contention that they knew was patently false through a Fed. R. Civ. P. 12(C) motion to dismiss (Dkt. Entry # 19). *Mays v. Chicago Sun-Times*, 865 F.2d 134, 140 (7th Cir. 1989).

8. Defendants not only had one (1), but two (2) reasonably competent persons representing them in this matter and before the DOL. It is inconceivable and highly implausible that any reasonably competent person(s) could continue to believe that IDHR claims were before the District Court, after notice that there were no IDHR claims. (Dkt. Entry # 17 pg. 9 ¶5)

9. Nor did Defendants' through their legal counselors seek clarification about the disposition from Plaintiff either, as part of a thorough investigation or objective analysis of the facts, as required. *Thornton,* 787 F.2d at 1154*;* Fed. R. Civ. P. 11

10. Defendants filed a sham Rule 12(c) motion to this Honorable court in bad faith to subvert justice and delay the proceedings as a part of its litigation strategy, as well as, to harass, prejudice and vex Plaintiff and in violation of Rule 11. Defendants' conduct is contemptuous and contumacious and is an abuse of the judicial system and these proceedings. *Hazel-Atlas Glass Co. v. Hartford-Empire* Co., 322 U.S. 238, 251,64 S. Ct. 997, 88 L. Ed. 1250 (1944).

## V.    RULE 11 VIOLATIONS

1. Rule 11 requires counsel to study the law before representing its contents to a federal court. . . . The Rule requires counsel to read and consider before litigating. Counsel who puts the burden of study and illumination on the opposing party or the court must expect to pay attorney's fees under the Rule. . . . The point . . . is that every lawyer must do the necessary work to find the law before filing the brief. It is recalcitrant and unacceptable to make and inaccurate assertion of law and hope that it will turn out to be true. *Thornton,* 787 F.2d at 1154; Fed. R. Civ. P.11(b)(2)-(3).

2. Defendants were to ensure that any papers filed with the court were well-grounded in fact, legally tenable, and not interposed for any improper purpose, but this was not the case with the Defendants. *Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384, 110 S. Ct. 2447, 392 110 L. Ed. 2d 359 (1990).

3. Defendants conduct of filing and pursing a sham and baseless motion predicated upon fraudulent and misleading facts does not comply with Fed. R. Civ. P. 11 and is perjurious. [P]erjury strikes at the heart of the integrity of the judicial system. And, because of its seriousness and pernicious consequences, dismissal with prejudice is an appropriate sanction when a party conducts litigation in bad faith. *Chambers v. Nasco, Inc.*, 501 U.S. 32, 111 S. Ct. 2123,

2124, 115 L. Ed. 2d 27 (1991); *National Hockey League v. Metropolitan Hockey Club, Inc.*, 427 U.S. 639, 642-43, 96 S. Ct. 2778, 49 L. Ed. 2d 747 (1976).

4.  Rule 11 does not require the district court make a finding that the transgressor acted in bad faith. *National Wrecking Co. v. International Bhd. of Teamsters, Local 731,990 F.2d 957, 963 (7th Cir. 1993).*

5.  The district court need only "undertake an objective inquiry into whether the party or his counsel `should have known that his position is groundless.'" *Chicago Newspaper Publishers' Ass'n v. Chicago Web Printing Pressmen's Union No. 7,821 F.2d 390, 397 (7th Cir. 1987); Mars Steel Corp. v. Continental Bank NA*, 880 F.2d 928, 932 (7th Cir. 1989).

6.  Defendants should have known with reasonable certainty from an objective analysis: 1) that their motion was groundless as no IDHR claims exist; 2) And that responsive pleadings were a requisite to filing a Fed. R. Civ. P. 12 (c) motion; 3) And, that the Fed. R. Civ. P. 12 (b) is the proper vehicle for challenging the sufficiency of the complaint. Fed. R. Civ. P. 12(b); 4) And that intentional misapplication/misstatement of patently false facts and the law to make conclusory assertions and assertions of law out of context in hopes that it will turn out to be true and in furtherance of Defendants contrived schemes is misconduct and unacceptable. *Thornton* 787 F.2d at 1154. 5) And that it is a Fed. R. Civ. P. 11 violation when "parties or their attorneys" sign a pleading, motion, or other paper that, after reasonable inquiry, is not well grounded in fact and is not warranted by existing law or a good faith argument for the extension, modification, or reversal of existing law. Fed. R. Civ. P. 11. *Mars Steel Corp.*, 880 F.2d at 931

7.  Parties and/or their attorneys violate Rule 11 when they bring legal action for any improper purpose, such as to harass or needlessly increase the cost of litigation. *Octane Fitness v. ICON Health & Fitness*, 572 U.S. 545, 134 S. Ct. 1749, 1758 188 L. Ed. 2d 816 (2014).

8.  Fed. R. Civ. P. 11 violations mandate the imposition of sanctions. Fed. R. Civ. P. 11.

9. "The Supreme Court insists that federal judges carry out the rules of procedure, whether or not those rules strike the judges as optimal." *Tuke v. United States,* 76 F.3d 155, 157 (7th Cir.1996) citing *Leatherman v. Tarrant County,* 507 U.S. 163, 113 S.Ct. 1160, 122 L.Ed.2d 517 (1993).

## IX. THERE IS NO CONFLICT IN IMPOSING A DEFAULT JUDGEMENT AND ENTERING AN ORDER OF JUDGMENT AND THE FEDERAL RULES' GOALS OF REACHING THE MERITS

This conflict is easily resolved when a defendant has engaged in willful and contumacious conduct. Although the Rules favor resolution on the merits, a defendant who has willfully delayed has, in effect, waived his right to defend on the merits. *National Hockey League v. Metropolitan Hockey Club, Inc.*, 427 U.S. 639, 640-43; *Bieganek v. Taylor*, 801 F.2d 879, 882 (7th Cir. 1986). Additionally, "no fraud is more odious than an attempt to subvert the administration of justice." *Hazel-Atlas Glass Co. v. Hartford-Empire* Co., 322 U.S. 238, 251,64 S. Ct. 997, 88 L. Ed. 1250 (1944).

### JUST TO RECAP DEFENDANTS DID NOT EVIDENCE A DESIRE TO DEFEND THE CASE

1. Defendants' cumulative recalcitrant conduct of: 1) Failing to file an appearance after having notice of the civil case and; (Dkt. #1). 2) Failing to comply with the Fed. R . Civ. P. and the Court's order and; (Dkt. # 20). 3). Failing to present themselves or answer to the court in response to Plaintiff's Rule 55 motion and; (Dkt. # 10). 4) Knowingly contacting, an erroneous non-party to this matter, out of contrivance, to create a schism to delay and subvert justice and its administration and; (Dkt. #15 & 17). 5). Filing an appearance only after the default judgment was entered clearly evidences a desire not to defend the case. *An Undetermined Quantity, etc.*, 583 at 947.

2. In addition to the aforementioned, Defendants engaged in egregious misconduct when they willfully filed a sham motion with this Honorable Court to set aside the default judgement that

incorporated "wholly invented facts" and demonstratively false statements to obtain a benefit. *Mays v. Chicago Sun-Times*, 865 F.2d 134, 140 (7th Cir. 1989).

3.  After obtaining an ill-gotten benefit, of the default judgment being set aside to be able to answer or otherwise plead to Plaintiff's complaint, based upon patently and demonstratively false statements to court, Defendants again in defiance willfully abrogated their right to defend the matter by not complying with the Court's order and the Federal Rules of Civil Procedure. *An Undetermined Quantity, etc.,* 583 at 947 citing *United States v. Erdoss,* 440 F.2d 1221 (2d Cir. 1971)*, certiorari denied, 404 U.S. 849, 92 S.Ct. 83, 30 L.Ed.2d 88;*

DEFENDANTS' CONTUMACIOUS CONDUCT

Other courts have reasoned that a litigant who defrauds the court should not be permitted to continue to press his case. *Allen v. Chicago Transit Authority,* 317 F.3d 696 (7th Cir. 2003 The Seventh Circuit has held, "that a dismissal with prejudice is an appropriate sanction for lying to the court . . . because no one needs to be warned not to lie to the judiciary." *Negrete v. NatI'l R.R. Passenger Corp.*, 547 F.3d 721, 724 (7th Cir. 2008)

JUST TO RECAP THE INDISPUTABLE FACT(S) THAT:

1.  Defendants knowingly introduced adulterated food into the stream of commerce for human consumption. (Dkt. #1 pg. 11 ¶9; pg. 28 ¶ 105, pg. 29 ¶'s 106-108); See Exhibit F

2.  Defendants provided false and misleading information to the FDA about a consumer complaint related to adulterated food and routinely to its customers. Dkt. #1 pg. 12 ¶13-14; pg. 14 ¶ 25; pg. 15 ¶ 31. 33; pg. 16 ¶'s 34-39; pg. 18 ¶ 46-48; pg. 46 ¶7; pg. 50 ¶ 3).

3.  Defendants retaliated against Plaintiff for engaging in conversations about compliance and food safety issues that had been discussed at length and on various occasions with Erich Zicher, a white male and; (Dkt. #1 pg. 20 ¶'s 58-62; pg. 21 ¶ 64; pg. 24 ¶ 86; pg. 60) Exhibit G

4. Defendants entered into conspiracies to create subsequent remedial measures to create pretexts and; (Dkt. #1 pg. 24-26 ¶'s 81-96; pg. 27-28 ¶ 98-105) Exhibit H

5. Defendants willfully continue to fail to answer or otherwise plead as required, in compliance with the Fed. R. Civ. P.12(a) and the court's order and; (Dkt. # 19 & 20)

6. Defendants willfully failed to answer or present themselves to the court in response to Plaintiffs Rule 55 motion and; (Dkt. Entry # 10)

7. Defendants engaged in misconduct when they willfully made demonstratively and patently false statements to the court to obtain an ill-gotten benefit to answer or otherwise plead (Dkt. #15) and; *In re Lightfoot*, 217 F.3d 914, 917 (7th Cir. 2000).

8. Defendants willfully misrepresented themselves outside the law when it filed its motion to set aside and its Fed. R. Civ. P. 12(c) motion based on "wholly invented facts." *Thornton 787 F.2d at 115*. Dishonesty to the Court alone is sufficient to merit dismissal of a claim and; *Fuery v. City of Chicago*, No. 07 C 5428 (N.D. Ill. Sept. 29, 2016)

9. The Court of Mays reasoned that they could not think of "no better example of a pleading not well grounded in fact or law than a brief that falsely imputes a particular position to this court." *Mays*, 865 F.2d at 140. And, in this particular situation, the position Defendants' falsely imputed to this court in its motion to set aside and the Rule 12 (c) motion was that there are IDHR claims before this court. *Ibid*

## BAD FAITH

It seems from Plaintiff's perspective that perhaps Defendants have signaled once again that they have some foreknowledge or there are some unspoken rules or dynamics unbeknownst to Plaintiff that empowers and emboldens Defendants to assert a particular position, viewpoint or stance on behalf of this honorable court. Most recently, Defendants have tried to cajole Plaintiff

into entering into an agreed order to dismiss Plaintiff's case based upon Plaintiff's entire matters impending dismissal for allegedly having IDHR claims before the court. See Exhibit I

As a neophyte seeking justice, neither one of Plaintiff's plausible takeaways are particularly appealing and are very disconcerting for the following reasons. Defendants' proposition suggests that they have a position of influence or an entanglement with the court that provides them with a possible edge that can foreclose an opportunity for Plaintiff to get a fair, efficient and cost-effective adjudication of her claims. Or it could also be reasonably inferred that Defendants are once again acting in "Bad Faith" by using their position of authority, as a person of influence and an officer of the court, to bamboozle, hoodwink or inveigle Plaintiff into her own demise by beguiling her into dismissing her complaint based upon erroneous unsolicited advice from the opposing counsel.. Either scenario is highly prejudicial to Plaintiff and affront to justice and the judicial system.

**IN SUM**, Defendants' actions are repeated, calculated, intentional, contumacious and motivated by a specific malicious intent on behalf of Defendants to subvert and obstruct justice and its administration, as well as, to obstruct Plaintiff's right to a speedy and impartial trial. In addition, to causing Plaintiff further irreparable harms of loss of time, man-hours and money sandwiched between stress and duress.

Further, Defendants conduct supports that Defendants have something to hide and it is reasonable to infer that it is liability and culpability for the highly indisputable adverse actions taken against Plaintiff. Further, Defendants' conduct evidences a lack of compunction that has emboldened them to act with impunity with respect to its course of dealings with Plaintiff and this Honorable Court. It is further alarming to contemplate that Defendants acted with such audacity as though it is the standard operating procedure to thumb its nose and squarely look this Honorable court in its face and flat out lie; suggesting in part that Defendants are the rudder who steers this ship. Defendants' recalcitrant and contumacious conduct inevitably inveigled this Honorable Court

to thwart justice, when it granted Defendant's motion to set aside based on a manufactured assertion that IDHR claims were before the court. (Dkt. #15)

CONCLUSIVELY, it has been reasoned that "a court must be mindful of its responsibility "'to deter future parties from trampling upon the integrity of the court.'" *Dotson v. Bravo*, 321 F.3d 663, 668 (7th Cir. 2003)." *Salmeron v. Ent. Rec. Sys. Inc.*, 579 F.3d 787, 797-96 (7th Cir. 2009) *Tuke,* 76 F.3d at 157.  And, a failure to deter Defendants would go against precedents setting the tone and giving the "greenlight" for Defendants to run amuck further prejudicing and subjecting Plaintiff to other irreparable harms. In addition, failing to discipline Defendants set a new precedent that would allow bad actors like Defendants and their counsel to continue to subvert justice, commit fraud on the court, act with impunity and disobey lawful orders without reprisal. *Chambers*, 501 U.S. at 44-46

WHEREFORE, in keeping with the precedents of the Supreme Court and the Seventh Circuit and for the aforementioned reasons Plaintiff respectfully requests and implores this Honorable Court to follow precedents and enter an Order of Default Judgment and an Order of Judgement with prejudice; finding that the Defendants are liable on all counts set forth in Plaintiff's complaint. Plaintiff further seeks damages incurred because of Defendants' unlawful actions as alleged in the complaint. Plaintiff also requests she provided any other relief available to Plaintiff for Defendants willful and contumacious conduct.

Dated: March 28, 2024                    Respectfully submitted,

                                         /S/ Mary Madison
                                         Mary Madison
                                         9758 S Charles
                                         Chicago, Il 60643
                                         7732979569
                                         Mdj123197@aol.com

DECLARATION OF JORDAN T. HOFFMAN

I, Jordan T. Hoffman, an attorney licensed to practice law in the State of Illinois since, November 1987 upon oath and affirmation state as follows:

1. Since April of 2023, I have represented Ms. Madison in an ongoing matter before OSHA at the Department of Labor regarding a whistleblower action that Ms. Madison brought against Defendant Creative Werks.

2. During the investigation, Defendant(s) expressed a desire to engage in settlement.

3. During the course of the OSHA investigation, Ms. Madison filed an EEOC complaint and was issued a Right to Sue Letter.

4. A settlement had not been reached and Ms. Madison filed her instant action in the District Court on December 4, 2023.

5. On December 15, 2023, at Ms. Madison's request, I served the summons and complaint to the Defendants' registered agent, CT Corporation.

6. It is well established that a party to the suit cannot serve the opposing party.

7. Defendants counsel, Jon Cohen reached out to me in late December of 2023 to discuss the dynamics and logistics of pursuing settlement at the Department of Labor that would resolve all outstanding claims and issues globally.

8. Defendants counsel, Jon Cohen was fully aware that I was not representing Ms. Madison in the District Court.   I indicated that Ms. Madison was pro se and that I was not a member of the Federal Trial Bar.

9. Because I was not involved in the litigation in the District Court, I was unaware of any details or dates concerning the docket. Nor was I monitoring the action.

10. To reduce cost and other efforts it seemed reasonable to agree to engage in the settlement conference.

11. January 22, 2024 was set as the settlement conference date. During the conference Defendants made an offer that was less than its original offer in January of 2023.

12.  The settlement talks unraveled and broke down.

13. On January 23, 2024, Defendants' Counsel, Jon Cohen reached out to me and requested additional time to help facilitate further negotiations to save money to apply towards the settlement.  Exhibit 1

14. Mr. Cohen requested an additional two (2) weeks from January 23, 2024, which I took literally.

15. I presumed that Mr. Cohen had filed his appearance and would take measures to ensure that he had extended or enlarged the time for filing his pleadings with the court in accordance with his request.

16. On Sunday, February 4, 2024, Defendants' counsel Jon Cohen emailed me after 5:30 pm requesting an additional two (2) weeks. See Exhibit 2

17. This request suggest that Defendants would not be meeting the upcoming February 6, 2024 or alleged February 8th deadline to answer or otherwise plead in the District Court.

18. On Sunday, February 4, 2024, I emailed Mr. Cohen to inform him that I had recently learned that Ms. Madison had filed a Motion for Default and that I would have to confer with Ms. Madison. See Exhibit 3

19. On Monday, February 5, 2024, Mr. Cohen emailed me. We also had a telephone discussion and at that time, Mr. Cohen indicated that he wanted me to get Ms. Madison to withdraw her motion and grant additional time to answer or otherwise plead. See Exhibit 4

20. After speaking with Defendants' counsel, I emailed Ms. Madison outlining the context of the conversation with Defendants' counsel, Jon Cohen.  See Exhibit 5

21. On February 7, 2024 at 10:39 am, Defendants' counsel emailed me stating that "We need to discuss this Please!" The Order of Default entered on February 6, 2024 was attached to the email. See Exhibit 6

22. During the phone conversation, Defendants' counsel, Mr. Cohen, was aggressive, insistent and threatening. He specifically stated that if I did not help him to get Ms. Madison to vacate the judgment or either join in his pleadings to vacate the judgment, he would reference a reprimand against me.

23. Mr. Cohen effectively asked me to breach my duty of loyalty to Ms. Madison and sought to gain an advantage in the case by either threatening to bring up a reprimand in another court matter or intimating a veiled threat of presenting a disciplinary charge.

24. Feeling concerned and manipulated, I contacted the ARDC to get a better understanding on the matter and later informed Mr. Cohen that I would not be able to assist him. See Exhibit 7

25. During the relevant time period, I had no knowledge of the Court Docket in this matter or pleading deadlines nor that Defendants had not appeared or filed its requests with the Court to extend of enlarge the time to file its pleadings.

26. Mr. Cohen references in a footnote an instance that I am not aware of nor had any communication about.

27. Mr. Cohen followed through on his threat concerning the purported reprimand against me as evidenced by his February 8, 2024 pleading to set aside the motion for default entered on February 6, 2024 in the matter of Madison vs. Steve Schroeder and Creative Werks 1:23 -CV-16476.

Pursuant to 28 U.S. Code §1746 I certify under penalty of perjury that the foregoing is true and correct.

