UNITED STATED DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| MARY MADISON | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 23CV16476 |
| | ) | |
| | ) | Hon. Judge Manish S. Shah |
| CREATIVE WERKS, LLC, and | ) | |
| STEVE SCHROEDER, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

## REPLY TO RESPONSE TO
## MOTION TO DISMISS

Creative Werks, Inc., and Steve Schroeder, by and through their counsel, Dickinson Wright

PLLC, hereby sets forth this Reply to Response of Motion to Dismiss, with respect to Plaintiff,

Mary Madison's Complaint Pursuant to Rule 12(c) of the Federal Rules of Civil Procedure.

### Summary of Motion to Dismiss

As previously noted, Plaintiff, Mary Madison, filed a Complaint against Creative Werks,

Inc. ("Creative Werks") alleging violations under the Age Discrimination Employment Act, Title

VII of the Civil Rights Act (based upon Race) and Title VII of the Civil Rights Act (based on sex)

(hereinafter "Federal Complaint")   Before the instant Complaint was filed, Plaintiff filed a

Charge of Discrimination that is **still** pending before the Illinois Department of Human Rights (IDHR)

predicated upon the *same* allegations.   Indeed, only two weeks ago, the IDHR conducted an interview of

witnesses with respect to said IDHR action.    In Plaintiff's own Federal Complaint too, she asserts in

Paragraph 7.2(a)(ii), that she has her complaint "Currently Under Investigation" before the

IDHR.

Defendants filed a motion to dismiss predicated upon Madison's failure to exhaust her

administrative remedied before filing the Federal Complaint.  In Defendants Motion to Dismiss,

1

there are many citations of authority cited for the oft-asserted law that dismissal of a discrimination complaint in federal court is proper when a plaintiff either fails to file an EEOC/IHDR claim first and/or if the EEOC/IDHR claims are still pending. *See e.g., Vroman v. Round Lake Area Sch.-Dist.*, No. 15 C 2013, 2015 WL 7273108, at *2 (N.D. Ill. Nov. 18, 2015); *Davis v. Potter*, 2004 U.S. Dist. LEXIS 2105, No. 03 C 4155, *7 (N.D. Ill. Feb. 6, 2004); see also Leggette v. Dr. Pepper/Seven Up, Inc. No. 22CV2376, 2022 WL 6700261, at *1(N.D. Ill. Oct. 11, 2022) (Presided by Judge M. Shah).

### Plaintiff's Response to Motion to Dismiss

### I.     Plaintiff Incorrectly Asserts that the IDHR Claims Are Not Being Asserted In This Action

In Plaintiff's Response, she expressly admits that while she affirmatively indicated that the charges against the defendants are currently before the IDHR, it should not matter (for some unexplained reason) because she "qualified" that allegation in her Federal Complaint by noting that such claims before the IDHR are "currently under investigation." (See Response at pars. 2-4). It is unclear what this means nor why that alleged status of her open IDHR claim is in different procedural status than any other pending IDHR claim. With respect to this "qualification" in her Complaint, Plaintiff next admits that her IDHR matter "has not been conclusively resolved with the IDHR" and then argues (without any basis in logic) that therefore, the IDHR claim is "not the object of the [instant] civil suit." Plaintiff also inextricably and without any apparent logic asserts in her Response that "there are no IDHR claims "brought before the court or evidence to support" of such an assertion. Plaintiff makes this argument not withstanding her IDHR attached as an exhibit to her Federal Complaint, which asserts the same categories of discrimination set forth in the substance of her Federal Complaint. (See Docket No. 1, Ex. 1 & 3).

Plaintiff's above arguments are wholly without logic, are contrary to the case law cited in the Defendants' Motion to Dismiss, and are not based upon any citations of authority to the

contrary. Indeed, by Plaintiff's own logic, *any* party having an action pending before the IDHR and/or EEOC could ostensibly proceed to file a civil law suit before said EEOC/IDHR actions have been adjudicated and/or before a "right to sue" letter has been issued (on the same underlying allegations) by merely adding the words "currently under investigation" to their Complaint. Plaintiff's argument should be summary rejected.

## II.    The Rule 12(c) Motion is Improper

Plaintiff next argues, that the Defendants were not procedurally allowed to seek a dismissal under Rule 12(c) because Defendants did not first file an answer before filing the Motion to Dismiss.[1] In this respect, restating Plaintiff's argument, she correctly notes that unlike Rule 12(b) Motions to Dismiss, Rule 12(c) Motion are typically filed *after* or in conjunction with an Answer. Defendants' therefore request that the pending Motion be substantively addressed as a Rule 12(b)(6) Motion, which are treated by the *same* standards. *See McMillan v. Collection Prof'ls, Inc.*, 455 F.3d 754, 757 n.1 (7th Cir. 2006).

Although some courts, including this one, have noted that the failure to exhaust administrative remedies is more akin to an affirmative defense, this Court has nevertheless dismissed complaints for failure to exhaust administrative remedies when a Rule 12(b)(6) motion has been filed asserting same. *See e.g.*, *Morales v. Goodwill Indus. Of Se Wisconsin, Inc., No.* 14 CV 2370, 2014 WL 4914255 at *1 (Judge Shaw noting "Where the complaint provides a basis for arguing that the claims are barred by *res judicata* or a failure to exhaust administrative remedies, a defendant may move under Rule 12(b)(6) to dismiss the complaint on these bases." *citing Muhammad v. Oliver,* 547 F.3d 874, 878 (7th Cir. 2008); *Lavalais v. Village of Melrose Park,* 734

---

[1] Plaintiff further argues that, *by order of this Court*, the Defendants could only file "an answer a Motion to Dismiss pursuant to *Rule 12(a)*" (emphasis added) alleging such an order was entered on February 13, 2024 (Response Pg. 8, par. 7). However, no such order was entered on that date or any other date mentioning or requiring the filing of a "12(a)" motion.

