


IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS

|  |  |  |
|---|---|---|
| Mary Madison | ) ) ) | |
| **Plaintiff,** | ) | Case Number: 1:23-CV-16476 |
| -vs- | ) ) | Honorable Judge Manish S. Shah |
| Steve Schroeder | ) ) | |
| Creative Werks, LLC | ) | |
| **Defendant** | ) | |

### PLAINTIFF'S MEMORANDUM IN SUPPORT OF RULE 11(c) MOTION FOR SANCTIONS

NOW COMES the Plaintiff and in support of her Motion pursuant to the Federal Rule of Civil Procedure "hereinafter Fed. R. Civ. P." 11 hereby move that this Court impose sanctions upon Defendants for their submission of intentionally false and misleading motions in connection with 1) obtaining an ill-gotten benefit of reversing the Default Judgment entered on February 7, 2024 and 2) answering, pleading, or otherwise defending against the allegations of Plaintiff's Complaint pursuant to Fed. R. Civ. P. 12(a) Plaintiff states the following:

STATEMENT OF THE FACTS

1. Pursuant to Fed. R. Civ. P. 11(c)(1)(A), Plaintiff served her motion upon Defendants on April 2, 2024 at least 21 days prior to it being filed. Defendants have not appropriately corrected their improper actions and to date have not responded to Plaintiff's proposed motion (See Exhibit A). Defendants' conduct of acquiescence's further underscores and evidences Plaintiff's assertions of Defendants intentional contumacious behaviour.

2. Specifically, on February 8, 2024, one (1) of Defendants two (2) legal counselors, from Dickinson Wright, PLLC of Chicago on behalf of Defendants signed and filed Defendants motion to set aside the Default Judgment-Dkt. Entry #15. The motion was filed for a sundry of reasons, in

contravention to Fed. R. Civ. P. 11 that were supported by "wholly invented facts" as well as false and misleading statements of material fact regarding matters plainly within Defendants' counselors' personal knowledge at the time the motion to set aside was filed. These material facts include but are not limited to Defendants having obtained permission for an extension of time to file an answer from Plaintiff's Department of Labor, "hereinafter DOL" counsel[1] when Defendants Counsel had not obtained permission from Plaintiff to do so ( Dkt. #17). Defendants' alleged inferred lack of knowledge of the Rule 55 hearing held on February 7, 2024, evidenced by Defendants' failure to file an appearance and/or appear (Dkt. #12-15). Defendants also asserted that it had a meritorious defense to the complaint pursuant to Fed. R. Civ. P. 12(c) of unexhausted IDHR claims before the court. (Dkt. # 15) Claims not made by Plaintiff to this court. (Dkt. #1)

3. The Seventh Circuit reasoned "no one needs to be warned not to lie to the judiciary." *Negrete v. NatI'l R.R. Passenger Corp.*, 547 F.3d 721, 724 (7th Cir. 2008)

4. Plaintiff filed a motion in opposition to Defendants motion to set aside. (Dkt. # 17)

5. Plaintiff's motion discussed at length that Defendants: 1) Were aware of the Rule 55 motion and hearing. 2) Lack of consent from Plaintiff to speak with Plaintiff's DOL counsel should have foreclosed on Defendants contacting Plaintiff's DOL counsel about a matter he was not managing[2]. 3) Violated Rule 11. 4) Meritorious defense was egregiously displaced, as there are no IDHR claims raised by Plaintiff in this action. 5) Did not raise any due process issues in support of its lack of knowledge of the February 6, 2024 hearing. 6) Threatened Plaintiff's DOL counsel. Stating that if he did not help Defendants, in a contrived scheme to gain a tactical advantage over Plaintiff, by insisting that he instruct Plaintiff to withdraw her Rule 55 motion and/or join the pleadings he

---

[1] Even if the assertion is true, Defendants' request for a two (2) week extension on February 4, 2024, underscores that Defendants would not be able to meet its February 6, 2024 deadline. (Dk. 17pg. 3 ¶4 )

[2] Defendants seasoned and reasonably competent counsel should have known at the most rudimentary and perfunctory level not to engage in case management with an unauthorized third-party without having done its due diligence.

