UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

MARY MADISON,

          Plaintiff,

    v.

CREATIVE WERKS, LLC, and STEVE
SCHROEDER,

          Defendants.

No. 23 CV 16476

Judge Manish S. Shah

ORDER

Defendants' motion to dismiss, [19], plaintiff's Title VII claim against Creative Werks is denied, but granted as to her ADEA claim for failure to exhaust administrative remedies. The dismissal of that claim is without prejudice. *See Teal v. Potter*, 559 F.3d 687, 693 (7th Cir. 2009) (dismissal without prejudice appropriate for failure to exhaust). Madison's Title VII claim against Steve Schroeder is dismissed with prejudice, because there is no individual liability under Title VII. *See Worth v. Tyer*, 276 F.3d 249, 262 (7th Cir. 2001). Plaintiff's motion for sanctions, [36], is denied. Defendants shall answer the complaint by September 4, 2024, confer with plaintiff, and file a status report with the parties' proposals for a discovery schedule by September 9, 2024.

STATEMENT

Plaintiff Mary Madison filed this action for damages, invoking the Age Discrimination Employment Act, Title VII of the Civil Rights Act of 1964, and 42 U.S.C. § 1981. [1] at 3–4.[1] Defendants move to dismiss Madison's age discrimination and Title VII claims under Federal Rule of Civil Procedure 12(c). [19].

I.    **Background**

---

[1] Bracketed numbers refer to entries on the district court docket and page numbers are taken from the CM/ECF header placed at the top of filings.

Madison filed a charge of race and sex discrimination and retaliation with the Equal Employment Opportunity Commission in August 2023. [1] at 32. She alleged that she was suspended in retaliation for raising violations of the Federal Food, Drug, and Cosmetic Act, as amended by the Food Safety Modernization Act, to defendant Steve Schroeder, owner of defendant Creative Werks. *Id.* She was allegedly "treated differently than others who had violated company and public policy; including . . . a white male." *Id.* The EEOC issued Madison a right to sue letter in September 2023. [1] at 33.

Madison then asked the Illinois Department of Human Rights to investigate her EEOC discrimination charge under the Illinois Human Rights Act. [1] at 34. The IDHR let her know that if she did not receive a decision within a year, Madison could file her complaint in court between approximately September 2024 through early December 2024. [1] at 34–35.

Exactly 90 days after the EEOC issued its right to sue letter, Madison brought this case against Schroeder and Creative Werks for race, sex, and age discrimination and retaliation. [1].

## II.    Motion to Dismiss

Defendants move to dismiss Madison's age discrimination and Title VII claims for failure to exhaust administrative remedies under Federal Rule of Civil Procedure 12(c). [19] at 2–5. They also seek to dismiss Madison's Title VII claim against Schroeder, arguing that individuals cannot be held liable under Title VII.[2] [19] at 5.

Rule 12(c) permits a party to move for judgment on the pleadings *after* the pleadings are closed. Fed. R. Civ. P. 12(c); *see also Moss v. Martin*, 473 F.3d 694, 698 (7th Cir. 2007) ("Under Rule 12(c), a party can move for judgment on the pleadings after the filing of the complaint and answer."); 5C Arthur R. Miller, Federal Practice & Procedure § 1367 (3d ed. 2019) ("[T]he defendant may not move under Rule 12(c) prior to filing an answer."). An answer is a pleading, Fed. R. Civ. P. 7(a)(2), and defendants have not filed an answer. The pleadings are not "closed." *See* Fed. R. Civ. P. 12(c). Defendants' motion to dismiss under Rule 12(c) is untimely.

But I construe defendants' motion as a Federal Rule of Civil Procedure 12(b)(6) motion to dismiss. Miller, *supra*, § 1368 ("Because of the similarity between the Rule 12(c) and Rule 12(b) standards, courts typically will construe a premature Rule 12(c) motion[] as if it were brought under Rule 12(b)."). When reviewing a Rule 12(b)(6) motion to dismiss, a court accepts all well-pled allegations as true and draws all reasonable inferences in favor of the plaintiff. *Gociman v. Loyola Univ. of Chi.*, 41

---

[2] Defendants acknowledge that Madison's § 1981 claim can be brought against an individual and such claims do not require exhaustion of administrative remedies. [35] at 5, n.2. Thus, they withdrew their motion with respect to that claim. [35] at 5.

