UNITED STATED DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| MARY MADISON ) | |
| ) | |
| Plaintiff, ) | Case No. 23CV16476 |
| ) | |
| ) | Hon. Honorable Manish S. Shah |
| CREATIVE WERKS, LLC, and ) | |
| STEVE SCHROEDER, ) | |
| ) | |
| Defendant. ) | |
| ) | |

### Initial Status Report

1. The Nature of the Case

    This is a Title VII and 42 USC 1981 action predicated upon Plaintiff's adverse employment actions (suspension) based on race and sex, retaliation and pretext.

    a. Identify the attorneys of record for each party, including the lead trial attorney.

        Plaintiff:   Pro Se.

        Defendant:   Jon D. Cohen, Lead Trial

                     Joseph Delehanty
                     Dickinson Wright, PLLC
                     55 W. Monroe St., Suite 1200
                     Chicago, IL 60603
                     (312) 614-0060
                     jcohen@dickinsonwright.com
                     jdelehanty@dickinsonwright.com

    b. State the basis for federal jurisdiction.

        Federal Question

    c. Describe the nature of the claims asserted in the complaint and any counterclaims.

        Plaintiff worked for Creative Werks, a food packaging company. Plaintiff claims she was terminated because of discriminatory manners on the basis of submitting a purported risk analysis presented to the Defendant, asserting that she was treated less favorably than white males. Defendant denies any discriminatory animus in regards to Plaintiffs termination.

Plaintiff worked for Creative Werks and was treated less favorably than white males. Specifically, Plaintiff was suspended by Defendant pending an investigation for raising similar facts, contextual issues and concerns as Eric Zicher, a white-male, raised relative to operational and

compliance gaps in contravention to regulatory standards outlined in the Federal Drug and Cosmetic Act as amended by the Food Safety and Modernization Act.

      d.    State the major legal and factual issues anticipated in the case.

Whether unlawful animus was the basis of Plaintiff's termination. The Defendant will raise issues asserting Plaintiff's poor job performance, failure to follow company procedures, and Plaintiff's poor work product as the sole basis of her termination. Plaintiff does not agree with Defendant's assertions as a factual or legal issue, and the parties could not bridge this disagreement.

Whether Plaintiff was treated unlawfully in her employment and in the adverse employment actions taken against her by Defendant in contravention of Title VII and 42 USC 1981 because of her sex and race.

Whether the subsequent actions taken by Defendant in its indefinite suspension and post disciplinary treatment of the Plaintiff and its investigation were a pretext for unlawful discrimination of her based upon her sex and race.

Plaintiff asserts that a legal and factual issue in this case also includes - whether Plaintiff was retaliated against by Defendant for bringing to its attention in her report dated October 20, 2022 that it was not in compliance with its Customer requirements and the relevant provisions of the Food Safety Modernization Act and the Bioterrorism Act. The Defendant does not agree that this is relevant as a factual or legal issue, and the parties could not bridge this disagreement.

      e.    Describe the relief sought by the plaintiff(s).

Monetary damages.

2. Pending Motions and Case Plan

      a.    Identify all pending motions and propose a briefing schedule if one has not been set.

There are no pending motions.

      b.    Submit a proposal for a discovery plan, including the following information:

           i.    The general type of discovery needed;

It is anticipated that interrogatories, requests to produce, requests to admit and depositions will be engaged in between the parties. It is also anticipated that there will be some third party discovery sought by the parties.

           ii.    A date for Rule 26(a)(1) disclosures;

        It is anticipated that the parties can provide Rule 26(a)(1) disclosures by October 15, 2024.

    iii.    A date to issue written discovery;

        It is anticipated that the parties can start to issue written discovery by October 29, 2024.

    iv.    A date to request any amendment of the pleadings;

        It is anticipated that the parties may request to amend the pleadings by - January 31, 2025

    v.    A fact discovery completion date;

        It is anticipated that the parties may be able to complete fact discovery by July 16, 2025.

    vi.    If there will be expert discovery, an expert discovery completion date, including dates for the delivery of expert reports; and

        It is anticipated that experts will be named by the parties, that expert reports completed by August 31, 2025 and that expert discovery be completed by October 15, 2025

    vii.    A date for the filing of dispositive motions.

        It is anticipated that dispositive motions would be filed by the parties by - November 15, 2025

    c.    With respect to trial, indicate whether a jury trial is requested and the probable length of trial.

        Plaintiff has requested a jury trial. It is anticipated that four (4) full days will be required for the jury trial.

3.    Consent to Proceed Before a Magistrate Judge

    a.    Indicate whether the parties consent unanimously to proceed before a Magistrate Judge.

          Plaintiff declines to consent to proceed before a Magistrate Judge.

4. Status of Settlement Discussions

    a.    Indicate whether any settlement discussions have occurred. Yes

    b.    Describe the status of any settlement discussion and whether the parties request a settlement conference.

          The Parties are at an impasse. No settlement conference is currently being requested.

Prepared by:

/s Jon D. Cohen
Jon D. Cohen

Jon D. Cohen
Dickinson Wright PLLC
55 W. Monroe St., Suite 1200
Chicago, IL 60603
(312) 641-0060
jcohen@dickinsonwright.com