Dated:  Executed on February 12, 2024

Jordan T. Hoffman
2711 E. New York St., Suite 205
Aurora, IL 60502

**Exhibit 1**

# Extension
1 message

**Jon D. Cohen** <JCohen@dickinson-wright.com>                                    Tue, Jan 23, 2024 at 10:30 AM
To: Jordan Hoffman <jthoffmanlaw@gmail.com>

Jordyn, can you give me a quick call about the case pending in federal.   I'm working on addressing that, but I'd like to put my pencil down for two weeks while we consider if the whole dispute can be resolved.  If I have to spend the next day or two, working on that, I know my client will be less inclined to put money into your clients pockets.  312-731-8216

Sent from my iPhone

> On Jan 17, 2024, at 10:33 AM, Jordan Hoffman <jthoffmanlaw@gmail.com> wrote:
>
> Jon, I'm not sure if you intended to type "what" or "that."  Please clarify.  Thanks,
>
> Jordan
> The Law Office of
> Jordan T. Hoffman, P.C.
> 2711 East New York St., Suite 205
> Aurora, IL 60502
> 888.958.4529 Phone and Facsimile
> jthoffmanlaw@gmail.com
>
> *"Balancing the Scales of Justice"*
>
> www.attyjthoffman.com
>
> - CONFIDENTIALITY NOTICE: The information contained in this communication is confidential, may be attorney-client privileged or attorney work product, may constitute inside information or internal deliberative staff communication, and is intended only for the use of the addressee. Unauthorized use, disclosure or copying of this communication or any part thereof is strictly prohibited and may be unlawful. If you have received this communication in error, please notify the sender immediately by return e-mail and destroy this communication and all copies thereof, including all attachments. Receipt by an unintended recipient does not waive attorney-client privilege, attorney work product privilege, or any other exemption from disclosure.
>
>
>
> **Jon D. Cohen** Member
>
> 55 West Monroe Street          Phone  312-377-4565
> Suite 1200                     Fax      844-670-6009
> Chicago Illinois 60603         Email   JCohen@dickinsonwright.com
> [Profile] [V-Card]
>
> 
> ARIZONA  CALIFORNIA  COLORADO  FLORIDA  ILLINOIS  KENTUCKY  MICHIGAN
> NEVADA  OHIO  TENNESSEE  TEXAS  WASHINGTON D.C.  TORONTO
>
>
>
> On Wed, Jan 17, 2024 at 10:30 AM Jon D. Cohen <JCohen@dickinson-wright.com> wrote:
>
>> What works for us.
>>
>> Sent from my iPhone

Jordan Hoffman <jthoffmanlaw@gmail.com>

**Exhibit 2**

---

## RE: EXTERNAL: Madison v. Creative Werks, Claim No. 301015087; Settlement Statement

---

**Jon D. Cohen** <JCohen@dickinson-wright.com>                        Sun, Feb 4, 2024 at 5:34 PM
To: Jordan Hoffman <jthoffmanlaw@gmail.com>


Jordan, have you and your client circled back with Amy Bailey regarding settlement?  Also, can we have an additional 2 week extension on answering or pleading of the federal action under these circumstances.  I'd rather save the money and have ability to apply it to a settlement vs. spending on legal fees for now.


**From:** Jordan Hoffman <jthoffmanlaw@gmail.com>
**Sent:** Thursday, January 18, 2024 11:37 AM
**To:** Bailey, Amy - OSHA <Bailey.Amy@dol.gov>; Jon D. Cohen <JCohen@dickinson-wright.com>
**Subject:** EXTERNAL: Madison v. Creative Werks, Claim No. 301015087; Settlement Statement


Good morning, attached please find a statement conforming to the parameters the parties agreed upon as points for our settlement discussions.  Thank you for your consideration.


Jordan Hoffman



The Law Office of

Jordan T. Hoffman, P.C.

2711 East New York St., Suite 205

Aurora, IL 60502

888.958.4529 Phone and Facsimile

jthoffmanlaw@gmail.com


*"Balancing the Scales of Justice"*


www.attyjthoffman.com


- CONFIDENTIALITY NOTICE: The information contained in this communication is confidential, may be attorney-client privileged or attorney work product, may constitute inside information or internal deliberative staff communication, and is intended only for the use of the addressee. Unauthorized use, disclosure or copying of this communication or any part thereof is strictly prohibited and may be unlawful. If you have received this communication in error, please notify the sender immediately by return e-mail and destroy this communication and all copies thereof, including all attachments. Receipt by an unintended recipient does not waive attorney-client privilege, attorney work product privilege, or any other exemption from disclosure.

**Jon D. Cohen** Member

55 West Monroe Street  Phone 312-377-4565
Suite 1200  Fax 844-670-6009
Chicago Illinois 60603  Email JCohen@dickinsonwright.com

Profile  V-Card



DICKINSON WRIGHT PLLC

ARIZONA  CALIFORNIA  COLORADO  FLORIDA  ILLINOIS  KENTUCKY  MICHIGAN
NEVADA  OHIO  TENNESSEE  TEXAS  WASHINGTON D.C.  TORONTO

Jordan Hoffman <jthoffmanlaw@gmail.com>

**Exhibit 3**

---

## RE: EXTERNAL: Madison v. Creative Werks, Claim No. 301015087; Settlement Statement

---

**Jordan Hoffman** <jthoffmanlaw@gmail.com>                                                  Sun, Feb 4, 2024 at 5:56 PM
To: "Jon D. Cohen" <JCohen@dickinson-wright.com>
Bcc: Mary Madison <assist2law@gmail.com>

I requested an additional week to get feedback from Ms. Madison concerning a counter-proposal.    I would need to consult with Ms. Madison concerning the extension to answer.  I recently learned that she had filed a motion for default.


Jordan Hoffman

The Law Office of
Jordan T. Hoffman, P.C.
2711 East New York St., Suite 205
Aurora, IL 60502
888.958.4529 Phone and Facsimile
jthoffmanlaw@gmail.com

*"Balancing the Scales of Justice"*

www.attyjthoffman.com

- CONFIDENTIALITY NOTICE: The information contained in this communication is confidential, may be attorney-client privileged or attorney work product, may constitute inside information or internal deliberative staff communication, and is intended only for the use of the addressee. Unauthorized use, disclosure or copying of this communication or any part thereof is strictly prohibited and may be unlawful. If you have received this communication in error, please notify the sender immediately by return e-mail and destroy this communication and all copies thereof, including all attachments. Receipt by an unintended recipient does not waive attorney-client privilege, attorney work product privilege, or any other exemption from disclosure.

[Quoted text hidden]

Jordan Hoffman <jthoffmanlaw@gmail.com>

**Exhibit B**

## RE: EXTERNAL: Madison v. Creative Werks, Claim No. 301015087; Settlement Statement

**Jon D. Cohen** <JCohen@dickinson-wright.com>                                        Sun, Feb 4, 2024 at 7:12 PM
To: Jordan Hoffman <jthoffmanlaw@gmail.com>


Filing for default would be somewhat interesting given that we obtained an extension of time to answer or otherwise plead from you.  (See Your January 23, 2024 email regarding same).  I assume you will instruct here to withdraw that Motion without delay?

[Quoted text hidden]
[Quoted text hidden]

Jordan Hoffman <jthoffmanlaw@gmail.com>

**Exhibit C**   **Exhibit 4**

# RE: EXTERNAL: Madison v. Creative Werks, Claim No. 301015087; Settlement Statement

**Jon D. Cohen** <JCohen@dickinson-wright.com>                    Mon, Feb 5, 2024 at 8:44 AM
To: Jordan Hoffman <jthoffmanlaw@gmail.com>
Cc: Joe Delehanty <jdelehanty1575@gmail.com>

Jordan, as a follow up, the service of which you personally accentuated for your client of the federal lawsuit has individual claims against a supervisor under age discrimination, race discrimination under title, seven and sex discrimination.   As you know, none of those actions can be brought against the supervisor versus a company.    Your client has also filed a complaint that will be subject to dismissal because she failed to follow the procedures of the Illinois department of human rights acts with respect to exhaustion of its remedies.   I know that since you caused these to be served, as in prior cases, the judge may somewhat be irked by whether or not you have any responsibility over the filing made by your client.   Accordingly, before I take any actions, I would like to speak with you further this morning to discuss addressing this matter, addressing your relationship with respect to those federal filings and also discussed the fact that there is an extension outstanding.   I would also like to ask you about the judge issuing her until March for the service of the summons and the reasons therefore.   Can you call me when you get this at 312-773-8216. Please pardon any typos as I dictated this !

Sent from my iPhone

On Feb 4, 2024, at 7:12 PM, Jon D. Cohen <JCohen@dickinson-wright.com> wrote:

Filing for default would be somewhat interesting given that we obtained an extension of time to answer or otherwise plead from you.  (See Your January 23, 2024 email regarding same).  I assume you will instruct here to withdraw that Motion without delay?

**From:** Jordan Hoffman <jthoffmanlaw@gmail.com>
**Sent:** Sunday, February 4, 2024 5:56 PM
**To:** Jon D. Cohen <JCohen@dickinson-wright.com>
**Subject:** Re: EXTERNAL: Madison v. Creative Werks, Claim No. 301015087; Settlement Statement

I requested an additional week to get feedback from Ms. Madison concerning a counter-proposal.    I would need to consult with Ms. Madison concerning the extension to answer.  I recently learned that she had filed a motion for default.

Jordan Hoffman

The Law Office of

Jordan T. Hoffman, P.C.

2711 East New York St., Suite 205

Aurora, IL 60502

888.958.4529 Phone and Facsimile

*"Balancing the Scales of Justice"*

www.attyjthoffman.com

- CONFIDENTIALITY NOTICE: The information contained in this communication is confidential, may be attorney-client privileged or attorney work product, may constitute inside information or internal deliberative staff communication, and is intended only for the use of the addressee. Unauthorized use, disclosure or copying of this communication or any part thereof is strictly prohibited and may be unlawful. If you have received this communication in error, please notify the sender immediately by return e-mail and destroy this communication and all copies thereof, including all attachments. Receipt by an unintended recipient does not waive attorney-client privilege, attorney work product privilege, or any other exemption from disclosure.

On Sun, Feb 4, 2024 at 5:35 PM Jon D. Cohen <JCohen@dickinson-wright.com> wrote:

Jordan, have you and your client circled back with Amy Bailey regarding settlement?  Also, can we have an additional 2 week extension on answering or pleading of the federal action under these circumstances.  I'd rather save the money and have ability to apply it to a settlement vs. spending on legal fees for now.

**From:** Jordan Hoffman <jthoffmanlaw@gmail.com>
**Sent:** Thursday, January 18, 2024 11:37 AM
**To:** Bailey, Amy - OSHA <Bailey.Amy@dol.gov>; Jon D. Cohen <JCohen@dickinson-wright.com>
**Subject:** EXTERNAL: Madison v. Creative Werks, Claim No. 301015087; Settlement Statement

Good morning, attached please find a statement conforming to the parameters the parties agreed upon as points for our settlement discussions.  Thank you for your consideration.

Jordan Hoffman

The Law Office of

Jordan T. Hoffman, P.C.

2711 East New York St., Suite 205

Aurora, IL 60502

888.958.4529 Phone and Facsimile

jthoffmanlaw@gmail.com

*"Balancing the Scales of Justice"*

www.attyjthoffman.com

- CONFIDENTIALITY NOTICE: The information contained in this communication is confidential, may be attorney-client privileged or attorney work product, may constitute inside information or internal deliberative staff communication, and is intended only for the use of the addressee. Unauthorized use, disclosure or copying of this communication or any part thereof is strictly prohibited and may be unlawful. If you have received this communication in error, please notify the sender immediately by return e-mail and destroy this communication and all copies thereof, including all attachments. Receipt by an unintended recipient does not waive attorney-client privilege, attorney work product privilege, or any other exemption from disclosure.

**Jon D. Cohen** Member

55 West Monroe Street     Phone   312-377-4565
Suite 1200
Chicago Illinois 60603
     Fax     844-670-6009

    Email   JCohen@dickinsonwright.com

**DICKINSON WRIGHT** PLLC

ARIZONA CALIFORNIA COLORADO FLORIDA ILLINOIS KENTUCKY MICHIGAN
NEVADA OHIO TENNESSEE TEXAS WASHINGTON D.C. TORONTO

**Jon D. Cohen** Member

55 West Monroe Street    Phone   312-377-4565
Suite 1200    Fax    844-670-6009
Chicago Illinois 60603    Email   JCohen@dickinsonwright.com


**DICKINSON WRIGHT** PLLC

ARIZONA CALIFORNIA COLORADO FLORIDA ILLINOIS KENTUCKY MICHIGAN
NEVADA OHIO TENNESSEE TEXAS WASHINGTON D.C. TORONTO

**3 attachments**

 **image001.jpg**
6K



**image002.jpg**
6K



ARIZONA  CALIFORNIA  COLORADO  FLORIDA  ILLINOIS  KENTUCKY  MICHIGAN
NEVADA  OHIO  TENNESSEE  TEXAS  WASHINGTON D.C.  TORONTO

**image004.jpg**
5K

**Gmail** Jordan Hoffman <jthoffmanlaw@gmail.com>

# Madison

**Jon D. Cohen** <JCohen@dickinson-wright.com>                    Wed, Feb 7, 2024 at 10:38 AM
To: Jordan Hoffman <jthoffmanlaw@gmail.com>

Jordan, we need to discuss this please!

**Jon D. Cohen** Member



| 55 West Monroe Street | Phone | 312-377-4565 |
| Suite 1200 | Fax | 844-670-6009 |
| Chicago Illinois 60603 | Email | JCohen@dickinsonwright.com |

Profile   V-Card



**DICKINSON WRIGHT** PLLC

ARIZONA  CALIFORNIA  COLORADO  FLORIDA  ILLINOIS  KENTUCKY  MICHIGAN
NEVADA  OHIO  TENNESSEE  TEXAS  WASHINGTON D.C.  TORONTO

📄 **067129926137.pdf**
    18K



Jordan Hoffman <jthoffmanlaw@gmail.com>

---

# Creative Werks Request for Extension and Motion for Default Judgment

---

**Jordan Hoffman** <jthoffmanlaw@gmail.com>                                      Mon, Feb 5, 2024 at 6:33 PM
To: Mary Madison <assist2law@gmail.com>

I received an email from Jon Cohen, counsel for Creative Werks today requesting that I call to discuss the extension to file their answer and the motion you filed for default judgment.  During the phone call, he also stated that you named individuals in the federal lawsuit and that there is a body of case law that does not permit that.

He further states that the complaint is subject to dismissal because you did not exhaust your administrative remedies even though you previously had a "right to sue letter" from the EEOC.  He states that attached to the complaint as an exhibit was your statement to the IDHR that you wanted it to take up the investigation previously taken up by the EEOC to which you were given the right to sue.

He has requested that I speak with you and request that you withdraw the motion to dismiss and further suggest that you withdraw or dismiss without prejudice the current lawsuit as now it is back in the status of not having exhausted the administrative remedies.  Because according to my discussion with him weeks ago when he and I discussed the extension he has asked that the withdrawals be done before February 8.

He has stated that otherwise, he would have to file motions requesting sanctions based on the email from me granting the previous extension.  So, under the circumstances, I think you should consider doing so.  Also, I think that we would have more cooperation in trying to obtain a settlement.

Bubba


The Law Office of
Jordan T. Hoffman, P.C.
2711 East New York St., Suite 205
Aurora, IL 60502
888.958.4529 Phone and Facsimile
jthoffmanlaw@gmail.com

**_"Balancing the Scales of Justice"_**

www.attyjthoffman.com

- CONFIDENTIALITY NOTICE: The information contained in this communication is confidential, may be attorney-client privileged or attorney work product, may constitute inside information or internal deliberative staff communication, and is intended only for the use of the addressee. Unauthorized use, disclosure or copying of this communication or any part thereof is strictly prohibited and may be unlawful. If you have received this communication in error, please notify the sender immediately by return e-mail and destroy this communication and all copies thereof, including all attachments. Receipt by an unintended recipient does not waive attorney-client privilege, attorney work product privilege, or any other exemption from disclosure.

## United States Food and Drug Administration
### Consumer Complaint / Injury Report

**Exhibit 10**

This is an accurate reproduction of the original electronic record as of 03/01/2023

| COMPLAINT | # 170623 |
| --- | --- |

| Complaint Date | Receiving Organization | Accomplishing District | How Received | Complaint Source | Complaint Received By | Complaint Status |
| --- | --- | --- | --- | --- | --- | --- |
| 10/14/2021 | SEA-DO | CHI-DO | Telephone | Consumer | Muir, Sunny R | In Progress - Pending Evaluation |

### Complainant Identification

| Name | Address |
| --- | --- |
| (b) (6) | (b) (6) |

| Phone (W) | Phone (H) | Source POC Name | Source Phone |
| --- | --- | --- | --- |
| UKN | (b) (6) | | |

### Complaint/Injury

#### Complaint Description

On 10/14/21, a complainant called and alleged her husband had a cough and sore throat after consuming (b) (4) (b) (4) Cheese Flavored Snacks packaged in a 20 oz, 1.4 oz rigid plastic container with screw on lid with a heat sealed film. She stated that in addition to her husband, she consumed the product, as well as, her mother and daughter however, none of these individuals got sick. She indicated her husband did not seek medical attention because he was unsure if the symptoms were due to seasonal allergies or eating the product. The complainant stated she purchased the product from the (b) (4) (b) (4) on 10/13/21. On 10/13/21, she attempted to unscrew the lid, but was not able to. Her husband unscrewed the lid and the complainant stated the plastic film looked as though it had been burnt around the edges and was discolored. The complainant stated the lid also appeared to have a burn mark where the plastic film can into contact with the lid. The four individuals that ate the product stated it tasted like "plastic" The complainant called and reported the complaint to (b) (4) Customer Service.