F.3d 629, 633 (7th Cir.2013)); *Krzeptowski v. Corrugated Supplies Company LLC*, No. 17CV938, 2018 WL 1378179 at *4(N.D. Ill Mar. 19, 2018) (this Court dismissed a complaint due to failure to exhaust administrative remedies predicated upon a Rule 12(b)(6) Motion filed). Even in a recent matter where a failure to exhaust remedies was raised in a Rule 12(b)(6) motion, this Court noted that while the failure to exhaust administrative remedies may not be appropriate for a motion to dismiss, this Court dismissed the Complaint on the basis of the Plaintiff pleading herself out of court, *Mitchell v. B-Way Corp.*, No. 20 CV 1648, 2021 WL 83735, at *1(N.D. Ill. Jan. 11, 2021) *citing Walker v. Thompson*, 288 F3d 1005,1009 (7th. Cir.) (dismissal based on failure to exhaust.). In *Mitchell*, the Court found that it was clear on the face of the Complaint that the Plaintiff had not exhausted his administrative remedies with the IDHR and thus the matter was dismissed. *Id*. Similarly, in another recent case, this Court addressed a Motion to Dismiss a portion of a complaint based on the failure to exhaust administrative remedies, which the court granted, and even noting the propriety of the district court to *sua sponte*, dismiss a complaint for failure to exhaust administrative remedies when it is obvious from the Complaint and exhibits thereto. *Winkelman v. Cont'l Nursing & Rehab. Ctr., LLC*, No. 20CV2480, WL 576813, at *4(N.D. Ill Sept. 28, 2020).

### III. Plaintiff Incorrectly Asserts that There Is No Foundation of Law Underlying The Motion

Plaintiff next alleges that the argument raised by Defendant, (i.e. that Ms. Madison failed to exhaust her administrative remedies) was improperly raised due to such an assertion being "external" to her Complaint and asserting Defendants did not meet their burden of proof to establish same. (See Response pgs. 8-9).

This argument is of no merit, and it wholly ignores the fact that Plaintiff's *own* Federal Complaint includes an affirmative averment that she has a discrimination claim pending before the IDHR and she even attached a copy of the pending IDHR complaint to her Federal Complaint, and has *admitted* in her own *Response* as well, that that she has a pending IDHR complaint against

Defendants (see Response at pg. 2, par. 2-3 & 5; Complaint Par. 7.1 & Exhibits 1 & 3 thereto). Plaintiff's citation to *Brownmark Films LLV v. Comedy Partners*, 682 F.3d 687, 690 (7ᵗʰ Cir. 2012), actually cuts against her own arguments. In *Brownmark, the* court noted that some affirmative defenses underlying Rule 12(c) motions to dismiss may rely on "external" evidence outside of the confines of the Complaint at issue, but could also be predicated upon the Complaint and exhibits to the Complaint as well. (*Id.*) ("It is well settled that in deciding a Rule 12(b)(6) motion, a court may consider "documents attached to a motion to dismiss ... if they are referred to in the plaintiff's complaint and are central to his claim."). Here, Defendants' Motion to Dismiss is based upon allegations in Plaintiff's own complaint and exhibits thereto and does not rely upon any "external" evidence.

Plaintiff next argues that Defendants have misstated the law by predicating its Motion to Dismiss upon a on frivolous arguments without foundation and asserted for in improper purpose "to prejudice, vex and harass Plaintiff…" In support of this argument, Plaintiff cites to no case law relating to motions to dismiss based upon on the failure to exhaust administrative remedies. Rather, here, the Defendants' Motion to Dismiss is predicated upon oft cited legal authorities expressly providing that when IDHR/EEOC claims are still in process, a claim filed asserting the same basis of wrongdoing in a Court should be dismissed for a failure to exhaust administrative remedies.

Plaintiff also raises, as a separate basis to survive the motion, that in one (1) count she has asserted a Section 1981 claim, asserting "disparate treatment." Defendants recognize this distinction as raised by Plaintiff and agree that Section 1981 claims are not subject to the exhaustion of remedies requirement, and thus withdraws its Motion with respect to that single count.[2] As such, Defendant requests leave to answer same.

_____

[2] As a connected issue, Defendants now concedes that individuals can be named in a Complaint

### Conclusion

For all of the reasons set forth herein, Defendants respectfully request that all pending counts Title VII of the Plaintiff's Federal Complaint be dismissed that are the subject of Plaintiff's pending IDHR claims.

**On behalf of Creative Werks, LLC &
Steve Schroeder,**

\_\_/s Jon D. Cohen_____
By Jon D. Cohen

Dickinson Wright PLLC
Jon D. Cohen
jcohen@dickinsonwright.com
Joseph R. Delehanty
jdelehanty@dickinsonwright.com
55 W. Monroe St., Suite 1200
Chicago, Illinois 60603
312-572-6905

---

with respect to 42 U.S.C. 1981 can be named in a Complaint, but not with respect to the Title VII counts alleged by Plaintiff.