Page 2 of 16

would be subjected to scandalous and/or scurrilous allegations being made by Defendants to this Honorable court.

6. Defendants subjected Plaintiff's DOL counsel to scandalous and scurrilous allegations in its motion to set aside Dkt. #15, after Plaintiff's counsel refused to participate in Defendants counsels' nefarious schemes that would violate Plaintiff's protected rights and Plaintiff's counsels fiduciary obligations to Plaintiff.

7. On February 13, 2024, The Honorable Court granted Defendants' Motion to Set Aside for the good cause that Defendants had obtained permission from Plaintiff's counsel in the DOL matter to answer or otherwise plead in this action. That they took quick action and that they had a meritorious defense of Plaintiff having unexhausted Illinois Human Rights Claims before this Honorable Court.

8. Defendants violated Rule 11(b) (3), which prohibits baseless factual contentions or allegations be asserted in filings made before the court. *Mays v. Chicago Sun-Times*, 865 F.2d 134, 140 (7th Cir. 1989).

9. These false and misleading statements were made for an improper motive, in violation of Rule 11(b)(1) and Rule 55 that obtained an ill-gotten benefit from this Honorable court to Plaintiff's detriment.

10. Under false pretenses, Defendants, Schroeder and Creative Werks, were granted another opportunity to answer or otherwise plead in this action in accordance with Fed. R. Civ. P. 12(a)(1)(A).

11. Defendants filed a Rule 12 (c) motion in contravention to Fed. R. Civ. P. 12(a)(1)(A) instead of filing an answer or otherwise pleading in accordance with Rule 12(b).

12. An improper motion on its face, supported by "wholly invented facts," to which Defendants had been noticed that these facts did not exist as reflected in the courts record as Dkt. Entry #17 pg. 9 ¶ 5 prior to Defendants filing this motion. Fed. R. Civ. P's. 7, 8, 11 and 12

13. These and other false and misleading statements of material fact were made regarding matters plainly within Defendants' counselors' personal knowledge at the time Rule 12(c) motion was filed. A violation of Fed. R. Civ. P. 11(b).

14. Defendants also doubled down in furtherance of its schemes, of using the court and its instruments to subvert and obstruct justice, by filing yet another a sham and baseless reply in support of their frivolous argument hinged on misleading and "wholly invented facts." *Mays v. Chicago Sun-Times*, 865 F.2d 134, 140 (7th Cir. 1989).

15. Defendants continued recalcitrant conduct is further evidenced when Defendant ignored and refused to remediate the Rule 11 violations that had been identified on an ongoing basis and specifically again on April 2, 2024 when Defendants were served with a notice of motion regarding Plaintiff's intent to file a Rule 11(c) motion. (See Exhibit A).

16. Pursuant to Federal Rule of Civil Procedure 11, Plaintiff moves this Honorable Court for an Order of Sanctions finding that the Defendants conduct was contumacious, intentional, deliberate and in bad faith motivated by specific malicious intent on Defendants' behalf to subvert and obstruct justice while avoiding culpability and liability all to Plaintiff's and society's detriment.

17. Rule 11 does not require the district court make a finding that the transgressor acted in bad faith. *National Wrecking Co. v. International Bhd. of Teamsters, Local 731,990 F.2d 957, 963 (7th Cir. 1993). (Dkt. 31)*

18. "The Supreme Court insists that federal judges carry out the rules of procedure, whether or not those rules strike the judges as optimal." *Tuke v. United States,* 76 F.3d 155, 157 (7th Cir.1996) citing *Leatherman v. Tarrant County,* 507 U.S. 163, 113 S.Ct. 1160, 122 L.Ed.2d 517 (1993).

## Legal Standard

Federal Rules of Civil Procedure and in particular Fed. R. Civ. P. 11.