F.4th 873, 881 (7th Cir. 2022). "To survive a motion to dismiss, a plaintiff must plead 'only enough facts to state a claim to relief that is plausible on its face.'" *Id.* (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

Defendants' motion to dismiss Madison's Title VII claim against Schroeder is granted. Title VII does not provide for individual liability of an entity's agents. Only an individual who otherwise meets Title VII's definition of "employer," such as a sole proprietor, may be held liable. *U.S. E.E.O.C. v. AIC Sec. Investigations, Ltd.*, 55 F.3d 1276, 1280 n.2 (7th Cir. 1995); *Smith v. Castaways Fam. Diner*, 453 F.3d 971, 978 (7th Cir. 2006). Schroeder does not meet this definition. Madison alleges that Schroeder was her employer as the founder, owner, president, and alter ego of Creative Werks. [1] at 10, 19–20. While Schroeder might be liable in his corporate capacity if the corporate veil were pierced for other claims, even as Creative Werks' alter ego, he cannot be individually liable under Title VII. *See Worth v. Tyer*, 276 F.3d 249, 262 (7th Cir. 2001) (citing *AIC Sec.*, 55 F.3d at 1282 n.11) (rejecting argument that owner should be individually liable under Title VII for the acts of the corporation under an alter ego theory). Because amendment would be futile, Madison's Title VII claim against Schroeder is dismissed with prejudice. *See Runnion v. Girl Scouts of Greater Chi. & Nw. Ind.*, 786 F.3d 510, 520 (7th Cir. 2015).

Failure to exhaust administrative remedies is an affirmative defense. *Bibbs v. Sheriff of Cook Cnty.*, 618 Fed. App'x 847, 849 (7th Cir. 2015). Madison was not required to plead that she exhausted available administrative procedures. *See Kincaid v. Sangamon Cnty.*, 435 Fed. App'x 533, 536 (7th Cir. 2011). A court may, however, dismiss a complaint when "the existence of a valid affirmative defense, such as the failure to exhaust, is so plain from the face of the complaint that the suit can be regarded as frivolous." *Turley v. Gaetz*, 625 F.3d 1005, 1013 (7th Cir. 2010).

Defendants' motion to dismiss Madison's ADEA claims is granted. A plaintiff cannot bring an ADEA claim if it was not included in her EEOC charge unless the claim is reasonably related to the charges actually brought. *Reynolds v. Tangherlini*, 737 F.3d 1093, 1102 (7th Cir. 2013). Madison's EEOC filing does not mention anything related to age discrimination. [1] at 32. Madison also admits that she mistakenly checked the age-discrimination box in her complaint. [24] at 15; *see* [1] at 3. Her age discrimination claim is dismissed without prejudice. *See Teal v. Potter*, 559 F.3d 687, 693 (7th Cir. 2009) (dismissal without prejudice appropriate for failure to exhaust).

Defendants' motion to dismiss Madison's Title VII claim against Creative Werks is denied. Madison has exhausted her administrative remedies as to this claim. Madison's complaint alleges that she filed her charge with the EEOC and attaches a right to sue letter. [1] at 4, 32–33. She also states that she "has . . . filed a charge or charges against the defendant asserting the acts of discrimination indicated in this complaint with . . . the Illinois Department of Human Rights." [1] at 4. She

added that the charges were "[c]urrently under investigation." *Id.* According to Madison, this note was meant "to clarify and demonstrate that the matter had not been conclusively resolved with the IDHR and was not an object of the civil suit." [24] at 2.

Defendants argue that these allegations amount to an admission that Madison's Title VII claim is pending before the IDHR. [19] at 3–4. Madison argues that her IDHR claims are not before the district court, distinguishing between her federal and state claims. [24] at 2, 12. She is correct. While Madison's Title VII claim is based on the same facts as those currently before the IDHR, the IDHR is not investigating her Title VII claim. She chose to have her EEOC discrimination charge investigated by the IDHR under the Illinois Human Rights Act. [1] at 34. She has not brought a claim under the IHRA here.

Title VII requires claimants to file a charge with the EEOC and wait to sue until receiving a right to sue letter. *Doe v. Oberweis Dairy*, 456 F.3d 704, 708 (7th Cir. 2006); *Mach Mining, LLC v. E.E.O.C.*, 575 U.S. 480, 487 (2015). In states like Illinois that have an equal employment opportunity agency, the Title VII complainant must also file a charge with that agency and cannot proceed further for 60 days. *Oberweis Dairy*, 456 F.3d at 709. The IDHR waived this 60-day period by designating the EEOC to investigate Madison's charge first. *See Sofferin v. American Airlines, Inc.*, 923 F.2d 552, 558 (7th Cir. 1991) ("[A] state would [not] be deprived of its reasonable opportunity to act under state law if this state waived its right to process initially certain types of claims pursuant to a worksharing agreement.").