On 10/19/21, I spoke to (b) (6) , (b) (4) Team Supervisor, (b) (4) who told me she was not aware of any similar complaints regarding the product, but would reach out to the manufacturer who is a co-packer for (b) (4) . (b) (6) indicated it was probably due to the heat seal being burnt. (b) (6) contacted me after speaking to the manufacturer, Creative Werks in Bartlett, IL, who told her they had not received any similar complaints and were not aware of any issues.

| Adverse Event Result | Adverse Event Date | Injury / Illness |
| --- | --- | --- |
| Non-Life Threatening Injury/Illness - No Adverse Event Reporting | 10/17/21 | Other - identify in Remarks |

| Notify OEO? | Notification Date | Attended Health Professional? | Required Hospitalization? | Emergency Room / Outpatient Visit? | Reported Complaint To? | Need addnl. FDA Contact? |
| --- | --- | --- | --- | --- | --- | --- |
| Yes | 10/19/2021 | No | No | No | Reported to Manufacturer | |

<<Bates Number MMAD#6#1>>

**Remarks**
Sore throat cough

**Complaint Symptoms**

| Sympton | System Affected | Onset Time | Duration | Remarks |
|---|---|---|---|---|
| Coughing | RESPIRATORY | Hours | Hours | |
| Sore throat | RESPIRATORY | Hours | Hours | |

**Health Care Professional**

| Provider Name | Address | | Phone | Occupation |
|---|---|---|---|---|

**Hospital Information**

| Hospital Name | Address | | Phone | Dates of Stay |
|---|---|---|---|---|

**Emergency Room/Outpatient Visit**

| Hospital Name | Address | | Phone | ER Date |
|---|---|---|---|---|

**Product and Labeling**

| Brand Name | Product Name | Product Code | Product Description | PAC | UPC Code |
|---|---|---|---|---|---|
| (b) (4) | (b) (4) (b) (4) Cheese Flavored Snacks | 07BHT03 | Cheese Puffs, Fired;Nonflex Plastic;Packaged Food (Not Commercially Sterile) | 03R801 | 0284005642 7 |

| Qty / Unit / Package | Lot/ Serial # | Exp/Use by Date | Purchase Date | Product Used | Amount Consumed/Used |
|---|---|---|---|---|---|
| 21.4 Ounces Jar | (b) (4) | 22 FEB 2022 | 10/13/21 | No | 10 |

| Date Used | Date Discontinued | Amount Remained | Imported Product? | Country of Origin | Label Remarks |
|---|---|---|---|---|---|
| 10/13/21 | 10/13/21 | REMAINING CONTAINER | No | United States | Primary panel has red, orange, yellow, and black print, packaged in a plastic container screw top lid with plastic heat sealed film |

**Retail**                                                    **Problem Ingredient Group**

| Name | Address |
|---|---|
| | (b) (4) |

**Manufacturer/Distributor**

| FEI | Name & Address | Home District | Firm Type |
|---|---|---|---|
| (b) (4) | (b) (4) (b) (4) | DAL-DO | Corporate Headquarters |
| 3011417063 | Creative Werks 1350 Munger Rd Bartlett Illinois United States 60103-1698 | CHI-DO | Manufacturer |

**Date:** 03/01/2023                    **Page:** 2 of 4

**Initial Evaluation/Initial Disposition**

**Problem Keyword**                    **Problem Keyword Details**

Off-Taste                              burnt plastic taste

**Initial Evaluation**      **Initial Disposition**      **Disposition Made By**      **Disposition Date**

**Initial Disposition Remarks**

Manufacuter identified by (b) (6) , (b) (4) Team Supervisor, (b) (4) .

**Referrals**

**Org Name**                    **HHS Mail Code**

CHI-IB                          HFR-MW150

**There are no Cosmetics details for this Complaint.**
**There are no Adverse Event details for this Complaint.**

**Related Complaints**

<<Bates Number MMAD#6#1>>

## United States Food and Drug Administration
## Consumer Complaint / Injury Report

This is an accurate reproduction of the original electronic record as of 03/01/2023

| COMPLAINT | # 177322 |
|---|---|

| Complaint Date | Receiving Organization | Accomplishing District | How Received | Complaint Source | Complaint Received By | Complaint Status |
|---|---|---|---|---|---|---|
| 10/20/2022 | BLT-DO | CHI-DO | Telephone | Consumer | Johnson, Jacqueline | In Progress - Pending Evaluation |

### Complainant Identification

| Name | Address |
|---|---|
| (b) (6) | |

| Phone (W) | Phone (H) | Source POC Name | Source Phone |
|---|---|---|---|
| | (b) (6) | | |

### Complaint/Injury

| Complaint Description | Adverse Event Result | Adverse Event Date | Injury / Illness |
|---|---|---|---|
| The complainanted reported on October 18, 2022 she purchased one box of (b) (4) from (b) (4) SuperMarket. Upon arrival to her home she placed the unopened box of cereal on the top of her refrigerator. On October 19th the complainant, her (b) (6) daughter and her (b) (6) consumed the (b) (4) cereal. The complainant stated that she consumed on bowl with milk, and then later dry cereal placed inside a ziploc bag. The complainants daughter consumed on bowl of the cereal with (b) (4) Milk and her son consumed two large bowls with 2% Milk. The complainant stated that within 1/2 hours she began to experience abdominal pains and gas; and within one hours she developed nausea, vomitting and diarrhea which last for 24 hours. She reported that her son and daughter both became ill with diarrhea as well. The complainant reported that no one in the family suffers with allergies. They did not seek medical attention. A 72 hour food history was requested from the family members who consumed the product. | Non-Life Threatening Injury/Illness - No Adverse Event Reporting | October 19, 2022 | Gastrointestinal distress |

| Notify OEO? | Notification Date | Attended Health Professional? | Required Hospitalization? | Emergency Room / Outpatient Visit? | Reported Complaint To? | Need addnl. FDA Contact? |
|---|---|---|---|---|---|---|
| Yes | 10/21/2022 | No | No | No | Not Reported to Manufacturer | Unknown |

### Remarks

10/21/2022 additional information requested. CC form and 72 hour food history was requested from all members of the family who consumed the product.
Milk:
(b) (4) 2% purchased on October 8, 2022 via Amazon Fresh Net Wt. 1 Gallon Lot# (b) (4) Expiration Oct 25, 2022 Bar Code: (b) (4) Distributed by: Amazon.com LLC (b) (4) Lactate 2% Reduced Fat Milk purchased on Octobewr 18, 2022 (b) (4) SuperMarket 1/2 Gallon Lot# (b) (4) Expiration Date Dec 2, 2022 Barcode (b) (4) Distribute by: (b) (4)
10/27/2022 spoke with general mills representative who will call back/or email with mfg plant information and case #.
11/2/2022 received email from (b) (6) , Information Specialist, (b) (4)

Date: 03/01/2023          Page: 1 of 4

<<Bates Number MMAD#6#1>>

**Manufacturer/Distributor**

| FEI | Name & Address | Home District | Firm Type |
|-----|----------------|---------------|-----------|
| 3011417063 | Creative Werks 1350 Munger Rd  Bartlett Illinois United States 60103-1698 | CHI-DO | Manufacturer |

**Initial Evaluation/Initial Disposition**

| Problem Keyword | Problem Keyword Details |
|-----------------|------------------------|
| Allergic Reaction | Vomitting, Diarhea, Headache Abdominal pain |

| Initial Evaluation | Initial Disposition | Disposition Made By | Disposition Date |
|--------------------|---------------------|---------------------|------------------|

**Initial Disposition Remarks**

11/2/2022 received manufacturer information from (b) (6) , Information Specialist, (b) (4)
(b) (4)

**Referrals**

| Org Name | HHS Mail Code |
|----------|---------------|

There are no Cosmetics details for this Complaint.
There are no Adverse Event details for this Complaint.

**Related Complaints**

<<Bates Number MMAD#6#1>>

(b) (4) ; she provided the manufacturer information

## Complaint Symptoms

| Sympton | System Affected | Onset Time | Duration | Remarks |
|---|---|---|---|---|
| Vomiting | GASTROINTESTINAL | 1 Hours | 24 Hours | developed nausea and vomitting within one hour and lasting approximately 24 hours |
| Diarrhea | GASTROINTESTINAL | 1 Hours | 24 Hours | developed diarrhea one hour lasting 24 hours |
| Abdominal cramps | GASTROINTESTINAL | Immediate | 24 Hours | Gas and stomach pain thirty minutes after consuming milk and cereal |

### Health Care Professional

| Provider Name | Address | | Phone | Occupation |
|---|---|---|---|---|

### Hospital Information

| Hospital Name | Address | | Phone | Dates of Stay |
|---|---|---|---|---|

### Emergency Room/Outpatient Visit

| Hospital Name | Address | | Phone | ER Date |
|---|---|---|---|---|

### Product and Labeling

| Brand Name | Product Name | Product Code | Product Description | PAC | UPC Code |
|---|---|---|---|---|---|
| (b) (4) | (b) (4) | 05YFE99 | Cereal Preparations Not Elsewhere Mentioned, N.E.C.;Paper;Commercially Sterile | 03R801 | 0160001564 32 |

| Qty / Unit / Package | Lot/ Serial # | Exp/Use by Date | Purchase Date | Product Used | Amount Consumed/Used |
|---|---|---|---|---|---|
| 32 Ounces Box | (b) (4) | 09/02/2023 | October18, 2022 | Yes | |

| Date Used | Date Discontinued | Amount Remained | Imported Product? | Country of Origin | Label Remarks |
|---|---|---|---|---|---|
| | | | No | United States | |

### Retail

**Problem Ingredient Group**

| Name | Address |
|---|---|
| (b) (4) SuperMarket | (b) (4) |

**Date:** 03/01/2023          **Page:** 2 of 4

| | Complaint #177322 |
|---|---|

## COMPLAINTS FOLLOW - UP

### Grouped Follow - Up Operations

| Operation Id | Operation Code | Assignment Number | Accomplishing Organization | Performing Organization | Sample Number | PAF | Status | Status Date |
|---|---|---|---|---|---|---|---|---|

There are no Follow Up Operations related to this complaint.

### Disposition Summary

| Is Consumer Responsible? | Responsible FEI | Address | | Name | | | Firm Type | |
|---|---|---|---|---|---|---|---|---|

**Follow-Up Disposition**　　　**Disposition Made By**　　　**Disposition Date**

**Disposition Remarks**

### Follow-Up Sent To

**Organization Name**　　　　　　**HHS Mail Code**

**Date:** 03/01/2023　　　　　**Page:** 4 of 4

<<Bates Number MMAD#6#1>>

**Exhibit G**

**Exhibit 6**



1470 Brummel Ave
Elk Grove Village, IL 60007

www.creative-werks.com
630.860.2222

## Notice of Suspension

October 26, 2022

Mary Madison
Quality Regulatory Manager
Via Hand Delivery

Dear Mary,

This letter is to inform you that you are being placed on a paid suspension effective immediately. This suspension will last until a full investigation into the statements made in your report and during your conversation with Steve Schroeder on Friday, October 21, 2022 can be fully completed. This review will be conducted by an outside attorney and Human Resources will make the introduction when the time comes.

During your suspension you will be paid at your regular rate of pay and have access to benefits. You will not have access to any IT systems or the building until the investigation is complete.

If you have further questions, please reach out the HR team as needed.

Thank you,

Gretchen LeMay
Head of People



**Exhibit 8**

---

## Mary Madison: Statement; Risk Analysis and Personnel File Requests
1 message

---

**Craig R. Thorstenson** <CThorstenson@fordharrison.com>
To: Jordan Hoffman <jthoffmanlaw@gmail.com>

Fri, Jan 20, 2023 at 9:53 AM

Hi Jordan

I've asked Creative Werks to pull together Madison's personnel file and will provide them to you. She specifically asks for the investigation findings in her request. We will not be providing any investigation report or findings because they are subject to the attorney client privilege.

[Quoted text hidden]

*ATTORNEY WORK PRODUCT - PRIVILEGED & CONFIDENTIAL*

The information contained in this message from Ford & Harrison LLP and any attachments are privileged and confidential and intended only for the named recipient(s). If you have received this message in error, you are prohibited from reviewing, copying, distributing or using the information. Please contact the sender immediately by return email and delete the original message and attachments. In the absence of an executed engagement letter or fee contract, no attorney client relationship is established by this communication.

<<Bates Number MMAD#6#1>>



## Mary Madison: Statement; Risk Analysis and Personnel File Requests
1 message

**Jordan Hoffman** <jthoffmanlaw@gmail.com>                                           Fri, Jan 20, 2023 at 10:59 AM
To: Craig R. Thorstenson <CThorstenson@fordharrison.com>

Good morning, Craig. Thank you for your response. Surely, the attorney-client privilege doesn't extend to the in-house communications between the decision makers that are in Ms. Madison's file relative to Creative Werk's preliminary investigation that lead to her suspension.

Jordan

The Law Office of
Jordan T. Hoffman, P.C.
2711 East New York St., Suite 205
Aurora, IL 60502
888.958.4529 Phone and Facsimile
jthoffmanlaw@gmail.com

*"Balancing the Scales of Justice"*

www.attyjthoffman.com

- CONFIDENTIALITY NOTICE: The information contained in this communication is confidential, may be attorney-client privileged or attorney work product, may constitute inside information or internal deliberative staff communication, and is intended only for the use of the addressee. Unauthorized use, disclosure or copying of this communication or any part thereof is strictly prohibited and may be unlawful. If you have received this communication in error, please notify the sender immediately by return e-mail and destroy this communication and all copies thereof, including all attachments. Receipt by an unintended recipient does not waive attorney-client privilege, attorney work product privilege, or any other exemption from disclosure.

[Quoted text hidden]

<<Bates Number MMAD#6#1>>

 **Mary Madison <assist2law@gmail.com>**

## Attorney Interview- Tomorrow
18 messages

**Gretchen LeMay** <glemay@cwerksglobal.com>                                    Tue, Nov 1, 2022 at 8:42 AM
To: "assist2law@gmail.com" <assist2law@gmail.com>

Mary

Our outside counsel will be interviewing you in person tomorrow to discuss your report.  Please find the pertinent
information below and confirm back via email that you have received this information.

**Date & Time: Wednesday, November 2 at 10am CST**

**Where: Law Office of Ford Harrison**

> **180 N. Stetson Ave**
>
> **Suite 1660**
>
> **Chicago, IL**

**Who: Kimberly Ross**

The law office is in the Prudential Plaza building.  You will enter the building on Randolph and take the escalator to the
front desk where you will check in and get a pass.  You will need your ID.

Please confirm that you have received this email and if you have any further questions.

Thank you,

Gretchen



### Gretchen LeMay

Head of People / Corporate Vice President

1470 Brummel Ave,
Elk Grove Village, IL 60007
630-422-3587 *(office)*
creative-werks.com 

Complex packaging solutions with speed and peace of mind 

---

**Gretchen LeMay** <glemay@cwerksglobal.com>                    Tue, Nov 1, 2022 at 4:40 PM
To: "assist2law@gmail.com" <assist2law@gmail.com>

Mary

Following up on this email to confirm that you received it.  I also left a voicemail on both phone numbers that you provided in system.

Thank you,

Gretchen



**Gretchen LeMay**
Head of People / Corporate Vice President

1470 Brummel Ave,
Elk Grove Village, IL 60007
630-422-3587 *(office)*
creative-werks.com   

Complex packaging solutions with speed and peace of mind

[Quoted text hidden]

---

**Mary Madison** <assist2law@gmail.com>                    Wed, Nov 2, 2022 at 2:13 AM
To: Gretchen LeMay <glemay@cwerksglobal.com>

Good day Ms. LeMay

I am in receipt of your 4:40 pm email and voice mail, of November 1, 2022, regarding an interview with the company's outside counsel on November 2, 2022.  When you, Wendy and I last spoke on Wednesday, October 26, 2022, you indicated that I was being suspended for the conversation that I had with Mr. Schroder on Friday, October 21, 2022.

When I asked why I was being suspended, you indicated that you conducted an investigation that concluded that the issues raised in the risk assessment that I prepared, as the quality regulatory manager, for Mr. Schroder were totally unfounded.

In seeking to better understand the scope of the investigation, I repeatedly asked what the investigation entailed.  Each time, you declined to share any information including what those findings were.  It was after those requests that you stated that you reviewed my emails and I had also violated a company policy by allegedly sending company property to an outside email address, as a further reason for my suspension.  In seeking further clarification, regarding sending company property to an outside email, I asked you a couple of times what was sent?  You stated it was something related to the Dunkaroo's account. To which, I categorically deny such an action.  You also cited my assertion in the risk assessment that the company had made false statements as the main contributing factor for my suspension.

In support of my contentions, I offered you a report that underscored issues raised in the risk assessment; which, in my opinion, would have brought clarity to the situation.  However, you refused to review it and further suggested that I present it to the outside counsel.  As such, the adverse employment decision to discipline me with suspension was made without affording me an opportunity to participate in the investigation.

After careful consideration and my inability to reconcile the purpose for speaking with outside legal counsel, I believe that I too need legal counsel when I speak with the company's outside counsel. In light of the circumstances, the discipline against me suggests, I need legal counsel to protect my interest.

Further, being suspended feels more like a punishment for raising issues relative to non-compliance.  In my opinion, this goes against the very spirit of the purported open door policy and transparency mantra of "see something say something" that is touted in this organization. I believe this discipline goes against the purpose for which I was hired.

As a direct result of not understanding this process and my desire to protect my interest and rights, I am exercising my right to have legal counsel present during this interview.  Further, you stated that you would be in contact with me within a day or so to arrange this meeting.  However, almost a week later contact is made for a next day appointment.  Due to this short notice, I will need time to arrange for my counsel's availability for any meeting with the company's outside counsel.

Thank you for your time, consideration and assistance in this matter.

Mary Madison

[Quoted text hidden]

---

**Gretchen LeMay** <glemay@cwerksglobal.com>                                    Wed, Nov 2, 2022 at 7:13 AM
To: Mary Madison <assist2law@gmail.com>

Mary

Your below email does not correctly recap the conversation we had last week.  You were suspended pending the results of an investigation that included an interview that needed to happen with you which is scheduled for this morning.  For an internal matter employees do not need or require counsel to be present.

Given that you are on a paid suspension there should be no reason that you cannot meet with Kim as scheduled this morning.


Thank you,




**Gretchen LeMay**
Head of People / Corporate Vice President

1470 Brummel Ave,
Elk Grove Village, IL 60007
630-422-3587 *(office)*

creative-werks.com   


Complex packaging solutions with speed and peace of mind 🎁

---

**From:** Mary Madison <assist2law@gmail.com>
**Sent:** Wednesday, November 2, 2022 2:13 AM
**To:** Gretchen LeMay <glemay@cwerksglobal.com>
**Subject:** Re: Attorney Interview- Tomorrow

> CAUTION: This email originated from outside of the organization. Do not click links or open attachments unless you recognize the sender and know the content is safe.

[Quoted text hidden]

---

**Mary Madison** <assist2law@gmail.com>                           Wed, Nov 2, 2022 at 11:17 AM
To: Gretchen LeMay <glemay@cwerksglobal.com>

Good day Ms. LeMay

I have no problem following up with you or anyone else in regards to the risk assessment prepared and submitted to Mr. Schroeder on October 21, 2022. However, the rub is the circumstances that surround the matter.

Moreover, the email you are referencing, as an incorrect interpretation based upon your interpretation, is my interpretation of what you stated to me during our meeting October 26, 2022. Further, I am certain that it was my understanding that you stated that you had conducted an investigation that conclusively found my risk assessment(s) unfounded prompting my suspension. Based upon those findings you indicated that it warranted a need to get outside counsel involved.

I am alarmingly concerned as you reference this matter as an internal matter that is now using external resources presumably for the protection of the company's interest. Further, it is hard and difficult for me to look at the actions taken against me and the conversations that I have had relative to this matter and not logically deduce that: 1) my risk assessments were not received as correct and that; 2) there was something that was identified by you and others that supported the fact I allegedly committed some type of malfeasance to warrant such a drastic measure of suspension. Further, at no time could you provide me with those relevant details.