## Argument

I.   DEFENDANTS WILFULLY AND RECALCITRANTLY DEFIED THE FEDERAL RULES OF CIVIL PROCEDURE

1.   BLACK'S LAW DICTIONARY defines the term "willful" as:

> [P]roceeding from a conscious motion of the will; voluntary; knowingly; deliberate. Intending the result which actually comes to pass; designed; intentional; purposeful; not accidental or involuntary. Premeditated; malicious; done with evil intent, or with a bad motive or purpose, or with indifference to the natural consequences; unlawful; without legal justification.

2.   The Supreme Court has reasoned that:

> An act or omission is "willfully" done, if done voluntarily and intentionally and with the specific intent to do something the law forbids, or with the specific intent to fail to do something the law requires to be done; that is to say, with bad purpose either to disobey or to disregard the law. It is a word of many meanings, with its construction often influenced by its context. *Screws v. United States, 325 U.S. 91,101, 65 S.Ct. 1031,1035, 89 L.Ed. 1495.*

3.   Defendants filed three (3) motions in contravention to Federal Rule of Civil Procedure 11.

4.   Defendants first motion, was its motion to set aside, in contravention to Federal Rule of Civil Procedure 11that misled the court to Plaintiff's detriment was predicated on: 1) Defendants did not know about the Rule 55 hearing, hence inferring the reason that they failed to appear. 2) Defendants obtained permission from Plaintiff's counsel in another legal matter an extension of time to answer or otherwise plead in this matter. 3) And "wholly invented facts" that Plaintiff had IDHR claims before this Honorable court.

5.   This gas lit, baseless and misleading motion led to Defendants motion to set aside being granted.

6. The Court ordered Defendants on February 13, 2024 to file a responsive pleading, or alternatively, file a motion to dismiss pursuant Fed. R. Civ. P. 12(a) (Dkt. #20).

7. Defendants' second motion in contravention to Federal Rule of Civil Procedure 11 and 12(a) was when Defendants filed its Federal Rule of Civil Procedure 12(c) motion instead of an answer or a Federal Rule of Civil Procedure 12 (b) motion.

8. Defendants' second motion also contained the same "wholly invented facts" that Plaintiff had IDHR claims before this Honorable court that they had been noticed that did not exist in Plaintiff's motion in opposition to Defendants' motion to set aside Dkt. Entry #17 pg. 9 ¶ 5.

9. These same set of gas lit facts were used to intentionally continue to mislead the court in furtherance of Defendants scheme to subvert and obstruct justice and its administration.

10. Defendants engaged in egregious misconduct when they willfully filed a sham motions with this Honorable Court to set aside the default judgement and in contravention to Fed. R. Civ. P. 12 (a) that incorporated "wholly invented facts" and demonstratively false statements to obtain a benefit. *Mays v. Chicago Sun-Times*, 865 F.2d 134, 140 (7th Cir. 1989).

11. Defendants continued to double down misleading the court in filing its reply to Plaintiff's Response to Defendants' Rule 12(c) motion: yet another Rule 11(b) violation.

12. Additionally, "no fraud is more odious than an attempt to subvert the administration of justice." *Hazel-Atlas Glass* Co. *v. Hartford-Empire* Co., 322 U.S. 238, 251, 64 S. Ct. 997, 88 L. Ed. 1250 (1944).

13. Defendants willfully and recalcitrantly defied Federal Rules of Civil Procedures and the Court's order (Dkt. #20). *US v. AN UNDETERMINED QUANTITY, ETC.*, 583 F.2d 942, 947 (7th Cir. 1978).

14. "Orders must be complied with promptly and completely, for the alternative would be to frustrate and disrupt the progress of the trial with issues collateral to the central questions in litigation." *Maness v. Meyers*, 419 U.S. 449, 459 95 S. Ct. 584, 42 L. Ed. 2d 574 (1975).