Even if the IDHR has not waived this period, Madison was only required to "allow the agency 60 days to act." *See Oberweis Dairy,* 456 F.3d at 710. Title VII does not require that a plaintiff complete this state administrative process before bringing a suit in federal court. *Zugay v. Progressive Care, S.C.*, 180 F.3d 901, 902 (7th Cir. 1999); *see also Oberweis Dairy,* 456 F.3d at 710 ("Title VII does not incorporate anything like the full apparatus of exhaustion."). When a charge is filed with the EEOC, the charge is deemed filed with the IDHR on the date filed with the EEOC. 775 ILCS 5/7A–102(A)(3)(1). Madison filed her EEOC charge in August 2023, well over 60 days prior to filing this lawsuit in December 2023. *See* [1] at 32.

Had Madison delayed bringing this suit until after the IDHR investigation completed, her claim would have been time-barred as filed well beyond the 90 days after receiving the right to sue letter. The IDHR investigation of her charge under the IHRA does not toll this period. *See, e.g., Sanchez v. BCTGMI Loc. #1*, No. 20 C 1782, 2021 WL 1853305, at *4 (N.D. Ill. May 10, 2021) (pendency of IDHR investigation does not toll 90-day window for filing federal claim following the EEOC's issuance of a right to sue notice); *Perkins v. Fed. Home Loan Bank of Chi.*, No. 18 C 06418, 2019 WL 4958237, at *3 (N.D. Ill. Oct. 8, 2019) (same); *Lewis v. Pretium Packaging, L.L.C.*, No. 14 C 6444, 2016 WL 3075267, at *2 (N.D. Ill. June 1, 2016) (same). Madison appropriately brought her federal claims after exhausting her

4

EEOC administrative remedies. Madison was required to, and did, file her Title VII claims against Creative Werks within 90 days of receiving the notice of rights. *See* [1] at 33.

## III.  Motion for Sanctions

Madison moves for sanctions under Federal Rule of Civil Procedure 11(c) arguing that defendants have asserted a frivolous defense based on "wholly invented facts" that the IDHR claims were at issue in her current litigation; used these facts to mislead the court to set aside defendants' default; and failed to file responsive pleadings before filing a Rule 12(c) motion to dismiss instead of seeking dismissal under Rule 12(b). [36] at 2.

Rule 11 requires that a motion for sanctions be served on the opposing party 21 days before it is filed in court. Fed. R. Civ. P. 11(c)(2). This provides the opposing party safe harbor to avoid sanctions by amending or retracting a challenged filing. *See* Fed. R. Civ. P. 11(c)(2) advisory committee's note to 1993 amendment. Madison emailed the defendants her motion more than 21 days prior to filing it with the court. [37] at 16–18. It is not clear that her email fulfills the requirement to serve the motion in compliance with Rule 5. Fed. R. Civ. P. 11(c)(2). That said, even if Madison's notice complied with Rule 11, her motion fails.

"[A] frivolous argument is . . . one that is baseless or made without a reasonable and competent inquiry." *Berwick Grain Co. v. Ill. Dept. of Agriculture*, 217 F.3d 502, 504 (7th Cir. 2000). All legal arguments must "be warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law." Fed. R. Civ. P. 11(b)(2).

Defendants' exhaustion argument is not so frivolous as to warrant sanctions. While Madison argues that it relies on made-up facts, her complaint does contain a statement that she has a charge pending before the IDHR. *See* [1] at 2. While defendants' may have misinterpreted this allegation, their argument was not baseless. Defendants rely on cases that dismissed IHRA claims when a plaintiff had a charge pending before the IDHR, and Illinois law that requires claimants to wait 365 days after filing an IDHR charge to bring a lawsuit. *See* [19] at 3–4. While they erroneously argued to extend this to Title VII claims, their argument was not so unreasonable as to warrant sanctions.

Defendants' choice to seek dismissal under Rule 12(c) before filing an answer also does not warrant sanctions. While the motion was premature, it could be

construed as a Rule 12(b)(6) motion and the arguments within it were not frivolous. Madison's motion for sanctions, [36], is denied.

ENTER:

Date:   August 12, 2024

Manish S. Shah
U.S. District Judge