Contrarily, if my interpretation is not correct, then am I to understand that there was no investigation that led up to me being suspended?

Again, I have no problem defending the risk identified. However, the conversation that I had with you, the actions taken against me and involvement of outside counsel leads me to believe otherwise. I contend that based upon these circumstances and inconsistencies, I require legal representation, when I speak to the outside counsel, whose recommendations and findings will be used as a determinative factor in this matter.

Thank you for your time and assistance in this matter.

Mary Madison

[Quoted text hidden]

---

**Gretchen LeMay** <glemay@cwerksglobal.com>                    Thu, Nov 3, 2022 at 8:35 AM
To: Mary Madison <assist2law@gmail.com>

Hi Mary,


I'm not going to debate what your interpretation or understanding is of our prior conversation. The fact is that we have an ongoing investigation, the company has retained an outside investigator, and the investigator would like to meet with you to gather information.


While we don't typically allow an employee to have counsel present during a company investigation, we will make an exception in this situation because we want to make sure you have an opportunity to provide information so that the investigator has that information as part of her findings. Please understand that your counsel will not be allowed to interfere with the interview but may be present if you like.


Since you are still being paid while not working as the investigation proceeds, we would like you to meet with the investigator as soon as possible. Please provide your counsel's availability to me today so that we can arrange for the meeting.


Thank you,

Gretchen




**Gretchen LeMay**
Head of People / Corporate Vice President

1470 Brummel Ave,
Elk Grove Village, IL 60007
630-422-3587 *(office)*
creative-werks.com    

Complex packaging solutions with speed and peace of mind 

[Quoted text hidden]

---

**Mary Madison** <assist2law@gmail.com>                    Fri, Nov 4, 2022 at 8:21 AM
To: Gretchen LeMay <glemay@cwerksglobal.com>

Good day Ms. LeMay,

I am awaiting a return call and will forward you that information up receipt.

Thank you for your time and assistance in this matter.

Respectfully
Mary Madison
[Quoted text hidden]

---

**Mary Madison** <assist2law@gmail.com>                    Mon, Nov 7, 2022 at 7:38 AM
To: Gretchen LeMay <glemay@cwerksglobal.com>

Good day Ms. LeMay

I will have counselor's availability this afternoon and will provide it at that time.

Best Regards
Mary Madison
[Quoted text hidden]

---

**Mary Madison** <assist2law@gmail.com>                    Mon, Nov 7, 2022 at 5:02 PM
To: Gretchen LeMay <glemay@cwerksglobal.com>

Good day Ms. LeMay,

As promised here is the counselor's availability.

1:00 pm-2:00 pm on 11.18.2022
2:00 pm-3:00 pm on 11.29.2022
12:00 pm-1:00 pm on 11.30.2022

Further, I am requesting a copy of my entire personnel file under the Illinois personnel Review Act.

Thank you for your time and assistance in these matters.

Best regards,
Mary Madison
[Quoted text hidden]

---

**Gretchen LeMay** <glemay@cwerksglobal.com>               Tue, Nov 8, 2022 at 1:21 PM
To: Mary Madison <assist2law@gmail.com>

Mary

Per your request, attached please find a zip file that contains your onboarding documents that you completed prior to your employment along with your suspension letter.

Thank you for providing your counsel's availability. Unfortunately, that will not be a long enough window of time to conduct the investigation as our outside counsel estimates needing 3-4 hours to speak with you.

We have been trying to have this meeting for over a week while you have been on paid suspension. Our counsel was prepared to meet with you promptly last week, but you did not show up for the meeting. Please speak with your counsel and provide availability for 3-4 hours to meet with our investigator. Until that meeting takes place you will be put on unpaid suspension. We will not continue to pay you while delays on your part remain. You will be paid through today and for any time spent meeting with our investigator.

Thank you,

Gretchen



**Gretchen LeMay**
Head of People / Corporate Vice President

1470 Brummel Ave,
Elk Grove Village, IL 60007
630-422-3587 *(office)*
creative-werks.com   

Complex packaging solutions with speed and peace of mind 📦

---

**From:** Mary Madison <assist2law@gmail.com>
**Sent:** Monday, November 7, 2022 5:03 PM
**To:** Gretchen LeMay <glemay@cwerksglobal.com>
**Subject:** Re: Attorney Interview- Tomorrow

CAUTION: This email originated from outside of the organization. Do not click links or open attachments unless you recognize the sender and know the content is safe.

Good day Ms. LeMay,

As promised here is the counselor's availability.

1:00 pm-2:00 pm on 11.18.2022

2:00 pm-3:00 pm on 11.29.2022

12:00 pm-1:00 pm on 11.30.2022

Further, I am requesting a copy of my entire personnel file under the Illinois personnel Review Act.

Thank you for your time and assistance in these matters.

Best regards,

Mary Madison

On Mon, Nov 7, 2022 at 7:38 AM Mary Madison <assist2law@gmail.com> wrote:

> Good day Ms. LeMay
>
> I will have counselor's availability this afternoon and will provide it at that time.
>
> Best Regards
> Mary Madison
>
> On Fri, Nov 4, 2022, 8:21 AM Mary Madison <assist2law@gmail.com> wrote:
>
>> Good day Ms. LeMay,
>>
>> I am awaiting a return call and will forward you that information up receipt.
>>
>> Thank you for your time and assistance in this matter.
>>
>> Respectfully
>> Mary Madison
>>
>> On Thu, Nov 3, 2022 at 8:36 AM Gretchen LeMay <glemay@cwerksglobal.com> wrote:

Hi Mary,

I'm not going to debate what your interpretation or understanding is of our prior conversation. The fact is that we have an ongoing investigation, the company has retained an outside investigator, and the investigator would like to meet with you to gather information.

While we don't typically allow an employee to have counsel present during a company investigation, we will make an exception in this situation because we want to make sure you have an opportunity to provide information so that the investigator has that information as part of her findings. Please understand that your counsel will not be allowed to interfere with the interview but may be present if you like.

Since you are still being paid while not working as the investigation proceeds, we would like you to meet with the investigator as soon as possible. Please provide your counsel's availability to me today so that we can arrange for the meeting.

Thank you,

Gretchen



**Gretchen LeMay**
Head of People / Corporate Vice President

1470 Brummel Ave,
Elk Grove Village, IL 60007
630-422-3587 *(office)*
creative-werks.com   

Complex packaging solutions with speed and peace of mind 🎁

---

**From:** Mary Madison <assist2law@gmail.com>
**Sent:** Wednesday, November 2, 2022 11:17 AM
**To:** Gretchen LeMay <glemay@cwerksglobal.com>
**Subject:** Re: Attorney Interview- Tomorrow

┌──────────────────────────────────────────────────────────────────────────────┐
│ **CAUTION:** This email originated from outside of the organization. Do not click links or open attachments unless │
│ you recognize the sender and know the content is safe. │
└──────────────────────────────────────────────────────────────────────────────┘

Good day Ms. LeMay

I have no problem following up with you or anyone else in regards to the risk assessment prepared and submitted to Mr. Schroeder on October 21, 2022.  However, the rub is the circumstances that surround the matter.

Moreover, the email you are referencing, as an incorrect interpretation based upon your interpretation, is my interpretation of what you stated to me during our meeting October 26, 2022.  Further, I am certain that it was my understanding that you stated that you had conducted an investigation that conclusively found my risk assessment(s) unfounded prompting my suspension. Based upon those findings you indicated that it warranted a need to get outside counsel involved.

I am alarmingly concerned as you reference this matter as an internal matter that is now using external resources presumably for the protection of the company's interest.  Further, it is hard and difficult for me to look at the actions taken against me and the conversations that I have had relative to this matter and not logically deduce that: 1) my risk assessments were not received as correct and that; 2) there was something that was identified by you and others that supported the fact I allegedly committed some type of malfeasance to warrant such a drastic measure of suspension.  Further, at no time could you provide me with those relevant details.

Contrarily, if my interpretation is not correct, then am I to understand that there was no investigation that led up to me being suspended?

Again, I have no problem defending the risk identified.  However, the conversation that I had with you, the actions taken against me and involvement of outside counsel leads me to believe otherwise.  I contend that based upon these circumstances and inconsistencies, I require legal representation, when I speak to the outside counsel, whose recommendations and findings will be used as a determinative factor in this matter.

Thank you for your time and assistance in this matter.

Mary Madison

On Wed, Nov 2, 2022 at 7:14 AM Gretchen LeMay <glemay@cwerksglobal.com> wrote:

> Mary
>
> Your below email does not correctly recap the conversation we had last week.  You were suspended pending the results of an investigation that included an interview that needed to happen with you which is scheduled for this morning.  For an internal matter employees do not need or require counsel to be present.

Given that you are on a paid suspension there should be no reason that you cannot meet with Kim as scheduled this morning.

Thank you,



**Gretchen LeMay**

Head of People / Corporate Vice President

1470 Brummel Ave,
Elk Grove Village, IL 60007
630-422-3587 *(office)*
creative-werks.com   

Complex packaging solutions with speed and peace of mind 🎁

---

**From:** Mary Madison <assist2law@gmail.com>
**Sent:** Wednesday, November 2, 2022 2:13 AM
**To:** Gretchen LeMay <glemay@cwerksglobal.com>
**Subject:** Re: Attorney Interview- Tomorrow

CAUTION: This email originated from outside of the organization. Do not click links or open attachments unless you recognize the sender and know the content is safe.

Good day Ms. LeMay

I am in receipt of your 4:40 pm email and voice mail, of November 1, 2022, regarding an interview with the company's outside counsel on November 2, 2022. When you, Wendy and I last spoke on Wednesday, October 26, 2022, you indicated that I was being suspended for the conversation that I had with Mr. Schroder on Friday, October 21, 2022.

When I asked why I was being suspended, you indicated that you conducted an investigation that concluded that the issues raised in the risk assessment that I prepared, as the quality regulatory manager, for Mr. Schroder were totally unfounded.

In seeking to better understand the scope of the investigation, I repeatedly asked what the investigation entailed. Each time, you declined to share any information including what those findings were. It was after

those requests that you stated that you reviewed my emails and I had also violated a company policy by allegedly sending company property to an outside email address, as a further reason for my suspension.  In seeking further clarification, regarding sending company property to an outside email, I asked you a couple of times what was sent? You stated it was something related to the Dunkaroo's account. To which, I categorically deny such an action.  You also cited my assertion in the risk assessment that the company had made false statements as the main contributing factor for my suspension.

In support of my contentions, I offered you a report that underscored issues raised in the risk assessment; which, in my opinion, would have brought clarity to the situation.  However, you refused to review it and further suggested that I present it to the outside counsel.  As such, the adverse employment decision to discipline me with suspension was made without affording me an opportunity to participate in the investigation.

After careful consideration and my inability to reconcile the purpose for speaking with outside legal counsel, I believe that I too need legal counsel when I speak with the company's outside counsel. In light of the circumstances, the discipline against me suggests, I need legal counsel to protect my interest.

Further, being suspended feels more like a punishment for raising issues relative to non-compliance.  In my opinion, this goes against the very spirit of the purported open door policy and transparency mantra of "see something say something" that is touted in this organization. I believe this discipline goes against the purpose for which I was hired.

As a direct result of not understanding this process and my desire to protect my interest and rights, I am exercising my right to have legal counsel present during this interview.  Further, you stated that you would be in contact with me within a day or so to arrange this meeting.  However, almost a week later contact is made for a next day appointment.  Due to this short notice, I will need time to arrange for my counsel's availability for any meeting with the company's outside counsel.

Thank you for your time, consideration and assistance in this matter.

Mary Madison

On Tue, Nov 1, 2022 at 4:40 PM Gretchen LeMay <glemay@cwerksglobal.com> wrote:

> Mary
>
> Following up on this email to confirm that you received it.  I also left a voicemail on both phone numbers that you provided in system.
>
> Thank you,
>
> Gretchen



**Gretchen LeMay**

Head of People / Corporate Vice President

1470 Brummel Ave,
Elk Grove Village, IL 60007
630-422-3587 *(office)*
creative-werks.com   

Complex packaging solutions with speed and peace of mind 🎁

---

**From:** Gretchen LeMay
**Sent:** Tuesday, November 1, 2022 8:42 AM
**To:** assist2law@gmail.com
**Subject:** Attorney Interview- Tomorrow
**Importance:** High


Mary


Our outside counsel will be interviewing you in person tomorrow to discuss your report.  Please find the pertinent information below and confirm back via email that you have received this information.


**Date & Time: Wednesday, November 2 at 10am CST**

**Where: Law Office of Ford Harrison**

> **180 N. Stetson Ave**
>
> **Suite 1660**
>
> **Chicago, IL**

**Who: Kimberly Ross**


The law office is in the Prudential Plaza building.  You will enter the building on Randolph and take the escalator to the front desk where you will check in and get a pass.  You will need your ID.


Please confirm that you have received this email and if you have any further questions.


Thank you,

Gretchen



**M. Madison E-File.zip**
2157K

---

**Mary Madison** <assist2law@gmail.com>                    Thu, Nov 10, 2022 at 9:50 AM
To: Gretchen LeMay <glemay@cwerksglobal.com>

Good day Ms. LeMay

Thank you for your response.

Please confirm that no documents, notes etc... have been omitted from my employee file that you sent. i.e. the file includes all documents to date related to my employment at Creative Werks.

Also, in respect to the attorney interview, this is the first mention of a time frame of 3-4 hours that was to be applied to my "interview" with the company's attorney.

I had no way of knowing the particulars just articulated to me; therefore, I was unable to articulate those details to the counselor.

Further, just to be clear, it was not my wish nor desire to have such an adverse employment action of suspension taken against me for raising operational risk/non-compliance issues to the company- Assessments that are within the scope of my employment as the Quality Regulatory Manager.

The actions taken against me were swift, punitive and harsh given the fact that no one ever took the time to speak with me for further clarification of the risks and non-compliances identified in the report dated October 20, 2022, after it was reviewed.

Nor, during the time I was being informed of my suspension, was anyone willing to review the supporting evidence that I offered during that time to underscore and corroborate the analysis.

I categorically deny that I did not show up for the interview with Creative Werks legal counsel, but assert that I was not given proper notice. The disconnect to this scenario is that I was not informed, made apprised or became aware of the "interview" until several hours prior to the "interview," when I received your voicemail. Contrarily, you indicated to me on the day of my suspension that you would be in contact with me in a couple of days. A couple of days turned into almost a week.

Further, based upon the adverse employment actions taken and; the continued actions taken against me and; the ever changing conditions of the circumstances, I exerted my rights to legal counsel.

Further, it seems as if I am again being punished for protecting my legal rights after suffering the initial adverse employment action.

Further, the conduct and actions surrounding your decision to allow me to have legal counsel seems quite disingenuous and somewhat contrived. Based upon the information that you provided, to me regarding the matter and the "interview," I passed that along to the counselor. Based upon that information, the counselor

allotted the time.   Failing to provide me such pertinent details as to the slated length of time of 3-4 hours for the "interview" among other things is telling.  Additionally, couching it as an "interview" is also misleading and telling based upon the current information provided; making it seem more akin to a grilling session or a subsequent remedial measure to contrive reasons to support the adverse employment actions already taken against me for raising operational risk/noncompliance issues within the scope of my employment.

Furthermore, the logic surrounding this "interview" is flawed; especially, where you purport that this interview will help to better understand the issues raised in the risk analysis and further the investigation.  Specifically, the logic is flawed surrounding bringing in a 3rd party, for as you previously stated an internal matter, who is further removed from the operational and regulatory scope of your business, intervenes to help you understand the gaps in Creative Werks operation that lead to the business risks and non-compliances identified.  Secondly, failing to share or apprise me of your findings, in your conclusive investigation that contravened or contradicted my assertions that led to this interview is also telling.  Additionally, this type of tactic could be disadvantageous in shoring up the gaps in understanding and learning about the issues raised and identified.  Last, but not least, if I had only been asked or involved in the investigation, I could have simply pointed you the FDA website that addresses most of the issues surrounding the circumstances.

I further contend that there probably would have been an issue raised by you to support your decision to further punish me by implementing further adverse employment actions upon me.  I further assert and contend that these actions and adverse employment decisions are harassive and retaliatory in nature.

Again, I am fully able and willing to speak with anyone to defend the position taken in the risk analysis.

I will reach out and obtain a time that can accommodate that time frame.

Thank you kindly for your time and assistance in this matter.

Respectfully
Mary Madison
[Quoted text hidden]

---

**10 attachments**



**logo-160x68.png**
10K

**facebook.png**
1K

**instagram.png**
2K

**linkedin.png**
1K

**twitter.png**
1K



**image001.png**
10K



**image002.png**
1K

**image003.png**
2K

**image004.png**
1K

**image005.png**
1K

---

**Gretchen LeMay** <glemay@cwerksglobal.com>                                    Fri, Nov 11, 2022 at 11:03 AM
To: Mary Madison <assist2law@gmail.com>

Mary,

I am not going to engage in lengthy debate by email except to say that I disagree with almost everything you state in your email.

The company has provided you with all the documents you are entitled to under the Illinois Personnel Records Review Act.

I also am confirming that your interview is expected to take approximately 3-4 hours. Please provide availability at your earliest opportunity.

Thank you,



**Gretchen LeMay**
Head of People / Corporate Vice President

1470 Brummel Ave,
Elk Grove Village, IL 60007
630-422-3587 *(office)*
creative-werks.com  

---

Complex packaging solutions with speed and peace of mind 🎁

**From:** Mary Madison <assist2law@gmail.com>
**Sent:** Thursday, November 10, 2022 9:50 AM
**To:** Gretchen LeMay <glemay@cwerksglobal.com>
**Subject:** Re: Attorney Interview- Tomorrow

---

> CAUTION: This email originated from outside of the organization. Do not click links or open attachments unless you recognize the sender and know the content is safe.

---

Good day Ms. LeMay

Thank you for your response.

Please confirm that no documents, notes etc... have been omitted from my employee file that you sent. i.e. the file includes all documents to date related to my employment at Creative Werks.

Also, in respect to the attorney interview, this is the first mention of a time frame of 3-4 hours that was to be applied to my "interview" with the company's attorney.

I had no way of knowing the particulars just articulated to me; therefore, I was unable to articulate those details to the counselor.

Further, just to be clear, it was not my wish nor desire to have such an adverse employment action of suspension taken against me for raising operational risk/non-compliance issues to the company- Assessments that are within the scope of my employment as the Quality Regulatory Manager.

The actions taken against me were swift, punitive and harsh given the fact that no one ever took the time to speak with me for further clarification of the risks and non-compliances identified in the report dated October 20, 2022, after it was reviewed.

Nor, during the time I was being informed of my suspension, was anyone willing to review the supporting evidence that I offered during that time to underscore and corroborate the analysis.