15. Defendants recalcitrantly chose in contravention to the Fed. R. Civ. P. and the court's order and for an impermissible reason to file a Rule 12 (c) motion based upon claims that were not raised by Plaintiff to delay, subvert and obstruct justice. The orderly and expeditious administration of justice by the courts requires that "an order issued by a court with jurisdiction over the subject matter and person must be obeyed by the parties until it is reversed by orderly and proper proceedings." *United States* v. *Mine Workers,* 330 U. S. 258, 293 (1947).

16. The plain language reading, of Fed. R. Civ. P. 12, undoubtedly supports that Fed. R. Civ. P. 12 (c) motions are post answer motions filed after the pleadings are closed.

17. Within the legal community it is well established and should be well understood that "[t]he pleadings include the complaint, the answer, and any written instruments attached as exhibits." *Murray v. IndyMac Bank, FSB*, 461 F. Supp. 2d 645 (N.D. Ill. 2006).

18. Per Rule 8(c), the proper time to identify affirmative defenses is in a defendant's responsive pleading. Fed. R. Civ. P. 8(c).

19. These are all facts that Defendants legal counsel should have known and verified before filing. Fed. R. Civ. P. 11.

II. DEFENDANTS WILLFULLY MISREPRESENTED THEMSELVES OUTSIDE THE EXISTING STRUCTURE OF THE LAW

1. Defendants once again failed to represent themselves within the existing structure of the law, but instead intentionally misconstrued, misstated and misapplied Fed. R. Civ. P. 12 (c) for impermissible purposes. *Thornton v. Wahl, 787 F.2d 1151, 1154 (7th Cir.), cert. denied, 479 U.S. 851, 107 S.Ct. 181, 93 L.Ed.2d 116 (1986).*

2. Defendants raise the affirmative defense of failure to exhaust administrative remedies as the basis of its Fed. R. Civ. P. 12 (c) motion to dismiss based upon an imaginary version of the law and "wholly invented facts" that Plaintiff had IDHR claims before the court. *Mays v. Chicago Sun-Times*, 865 F.2d 134, 140 (7th Cir. 1989).

3. In sum, Defendants' Fed. R. Civ. P. 12 (c) motion is baseless, as it is not ground in fact or law and is in contravention to Rule 11 amongst others rules such as Fed. R. Civ. P. 7, 8 and 12. *Dreis & Krump Mfg. v. Intern. Ass'n of Machinists*, 802 F.2d 247, 255 (7th Cir. 1986).

4. Defendants cannot demonstrate with a sliver of evidence that it reasonably deduced, thought or legitimately contemplated through investigation or objective analysis of the facts that Plaintiff brought IDHR claims before the District Court to legitimately support its Rule 12(c) motion or its motion to set aside. *Ibid*; See also Fed. R. Civ. P. 11.

5. Defendants cannot reasonably or legitimately justify, by fact or law under the given circumstance, filing its Fed. R. Civ. P. 12 (c) motion. Especially after having notice prior to filing the Rule 12(c) motion that no IDHR claims were before the court. (Dkt. Entry #17 pg. 9 ¶ 5) *Brown v. National Bd. of Medical Examiners*, 800 F.2d 168, 171 (7th Cir. 1986).

III. DEFENDANTS WILLFULLY CONTRIVED AND PURPORTED THAT PLAINTIFF HAD IDHR CLAIMS BEFORE THE COURT

*1.* Defendants propounded its motions to set aside and its Rule 12 (c) motion based upon a frivolous argument of alleged IDHR claims that is cognitively and legally unreasonable, without foundation, and asserted for an improper purpose to subvert justice, prejudice, vex and harass Plaintiff, while ceremoniously delaying the legal proceedings." *Fries v. Helsper, 146 F.3d 452, 458 (7th Cir. 1998) ("Frivolous is defined as an argument or claim that is baseless and made without a reasonable and competent inquiry."). See also Brunt v. Service Employees Intern. Union, 284 F.3d 715 (7th Cir. 2002).*

2. Defendants' asserted in its, February 8, 2024, motion to set aside that Plaintiff had IDHR claims before the District Court, as a part of its meritorious defense (Dkt. Entry #15 pg. 4 ¶ 2)

3. Plaintiff at no time has signaled and or acquiesced to Defendants assertions that claims from the IDHR were being brought before the District Court in this case. (Dkt. #1 pg. 2 § 7.1)

4. Plaintiff filed a motion to oppose Defendants' Motion to Set Aside the Default Judgment and rejected the contention that IDHR claims were before the court (Dkt. Entry # 17 pg. 9 ¶ 5).