I categorically deny that I did not show up for the interview with Creative Werks legal counsel, but assert that I was not given proper notice. The disconnect to this scenario is that I was not informed, made apprised or became aware of the "interview" until several hours prior to the "interview," when I received your voicemail.

Contrarily, you indicated to me on the day of my suspension that you would be in contact with me in a couple of days. A couple of days turned into almost a week.

Further, based upon the adverse employment actions taken and; the continued actions taken against me and; the ever changing conditions of the circumstances, I exerted my rights to legal counsel.

Further, it seems as if I am again being punished for protecting my legal rights after suffering the initial adverse employment action.

Further, the conduct and actions surrounding your decision to allow me to have legal counsel seems quite disingenuous and somewhat contrived. Based upon the information that you provided, to me regarding the matter and the "interview," I passed that along to the counselor. Based upon that information, the counselor allotted the time. Failing to provide me such pertinent details as to the slated length of time of 3-4 hours for the "interview" among other things is telling. Additionally, couching it as an "interview" is also misleading and telling based upon the current information provided; making it seem more akin to a grilling session or a subsequent remedial measure to contrive reasons to support the adverse employment actions already taken against me for raising operational risk/noncompliance issues within the scope of my employment.

Furthermore, the logic surrounding this "interview" is flawed; especially, where you purport that this interview will help to better understand the issues raised in the risk analysis and further the investigation. Specifically, the logic is flawed surrounding bringing in a 3rd party, for as you previously stated an internal matter, who is further removed from the operational and regulatory scope of your business, intervenes to help you understand the gaps in Creative Werks operation that lead to the business risks and non-compliances identified. Secondly, failing to share or apprise me of your findings, in your conclusive investigation that contravened or contradicted my assertions that led to this interview is also telling. Additionally, this type of tactic could be disadvantageous in shoring up the gaps in understanding and learning about the issues raised and identified. Last, but not least, if I had only been asked or involved in the investigation, I could have simply pointed you the FDA website that addresses most of the issues surrounding the circumstances.

I further contend that there probably would have been an issue raised by you to support your decision to further punish me by implementing further adverse employment actions upon me. I further assert and contend that these actions and adverse employment decisions are harassive and retaliatory in nature.

Again, I am fully able and willing to speak with anyone to defend the position taken in the risk analysis.

I will reach out and obtain a time that can accommodate that time frame.

Thank you kindly for your time and assistance in this matter.

Respectfully

Mary Madison


On Tue, Nov 8, 2022, 1:21 PM Gretchen LeMay <glemay@cwerksglobal.com> wrote:

Mary


Per your request, attached please find a zip file that contains your onboarding documents that you completed prior to your employment along with your suspension letter.


Thank you for providing your counsel's availability. Unfortunately, that will not be a long enough window of time to conduct the investigation as our outside counsel estimates needing 3-4 hours to speak with you.


We have been trying to have this meeting for over a week while you have been on paid suspension. Our counsel was prepared to meet with you promptly last week, but you did not show up for the meeting. Please speak with your counsel and provide availability for 3-4 hours to meet with our investigator. Until that meeting takes place you will be put on unpaid suspension. We will not continue to pay you while delays on your part remain. You will be paid through today and for any time spent meeting with our investigator.


Thank you,

Gretchen




**Gretchen LeMay**

Head of People / Corporate Vice President

1470 Brummel Ave,
Elk Grove Village, IL 60007

630-422-3587 *(office)*

creative-werks.com   


Complex packaging solutions with speed and peace of mind 👑

**From:** Mary Madison <assist2law@gmail.com>
**Sent:** Monday, November 7, 2022 5:03 PM
**To:** Gretchen LeMay <glemay@cwerksglobal.com>
**Subject:** Re: Attorney Interview- Tomorrow

> **CAUTION:** This email originated from outside of the organization. Do not click links or open attachments unless you recognize the sender and know the content is safe.

Good day Ms. LeMay,

As promised here is the counselor's availability.

1:00 pm-2:00 pm on 11.18.2022

2:00 pm-3:00 pm on 11.29.2022

12:00 pm-1:00 pm on 11.30.2022

Further, I am requesting a copy of my entire personnel file under the Illinois personnel Review Act.

Thank you for your time and assistance in these matters.

Best regards,

Mary Madison

On Mon, Nov 7, 2022 at 7:38 AM Mary Madison <assist2law@gmail.com> wrote:

Good day Ms. LeMay

I will have counselor's availability this afternoon and will provide it at that time.

Best Regards

Mary Madison

On Fri, Nov 4, 2022, 8:21 AM Mary Madison <assist2law@gmail.com> wrote:

Good day Ms. LeMay,

I am awaiting a return call and will forward you that information up receipt.

Thank you for your time and assistance in this matter.

Respectfully

Mary Madison

On Thu, Nov 3, 2022 at 8:36 AM Gretchen LeMay <glemay@cwerksglobal.com> wrote:

> Hi Mary,
>
> I'm not going to debate what your interpretation or understanding is of our prior conversation. The fact is that we have an ongoing investigation, the company has retained an outside investigator, and the investigator would like to meet with you to gather information.
>
> While we don't typically allow an employee to have counsel present during a company investigation, we will make an exception in this situation because we want to make sure you have an opportunity to provide information so that the investigator has that information as part of her findings. Please understand that your counsel will not be allowed to interfere with the interview but may be present if you like.
>
> Since you are still being paid while not working as the investigation proceeds, we would like you to meet with the investigator as soon as possible. Please provide your counsel's availability to me today so that we can arrange for the meeting.
>
> Thank you,
>
> Gretchen

**Gretchen LeMay**

Head of People / Corporate Vice President

1470 Brummel Ave,
Elk Grove Village, IL 60007

630-422-3587 *(office)*

creative-werks.com

Complex packaging solutions with speed and peace of mind 

---

**From:** Mary Madison <assist2law@gmail.com>
**Sent:** Wednesday, November 2, 2022 11:17 AM
**To:** Gretchen LeMay <glemay@cwerksglobal.com>
**Subject:** Re: Attorney Interview- Tomorrow

> **CAUTION:** This email originated from outside of the organization. Do not click links or open attachments unless you recognize the sender and know the content is safe.

Good day Ms. LeMay

I have no problem following up with you or anyone else in regards to the risk assessment prepared and submitted to Mr. Schroeder on October 21, 2022. However, the rub is the circumstances that surround the matter.

Moreover, the email you are referencing, as an incorrect interpretation based upon your interpretation, is my interpretation of what you stated to me during our meeting October 26, 2022. Further, I am certain that it was my understanding that you stated that you had conducted an investigation that conclusively found my risk assessment(s) unfounded prompting my suspension. Based upon those findings you indicated that it warranted a need to get outside counsel involved.

I am alarmingly concerned as you reference this matter as an internal matter that is now using external resources presumably for the protection of the company's interest. Further, it is hard and difficult for me to look at the actions taken against me and the conversations that I have had relative to this matter and not logically deduce that: 1) my risk assessments were not received as correct and that; 2) there was something that was identified by you and others that supported the fact I allegedly committed some type of malfeasance to warrant such a drastic measure of suspension. Further, at no time could you provide me with those relevant details.

Contrarily, if my interpretation is not correct, then am I to understand that there was no investigation that led up to me being suspended?

Again, I have no problem defending the risk identified. However, the conversation that I had with you, the actions taken against me and involvement of outside counsel leads me to believe otherwise. I contend that based upon these circumstances and inconsistencies, I require legal representation, when I speak to the outside counsel, whose recommendations and findings will be used as a determinative factor in this matter.

Thank you for your time and assistance in this matter.

Mary Madison

On Wed, Nov 2, 2022 at 7:14 AM Gretchen LeMay <glemay@cwerksglobal.com> wrote:

> Mary
>
> Your below email does not correctly recap the conversation we had last week. You were suspended pending the results of an investigation that included an interview that needed to happen with you which is scheduled for this morning. For an internal matter employees do not need or require counsel to be present.
>
> Given that you are on a paid suspension there should be no reason that you cannot meet with Kim as scheduled this morning.
>
> Thank you,
>
> **Gretchen LeMay**
> Head of People / Corporate Vice President
>
> 1470 Brummel Ave,
> Elk Grove Village, IL 60007
> 630-422-3587 *(office)*
> creative-werks.com
>
> Complex packaging solutions with speed and peace of mind 🎁
>
> ---
>
> **From:** Mary Madison <assist2law@gmail.com>
> **Sent:** Wednesday, November 2, 2022 2:13 AM
> **To:** Gretchen LeMay <glemay@cwerksglobal.com>
> **Subject:** Re: Attorney Interview- Tomorrow

2/13/24, 12:11 AM

**CAUTION:** This email originated from outside of the organization. Do not click links or open attachments unless you recognize the sender and know the content is safe.

Good day Ms. LeMay

I am in receipt of your 4:40 pm email and voice mail, of November 1, 2022, regarding an interview with the company's outside counsel on November 2, 2022.  When you, Wendy and I last spoke on Wednesday, October 26, 2022, you indicated that I was being suspended for the conversation that I had with Mr. Schroder on Friday, October 21, 2022.

When I asked why I was being suspended, you indicated that you conducted an investigation that concluded that the issues raised in the risk assessment that I prepared, as the quality regulatory manager, for Mr. Schroder were totally unfounded.

In seeking to better understand the scope of the investigation, I repeatedly asked what the investigation entailed.  Each time, you declined to share any information including what those findings were.  It was after those requests that you stated that you reviewed my emails and that I had also violated a company policy by allegedly sending company property to an outside email address, as a further reason for my suspension.  In seeking further clarification, regarding sending company property to an outside email, I asked you a couple of times what was sent? You stated it was something related to the Dunkaroo's account. To which, I categorically deny such an action.  You also cited my assertion in the risk assessment that the company had made false statements as the main contributing factor for my suspension.

In support of my contentions, I offered you a report that underscored issues raised in the risk assessment; which, in my opinion, would have brought clarity to the situation.  However, you refused to review it and further suggested that I present it to the outside counsel.  As such, the adverse employment decision to discipline me with suspension was made without affording me an opportunity to participate in the investigation.

After careful consideration and my inability to reconcile the purpose for speaking with outside legal counsel, I believe that I too need legal counsel when I speak with the company's outside counsel. In light of the circumstances, the discipline against me suggests, I need legal counsel to protect my interest.

Further, being suspended feels more like a punishment for raising issues relative to non-compliance.  In my opinion, this goes against the very spirit of the purported open door policy and transparency mantra of "see something say something" that is touted in this organization. I believe this discipline goes against the purpose for which I was hired.

As a direct result of not understanding this process and my desire to protect my interest and rights, I am exercising my right to have legal counsel present during this interview.  Further, you stated that you would be in contact with me within a day or so to arrange this meeting.  However, almost a week later contact is made for a next day appointment.  Due to this short notice, I will need time to arrange for my counsel's availability for any meeting with the company's outside counsel.

Thank you for your time, consideration and assistance in this matter.

Mary Madison

On Tue, Nov 1, 2022 at 4:40 PM Gretchen LeMay <glemay@cwerksglobal.com> wrote:

Mary

Following up on this email to confirm that you received it. I also left a voicemail on both phone numbers that you provided in system.


Thank you,

Gretchen


**Gretchen LeMay**

Head of People / Corporate Vice President

1470 Brummel Ave,
Elk Grove Village, IL 60007
630-422-3587 *(office)*
creative-werks.com

Complex packaging solutions with speed and peace of mind

---

**From:** Gretchen LeMay
**Sent:** Tuesday, November 1, 2022 8:42 AM
**To:** assist2law@gmail.com
**Subject:** Attorney Interview- Tomorrow
**Importance:** High


Mary


Our outside counsel will be interviewing you in person tomorrow to discuss your report. Please find the pertinent information below and confirm back via email that you have received this information.


**Date & Time: Wednesday, November 2 at 10am CST**

**Where: Law Office of Ford Harrison**

**180 N. Stetson Ave**

**Suite 1660**

Chicago, IL

**Who: Kimberly Ross**

The law office is in the Prudential Plaza building.  You will enter the building on Randolph and take the escalator to the front desk where you will check in and get a pass.  You will need your ID.

Please confirm that you have received this email and if you have any further questions.

Thank you,

Gretchen

---

**Mary Madison** <assist2law@gmail.com>                                          Mon, Nov 14, 2022 at 11:50 AM
To: Kimberly Kidd <kim.teamkidd@gmail.com>

---------- Forwarded message ---------
From: **Gretchen LeMay** <glemay@cwerksglobal.com>
Date: Fri, Nov 11, 2022, 11:03 AM
Subject: RE: Attorney Interview- Tomorrow
To: Mary Madison <assist2law@gmail.com>

Mary,

I am not going to engage in lengthy debate by email except to say that I disagree with almost everything you state in your email.

The company has provided you with all the documents you are entitled to under the Illinois Personnel Records Review Act.

I also am confirming that your interview is expected to take approximately 3-4 hours.  Please provide availability at your earliest opportunity.

Thank you,

**Gretchen LeMay**
Head of People / Corporate Vice President

1470 Brummel Ave,
Elk Grove Village, IL 60007

630-422-3587 *(office)*

creative-werks.com

Complex packaging solutions with speed and peace of mind 👑

---

**From:** Mary Madison <assist2law@gmail.com>
**Sent:** Thursday, November 10, 2022 9:50 AM
**To:** Gretchen LeMay <glemay@cwerksglobal.com>
**Subject:** Re: Attorney Interview- Tomorrow

> CAUTION: This email originated from outside of the organization. Do not click links or open attachments unless you recognize the sender and know the content is safe.

Good day Ms. LeMay

Thank you for your response.

Please confirm that no documents, notes etc... have been omitted from my employee file that you sent. i.e. the file includes all documents to date related to my employment at Creative Werks.

Also, in respect to the attorney interview, this is the first mention of a time frame of 3-4 hours that was to be applied to my "interview" with the company's attorney.

I had no way of knowing the particulars just articulated to me; therefore, I was unable to articulate those details to the counselor.

Further, just to be clear, it was not my wish nor desire to have such an adverse employment action of suspension taken against me for raising operational risk/non-compliance issues to the company- Assessments that are within the scope of my employment as the Quality Regulatory Manager.

The actions taken against me were swift, punitive and harsh given the fact that no one ever took the time to speak with me for further clarification of the risks and non-compliances identified in the report dated October 20, 2022, after it was reviewed.

Nor, during the time I was being informed of my suspension, was anyone willing to review the supporting evidence that I offered during that time to underscore and corroborate the analysis.

I categorically deny that I did not show up for the interview with Creative Werks legal counsel, but assert that I was not given proper notice. The disconnect to this scenario is that I was not informed, made apprised or became aware of the "interview" until several hours prior to the "interview," when I received your voicemail. Contrarily, you indicated to me on the day of my suspension that you would be in contact with me in a couple of days.  A couple of days turned into almost a week.

Further, based upon the adverse employment actions taken and; the continued actions taken against me and; the ever changing conditions of the circumstances, I exerted my rights to legal counsel.

Further, it seems as if I am again being punished for protecting my legal rights after suffering the initial adverse employment action.

Further, the conduct and actions surrounding your decision to allow me to have legal counsel seems quite disingenuous and somewhat contrived.  Based upon the information that you provided, to me regarding the matter and the "interview," I passed that along to the counselor.  Based upon that information, the counselor allotted the time.   Failing to provide me such pertinent details as to the slated length of time of 3-4 hours for the "interview" among other things is telling.  Additionally, couching it as an "interview" is also misleading and telling based upon the current information provided; making it seem more akin to a grilling session or a subsequent remedial measure to contrive reasons to support the adverse employment actions already taken against me for raising operational risk/noncompliance issues within the scope of my employment.

Furthermore, the logic surrounding this "interview" is flawed; especially, where you purport that this interview will help to better understand the issues raised in the risk analysis and further the investigation.  Specifically, the logic is flawed surrounding bringing in a 3rd party, for as you previously stated an internal matter, who is further removed from the operational and regulatory scope of your business, intervenes to help you understand the gaps in Creative Werks operation that lead to the business risks and non-compliances identified.  Secondly, failing to share or apprise me of your findings, in your conclusive investigation that contravened or contradicted my assertions that led to this interview is also telling.  Additionally, this type of tactic could be disadvantageous in shoring up the gaps in understanding and learning about the issues raised and identified.  Last, but not least, if I had only been asked or involved in the investigation, I could have simply pointed you the FDA website that addresses most of the issues surrounding the circumstances.

I further contend that there probably would have been an issue raised by you to support your decision to further punish me by implementing further adverse employment actions upon me. I further assert and contend that these actions and adverse employment decisions are harassive and retaliatory in nature.

Again, I am fully able and willing to speak with anyone to defend the position taken in the risk analysis.

I will reach out and obtain a time that can accommodate that time frame.

Thank you kindly for your time and assistance in this matter.

Respectfully

Mary Madison

On Tue, Nov 8, 2022, 1:21 PM Gretchen LeMay <glemay@cwerksglobal.com> wrote:

Mary

Per your request, attached please find a zip file that contains your onboarding documents that you completed prior to your employment along with your suspension letter.

Thank you for providing your counsel's availability. Unfortunately, that will not be a long enough window of time to conduct the investigation as our outside counsel estimates needing 3-4 hours to speak with you.

We have been trying to have this meeting for over a week while you have been on paid suspension. Our counsel was prepared to meet with you promptly last week, but you did not show up for the meeting. Please speak with your counsel and provide availability for 3-4 hours to meet with our investigator. Until that meeting takes place you will be put on unpaid suspension. We will not continue to pay you while delays on your part remain. You will be paid through today and for any time spent meeting with our investigator.

Thank you,

Gretchen

**Gretchen LeMay**

Head of People / Corporate Vice President

1470 Brummel Ave,
Elk Grove Village, IL 60007

630-422-3587 *(office)*

creative-werks.com

Complex packaging solutions with speed and peace of mind 👑

---

**From:** Mary Madison <assist2law@gmail.com>
**Sent:** Monday, November 7, 2022 5:03 PM
**To:** Gretchen LeMay <glemay@cwerksglobal.com>
**Subject:** Re: Attorney Interview- Tomorrow

> **CAUTION:** This email originated from outside of the organization. Do not click links or open attachments unless you recognize the sender and know the content is safe.

Good day Ms. LeMay,

As promised here is the counselor's availability.

1:00 pm-2:00 pm on 11.18.2022

2:00 pm-3:00 pm on 11.29.2022

12:00 pm-1:00 pm on 11.30.2022

Further, I am requesting a copy of my entire personnel file under the Illinois personnel Review Act.

Thank you for your time and assistance in these matters.

Best regards,

Mary Madison

On Mon, Nov 7, 2022 at 7:38 AM Mary Madison <assist2law@gmail.com> wrote:

  Good day Ms. LeMay

I will have counselor's availability this afternoon and will provide it at that time.