5. There is no logical, theoretical and or practical reason or rationale to contradict the fact Plaintiff did nothing to signal that there were IDHR claims before the court. Or is there anything controvert the court record reflecting Defendants being placed on notice, prior to the filing of their Rule 12(c) motion, that there were no IDHR claims before the court.

6. Hence, it is befuddling and stupefying to understand and or intelligibly reconcile how Defendants' drew the conclusion that IDHR claims were before the District court when there is no evidence to support such an assertion or contention. Fed. R. Civ. P. 11

7. It further becomes more egregious and malodorous that Defendants' would continue to propagate an erroneous assertion or contention that they knew was patently false through a Fed. R. Civ. P. 12(C) motion to dismiss (Dkt. Entry # 19). *Mays v. Chicago Sun-Times*, 865 F.2d 134, 140 (7th Cir. 1989).

8. Defendants not only had one (1), but two (2) reasonably competent persons representing them in this matter and before the DOL. It is inconceivable and highly implausible that any reasonably competent person(s) could continue to believe that IDHR claims were before the District Court, after notice that there were no IDHR claims. (Dkt. Entry # 17 pg. 9 ¶5)

9. Nor did Defendants' through their legal counselors seek clarification about the disposition from Plaintiff either, as part of a thorough investigation or objective analysis of the facts, as required. *Thornton,* 787 F.2d at 1154*;* Fed. R. Civ. P. 11

10. Defendants filed a sham Rule 12(c) motion to this Honorable court in bad faith to subvert justice and delay the proceedings as a part of its litigation strategy, as well as, to harass, prejudice and vex Plaintiff and in violation of Rule 11. Defendants' conduct is contemptuous and contumacious and is an abuse of the judicial system and these proceedings. *Hazel-Atlas Glass Co. v. Hartford-Empire* Co., 322 U.S. 238, 251,64 S. Ct. 997, 88 L. Ed. 1250 (1944).

IV. RULE 11 VIOLATIONS

1. Rule 11 requires counsel to study the law before representing its contents to a federal court. . . . The Rule requires counsel to read and consider before litigating. Counsel who puts the burden of study and illumination on the opposing party or the court must expect to pay attorney's fees under the Rule. . . . The point . . . is that every lawyer must do the necessary work to find the law before filing the brief. It is recalcitrant and unacceptable to make and inaccurate assertion of law and hope that it will turn out to be true. *Thornton,* 787 F.2d at 1154; Fed. R. Civ. P.11(b)(2)-(3).

2. Defendants were to ensure that any papers filed with the court were well-grounded in fact, legally tenable, and not interposed for any improper purpose, but this was not the case with the Defendants. *Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384, 110 S. Ct. 2447, 392 110 L. Ed. 2d 359 (1990).

3. Defendants conduct of filing and repeatedly pursing a sham and baseless motion predicated upon fraudulent and misleading facts does not comply with Fed. R. Civ. P. 11 and is perjurious. [P]erjury strikes at the heart of the integrity of the judicial system. And because of its seriousness and pernicious consequences sanctions are appropriate when a party conducts litigation in bad faith. *Chambers v. Nasco, Inc.*, 501 U.S. 32, 111 S. Ct. 2123, 2124, 115 L. Ed. 2d 27 (1991); *National Hockey League v. Metropolitan Hockey Club, Inc.*, 427 U.S. 639, 642-43, 96 S. Ct. 2778, 49 L. Ed. 2d 747 (1976).