Best Regards

Mary Madison

On Fri, Nov 4, 2022, 8:21 AM Mary Madison <assist2law@gmail.com> wrote:

> Good day Ms. LeMay,
>
> I am awaiting a return call and will forward you that information up receipt.
>
> Thank you for your time and assistance in this matter.
>
> Respectfully
>
> Mary Madison
>
> On Thu, Nov 3, 2022 at 8:36 AM Gretchen LeMay <glemay@cwerksglobal.com> wrote:
>
> > Hi Mary,
> >
> > I'm not going to debate what your interpretation or understanding is of our prior conversation.  The fact is that we have an ongoing investigation, the company has retained an outside investigator, and the investigator would like to meet with you to gather information.
> >
> > While we don't typically allow an employee to have counsel present during a company investigation, we will make an exception in this situation because we want to make sure you have an opportunity to provide information so that the investigator has that information as part of her findings.  Please understand that your counsel will not be allowed to interfere with the interview but may be present if you like.
> >
> > Since you are still being paid while not working as the investigation proceeds, we would like you to meet with the investigator as soon as possible.  Please provide your counsel's availability to me today so that we can arrange for the meeting.
> >
> > Thank you,
> >
> > Gretchen

**Gretchen LeMay**

Head of People / Corporate Vice President

1470 Brummel Ave,
Elk Grove Village, IL 60007

630-422-3587 *(office)*

creative-werks.com

Complex packaging solutions with speed and peace of mind 👑

---

**From:** Mary Madison <assist2law@gmail.com>
**Sent:** Wednesday, November 2, 2022 11:17 AM
**To:** Gretchen LeMay <glemay@cwerksglobal.com>
**Subject:** Re: Attorney Interview- Tomorrow

---

CAUTION: This email originated from outside of the organization. Do not click links or open attachments unless you recognize the sender and know the content is safe.

---

Good day Ms. LeMay

I have no problem following up with you or anyone else in regards to the risk assessment prepared and submitted to Mr. Schroeder on October 21, 2022. However, the rub is the circumstances that surround the matter.

Moreover, the email you are referencing, as an incorrect interpretation based upon your interpretation, is my interpretation of what you stated to me during our meeting October 26, 2022. Further, I am certain that it was my understanding that you stated that you had conducted an investigation that conclusively found my risk assessment(s) unfounded prompting my suspension. Based upon those findings you indicated that it warranted a need to get outside counsel involved.

I am alarmingly concerned as you reference this matter as an internal matter that is now using external resources presumably for the protection of the company's interest. Further, it is hard and difficult for me to look at the actions taken against me and the conversations that I have had relative to this matter and not logically deduce that: 1) my risk assessments were not received as correct and that; 2) there was something

that was identified by you and others that supported the fact I allegedly committed some type of malfeasance to warrant such a drastic measure of suspension.  Further, at no time could you provide me with those relevant details.

Contrarily, if my interpretation is not correct, then am I to understand that there was no investigation that led up to me being suspended?

Again, I have no problem defending the risk identified.  However, the conversation that I had with you, the actions taken against me and involvement of outside counsel leads me to believe otherwise.  I contend that based upon these circumstances and inconsistencies, I require legal representation, when I speak to the outside counsel, whose recommendations and findings will be used as a determinative factor in this matter.

Thank you for your time and assistance in this matter.

Mary Madison

On Wed, Nov 2, 2022 at 7:14 AM Gretchen LeMay <glemay@cwerksglobal.com> wrote:

> Mary
>
> Your below email does not correctly recap the conversation we had last week.  You were suspended pending the results of an investigation that included an interview that needed to happen with you which is scheduled for this morning.  For an internal matter employees do not need or require counsel to be present.
>
> Given that you are on a paid suspension there should be no reason that you cannot meet with Kim as scheduled this morning.
>
> Thank you,
>
> **Gretchen LeMay**
> Head of People / Corporate Vice President
>
> 1470 Brummel Ave,
> Elk Grove Village, IL 60007
> 630-422-3587 *(office)*
> creative-werks.com

Complex packaging solutions with speed and peace of mind 

---

**From:** Mary Madison <assist2law@gmail.com>
**Sent:** Wednesday, November 2, 2022 2:13 AM
**To:** Gretchen LeMay <glemay@cwerksglobal.com>
**Subject:** Re: Attorney Interview- Tomorrow

---

CAUTION: This email originated from outside of the organization. Do not click links or open attachments unless you recognize the sender and know the content is safe.

---

Good day Ms. LeMay

I am in receipt of your 4:40 pm email and voice mail, of November 1, 2022, regarding an interview with the company's outside counsel on November 2, 2022. When you, Wendy and I last spoke on Wednesday, October 26, 2022, you indicated that I was being suspended for the conversation that I had with Mr. Schroder on Friday, October 21, 2022.

When I asked why I was being suspended, you indicated that you conducted an investigation that concluded that the issues raised in the risk assessment that I prepared, as the quality regulatory manager, for Mr. Schroder were totally unfounded.

In seeking to better understand the scope of the investigation, I repeatedly asked what the investigation entailed. Each time, you declined to share any information including what those findings were. It was after those requests that you stated that you reviewed my emails and I had also violated a company policy by allegedly sending company property to an outside email address, as a further reason for my suspension. In seeking further clarification, regarding sending company property to an outside email, I asked you a couple of times what was sent? You stated it was something related to the Dunkaroo's account. To which, I categorically deny such an action. You also cited my assertion in the risk assessment that the company had made false statements as the main contributing factor for my suspension.

In support of my contentions, I offered you a report that underscored issues raised in the risk assessment; which, in my opinion, would have brought clarity to the situation. However, you refused to review it and further suggested that I present it to the outside counsel. As such, the adverse employment decision to discipline me with suspension was made without affording me an opportunity to participate in the investigation.

After careful consideration and my inability to reconcile the purpose for speaking with outside legal counsel, I believe that I too need legal counsel when I speak with the company's outside counsel. In light of the circumstances, the discipline against me suggests, I need legal counsel to protect my interest.

Further, being suspended feels more like a punishment for raising issues relative to non-compliance. In my opinion, this goes against the very spirit of the purported open door policy and transparency mantra of "see something say something" that is touted in this organization. I believe this discipline goes against the purpose for which I was hired.

As a direct result of not understanding this process and my desire to protect my interest and rights, I am exercising my right to have legal counsel present during this interview. Further, you stated that you would be in contact with me within a day or so to arrange this meeting. However, almost a week later contact is

made for a next day appointment.  Due to this short notice, I will need time to arrange for my counsel's availability for any meeting with the company's outside counsel.

Thank you for your time, consideration and assistance in this matter.

Mary Madison

On Tue, Nov 1, 2022 at 4:40 PM Gretchen LeMay <glemay@cwerksglobal.com> wrote:

> Mary
>
> Following up on this email to confirm that you received it.  I also left a voicemail on both phone numbers that you provided in system.
>
> Thank you,
>
> Gretchen

**Gretchen LeMay**

Head of People / Corporate Vice President

1470 Brummel Ave,
Elk Grove Village, IL 60007
630-422-3587 *(office)*
creative-werks.com

Complex packaging solutions with speed and peace of mind 🎁

---

**From:** Gretchen LeMay
**Sent:** Tuesday, November 1, 2022 8:42 AM
**To:** assist2law@gmail.com
**Subject:** Attorney Interview- Tomorrow
**Importance:** High

Mary

Our outside counsel will be interviewing you in person tomorrow to discuss your report. Please find the pertinent information below and confirm back via email that you have received this information.

**Date & Time: Wednesday, November 2 at 10am CST**

**Where: Law Office of Ford Harrison**

   **180 N. Stetson Ave**

   **Suite 1660**

   **Chicago, IL**

**Who: Kimberly Ross**

The law office is in the Prudential Plaza building. You will enter the building on Randolph and take the escalator to the front desk where you will check in and get a pass. You will need your ID.

Please confirm that you have received this email and if you have any further questions.

Thank you,

Gretchen

---

**15 attachments**


**logo-160x68.png**
10K


**facebook.png**
1K


**instagram.png**
2K


**linkedin.png**
1K


**twitter.png**
1K


**logo-160x68.png**
10K



**Mary Madison** <assist2law@gmail.com>                                    Tue, Nov 15, 2022 at 5:25 PM
To: Gretchen LeMay <glemay@cwerksglobal.com>

Good day Ms. LeMay,

As promised, here are the attorney's available times.

November 30, 2022 11:30 am
December 1, 2022 11:00 am
December 2, 2022 1:00 pm

Thank you in advance for your assistance in this matter.

Mary Madison
[Quoted text hidden]

**Gretchen LeMay** <glemay@cwerksglobal.com>                              Wed, Nov 16, 2022 at 4:09 PM
To: Mary Madison <assist2law@gmail.com>

Mary

I have confirmed with Kimberly that November 30 @ 11:30am will work.

Thank you

Gretchen



**Gretchen LeMay**
Head of People / Corporate Vice President

1470 Brummel Ave,
Elk Grove Village, IL 60007
630-422-3587 *(office)*
creative-werks.com   

Complex packaging solutions with speed and peace of mind 📦

---

**From:** Mary Madison <assist2law@gmail.com>
**Sent:** Tuesday, November 15, 2022 5:26 PM
**To:** Gretchen LeMay <glemay@cwerksglobal.com>
**Subject:** Re: Attorney Interview- Tomorrow

> CAUTION: This email originated from outside of the organization. Do not click links or open attachments unless you recognize the sender and know the content is safe.

Good day Ms. LeMay,

As promised, here are the attorney's available times.

November 30, 2022 11:30 am

December 1, 2022 11:00 am

December 2, 2022 1:00 pm

Thank you in advance for your assistance in this matter.

Mary Madison

On Fri, Nov 11, 2022 at 11:03 AM Gretchen LeMay <glemay@cwerksglobal.com> wrote:

> Mary,

I am not going to engage in lengthy debate by email except to say that I disagree with almost everything you state in your email.

The company has provided you with all the documents you are entitled to under the Illinois Personnel Records Review Act.

I also am confirming that your interview is expected to take approximately 3-4 hours.  Please provide availability at your earliest opportunity.

Thank you,



**Gretchen LeMay**

Head of People / Corporate Vice President

1470 Brummel Ave,
Elk Grove Village, IL 60007

630-422-3587 *(office)*

creative-werks.com   

Complex packaging solutions with speed and peace of mind 📦

---

**From:** Mary Madison <assist2law@gmail.com>
**Sent:** Thursday, November 10, 2022 9:50 AM
**To:** Gretchen LeMay <glemay@cwerksglobal.com>
**Subject:** Re: Attorney Interview- Tomorrow

CAUTION: This email originated from outside of the organization. Do not click links or open attachments unless you recognize the sender and know the content is safe.

Good day Ms. LeMay

Thank you for your response.

Please confirm that no documents, notes etc... have been omitted from my employee file that you sent. i.e. the file includes all documents to date related to my employment at Creative Werks.

Also, in respect to the attorney interview, this is the first mention of a time frame of 3-4 hours that was to be applied to my "interview" with the company's attorney.

I had no way of knowing the particulars just articulated to me; therefore, I was unable to articulate those details to the counselor.

Further, just to be clear, it was not my wish nor desire to have such an adverse employment action of suspension taken against me for raising operational risk/non-compliance issues to the company- Assessments that are within the scope of my employment as the Quality Regulatory Manager.

The actions taken against me were swift, punitive and harsh given the fact that no one ever took the time to speak with me for further clarification of the risks and non-compliances identified in the report dated October 20, 2022, after it was reviewed.

Nor, during the time I was being informed of my suspension, was anyone willing to review the supporting evidence that I offered during that time to underscore and corroborate the analysis.

I categorically deny that I did not show up for the interview with Creative Werks legal counsel, but assert that I was not given proper notice. The disconnect to this scenario is that I was not informed, made apprised or became aware of the "interview" until several hours prior to the "interview," when I received your voicemail. Contrarily, you indicated to me on the day of my suspension that you would be in contact with me in a couple of days. A couple of days turned into almost a week.

Further, based upon the adverse employment actions taken and; the continued actions taken against me and; the ever changing conditions of the circumstances, I exerted my rights to legal counsel.

Further, it seems as if I am again being punished for protecting my legal rights after suffering the initial adverse employment action.

Further, the conduct and actions surrounding your decision to allow me to have legal counsel seems quite disingenuous and somewhat contrived. Based upon the information that you provided, to me regarding the matter and the "interview," I passed that along to the counselor. Based upon that information, the counselor

allotted the time.   Failing to provide me such pertinent details as to the slated length of time of 3-4 hours for the "interview" among other things is telling.  Additionally, couching it as an "interview" is also misleading and telling based upon the current information provided; making it seem more akin to a grilling session or a subsequent remedial measure to contrive reasons to support the adverse employment actions already taken against me for raising operational risk/noncompliance issues within the scope of my employment.

Furthermore, the logic surrounding this "interview" is flawed; especially, where you purport that this interview will help to better understand the issues raised in the risk analysis and further the investigation.  Specifically, the logic is flawed surrounding bringing in a 3rd party, for as you previously stated an internal matter, who is further removed from the operational and regulatory scope of your business, intervenes to help you understand the gaps in Creative Werks operation that lead to the business risks and non-compliances identified.  Secondly, failing to share or apprise me of your findings, in your conclusive investigation that contravened or contradicted my assertions that led to this interview is also telling.  Additionally, this type of tactic could be disadvantageous in shoring up the gaps in understanding and learning about the issues raised and identified.  Last, but not least, if I had only been asked or involved in the investigation, I could have simply pointed you the FDA website that addresses most of the issues surrounding the circumstances.

I further contend that there probably would have been an issue raised by you to support your decision to further punish me by implementing further adverse employment actions upon me.  I further assert and contend that these actions and adverse employment decisions are harassive and retaliatory in nature.

Again, I am fully able and willing to speak with anyone to defend the position taken in the risk analysis.

I will reach out and obtain a time that can accommodate that time frame.

Thank you kindly for your time and assistance in this matter.

Respectfully

Mary Madison

On Tue, Nov 8, 2022, 1:21 PM Gretchen LeMay <glemay@cwerksglobal.com> wrote:

Mary

Per your request, attached please find a zip file that contains your onboarding documents that you completed prior to your employment along with your suspension letter.

Thank you for providing your counsel's availability.  Unfortunately, that will not be a long enough window of time to conduct the investigation as our outside counsel estimates needing 3-4 hours to speak with you.

We have been trying to have this meeting for over a week while you have been on paid suspension. Our counsel was prepared to meet with you promptly last week, but you did not show up for the meeting. Please speak with your counsel and provide availability for 3-4 hours to meet with our investigator. Until that meeting takes place you will be put on unpaid suspension. We will not continue to pay you while delays on your part remain. You will be paid through today and for any time spent meeting with our investigator.

Thank you,

Gretchen



**Gretchen LeMay**

Head of People / Corporate Vice President

1470 Brummel Ave,
Elk Grove Village, IL 60007
630-422-3587 *(office)*
creative-werks.com   

Complex packaging solutions with speed and peace of mind 🎁

---

**From:** Mary Madison <assist2law@gmail.com>
**Sent:** Monday, November 7, 2022 5:03 PM
**To:** Gretchen LeMay <glemay@cwerksglobal.com>
**Subject:** Re: Attorney Interview- Tomorrow

> CAUTION: This email originated from outside of the organization. Do not click links or open attachments unless you recognize the sender and know the content is safe.

Good day Ms. LeMay,

As promised here is the counselor's availability.

1:00 pm-2:00 pm on 11.18.2022

2:00 pm-3:00 pm on 11.29.2022

12:00 pm-1:00 pm on 11.30.2022

Further, I am requesting a copy of my entire personnel file under the Illinois personnel Review Act.

Thank you for your time and assistance in these matters.

Best regards,

Mary Madison

On Mon, Nov 7, 2022 at 7:38 AM Mary Madison <assist2law@gmail.com> wrote:

Good day Ms. LeMay

I will have counselor's availability this afternoon and will provide it at that time.

Best Regards

Mary Madison

On Fri, Nov 4, 2022, 8:21 AM Mary Madison <assist2law@gmail.com> wrote:

Good day Ms. LeMay,

I am awaiting a return call and will forward you that information up receipt.

Thank you for your time and assistance in this matter.

Respectfully

Mary Madison

On Thu, Nov 3, 2022 at 8:36 AM Gretchen LeMay <glemay@cwerksglobal.com> wrote:

Hi Mary,

I'm not going to debate what your interpretation or understanding is of our prior conversation. The fact is that we have an ongoing investigation, the company has retained an outside investigator, and the investigator would like to meet with you to gather information.

While we don't typically allow an employee to have counsel present during a company investigation, we will make an exception in this situation because we want to make sure you have an opportunity to provide information so that the investigator has that information as part of her findings. Please understand that your counsel will not be allowed to interfere with the interview but may be present if you like.

Since you are still being paid while not working as the investigation proceeds, we would like you to meet with the investigator as soon as possible. Please provide your counsel's availability to me today so that we can arrange for the meeting.

Thank you,

Gretchen

**Gretchen LeMay**

Head of People / Corporate Vice President

1470 Brummel Ave,
Elk Grove Village, IL 60007

630-422-3587 *(office)*
creative-werks.com

Complex packaging solutions with speed and peace of mind 

---

**From:** Mary Madison <assist2law@gmail.com>
**Sent:** Wednesday, November 2, 2022 11:17 AM
**To:** Gretchen LeMay <glemay@cwerksglobal.com>
**Subject:** Re: Attorney Interview- Tomorrow

> **CAUTION:** This email originated from outside of the organization. Do not click links or open attachments unless you recognize the sender and know the content is safe.

Good day Ms. LeMay

I have no problem following up with you or anyone else in regards to the risk assessment prepared and submitted to Mr. Schroeder on October 21, 2022.  However, the rub is the circumstances that surround the matter.

Moreover, the email you are referencing, as an incorrect interpretation based upon your interpretation, is my interpretation of what you stated to me during our meeting October 26, 2022.  Further, I am certain that it was my understanding that you stated that you had conducted an investigation that conclusively found my risk assessment(s) unfounded prompting my suspension. Based upon those findings you indicated that it warranted a need to get outside counsel involved.

I am alarmingly concerned as you reference this matter as an internal matter that is now using external resources presumably for the protection of the company's interest.  Further, it is hard and difficult for me to look at the actions taken against me and the conversations that I have had relative to this matter and not logically deduce that: 1) my risk assessments were not received as correct and that; 2) there was something that was identified by you and others that supported the fact I allegedly committed some type of malfeasance to warrant such a drastic measure of suspension.  Further, at no time could you provide me with those relevant details.

Contrarily, if my interpretation is not correct, then am I to understand that there was no investigation that led up to me being suspended?

Again, I have no problem defending the risk identified.  However, the conversation that I had with you, the actions taken against me and involvement of outside counsel leads me to believe otherwise.  I contend that  based upon these circumstances and inconsistencies, I require legal representation, when I speak to the outside counsel, whose recommendations and findings will be used as a determinative factor in this matter.