4. Rule 11 does not require the district court make a finding that the transgressor acted in bad faith. *National Wrecking Co. v. International Bhd. of Teamsters, Local 731,990 F.2d 957, 963 (7th Cir. 1993)*.

5. The district court need only "undertake an objective inquiry into whether the party or his counsel `should have known that his position is groundless.'" *Chicago Newspaper Publishers' Ass'n v. Chicago Web Printing Pressmen's Union No. 7,821 F.2d 390, 397 (7th Cir. 1987); Mars Steel Corp. v. Continental Bank NA*, 880 F.2d 928, 932 (7th Cir. 1989).

6. Defendants should have known with reasonable certainty from an objective analysis: 1) that their motion was groundless as no IDHR claims exist; 2) And that responsive pleadings were a requisite to filing a Fed. R. Civ. P. 12 (c) motion; 3) And, that the Fed. R. Civ. P. 12 (b) is the proper vehicle for challenging the sufficiency of the complaint. Fed. R. Civ. P. 12(b); 4) And that intentional misapplication/misstatement of patently false facts and the law to make conclusory assertions and assertions of law out of context in hopes that it will turn out to be true and in furtherance of Defendants contrived schemes is misconduct and unacceptable. *Thornton* 787 F.2d at 1154. 5) And that it is a Fed. R. Civ. P. 11 violation when "parties or their attorneys" sign a pleading, motion, or other paper that, after reasonable inquiry, is not well grounded in fact and is not warranted by existing law or a good faith argument for the extension, modification, or reversal of existing law. Fed. R. Civ. P. 11. *Mars Steel Corp.*, 880 F.2d at 931

7. The Court of Mays reasoned that they could not think of "no better example of a pleading not well grounded in fact or law than a brief that falsely imputes a particular position to this court." *Mays*, 865 F.2d at 140.

8. Defendants' repeatedly, without moral or ethical compunction, have falsely imputed to this court in its various motions and/or briefs that there are IDHR claims before this court. *Ibid*

9. Parties and/or their attorneys violate Rule 11 when they bring legal action for any improper purpose, such as to harass or needlessly increase the cost of litigation. *Octane Fitness v. ICON Health & Fitness*, 572 U.S. 545, 134 S. Ct. 1749, 1758 188 L. Ed. 2d 816 (2014).

10. Defendants continued harassing and needlessly increasing the cost of litigation when it brought its motion to set aside (Dkt. #15) and its subsequent motions. Defendants knew for a fact that it did not have a meritorious defense and that it had no defense that could obviate or overcome the facts that Defendants: 1) Suspended Plaintiff for raising issues after engaging in protected activity and commemorated in a letter to Plaintiff dated October 26, 2022 Dkt. #1 pg. 60. 2) Contrived schemes, in furtherance of their unlawful conduct to violate Plaintiff's protected rights, that engaged in subsequent remedial measures to attempt to legitimizes the highly indisputable unlawful actions taken against Plaintiff Dkt. #1) Treated Plaintiff differently than it did its white male employee who engaged in the same contextual conversations as Plaintiff, but was not subjected to adverse employment decisions.

11. Fed. R. Civ. P. 11 violations mandate the imposition of sanctions. Fed. R. Civ. P. 11.

12. "The Supreme Court insists that federal judges carry out the rules of procedure, whether or not those rules strike the judges as optimal." *Tuke v. United States,* 76 F.3d 155, 157 (7th Cir.1996) citing *Leatherman v. Tarrant County,* 507 U.S. 163, 113 S.Ct. 1160, 122 L.Ed.2d 517 (1993).

### V. BAD FAITH

Defendants' false or misleading statements do not appear to be an accident or mistake caused by ignorance. The subject matter of the misrepresentations were facts particularly within Defendants and Defendants' counselors own personal and professional knowledge.