Thank you for your time and assistance in this matter.

Mary Madison

On Wed, Nov 2, 2022 at 7:14 AM Gretchen LeMay <glemay@cwerksglobal.com> wrote:

> Mary
>
> Your below email does not correctly recap the conversation we had last week.  You were suspended pending the results of an investigation that included an interview that needed to happen with you which is

scheduled for this morning.  For an internal matter employees do not need or require counsel to be present.

Given that you are on a paid suspension there should be no reason that you cannot meet with Kim as scheduled this morning.

Thank you,

**Gretchen LeMay**

Head of People / Corporate Vice President

1470 Brummel Ave,
Elk Grove Village, IL 60007

630-422-3587 *(office)*
creative-werks.com

Complex packaging solutions with speed and peace of mind 

---

**From:** Mary Madison <assist2law@gmail.com>
**Sent:** Wednesday, November 2, 2022 2:13 AM
**To:** Gretchen LeMay <glemay@cwerksglobal.com>
**Subject:** Re: Attorney Interview- Tomorrow

> CAUTION: This email originated from outside of the organization. Do not click links or open attachments unless you recognize the sender and know the content is safe.

Good day Ms. LeMay

I am in receipt of your 4:40 pm email and voice mail, of November 1, 2022, regarding an interview with the company's outside counsel on November 2, 2022.  When you, Wendy and I last spoke on Wednesday, October 26, 2022, you indicated that I was being suspended for the conversation that I had with Mr. Schroder on Friday, October 21, 2022.

When I asked why I was being suspended, you indicated that you conducted an investigation that concluded that the issues raised in the risk assessment that I prepared, as the quality regulatory manager, for Mr. Schroder were totally unfounded.

In seeking to better understand the scope of the investigation, I repeatedly asked what the investigation entailed. Each time, you declined to share any information including what those findings were. It was after those requests that you stated that you reviewed my emails and I had also violated a company policy by allegedly sending company property to an outside email address, as a further reason for my suspension. In seeking further clarification, regarding sending company property to an outside email, I asked you a couple of times what was sent? You stated it was something related to the Dunkaroo's account. To which, I categorically deny such an action. You also cited my assertion in the risk assessment that the company had made false statements as the main contributing factor for my suspension.

In support of my contentions, I offered you a report that underscored issues raised in the risk assessment; which, in my opinion, would have brought clarity to the situation. However, you refused to review it and further suggested that I present it to the outside counsel. As such, the adverse employment decision to discipline me with suspension was made without affording me an opportunity to participate in the investigation.

After careful consideration and my inability to reconcile the purpose for speaking with outside legal counsel, I believe that I too need legal counsel when I speak with the company's outside counsel. In light of the circumstances, the discipline against me suggests, I need legal counsel to protect my interest.

Further, being suspended feels more like a punishment for raising issues relative to non-compliance. In my opinion, this goes against the very spirit of the purported open door policy and transparency mantra of "see something say something" that is touted in this organization. I believe this discipline goes against the purpose for which I was hired.

As a direct result of not understanding this process and my desire to protect my interest and rights, I am exercising my right to have legal counsel present during this interview. Further, you stated that you would be in contact with me within a day or so to arrange this meeting. However, almost a week later contact is made for a next day appointment. Due to this short notice, I will need time to arrange for my counsel's availability for any meeting with the company's outside counsel.

Thank you for your time, consideration and assistance in this matter.

Mary Madison

On Tue, Nov 1, 2022 at 4:40 PM Gretchen LeMay <glemay@cwerksglobal.com> wrote:

Mary

Following up on this email to confirm that you received it. I also left a voicemail on both phone numbers that you provided in system.

Thank you,

Gretchen

**Gretchen LeMay**

Head of People / Corporate Vice President

1470 Brummel Ave,
Elk Grove Village, IL 60007

630-422-3587 *(office)*
creative-werks.com

Complex packaging solutions with speed and peace of mind 

---

**From:** Gretchen LeMay
**Sent:** Tuesday, November 1, 2022 8:42 AM
**To:** assist2law@gmail.com
**Subject:** Attorney Interview- Tomorrow
**Importance:** High

Mary

Our outside counsel will be interviewing you in person tomorrow to discuss your report.  Please find the pertinent information below and confirm back via email that you have received this information.

**Date & Time: Wednesday, November 2 at 10am CST**

**Where: Law Office of Ford Harrison**

   **180 N. Stetson Ave**

   **Suite 1660**

   **Chicago, IL**

**Who: Kimberly Ross**

The law office is in the Prudential Plaza building.  You will enter the building on Randolph and take the escalator to the front desk where you will check in and get a pass.  You will need your ID.

Please confirm that you have received this email and if you have any further questions.

Thank you,

Gretchen

---

**Mary Madison** <assist2law@gmail.com>                                    Wed, Nov 16, 2022 at 4:51 PM
To: Gretchen LeMay <glemay@cwerksglobal.com>

Good day Ms.Lemay

Thank you for the update.

Just to follow up, you indicated in your email of November 11, 2022 that you provided my personnel file to me under the Illinois Personnel Act. However, you did not speak directly to the question that I asked regarding whether or not you provided me with all the contents of my personnel file; inclusive of the outstanding issue.

Please confirm that you have either sent my employment file in its entirety or it has been redacted.  Please advise.

Additionally, what are the next steps after meeting with Creative Werks outside legal counsel? Please advise.

Thank you for your time and consideration.

Mary Madison
[Quoted text hidden]

---

**10 attachments**

**logo-160x68.png**
10K

**facebook.png**
1K

**instagram.png**
2K

**linkedin.png**
1K

**twitter.png**
1K

**image001.png**
10K

**image002.png**
1K

**image003.png**
2K

 **image004.png**
1K

 **image005.png**
1K

---

**Gretchen LeMay** <glemay@cwerksglobal.com>                    Fri, Nov 18, 2022 at 8:33 AM
To: Mary Madison <assist2law@gmail.com>

Mary

Anything in your personnel file has been sent to you.

We will determine next steps after your conversation with Kimberly.

Please provide your counsel's name so it can be added into the visitor log at the office.

Thanks

Gretchen



## Gretchen LeMay
Head of People / Corporate Vice President

1470 Brummel Ave,
Elk Grove Village, IL 60007
630-422-3587 *(office)*

creative-werks.com   

---

**From:** Mary Madison <assist2law@gmail.com>
**Sent:** Wednesday, November 16, 2022 4:51 PM
**To:** Gretchen LeMay <glemay@cwerksglobal.com>
**Subject:** Re: Attorney Interview- Tomorrow

> CAUTION: This email originated from outside of the organization. Do not click links or open attachments unless you
> recognize the sender and know the content is safe.

Good day Ms.Lemay

Thank you for the update.

Just to follow up, you indicated in your email of November 11, 2022 that you provided my personnel file to me under the Illinois Personnel Act. However, you did not speak directly to the question that I asked regarding whether or not you provided me with all the contents of my personnel file; inclusive of the outstanding issue.

Please confirm that you have either sent my employment file in its entirety or it has been redacted.  Please advise.

Additionally, what are the next steps after meeting with Creative Werks outside legal counsel? Please advise.

Thank you for your time and consideration.

Mary Madison

On Wed, Nov 16, 2022, 4:09 PM Gretchen LeMay <glemay@cwerksglobal.com> wrote:

Mary

I have confirmed with Kimberly that November 30 @ 11:30am will work.

Thank you

Gretchen

**Gretchen LeMay**

Head of People / Corporate Vice President

1470 Brummel Ave,
Elk Grove Village, IL 60007

630-422-3587 *(office)*
creative-werks.com

Complex packaging solutions with speed and peace of mind 

**From:** Mary Madison <assist2law@gmail.com>
**Sent:** Tuesday, November 15, 2022 5:26 PM
**To:** Gretchen LeMay <glemay@cwerksglobal.com>
**Subject:** Re: Attorney Interview- Tomorrow

CAUTION: This email originated from outside of the organization. Do not click links or open attachments unless you recognize the sender and know the content is safe.

Good day Ms. LeMay,

As promised, here are the attorney's available times.

November 30, 2022 11:30 am

December 1, 2022 11:00 am

December 2, 2022 1:00 pm

Thank you in advance for your assistance in this matter.

Mary Madison

On Fri, Nov 11, 2022 at 11:03 AM Gretchen LeMay <glemay@cwerksglobal.com> wrote:

> Mary,
>
> I am not going to engage in lengthy debate by email except to say that I disagree with almost everything you state in your email.
>
> The company has provided you with all the documents you are entitled to under the Illinois Personnel Records Review Act.
>
> I also am confirming that your interview is expected to take approximately 3-4 hours. Please provide availability at your earliest opportunity.
>
> Thank you,

**Gretchen LeMay**

Head of People / Corporate Vice President

1470 Brummel Ave,
Elk Grove Village, IL 60007

630-422-3587 *(office)*

creative-werks.com

Complex packaging solutions with speed and peace of mind 🎁

---

**From:** Mary Madison <assist2law@gmail.com>
**Sent:** Thursday, November 10, 2022 9:50 AM
**To:** Gretchen LeMay <glemay@cwerksglobal.com>
**Subject:** Re: Attorney Interview- Tomorrow

> CAUTION: This email originated from outside of the organization. Do not click links or open attachments unless you recognize the sender and know the content is safe.

Good day Ms. LeMay

Thank you for your response.

Please confirm that no documents, notes etc... have been omitted from my employee file that you sent. i.e. the file includes all documents to date related to my employment at Creative Werks.

Also, in respect to the attorney interview, this is the first mention of a time frame of 3-4 hours that was to be applied to my "interview" with the company's attorney.

I had no way of knowing the particulars just articulated to me; therefore, I was unable to articulate those details to the counselor.

Further, just to be clear, it was not my wish nor desire to have such an adverse employment action of suspension taken against me for raising operational risk/non-compliance issues to the company- Assessments that are within the scope of my employment as the Quality Regulatory Manager.

The actions taken against me were swift, punitive and harsh given the fact that no one ever took the time to speak with me for further clarification of the risks and non-compliances identified in the report dated October 20, 2022, after it was reviewed.

Nor, during the time I was being informed of my suspension, was anyone willing to review the supporting evidence that I offered during that time to underscore and corroborate the analysis.

I categorically deny that I did not show up for the interview with Creative Werks legal counsel, but assert that I was not given proper notice. The disconnect to this scenario is that I was not informed, made apprised or became aware of the "interview" until several hours prior to the "interview," when I received your voicemail.  Contrarily, you indicated to me on the day of my suspension that you would be in contact with me in a couple of days.  A couple of days turned into almost a week.

Further, based upon the adverse employment actions taken and; the continued actions taken against me and; the ever changing conditions of the circumstances, I exerted my rights to legal counsel.

Further, it seems as if I am again being punished for protecting my legal rights after suffering the initial adverse employment action.

Further, the conduct and actions surrounding your decision to allow me to have legal counsel seems quite disingenuous and somewhat contrived.  Based upon the information that you provided, to me regarding the matter and the "interview," I passed that along to the counselor. Based upon that information, the counselor allotted the time.   Failing to provide me such pertinent details as to the slated length of time of 3-4 hours for the "interview" among other things is telling.  Additionally, couching it as an "interview" is also misleading and telling based upon the current information provided; making it seem more akin to a grilling session or a subsequent remedial measure to contrive reasons to support the adverse employment actions already taken against me for raising operational risk/noncompliance issues within the scope of my employment.

Furthermore, the logic surrounding this "interview" is flawed; especially, where you purport that this interview will help to better understand the issues raised in the risk analysis and further the investigation. Specifically, the logic is flawed surrounding bringing in a 3rd party, for as you previously stated an internal matter, who is further removed from the operational and regulatory scope of your business, intervenes to help you understand the gaps in Creative Werks operation that lead to the business risks and non-compliances identified. Secondly, failing to share or apprise me of your findings, in your conclusive investigation that contravened or contradicted my assertions that led to this interview is also telling. Additionally, this type of tactic could be disadvantageous in shoring up the gaps in understanding and learning about the issues raised and identified. Last, but not least, if I had only been asked or involved in the investigation, I could have simply pointed you the FDA website that addresses most of the issues surrounding the circumstances.

I further contend that there probably would have been an issue raised by you to support your decision to further punish me by implementing further adverse employment actions upon me. I further assert and contend that these actions and adverse employment decisions are harassive and retaliatory in nature.

Again, I am fully able and willing to speak with anyone to defend the position taken in the risk analysis.

I will reach out and obtain a time that can accommodate that time frame.

Thank you kindly for your time and assistance in this matter.

Respectfully

Mary Madison

On Tue, Nov 8, 2022, 1:21 PM Gretchen LeMay <glemay@cwerksglobal.com> wrote:

Mary

Per your request, attached please find a zip file that contains your onboarding documents that you completed prior to your employment along with your suspension letter.

Thank you for providing your counsel's availability. Unfortunately, that will not be a long enough window of time to conduct the investigation as our outside counsel estimates needing 3-4 hours to speak with you.

We have been trying to have this meeting for over a week while you have been on paid suspension.   Our counsel was prepared to meet with you promptly last week, but you did not show up for the meeting.  Please speak with your counsel and provide availability for 3-4 hours to meet with our investigator.  Until that meeting takes place you will be put on unpaid suspension.  We will not continue to pay you while delays on your part remain.  You will be paid through today and for any time spent meeting with our investigator.


Thank you,

Gretchen


**Gretchen LeMay**

Head of People / Corporate Vice President

1470 Brummel Ave,
Elk Grove Village, IL 60007

630-422-3587 *(office)*
creative-werks.com


Complex packaging solutions with speed and peace of mind 

---

**From:** Mary Madison <assist2law@gmail.com>
**Sent:** Monday, November 7, 2022 5:03 PM
**To:** Gretchen LeMay <glemay@cwerksglobal.com>
**Subject:** Re: Attorney Interview- Tomorrow

> CAUTION: This email originated from outside of the organization. Do not click links or open attachments unless you recognize the sender and know the content is safe.

Good day Ms. LeMay,

As promised here is the counselor's availability.

1:00 pm-2:00 pm on 11.18.2022

2:00 pm-3:00 pm on 11.29.2022

12:00 pm-1:00 pm on 11.30.2022

Further, I am requesting a copy of my entire personnel file under the Illinois personnel Review Act.

Thank you for your time and assistance in these matters.

Best regards,

Mary Madison

On Mon, Nov 7, 2022 at 7:38 AM Mary Madison <assist2law@gmail.com> wrote:

> Good day Ms. LeMay
>
> I will have counselor's availability this afternoon and will provide it at that time.
>
> Best Regards
>
> Mary Madison

On Fri, Nov 4, 2022, 8:21 AM Mary Madison <assist2law@gmail.com> wrote:

> Good day Ms. LeMay,
>
> I am awaiting a return call and will forward you that information up receipt.
>
> Thank you for your time and assistance in this matter.
>
> Respectfully
>
> Mary Madison

On Thu, Nov 3, 2022 at 8:36 AM Gretchen LeMay <glemay@cwerksglobal.com> wrote:

>> Hi Mary,
>>
>> I'm not going to debate what your interpretation or understanding is of our prior conversation. The fact is that we have an ongoing investigation, the company has retained an outside investigator, and the investigator would like to meet with you to gather information.

While we don't typically allow an employee to have counsel present during a company investigation, we will make an exception in this situation because we want to make sure you have an opportunity to provide information so that the investigator has that information as part of her findings. Please understand that your counsel will not be allowed to interfere with the interview but may be present if you like.

Since you are still being paid while not working as the investigation proceeds, we would like you to meet with the investigator as soon as possible. Please provide your counsel's availability to me today so that we can arrange for the meeting.

Thank you,

Gretchen

**Gretchen LeMay**

Head of People / Corporate Vice President

1470 Brummel Ave,
Elk Grove Village, IL 60007

630-422-3587 *(office)*
creative-werks.com

Complex packaging solutions with speed and peace of mind 

---

**From:** Mary Madison <assist2law@gmail.com>
**Sent:** Wednesday, November 2, 2022 11:17 AM
**To:** Gretchen LeMay <glemay@cwerksglobal.com>
**Subject:** Re: Attorney Interview- Tomorrow

---

CAUTION: This email originated from outside of the organization. Do not click links or open attachments unless you recognize the sender and know the content is safe.

---

Good day Ms. LeMay

I have no problem following up with you or anyone else in regards to the risk assessment prepared and submitted to Mr. Schroeder on October 21, 2022.  However, the rub is the circumstances that surround the matter.

Moreover, the email you are referencing, as an incorrect interpretation based upon your interpretation, is my interpretation of what you stated to me during our meeting October 26, 2022.  Further, I am certain that it was my understanding that you stated that you had conducted an investigation that conclusively found my risk assessment(s) unfounded prompting my suspension. Based upon those findings you indicated that it warranted a need to get outside counsel involved.

I am alarmingly concerned as you reference this matter as an internal matter that is now using external resources presumably for the protection of the company's interest.  Further, it is hard and difficult for me to look at the actions taken against me and the conversations that I have had relative to this matter and not logically deduce that: 1) my risk assessments were not received as correct and that; 2) there was something that was identified by you and others that supported the fact I allegedly committed some type of malfeasance to warrant such a drastic measure of suspension.  Further, at no time could you provide me with those relevant details.

Contrarily, if my interpretation is not correct, then am I to understand that there was no investigation that led up to me being suspended?

Again, I have no problem defending the risk identified.  However, the conversation that I had with you, the actions taken against me and involvement of outside counsel leads me to believe otherwise.  I contend that  based upon these circumstances and inconsistencies, I require legal representation, when I speak to the outside counsel, whose recommendations and findings will be used as a determinative factor in this matter.

Thank you for your time and assistance in this matter.

Mary Madison

On Wed, Nov 2, 2022 at 7:14 AM Gretchen LeMay <glemay@cwerksglobal.com> wrote:

> Mary
>
> Your below email does not correctly recap the conversation we had last week.  You were suspended pending the results of an investigation that included an interview that needed to happen with you which is scheduled for this morning.  For an internal matter employees do not need or require counsel to be present.

Given that you are on a paid suspension there should be no reason that you cannot meet with Kim as scheduled this morning.

Thank you,

**Gretchen LeMay**

Head of People / Corporate Vice President

1470 Brummel Ave,
Elk Grove Village, IL 60007

630-422-3587 *(office)*
creative-werks.com

Complex packaging solutions with speed and peace of mind 

---

**From:** Mary Madison <assist2law@gmail.com>
**Sent:** Wednesday, November 2, 2022 2:13 AM
**To:** Gretchen LeMay <glemay@cwerksglobal.com>
**Subject:** Re: Attorney Interview- Tomorrow

> CAUTION: This email originated from outside of the organization. Do not click links or open attachments unless you recognize the sender and know the content is safe.