Hence, Defendants' repeated submission of false or misleading statements appear to have been in bad faith and in furtherance of their schemes to vex and frustrate Plaintiff and subvert and obstruct justice and its administration and is therefore, punishable under

the Court's inherent authority. The court's "inherent power encompasses the power to sanction attorney or party misconduct." Roadway Express, Inc. v. Piper, 447 U.S. 752, 764-65 (1980)

In assessing Defendants' conduct and the appropriate sanctions, Defendants' contumacious and mendacious conduct and bad faith are without question factors in the analysis.

**IN SUM**, Defendants' actions are repeated, calculated, intentional, contumacious and motivated by a specific malicious intent on behalf of Defendants to subvert and obstruct justice and its administration, as well as, to obstruct Plaintiff's right to a speedy and impartial trial. In addition, to causing Plaintiff further irreparable harms of loss of time, man-hours and money sandwiched between stress and duress. All of which are cumulatively in contravention to Fed. R. Civ. P. 11.

Further, Defendants conduct supports that Defendants have something to hide and it is reasonable to infer that it is liability and culpability for the highly indisputable adverse actions taken against Plaintiff. Further, Defendants' conduct evidences a lack of compunction that has emboldened them to act with impunity with respect to its course of dealings with Plaintiff and this Honorable Court.

It is further alarming to contemplate that Defendants acted with such bodacious contempt of consequence before this Honorable court and the judicial system at large. Defendants conduct themselves with an "air of impunity" asserting themselves as though they have an inalienable right or privilege to interpret and apply the law as Defendants see fit, even if it is with a reckless disregard of our constitutional construct, the prevailing statutes and society at large.

For Defendants to be so brazen to thumb its nose and squarely look this Honorable court in its face and flat out lie suggests that there is a fundamental lack of respect for this Honorable Court and the Judiciary system. Or frightfully that our system of justice is not really just, but a tool that is wielded for the wealthy that provides a cloak for them to violate laws that cause people socioeconomic, professional, reputational and personal harms while providing an illusion of justice.

Defendants' recalcitrant and contumacious conduct inevitably inveigled this Honorable Court to thwart justice, when it granted Defendant's motion to set aside based on a manufactured assertion that IDHR claims were before the court. (Dkt. #15) It would be a travesty if the court was once again inveigled by Defendants and became complicit in depriving Plaintiff of justice and her constitutional right of equal protection under the law by failing to sanction Defendants' egregious misconduct.

**CONCLUSIVELY**, it has been reasoned that "a court must be mindful of its responsibility "'to deter future parties from trampling upon the integrity of the court.'" *Dotson v. Bravo*, 321 F.3d 663, 668 (7th Cir. 2003)." *Salmeron v. Ent. Rec. Sys. Inc.*, 579 F.3d 787, 797-96 (7th Cir. 2009) *Tuke,* 76 F.3d at 157. And, a failure to deter Defendants would go against precedents setting the tone and giving the "greenlight" for Defendants to run amuck further prejudicing and subjecting Plaintiff to other irreparable harms. In addition, failing to discipline Defendants disrupts precedent-allowing bad actors like Defendants and their counsel to continue to subvert justice, commit fraud on the court, act with impunity and disobey lawful orders by misusing the instruments of the court in contravention to their intended use for impermissible purposes. *Chambers*, 501 U.S. at 44-46

**WHEREFORE**, in keeping with the precedents of the Supreme Court and the Seventh Circuit and for the aforementioned reasons Plaintiff respectfully requests and implores this Honorable Court to follow precedents and enter an Order Sanctioning Defendants and their Legal Counsel for their contumacious and mendacious conduct pursuant to Fed. R. Civ. P. 11 and that Defendants and their counsel have to place this order on their websites indicating that they were sanctioned for Fed. R. Civ. P. 11 violations. And in full disclosure they are to provide a hyperlink to the order for convenience and ease of their readers. And such said disclosure should be made in perpetuity for the life of that business or any subsequent business associated with it or its principles. Plaintiff further

seeks monetary relief[3] for the time and cost associated to bring responses and or motions to defend and or oppose Defendants' motions brought to date and any other such motions Defendants may bring during the course of this proceedings that are in contravention to Fed. R. Civ. P. 11. Plaintiff also requests she be provided any other relief available to Plaintiff for Defendants Rule 11 violations.