Good day Ms. LeMay

I am in receipt of your 4:40 pm email and voice mail, of November 1, 2022, regarding an interview with the company's outside counsel on November 2, 2022. When you, Wendy and I last spoke on Wednesday, October 26, 2022, you indicated that I was being suspended for the conversation that I had with Mr. Schroder on Friday, October 21, 2022.

When I asked why I was being suspended, you indicated that you conducted an investigation that concluded that the issues raised in the risk assessment that I prepared, as the quality regulatory manager, for Mr. Schroder were totally unfounded.

In seeking to better understand the scope of the investigation, I repeatedly asked what the investigation entailed. Each time, you declined to share any information including what those findings

were. It was after those requests that you stated that you reviewed my emails and I had also violated a company policy by allegedly sending company property to an outside email address, as a further reason for my suspension. In seeking further clarification, regarding sending company property to an outside email, I asked you a couple of times what was sent? You stated it was something related to the Dunkaroo's account. To which, I categorically deny such an action. You also cited my assertion in the risk assessment that the company had made false statements as the main contributing factor for my suspension.

In support of my contentions, I offered you a report that underscored issues raised in the risk assessment; which, in my opinion, would have brought clarity to the situation. However, you refused to review it and further suggested that I present it to the outside counsel. As such, the adverse employment decision to discipline me with suspension was made without affording me an opportunity to participate in the investigation.

---

**Gretchen LeMay** <glemay@cwerksglobal.com>                                    Mon, Nov 28, 2022 at 9:07 AM
To: Mary Madison <assist2law@gmail.com>

Mary

Following up and confirming you are all set for November 30 at 11:30am. Please send your counsel's name so they can be added into their visitor system. They will not be allowed into the office without checking in.

Thank you,

Gretchen



**Gretchen LeMay**
Head of People / Corporate Vice President

1470 Brummel Ave,
Elk Grove Village, IL 60007
630-422-3587 *(office)*

creative-werks.com   

---

**From:** Gretchen LeMay
**Sent:** Friday, November 18, 2022 8:34 AM
**To:** Mary Madison <assist2law@gmail.com>
**Subject:** RE: Attorney Interview- Tomorrow

Mary

Anything in your personnel file has been sent to you.

We will determine next steps after your conversation with Kimberly.

Please provide your counsel's name so it can be added into the visitor log at the office.


Thanks

Gretchen

---

**From:** Mary Madison <assist2law@gmail.com>
**Sent:** Wednesday, November 16, 2022 4:51 PM
**To:** Gretchen LeMay <glemay@cwerksglobal.com>
**Subject:** Re: Attorney Interview- Tomorrow

---

CAUTION: This email originated from outside of the organization. Do not click links or open attachments unless you recognize the sender and know the content is safe.

---

Good day Ms.Lemay


Thank you for the update.


Just to follow up, you indicated in your email of November 11, 2022 that you provided my personnel file to me under the Illinois Personnel Act. However, you did not speak directly to the question that I asked regarding whether or not you provided me with all the contents of my personnel file; inclusive of the outstanding issue.


Please confirm that you have either sent my employment file in its entirety or it has been redacted.  Please advise.


Additionally, what are the next steps after meeting with Creative Werks outside legal counsel? Please advise.


Thank you for your time and consideration.


Mary Madison


On Wed, Nov 16, 2022, 4:09 PM Gretchen LeMay <glemay@cwerksglobal.com> wrote:

> Mary

I have confirmed with Kimberly that November 30 @ 11:30am will work.


Thank you

Gretchen

### Gretchen LeMay

Head of People / Corporate Vice President

1470 Brummel Ave,
Elk Grove Village, IL 60007

630-422-3587 *(office)*
creative-werks.com

Complex packaging solutions with speed and peace of mind 

---

**From:** Mary Madison <assist2law@gmail.com>
**Sent:** Tuesday, November 15, 2022 5:26 PM
**To:** Gretchen LeMay <glemay@cwerksglobal.com>
**Subject:** Re: Attorney Interview- Tomorrow

> **CAUTION:** This email originated from outside of the organization. Do not click links or open attachments unless you recognize the sender and know the content is safe.

Good day Ms. LeMay,

As promised, here are the attorney's available times.

November 30, 2022 11:30 am

December 1, 2022 11:00 am

December 2, 2022 1:00 pm

Thank you in advance for your assistance in this matter.


Mary Madison


On Fri, Nov 11, 2022 at 11:03 AM Gretchen LeMay <glemay@cwerksglobal.com> wrote:

Mary,


I am not going to engage in lengthy debate by email except to say that I disagree with almost everything you state in your email.


The company has provided you with all the documents you are entitled to under the Illinois Personnel Records Review Act.


I also am confirming that your interview is expected to take approximately 3-4 hours.  Please provide availability at your earliest opportunity.


Thank you,

**Gretchen LeMay**

Head of People / Corporate Vice President

1470 Brummel Ave,
Elk Grove Village, IL 60007
630-422-3587 *(office)*
creative-werks.com

Complex packaging solutions with speed and peace of mind 

---

**From:** Mary Madison <assist2law@gmail.com>
**Sent:** Thursday, November 10, 2022 9:50 AM
**To:** Gretchen LeMay <glemay@cwerksglobal.com>
**Subject:** Re: Attorney Interview- Tomorrow

CAUTION: This email originated from outside of the organization. Do not click links or open attachments unless you recognize the sender and know the content is safe.

Good day Ms. LeMay

Thank you for your response.

Please confirm that no documents, notes etc... have been omitted from my employee file that you sent. i.e. the file includes all documents to date related to my employment at Creative Werks.

Also, in respect to the attorney interview, this is the first mention of a time frame of 3-4 hours that was to be applied to my "interview" with the company's attorney.

I had no way of knowing the particulars just articulated to me; therefore, I was unable to articulate those details to the counselor.

Further, just to be clear, it was not my wish nor desire to have such an adverse employment action of suspension taken against me for raising operational risk/non-compliance issues to the company- Assessments that are within the scope of my employment as the Quality Regulatory Manager.

The actions taken against me were swift, punitive and harsh given the fact that no one ever took the time to speak with me for further clarification of the risks and non-compliances identified in the report dated October 20, 2022, after it was reviewed.

Nor, during the time I was being informed of my suspension, was anyone willing to review the supporting evidence that I offered during that time to underscore and corroborate the analysis.

I categorically deny that I did not show up for the interview with Creative Werks legal counsel, but assert that I was not given proper notice. The disconnect to this scenario is that I was not informed, made apprised or became aware of the "interview" until several hours prior to the "interview," when I received your voicemail. Contrarily, you indicated to me on the day of my

suspension that you would be in contact with me in a couple of days. A couple of days turned into almost a week.

Further, based upon the adverse employment actions taken and; the continued actions taken against me and; the ever changing conditions of the circumstances, I exerted my rights to legal counsel.

Further, it seems as if I am again being punished for protecting my legal rights after suffering the initial adverse employment action.

Further, the conduct and actions surrounding your decision to allow me to have legal counsel seems quite disingenuous and somewhat contrived. Based upon the information that you provided, to me regarding the matter and the "interview," I passed that along to the counselor. Based upon that information, the counselor allotted the time. Failing to provide me such pertinent details as to the slated length of time of 3-4 hours for the "interview" among other things is telling. Additionally, couching it as an "interview" is also misleading and telling based upon the current information provided; making it seem more akin to a grilling session or a subsequent remedial measure to contrive reasons to support the adverse employment actions already taken against me for raising operational risk/noncompliance issues within the scope of my employment.

Furthermore, the logic surrounding this "interview" is flawed; especially, where you purport that this interview will help to better understand the issues raised in the risk analysis and further the investigation. Specifically, the logic is flawed surrounding bringing in a 3rd party, for as you previously stated an internal matter, who is further removed from the operational and regulatory scope of your business, intervenes to help you understand the gaps in Creative Werks operation that lead to the business risks and non-compliances identified. Secondly, failing to share or apprise me of your findings, in your conclusive investigation that contravened or contradicted my assertions that led to this interview is also telling. Additionally, this type of tactic could be disadvantageous in shoring up the gaps in understanding and learning about the issues raised and identified. Last, but not least, if I had only been asked or involved in the investigation, I could have simply pointed you the FDA website that addresses most of the issues surrounding the circumstances.

I further contend that there probably would have been an issue raised by you to support your decision to further punish me by implementing further adverse employment actions upon me. I further assert and contend that these actions and adverse employment decisions are harassive and retaliatory in nature.

Again, I am fully able and willing to speak with anyone to defend the position taken in the risk analysis.

I will reach out and obtain a time that can accommodate that time frame.

Thank you kindly for your time and assistance in this matter.

Respectfully

Mary Madison

On Tue, Nov 8, 2022, 1:21 PM Gretchen LeMay <glemay@cwerksglobal.com> wrote:

> Mary
>
> Per your request, attached please find a zip file that contains your onboarding documents that you completed prior to your employment along with your suspension letter.
>
> Thank you for providing your counsel's availability.  Unfortunately, that will not be a long enough window of time to conduct the investigation as our outside counsel estimates needing 3-4 hours to speak with you.
>
> We have been trying to have this meeting for over a week while you have been on paid suspension.   Our counsel was prepared to meet with you promptly last week, but you did not show up for the meeting.  Please speak with your counsel and provide availability for 3-4 hours to meet with our investigator.  Until that meeting takes place you will be put on unpaid suspension.  We will not continue to pay you while delays on your part remain.  You will be paid through today and for any time spent meeting with our investigator.
>
> Thank you,
>
> Gretchen
>
> **Gretchen LeMay**
> Head of People / Corporate Vice President
>
> 1470 Brummel Ave,
> Elk Grove Village, IL 60007
> 630-422-3587 *(office)*
> creative-werks.com

Complex packaging solutions with speed and peace of mind 🎁

---

**From:** Mary Madison <assist2law@gmail.com>
**Sent:** Monday, November 7, 2022 5:03 PM
**To:** Gretchen LeMay <glemay@cwerksglobal.com>
**Subject:** Re: Attorney Interview- Tomorrow

CAUTION: This email originated from outside of the organization. Do not click links or open attachments unless you recognize the sender and know the content is safe.

Good day Ms. LeMay,

As promised here is the counselor's availability.

1:00 pm-2:00 pm on 11.18.2022

2:00 pm-3:00 pm on 11.29.2022

12:00 pm-1:00 pm on 11.30.2022

Further, I am requesting a copy of my entire personnel file under the Illinois personnel Review Act.

Thank you for your time and assistance in these matters.

Best regards,

Mary Madison

On Mon, Nov 7, 2022 at 7:38 AM Mary Madison <assist2law@gmail.com> wrote:

> Good day Ms. LeMay
>
> I will have counselor's availability this afternoon and will provide it at that time.

Best Regards

Mary Madison

On Fri, Nov 4, 2022, 8:21 AM Mary Madison <assist2law@gmail.com> wrote:

Good day Ms. LeMay,

I am awaiting a return call and will forward you that information up receipt.

Thank you for your time and assistance in this matter.

Respectfully

Mary Madison

On Thu, Nov 3, 2022 at 8:36 AM Gretchen LeMay <glemay@cwerksglobal.com> wrote:

Hi Mary,

I'm not going to debate what your interpretation or understanding is of our prior conversation. The fact is that we have an ongoing investigation, the company has retained an outside investigator, and the investigator would like to meet with you to gather information.

While we don't typically allow an employee to have counsel present during a company investigation, we will make an exception in this situation because we want to make sure you have an opportunity to provide information so that the investigator has that information as part of her findings. Please understand that your counsel will not be allowed to interfere with the interview but may be present if you like.

Since you are still being paid while not working as the investigation proceeds, we would like you to meet with the investigator as soon as possible. Please provide your counsel's availability to me today so that we can arrange for the meeting.

Thank you,

Gretchen

**Gretchen LeMay**

Head of People / Corporate Vice President

1470 Brummel Ave,
Elk Grove Village, IL 60007

630-422-3587 *(office)*
creative-werks.com

Complex packaging solutions with speed and peace of mind 

---

**From:** Mary Madison <assist2law@gmail.com>
**Sent:** Wednesday, November 2, 2022 11:17 AM
**To:** Gretchen LeMay <glemay@cwerksglobal.com>
**Subject:** Re: Attorney Interview- Tomorrow

> CAUTION: This email originated from outside of the organization. Do not click links or open attachments unless you recognize the sender and know the content is safe.

Good day Ms. LeMay

I have no problem following up with you or anyone else in regards to the risk assessment prepared and submitted to Mr. Schroeder on October 21, 2022. However, the rub is the circumstances that surround the matter.

Moreover, the email you are referencing, as an incorrect interpretation based upon your interpretation, is my interpretation of what you stated to me during our meeting October 26, 2022. Further, I am certain that it was my understanding that you stated that you had conducted an investigation that conclusively found my risk assessment(s) unfounded prompting my suspension. Based upon those findings you indicated that it warranted a need to get outside counsel involved.

I am alarmingly concerned as you reference this matter as an internal matter that is now using external resources presumably for the protection of the company's interest. Further, it is hard and difficult for me to look at the actions taken against me and the conversations that I have had relative to this matter and not logically deduce that: 1) my risk assessments were not received as correct and that; 2) there was something that was identified by you and others that supported the fact I allegedly committed some type of malfeasance to warrant such a drastic measure of suspension. Further, at no time could you provide me with those relevant details.

Contrarily, if my interpretation is not correct, then am I to understand that there was no investigation that led up to me being suspended?

Again, I have no problem defending the risk identified.  However, the conversation that I had with you, the actions taken against me and involvement of outside counsel leads me to believe otherwise.  I contend that  based upon these circumstances and inconsistencies, I require legal representation, when I speak to the outside counsel, whose recommendations and findings will be used as a determinative factor in this matter.

Thank you for your time and assistance in this matter.

Mary Madison

On Wed, Nov 2, 2022 at 7:14 AM Gretchen LeMay <glemay@cwerksglobal.com> wrote:

> Mary

> Your below email does not correctly recap the conversation we had last week.  You were suspended pending the results of an investigation that included an interview that needed to happen with you which is scheduled for this morning.  For an internal matter employees do not need or require counsel to be present.

> Given that you are on a paid suspension there should be no reason that you cannot meet with Kim as scheduled this morning.

> Thank you,

> **Gretchen LeMay**
> Head of People / Corporate Vice President

> 1470 Brummel Ave,
> Elk Grove Village, IL 60007
> 630-422-3587 *(office)*
> creative-werks.com

Complex packaging solutions with speed and peace of mind 

---

**From:** Mary Madison <assist2law@gmail.com>
**Sent:** Wednesday, November 2, 2022 2:13 AM
**To:** Gretchen LeMay <glemay@cwerksglobal.com>
**Subject:** Re: Attorney Interview- Tomorrow

---

> **CAUTION:** This email originated from outside of the organization. Do not click links or open attachments unless you recognize the sender and know the content is safe.

Good day Ms. LeMay

I am in receipt of your 4:40 pm email and voice mail, of November 1, 2022, regarding an interview with the company's outside counsel on November 2, 2022. When you, Wendy and I last spoke on Wednesday, October 26, 2022, you indicated that I was being suspended for the conversation that I had with Mr. Schroder on Friday, October 21, 2022.

When I asked why I was being suspended, you indicated that you conducted an investigation that concluded that the issues raised in the risk assessment that I prepared, as the quality regulatory manager, for Mr. Schroder were totally unfounded.

In seeking to better understand the scope of the investigation, I repeatedly asked what the investigation entailed. Each time, you declined to share any information including what those findings were. It was after those requests that you stated that you reviewed my emails and I had also violated a company policy by allegedly sending company property to an outside email address, as a further reason for my suspension. In seeking further clarification, regarding sending company property to an outside email, I asked you a couple of times what was sent? You stated it was something related to the Dunkaroo's account. To which, I categorically deny such an action. You also cited my assertion in the risk assessment that the company had made false statements as the main contributing factor for my suspension.

In support of my contentions, I offered you a report that underscored issues raised in the risk assessment; which, in my opinion, would have brought clarity to the situation. However, you refused to review it and further suggested that I present it to the outside counsel. As such, the adverse employment decision to discipline me with suspension was made without affording me an opportunity to participate in the investigation.

<span style="color:blue; font-size:2em;">Exhibit I</span>

From: Jon D. Cohen (jcohen@dickinson-wright.com)

To: mdj123197@aol.com

Date: Sunday, March 3, 2024 at 03:47 PM CST

Mary, I did not timely file my Motion to Dismiss that was attached as Exhibit B to the last motion!  I have filed the attached Motion to Leave to correct for that, and I assume the judge will grant this motion due to lack of any prejudice.  That being said, I have a question for you.  The Motion to Dismiss, in my opinion, will require dismissal of your Federal action because the IDHR matter is still pending---and I think the Court will agree that it thus has no jurisdiction at this time.   If this matter goes forward, you would ostensibly have to file a Reply to my Response (taking much of your time), and (again in my opinion), will be for nothing.    However, I have a proposal for you.  How about we enter into an Agreed Order.  The Agreed Order would provide for a <u>voluntary</u> dismissal of your pending Northern District Court case, but <u>expressly</u> allowing you to re-file that Complaint when either: (a) the IDHR resolves your pending claim or (b) you obtain a "Right to Sue" letter from the IDHR.   That would also mean that we would not have to attend the next motion date, set for March 7th too.  As a final courtesy, if we can agree to this, I will also agree that when/if you re-file the Federal Complaint, we will waive the need for a formal Service of Process....you can simply serve it via an email to me.  I am leaving town on Wednesday, so please let me know well before that if you wish to proceed in this matter.  If not, one of my partners will be in Court on Thursday to present the attached Motion.



**Jon D. Cohen**

Member

O: 312-377-4565

JCohen@dickinson-wright.com

The information contained in this e-mail, including any attachments, is confidential, intended only for the named recipient(s), and may be legally privileged. If you are not the intended recipient, please delete the e-mail and any attachments, destroy any printouts that you may have made and notify us immediately by return e-mail. Neither this transmission nor any attachment shall be deemed for any purpose to be a "signature" or "signed" under any electronic transmission acts, unless otherwise specifically stated herein. Thank you.

 Motion for Leave Madison.pdf
5.8MB

## CERTIFICATE OF SERVICE

I, Mary Madison, hereby certify that on March 28, 2024, a true and accurate copy of

Plaintiff's Rule 55 Motion and Memorandum in Support of Plaintiff's Rule 55 Motion was

served upon all parties of record via the Court's CM/ECF electronic system to the following:


Jon D. Cohen, Esquire
Joseph R. Delehanty, Esquire
C/o Dickinson Wright PLLC
55 West Monroe St. Suite 1200
Chicago, Il 60603


Respectfully,

Mary Madison
/s/ Mary Madison_____
Mary Madison
9758 S Charles
Chicago, Il 60643
7732979569
Mdj12319797@aol.com
Plaintiff ( *Pro se* )