Dated: April 27, 2024                                    Respectfully submitted,

                                                         /S/ Mary Madison
                                                         Mary Madison
                                                         9758 S Charles
                                                         Chicago, Il 60643
                                                         7732979569
                                                         Mdj123197@aol.com

---

[3] The monetary relief shall be computed by the number of hours spent times the rate of pay Defendants paid Plaintiff.

**Exhibit A**

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS

|  |  |  |
|---|---|---|
| Mary Madison | ) ) ) | |
| **Plaintiff,** | ) | Case Number: 1:23-CV-16476 |
| -vs- | ) ) | Honorable Judge Manish S. Shah |
| Steve Schroeder | ) ) | |
| Creative Werks, LLC | ) | |
| **Defendant** | ) | |

**PLAINTIFF'S NOTICE OF INTENT TO FILE A RULE 11(c) MOTION**

NOW COMES the Plaintiff pursuant to Federal Rule of Civil Procedure 11, stating as follows:

1. Pursuant to Rule 11, you are hereby informed of the Rule 11 violations raised and described in detail in Docket #/s 17, 30 & 31.

2. The first Rule 11 violation was brought to your attention first on February 13, 2024 and subsequent violations again on March 18, 2024 respectively.

3. Pursuant to Rule 11 you are allowed at least twenty-one (21) days' time to remediate the violations by either withdrawing the matter or correcting it within the prescribed time frame set forth under Rule 11...

4. Hence, if such corrections or withdrawals are not made within the prescribed time frame expect that anywhere on or after April 24, 2024 a Rule 11(c) motion regarding these violations will be made to the court.

5. Further, to avoid any misunderstanding about the Rule 11 violations, in sum, the most notable violations are as follows:

a. Asserting a frivolous claim and defense based upon "wholly invented facts" that IDHR claims were before the court as the meritorious defense to set aside the motion for default. (Dkt #15)

b. The contumacious act of providing false and misleading information to the court facilitated an ill-gotten benefit of having the motion for default set aside (Dkt. 20)

c. Continuing to perpetuate a frivolous claim and defense in a Rule 12(c) motion based upon "wholly invented facts"" that IDHR claims were before the court, after being noticed that no such claims were before the court as referenced in Dkt. #17 and 19 respectively.

d. The Rule 12 (c) motion filed was frivolous and improper and it was in contravention to the deadlines imposed by the Court and the Federal Rules of Civil Procedure in particular Rule 7, 8, 11 and 12(a).

Your prompt attention is required.

Thank you for your time and assistance in this matter.

Respectfully

/s/

Mary Madison

# Rule 11 compliance notice

From:  mdj123197@aol.com (mdj123197@aol.com)

To:    jcohen@dickinson-wright.com; jdelehanty@dickinson-wright.com

Cc:    mdj123197@aol.com

Date:  Tuesday, April 2, 2024 at 07:05 PM CDT

Good day Gentlemen,

Please find the attached Rule 11 notice.

Cheers

 Rule 11 compliance letter 23 CV 16476.pdf
137.4kB

## CERTIFICATE OF SERVICE

I, Mary Madison, hereby certify that on April 28, 2024, a true and accurate copy of Plaintiff's Rule 11(c) Motion and Memorandum in Support of Plaintiff's Rule 11 (c) Motion was served upon all parties of record via the Court's CM/ECF electronic system to the following:

>Jon D. Cohen, Esquire
>Joseph R. Delehanty, Esquire
>C/o Dickinson Wright PLLC
>55 West Monroe St. Suite 1200
>Chicago, Il 60603

Respectfully,

Mary Madison
/s/ Mary Madison____
Mary Madison
9758 S Charles
Chicago, Il 60643
7732979569
Mdj123197@aol.com
Plaintiff ( P*ro se* )