

 

**FILED**
11/2/2024
THOMAS G. BRUTON
CLERK, U.S. DISTRICT COURT

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS

|  |  |
|---|---|
| Mary Madison ) | |
| **Plaintiff,** ) | **Case Number: 1:23-CV-16476** |
| ) | |
| -vs- ) | **Honorable Judge Manish S. Shah** |
| ) | |
| Steve Schroeder ) | |
| Creative Werks, LLC ) | |
| **Defendant** ) | |

## PLAINTIFF'S MOTION & MEMORANDUM IN SUPPORT FOR ENTRY OF DEFAULT
_____

Plaintiff requests that the clerk of court enter default against Defendant, Steve Schroeder pursuant to Federal Rule of Civil Procedure 55(a). In support of this request, Plaintiff relies upon the record in this case and the affidavit submitted herein.

## **Statement of Facts**

1. Plaintiff timely initiated these proceedings, Pro Se, on December 4, 2023 seeking relief for Title VII and 42 USC §§ 1981 and 1985 violations. (Dkt. #1 pg. 4 & 8)

2. Defendant, Steve Schroeder, submitted to the jurisdiction of the Court on February 13, 2024, pursuant to Rule 4 of the Fed. R. Civ. P., during the hearing on the Motion to Set Aside the Default Judgment (Dkt.# 20);

3. Defendants were granted another opportunity to answer or otherwise plead in this action in accordance with Fed. R. Civ. P. 12(a)(1).

4. Defendants of their own volition filed a Rule 12(c) motion to dismiss.

5.  On August 12, 2024 the Court denied Defendants 12(c) motion to dismiss and dismissed Plaintiff's Title VII complaint against Schroeder leaving Schroeder to respond to the remaining claims. (Dkt.38).

6.  Additionally, the Court order Defendants to answer Plaintiff's complaint by September 4, 2024.

7.  Defendants failed to comply with the Courts August 12, 2024 order. (Dkt. #38)

8.  On September 13, 2024, the Court once again ordered Defendants to answer Plaintiff's complaint by September 24, 2024 or have a default judgment entered by the Court. (Dkt. #39)

9.  Defendant Creative Werks filed an answer to Plaintiff's complaint (Dkt. 40)

10. Defendants prepared and filed a joint status report on behalf of Defendants (Dkt. #41)

11. Defendant, Schroeder, in violation of the Court's second order failed to answer Plaintiff's complaint on or by September 4, 2024 for 42 U.S.C. 1981 & 1985 causes of action.

12. Pursuant to Federal Rule of Civil Procedure 55(a), Plaintiff moves the Clerk of the Court for an Order of Default finding that the Defendant, Steve Schroeder, is liable on all counts set forth in Plaintiff's complaint.

## Legal Standard

"Federal Rule of Civil Procedure 55 governs default judgments in federal court." Silberman v. Wigod, 914 F.2d 260 (Table), 1990 WL 127568, at *4 (7th Cir. 1990); see Fed. R. Civ. P. 55. Rule 55(a) provides that "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." Fed. R. Civ. P. 55(a).

## Argument

I.     DEFENDANTS WILFULLY AND RECALCITRANTLY DEFIED THE DEADLINES

*IMPOSED BY THE FEDERAL RULES OF CIVIL PROCEDURE AND BY THE COURT*

1.     BLACK'S LAW DICTIONARY defines the term "willful" as
> [P]roceeding from a conscious motion of the will; voluntary; knowingly; deliberate. Intending the result which actually comes to pass; designed; intentional; purposeful; not accidental or involuntary. Premeditated; malicious; done with evil intent, or with a bad motive or purpose, or with indifference to the natural consequences; unlawful; without legal justification.

2.     The Supreme Court has reasoned that:

> An act or omission is "willfully" done, if done voluntarily and intentionally and with the specific intent to do something the law forbids, or with the specific intent to fail to do something the law requires to be done; that is to say, with bad purpose either to disobey or to disregard the law. It is a word of many meanings, with its construction often influenced by its context. *Screws v. United States, 325 U.S. 91,101, 65 S.Ct. 1031,1035, 89 L.Ed. 1495.*

3.    The Court ordered Defendants on February 13, 2024 to file a responsive pleading, or alternatively, file a motion to dismiss under Fed. R. Civ. P. 12(a). (Dkt. #20)

4.    Defendants to date have failed once again respond under Fed. R. Civ. P 12(a) even after being order to do so again on September 13, 2024. (Dkt. #39)

5.     Defendants willfully and recalcitrantly defied the deadlines imposed by Federal Rules of Civil Procedures and the Court's orders. *US v. An Undetermined Quantity , etc. 583 F. 2d 92, 947 (7th Cir. 1978)*

II.     DEFENDANTS COLLECTIVELY AND IN PARTICULAR  DEFENDANT STEVE

SCHROEDER HAVE NOT EVIDENCED A CLEAR INTENTION TO DEFEND THE

LAWSUIT

1. Defendants willfully violated the Fed. R. Civ. P and the Court's order to file a responsive

   pleading, or alternatively, file a motion to dismiss under Fed. R. Civ. P. 12(a).  "Orders must

   be complied with promptly and completely, for the alternative would be to frustrate and

   disrupt the progress of the trial with issues collateral to the central questions in litigation."

   *Maness v. Meyers*, 419 U.S. 449, 459 95 S. Ct. 584, 42 L. Ed. 2d 574 (1975).

2. Defendants instead willfully and recalcitrantly chose in contravention to the Fed. R. Civ. P.

   and the court's order to file a Rule 12 (c) motion based on a failure to exhaust administrative

   remedies. A motion that does not comply with Fed. R. Civ. P. 12(a) nor the court's order.

   The orderly and expeditious administration of justice by the courts requires that "an order

   issued by a court with jurisdiction over the subject matter and person must be obeyed by the

   parties until it is reversed by orderly and proper proceedings." *United States* v. *Mine*

   *Workers,* 330 U. S. 258, 293 (1947)*.


**WHEREFORE**, for the aforementioned reasons Plaintiff respectfully requests and implores the

Clerk of the Court to enter an Order of Default Judgment and provide any other relief available

to Plaintiff for Defendant's willful failure to respond.

Dated November 2, 2024                    Respectfully submitted,


                                       /S/ Mary Madison_____

Mary Madison

9758 S Charles

Chicago, Il 60643

7732979569

Mdj123197@aol.com

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**

|  |  |  |
|---|---|---|
| | ) | |
| | ) | |
| Mary Madison | ) | |
| **Plaintiff,** | ) | **Case Number: 1:23-CV-16476** |
| | ) | |
| **-vs-** | ) | **Honorable Judge Manish S. Shah** |
| | ) | |
| Steve Schroeder | ) | |
| Creative Werks, LLC | ) | |
| **Defendant** | ) | |

**AFFIDAVIT IN SUPPORT OF MOTION FOR ENTRY OF DEFAULT**

_____

I, Mary Madison, hereby declare under penalty of perjury, pursuant to 28 U.S.C. § 1746(2) that the

following statements are true and correct:

1.      I am the Plaintiff in the above-entitled action and I am familiar with the file, records and

pleadings in this matter.

2.      The summons and complaint were filed on December 4, 2023.

3.      Defendant Creative Werks was served with a copy of the summons and complaint on

December 15, 2023, as reflected on the docket sheet by the proof of service filed on (date) (Dkt.  8)

and Defendant, Steve Schroeder, submitted to the court's jurisdiction on February 13, 2024.

Defendant's counsel was in receipt of copies of Plaintiff's Summons and Complaint as provided by

Fed. R. Civ. P.  4. (Dkt. 20)

4.      An answer to the complaint was due on February 15, 2024. (Dkt. 20)

5.      On February 14, 2024 Defendant Schroeder filed a Rule 12c motion to dismiss based upon "wholly invented" facts asserting that Plaintiff had IDHR claims before the court knowing that Plaintiff had not such claims before the court. (Dkt. 19)

6.      Defendants Schroeder and Creative Werks were ordered again on August 12, 2024 to file an answer by September 4, 2024. (Dkt. 38)

7.      Defendants Schroeder and Creative Werks failed to answer on September 4, 2024 in compliance with the Court's August 12, 2024 order and Fed. R. Civ. P 12(a). (Dkt. 38)

8.      On September 13, 2024, the Court again ordered Defendants to answer by September 24, 2024 or be subject to an entry of default. (Dkt. 39)

9.      To date Defendant Schroeder has not answered in contravention to Fed. R. Civ. P 12(a) and as ordered by the court within the time allowed and, therefore, is now in default.

10.     Defendant Schroeder is neither an infant nor an incompetent person requiring special service under Rule 4(g), Federal Rules of Civil Procedure, and is not serving with the armed forces of the United States entitled to the protection of 50 U.S.C. App. Section 520.

11.     Plaintiff requests that the Clerk of Court enter default against the defendant.


Dated November 2, 2024                          Respectfully submitted,


                                                /S/ Mary Madison

                                                Mary Madison
                                                9758 S Charles
                                                Chicago, Il 60643
                                                7732979569
                                                Mdj123197@aol.com

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS

|  |  |  |
|---|---|---|
| | ) | |
| | ) | |
| Mary Madison | ) | **Case Number: 1:23-CV-16476** |
| **Plaintiff,** | ) | |
| | ) | |
| **-vs-** | ) | **Honorable Judge Manish S. Shah** |
| | ) | |
| Steve Schroeder | ) | |
| Creative Werks, LLC | ) | |
| **Defendant** | ) | |

## PROPOSED ORDER FOR ENTRY OF DEFAULT

Upon review of Plaintiff's Motion for Entry of Default and the supporting affidavit, and it appearing that Defendant has failed to plead or otherwise defend as required by Federal Rule of Civil Procedure 55(a):

**IT IS HEREBY ORDERED THAT:**

1. The Clerk of the Court shall enter the default of Defendant, Steve Schroeder.
2. Plaintiff may proceed with a motion for default judgment pursuant to Federal Rule of Civil Procedure 55(b).

November 2, 2024

BY THE COURT:


**Honorable Judge Manish S. Shah**

United States District Judge

Case: 1:23-cv-16476 Document #: 44 Filed: 11/02/24 Page 8 of 22 PageID #:742

**Query    Reports    Utilities    Help    Log Out**

**Exhibit A**

JANTZ

# United States District Court
## Northern District of Illinois - CM/ECF NextGen 1.8 (rev. 1.8.1) (Chicago)
## CIVIL DOCKET FOR CASE #: 1:23-cv-16476

Madison v. Creative Werks, LLC et al
Assigned to: Honorable Manish S. Shah
Cause: 42:1983 Civil Rights Act

Date Filed: 12/04/2023
Jury Demand: Plaintiff
Nature of Suit: 442 Civil Rights: Jobs
Jurisdiction: Federal Question

**Plaintiff**

**Mary Madison**

represented by    **Mary Madison**
9758 S. Charles
Chicago, IL 60643
(773) 297-9569
Email: mdj123197@aol.com
PRO SE

V.

**Defendant**

**Creative Werks, LLC**

represented by    **Jon D Cohen**
Dickinson Wright PLLC
55 West Monroe
Suite 1200
Chicago, IL 60603
(312) 641-0060
Fax: Active
Email: jcohen@dickinsonwright.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Joseph Reel Delehanty**
Dickinson Wright PLLC
55 West Monroe, Suite 1200
Chicago, IL 60603
(312) 641-0060
Fax: Not a member
Email: JDelehanty@dickinson-wright.com
*ATTORNEY TO BE NOTICED*

**Defendant**

**Steve Schroeder**

represented by   **Jon D Cohen**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Joseph Reel Delehanty**
(See above for address)
*ATTORNEY TO BE NOTICED*

| Date Filed | # | Docket Text |
|---|---|---|
| 12/04/2023 | 1 | COMPLAINT filed by Mary Madison. (Exhibits) (jh, ) (Entered: 12/05/2023) |
| 12/04/2023 | 2 | CIVIL Cover Sheet. (jh, ) (Entered: 12/05/2023) |
| 12/04/2023 | 3 | PRO SE Appearance by Plaintiff Mary Madison. (jh, ) (Entered: 12/05/2023) |
| 12/04/2023 | | CASE ASSIGNED to the Honorable Elaine E. Bucklo. Designated as Magistrate Judge the Honorable Beth W. Jantz. Case assignment: Random assignment. (Civil Category 2). (jh, ) (Entered: 12/05/2023) |
| 12/05/2023 | | CLERK'S NOTICE: Pursuant to Local Rule 73.1(b), a United States Magistrate Judge of this court is available to conduct all proceedings in this civil action. If all parties consent to have the currently assigned United States Magistrate Judge conduct all proceedings in this case, including trial, the entry of final judgment, and all post-trial proceedings, all parties must sign their names on the attached Consent To form. This consent form is eligible for filing only if executed by all parties. The parties can also express their consent to jurisdiction by a magistrate judge in any joint filing, including the Joint Initial Status Report or proposed Case Management Order. (jh, ) (Entered: 12/05/2023) |
| 12/15/2023 | 6 | EXECUTIVE COMMITTEE ORDER: Case reassigned to the Honorable Manish S. Shah for all further proceedings; pursuant to the provisions of 28 USC 294(b). Honorable Elaine E. Bucklo no longer assigned to the case. Signed by Executive Committee on 12/15/2023. (rc, ) (Entered: 12/15/2023) |
| 12/15/2023 | 8 | SUMMONS Returned Executed as to Creative Werks, LLC on 12/15/2023, answer due 1/5/2024. (jh, ) (Entered: 12/18/2023) |
| 12/18/2023 | 7 | MINUTE entry before the Honorable Manish S. Shah: Plaintiff paid the filing fee and is responsible for serving a summons and the complaint on the defendant. Plaintiff should consult Federal Rule of Civil Procedure 4. Plaintiff has until 3/4/24 to serve defendants. Notices mailed. (psm, ) (Entered: 12/18/2023) |
| 12/28/2023 | 9 | ANNUAL REMINDER: Pursuant to Local Rule 3.2 (Notification of Affiliates), any nongovernmental party, other than an individual or sole proprietorship, must file a statement identifying all its affiliates known to the party after diligent review or, if the party has identified no affiliates, then a statement reflecting that fact must be filed. An affiliate is defined as follows: any entity or individual owning, directly or indirectly (through ownership of one or more other entities), 5% or more of a party. The statement is to be electronically filed as a PDF in conjunction with entering the affiliates in CM/ECF as prompted. As a reminder to counsel, parties must supplement their statements of affiliates within thirty (30) days of any change in the information previously reported. This minute order is being issued |

| | | to all counsel of record to remind counsel of their obligation to provide updated information as to additional affiliates if such updating is necessary. If counsel has any questions regarding this process, this LINK will provide additional information. Signed by the Executive Committee on 12/28/2023: Mailed notice. (tg, ) (Entered: 12/28/2023) |
|---|---|---|
| 01/24/2024 | 10 | MOTION by Plaintiff Mary Madison for Rule 55 default judgment. (Exhibits) (Received for Docketing 02/05/2024)<br><br>(rc, ) (Entered: 02/05/2024) |
| 01/24/2024 | 11 | NOTICE of Motion by Mary Madison for presentment of motion for default judgment 10 before Honorable Manish S. Shah on 2/6/2024 at 09:45 AM. (Received for Docketing 02/05/2024) (rc, ) (Entered: 02/05/2024) |
| 02/06/2024 | | SUMMONS Issued as to Defendant Steve Schroeder (jcm) (Entered: 02/06/2024) |
| 02/06/2024 | 12 | MINUTE entry before the Honorable Manish S. Shah: Motion hearing held. For the reasons stated in open court, plaintiff's motion for entry of Rule 55 default judgment 10 is granted in part. An order of default is entered as to defendant Creative Works, LLC. The deadline to serve defendant Steve Schroeder remains 3/4/24. Notices mailed. (psm, ) (Entered: 02/06/2024) |
| 02/08/2024 | 13 | ATTORNEY Appearance for Defendants Creative Werks, LLC, Steve Schroeder by Joseph Reel Delehanty (Delehanty, Joseph) (Entered: 02/08/2024) |
| 02/08/2024 | 14 | ATTORNEY Appearance for Defendants Creative Werks, LLC, Steve Schroeder by Jon D Cohen (Cohen, Jon) (Entered: 02/08/2024) |
| 02/08/2024 | 15 | MOTION by Defendants Creative Werks, LLC, Steve Schroeder to set aside order on motion for default judgment,, motion hearing,, terminate motions, 12 *And Leave to File Motion to Dismiss*<br><br>(Attachments: # 1 Exhibit Exhibit A, # 2 Exhibit Exhibit B)(Cohen, Jon) (Entered: 02/08/2024) |
| 02/08/2024 | 16 | NOTICE of Motion by Jon D Cohen for presentment of motion to set aside, 15 before Honorable Manish S. Shah on 2/14/2024 at 09:45 AM. (Cohen, Jon) (Entered: 02/08/2024) |
| 02/13/2024 | 17 | MOTION in Opposition by Plaintiff Mary Madison to Defendant's Motion to Set Aside Plaintiff's Default Judgment (Exhibits) (lm, ) (Entered: 02/13/2024) |
| 02/13/2024 | 18 | NOTICE of Motion by Mary Madison for presentment of motion 17 before Honorable Manish S. Shah on 2/20/2024 at 09:45 AM. (lm, ) (Entered: 02/13/2024) |
| 02/14/2024 | 19 | MOTION by Defendants Steve Schroeder, Creative Werks, LLC to dismiss for lack of jurisdiction *(with Exhibits attached)*<br><br>(Cohen, Jon) (Entered: 02/14/2024) |
| 02/14/2024 | 20 | MINUTE entry before the Honorable Manish S. Shah: Motion hearing held. For the reasons stated in open court, the motion to vacate default 15 is granted. The entry of default is vacated. Plaintiff's motion in opposition 17 is denied, and no appearance on 2/20/24 is necessary. Defendants shall respond to the complaint by 2/15/24. If the responsive pleading is a motion to dismiss, plaintiff shall respond by 3/18/24; defendant shall reply by 4/1/24. |

| | | The court will issue a ruling via cm/ecf or set a further court hearing. Notices mailed. (psm, ) (Entered: 02/14/2024) |
|---|---|---|
| 03/02/2024 | 21 | MOTION by Defendants Creative Werks, LLC, Steve Schroeder for extension of time to file *Motion to Dismiss*<br><br>(Cohen, Jon) (Entered: 03/02/2024) |
| 03/02/2024 | 22 | NOTICE of Motion by Jon D Cohen for presentment of motion for extension of time to file 21 before Honorable Manish S. Shah on 3/7/2024 at 09:45 AM. (Attachments: # 1 Certificate of Service)(Cohen, Jon) (Entered: 03/02/2024) |
| 03/05/2024 | 23 | MINUTE entry before the Honorable Manish S. Shah: The motion to file the motion to dismiss 21 is denied as unnecessary. Defendants filed their motion on 2/14/24, and did not need to file it again. Plaintiff's response remains due 3/18/24 and defendant's reply is due 4/1/24. No appearance on 3/7/24 is necessary. (mss) (Entered: 03/05/2024) |
| 03/18/2024 | 27 | OPPOSITION by Mary Madison to defendants' Rule 12(c) motion for judgment on the pleadings (Exhibits) (Received via PDF Submission in Box.com on 03/18/24) (Received for docketing 03/25/24) (Duplicate filing of document number 24 ) (lm, ) (Entered: 03/26/2024) |
| 03/19/2024 | 24 | OPPOSITION by Mary Madisonin to Defendants' Rule 12(c) motion to dismiss judgement on the pleadings.<br><br>*19 (Received via pro se email on 03/19/2024) (rc, ) (Entered: 03/19/2024)* |
| 03/23/2024 | 25 | MOTION by Plaintiff Mary Madison to consider plaintiff's response to defendant's Fed. R. Civ. P. Rule 12(C) motion to dismiss timely filed (Exhibits). (Received by pro se email on 03/23/24) (aee, ) (Entered: 03/25/2024) |
| 03/23/2024 | 26 | NOTICE of Motion by Mary Madison for presentment of motion for to consider plaintiff's response to defendant's Fed. R. Civ. P. Rule 12(C) motion to dismiss timely filed 25 before Honorable Manish S. Shah on 4/4/2024 at 09:45 AM. (Received by pro se email on 03/23/24) (aee, ) Modified on 3/27/2024 (aee, ). (Entered: 03/25/2024) |
| 03/26/2024 | 28 | NOTICE of Correction regarding 24 , 27 (lm, ) (Entered: 03/26/2024) |
| 03/26/2024 | 29 | MINUTE entry before the Honorable Manish S. Shah: The motion to consider plaintiff's response timely filed 25 is granted and no appearance on the motion is necessary. Defendants may have until 4/2/24 to file their reply. Notices mailed. (psm, ) (Entered: 03/26/2024) |
| 03/29/2024 | 30 | RULE 55 MOTION by Plaintiff Mary Madison for default judgment and order of judgment (Exhibits) (Received via PDF Submission on Box.com on 03/29/24) (lm, ) (Entered: 03/29/2024) |
| 03/29/2024 | 31 | MEMORANDUM by Mary Madison in support of rule 55 motion for default judgment and order of judgment 30 (Exhibits) (Received via PDF Submission on Box.com on 03/29/24) (lm, ) (Entered: 03/29/2024) |
| 03/29/2024 | 32 | NOTICE of Motion by Mary Madison for presentment of rule 55 motion for default judgment 30 before Honorable Manish S. Shah on 4/11/2024 at 09:45 AM (Received via PDF Submission on Box.com on 03/29/24)(lm, ) (Entered: 03/29/2024) |

| 03/29/2024 | [34] | NOTICE of Motion by Mary Madison for presentment of rule 55 motion for default judgment [30] before Honorable Manish S. Shah on 4/11/2024 at 09:45 AM. (Received via PDF Submission on Box.com on 03/29/24) (ph, ) (Entered: 04/01/2024) |
| 04/01/2024 | [33] | MINUTE entry before the Honorable Manish S. Shah: The motion for entry of default [30] is denied and no appearance on the motion is necessary. Although a Rule 12(c) motion is not an answer or a Rule 12(b) motion, it is a motion under Rule 12. The Rule 12(c) motion might be procedurally irregular or improper, and the court will rule on that motion after it is fully briefed, but entering an order of default against defendants is not the appropriate sanction in the current procedural posture. Defendants have appeared and are participating in the litigation. The court notes that one of plaintiff's exhibits appears to be an email communication between plaintiff and her lawyer that arguably contains advice from the lawyer to plaintiff. [31] at 32. Filing privileged communications could be deemed a waiver of attorney-client privilege. Plaintiff should exercise caution before filing documents. Notices Mailed. (psm, ) (Entered: 04/01/2024) |
| 04/01/2024 | [35] | REPLY by Creative Werks, LLC, Steve Schroeder to response in opposition to motion [24] , MOTION by Defendants Steve Schroeder, Creative Werks, LLC to dismiss for lack of jurisdiction *(with Exhibits attached)*<br><br>[19] (Cohen, Jon) (Entered: 04/01/2024) |
| 04/28/2024 | [36] | Rule 11(c) MOTION by Plaintiff Mary Madison (Received via pro se email on 4/28/2024)<br><br>(emc, ) (Entered: 04/29/2024) |
| 04/28/2024 | [37] | MEMORANDUM by Mary Madison in support of motion [36] (Exhibits) (Received via pro se email on 4/28/2024) (emc, ) (Entered: 04/29/2024) |
| 08/12/2024 | [38] | ORDER. Signed by the Honorable Manish S. Shah on 8/12/2024: Defendants' motion to dismiss, [19] , plaintiff's Title VII claim against Creative Werks is denied, but granted as to her ADEA claim for failure to exhaust administrative remedies. The dismissal of that claim is without prejudice. See Teal v. Potter, 559 F.3d 687, 693 (7th Cir. 2009) (dismissal without prejudice appropriate for failure to exhaust). Madison's Title VII claim against Steve Schroeder is dismissed with prejudice, because there is no individual liability under Title VII. See Worth v. Tyer, 276 F.3d 249, 262 (7th Cir. 2001). Plaintiff's motion for sanctions, [36] , is denied. Defendants shall answer the complaint by September 4, 2024, confer with plaintiff, and file a status report with the parties' proposals for a discovery schedule by September 9, 2024. [For further detail see attached order.] Notices Mailed. (psm, ) (Entered: 08/12/2024) |
| 09/13/2024 | [39] | MINUTE entry before the Honorable Manish S. Shah: Defendants' answer was due 9/4/24 and a status report was due 9/9/24. If defendants do not file an answer and a status report by 9/24/24, the court may enter an order of default against defendants. Notices Mailed. (psm, ) (Entered: 09/13/2024) |
| 09/24/2024 | [40] | ANSWER to Complaint by Creative Werks, LLC(Delehanty, Joseph) (Entered: 09/24/2024) |
| 09/24/2024 | [41] | STATUS Report *Parties' Initial Status Report* by Creative Werks, LLC<br><br>(Delehanty, Joseph) (Entered: 09/24/2024) |
| 09/25/2024 | [42] | MINUTE entry before the Honorable Manish S. Shah: The parties shall exchange initial disclosures by 10/15/24. Any requests to amend the pleadings must be made by 2/4/25. All |

| | | |
|---|---|---|
| | | fact discovery must be noticed in time to be completed by 3/31/25. This is a shorter deadline than the parties proposed, but is enough time for the parties to discover the important facts, even considering plaintiff's pro se status. The court will set expert discovery and dispositive motion deadlines when the parties get closer to completing fact discovery. An agreed proposed confidentiality order may be submitted to proposed_order_shah@ilnd.uscourts.gov. The parties may email susan_mcclintic@ilnd.uscourts.gov for a settlement referral. A status hearing is set for 1/28/25 at 9:30 a.m. in Courtroom 1919. Notices Mailed. (psm, ) (Entered: 09/25/2024) |
| 10/15/2024 | 43 | Rule 26(f) Report for Mandatory Initial Discovery Pilot (MIDP) , filed by Defendant Creative Werks, LLC. (Cohen, Jon) (Entered: 10/15/2024) |

| PACER Service Center | | |
|---|---|---|
| **Transaction Receipt** | | |
| 10/27/2024 18:24:49 | | |
| **PACER Login:** | mdj123197 | **Client Code:** | mdm |
| **Description:** | Docket Report | **Search Criteria:** | 1:23-cv-16476 |
| **Billable Pages:** | 5 | **Cost:** | 0.50 |

# UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

MARY MADISON,

      Plaintiff,

      v.

CREATIVE WERKS, LLC, and STEVE
SCHROEDER,

      Defendants.

No. 23 CV 16476

Judge Manish S. Shah

## ORDER

Defendants' motion to dismiss, [19], plaintiff's Title VII claim against Creative Werks is denied, but granted as to her ADEA claim for failure to exhaust administrative remedies. The dismissal of that claim is without prejudice. *See Teal v. Potter*, 559 F.3d 687, 693 (7th Cir. 2009) (dismissal without prejudice appropriate for failure to exhaust). Madison's Title VII claim against Steve Schroeder is dismissed with prejudice, because there is no individual liability under Title VII. *See Worth v. Tyer*, 276 F.3d 249, 262 (7th Cir. 2001). Plaintiff's motion for sanctions, [36], is denied. Defendants shall answer the complaint by September 4, 2024, confer with plaintiff, and file a status report with the parties' proposals for a discovery schedule by September 9, 2024.

## STATEMENT

Plaintiff Mary Madison filed this action for damages, invoking the Age Discrimination Employment Act, Title VII of the Civil Rights Act of 1964, and 42 U.S.C. § 1981. [1] at 3–4.[1] Defendants move to dismiss Madison's age discrimination and Title VII claims under Federal Rule of Civil Procedure 12(c). [19].

## I.    Background

---

[1] Bracketed numbers refer to entries on the district court docket and page numbers are taken from the CM/ECF header placed at the top of filings.

Madison filed a charge of race and sex discrimination and retaliation with the Equal Employment Opportunity Commission in August 2023. [1] at 32. She alleged that she was suspended in retaliation for raising violations of the Federal Food, Drug, and Cosmetic Act, as amended by the Food Safety Modernization Act, to defendant Steve Schroeder, owner of defendant Creative Werks. *Id.* She was allegedly "treated differently than others who had violated company and public policy; including . . . a white male." *Id.* The EEOC issued Madison a right to sue letter in September 2023. [1] at 33.

Madison then asked the Illinois Department of Human Rights to investigate her EEOC discrimination charge under the Illinois Human Rights Act. [1] at 34. The IDHR let her know that if she did not receive a decision within a year, Madison could file her complaint in court between approximately September 2024 through early December 2024. [1] at 34–35.

Exactly 90 days after the EEOC issued its right to sue letter, Madison brought this case against Schroeder and Creative Werks for race, sex, and age discrimination and retaliation. [1].

## II.  Motion to Dismiss

Defendants move to dismiss Madison's age discrimination and Title VII claims for failure to exhaust administrative remedies under Federal Rule of Civil Procedure 12(c). [19] at 2–5. They also seek to dismiss Madison's Title VII claim against Schroeder, arguing that individuals cannot be held liable under Title VII.[2] [19] at 5.

Rule 12(c) permits a party to move for judgment on the pleadings *after* the pleadings are closed. Fed. R. Civ. P. 12(c); *see also Moss v. Martin*, 473 F.3d 694, 698 (7th Cir. 2007) ("Under Rule 12(c), a party can move for judgment on the pleadings after the filing of the complaint and answer."); 5C Arthur R. Miller, Federal Practice & Procedure § 1367 (3d ed. 2019) ("[T]he defendant may not move under Rule 12(c) prior to filing an answer."). An answer is a pleading, Fed. R. Civ. P. 7(a)(2), and defendants have not filed an answer. The pleadings are not "closed." *See* Fed. R. Civ. P. 12(c). Defendants' motion to dismiss under Rule 12(c) is untimely.

But I construe defendants' motion as a Federal Rule of Civil Procedure 12(b)(6) motion to dismiss. Miller, *supra*, § 1368 ("Because of the similarity between the Rule 12(c) and Rule 12(b) standards, courts typically will construe a premature Rule 12(c) motion[] as if it were brought under Rule 12(b)."). When reviewing a Rule 12(b)(6) motion to dismiss, a court accepts all well-pled allegations as true and draws all reasonable inferences in favor of the plaintiff. *Gociman v. Loyola Univ. of Chi.*, 41

---

[2] Defendants acknowledge that Madison's § 1981 claim can be brought against an individual and such claims do not require exhaustion of administrative remedies. [35] at 5, n.2. Thus, they withdrew their motion with respect to that claim. [35] at 5.

F.4th 873, 881 (7th Cir. 2022). "To survive a motion to dismiss, a plaintiff must plead 'only enough facts to state a claim to relief that is plausible on its face.'" *Id.* (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

Defendants' motion to dismiss Madison's Title VII claim against Schroeder is granted. Title VII does not provide for individual liability of an entity's agents. Only an individual who otherwise meets Title VII's definition of "employer," such as a sole proprietor, may be held liable. *U.S. E.E.O.C. v. AIC Sec. Investigations, Ltd.*, 55 F.3d 1276, 1280 n.2 (7th Cir. 1995); *Smith v. Castaways Fam. Diner*, 453 F.3d 971, 978 (7th Cir. 2006). Schroeder does not meet this definition. Madison alleges that Schroeder was her employer as the founder, owner, president, and alter ego of Creative Werks. [1] at 10, 19–20. While Schroeder might be liable in his corporate capacity if the corporate veil were pierced for other claims, even as Creative Werks' alter ego, he cannot be individually liable under Title VII. *See Worth v. Tyer*, 276 F.3d 249, 262 (7th Cir. 2001) (citing *AIC Sec.*, 55 F.3d at 1282 n.11) (rejecting argument that owner should be individually liable under Title VII for the acts of the corporation under an alter ego theory). Because amendment would be futile, Madison's Title VII claim against Schroeder is dismissed with prejudice. *See Runnion v. Girl Scouts of Greater Chi. & Nw. Ind.*, 786 F.3d 510, 520 (7th Cir. 2015).

Failure to exhaust administrative remedies is an affirmative defense. *Bibbs v. Sheriff of Cook Cnty.*, 618 Fed. App'x 847, 849 (7th Cir. 2015). Madison was not required to plead that she exhausted available administrative procedures. *See Kincaid v. Sangamon Cnty.*, 435 Fed. App'x 533, 536 (7th Cir. 2011). A court may, however, dismiss a complaint when "the existence of a valid affirmative defense, such as the failure to exhaust, is so plain from the face of the complaint that the suit can be regarded as frivolous." *Turley v. Gaetz*, 625 F.3d 1005, 1013 (7th Cir. 2010).

Defendants' motion to dismiss Madison's ADEA claims is granted. A plaintiff cannot bring an ADEA claim if it was not included in her EEOC charge unless the claim is reasonably related to the charges actually brought. *Reynolds v. Tangherlini*, 737 F.3d 1093, 1102 (7th Cir. 2013). Madison's EEOC filing does not mention anything related to age discrimination. [1] at 32. Madison also admits that she mistakenly checked the age-discrimination box in her complaint. [24] at 15; *see* [1] at 3. Her age discrimination claim is dismissed without prejudice. *See Teal v. Potter*, 559 F.3d 687, 693 (7th Cir. 2009) (dismissal without prejudice appropriate for failure to exhaust).

Defendants' motion to dismiss Madison's Title VII claim against Creative Werks is denied. Madison has exhausted her administrative remedies as to this claim. Madison's complaint alleges that she filed her charge with the EEOC and attaches a right to sue letter. [1] at 4, 32–33. She also states that she "has . . . filed a charge or charges against the defendant asserting the acts of discrimination indicated in this complaint with . . . the Illinois Department of Human Rights." [1] at 4. She

added that the charges were "[c]urrently under investigation." *Id.* According to Madison, this note was meant "to clarify and demonstrate that the matter had not been conclusively resolved with the IDHR and was not an object of the civil suit." [24] at 2.

Defendants argue that these allegations amount to an admission that Madison's Title VII claim is pending before the IDHR. [19] at 3–4. Madison argues that her IDHR claims are not before the district court, distinguishing between her federal and state claims. [24] at 2, 12. She is correct. While Madison's Title VII claim is based on the same facts as those currently before the IDHR, the IDHR is not investigating her Title VII claim. She chose to have her EEOC discrimination charge investigated by the IDHR under the Illinois Human Rights Act. [1] at 34. She has not brought a claim under the IHRA here.

Title VII requires claimants to file a charge with the EEOC and wait to sue until receiving a right to sue letter. *Doe v. Oberweis Dairy*, 456 F.3d 704, 708 (7th Cir. 2006); *Mach Mining, LLC v. E.E.O.C.*, 575 U.S. 480, 487 (2015). In states like Illinois that have an equal employment opportunity agency, the Title VII complainant must also file a charge with that agency and cannot proceed further for 60 days. *Oberweis Dairy*, 456 F.3d at 709. The IDHR waived this 60-day period by designating the EEOC to investigate Madison's charge first. *See Sofferin v. American Airlines, Inc.*, 923 F.2d 552, 558 (7th Cir. 1991) ("[A] state would [not] be deprived of its reasonable opportunity to act under state law if this state waived its right to process initially certain types of claims pursuant to a worksharing agreement.").

Even if the IDHR has not waived this period, Madison was only required to "allow the agency 60 days to act." *See Oberweis Dairy,* 456 F.3d at 710. Title VII does not require that a plaintiff complete this state administrative process before bringing a suit in federal court. *Zugay v. Progressive Care, S.C.*, 180 F.3d 901, 902 (7th Cir. 1999); *see also Oberweis Dairy,* 456 F.3d at 710 ("Title VII does not incorporate anything like the full apparatus of exhaustion."). When a charge is filed with the EEOC, the charge is deemed filed with the IDHR on the date filed with the EEOC. 775 ILCS 5/7A–102(A)(3)(1). Madison filed her EEOC charge in August 2023, well over 60 days prior to filing this lawsuit in December 2023. *See* [1] at 32.

Had Madison delayed bringing this suit until after the IDHR investigation completed, her claim would have been time-barred as filed well beyond the 90 days after receiving the right to sue letter. The IDHR investigation of her charge under the IHRA does not toll this period. *See, e.g., Sanchez v. BCTGMI Loc. #1*, No. 20 C 1782, 2021 WL 1853305, at *4 (N.D. Ill. May 10, 2021) (pendency of IDHR investigation does not toll 90-day window for filing federal claim following the EEOC's issuance of a right to sue notice); *Perkins v. Fed. Home Loan Bank of Chi.*, No. 18 C 06418, 2019 WL 4958237, at *3 (N.D. Ill. Oct. 8, 2019) (same); *Lewis v. Pretium Packaging, L.L.C.*, No. 14 C 6444, 2016 WL 3075267, at *2 (N.D. Ill. June 1, 2016) (same). Madison appropriately brought her federal claims after exhausting her

EEOC administrative remedies. Madison was required to, and did, file her Title VII claims against Creative Werks within 90 days of receiving the notice of rights. *See* [1] at 33.

## III.  Motion for Sanctions

Madison moves for sanctions under Federal Rule of Civil Procedure 11(c) arguing that defendants have asserted a frivolous defense based on "wholly invented facts" that the IDHR claims were at issue in her current litigation; used these facts to mislead the court to set aside defendants' default; and failed to file responsive pleadings before filing a Rule 12(c) motion to dismiss instead of seeking dismissal under Rule 12(b). [36] at 2.

Rule 11 requires that a motion for sanctions be served on the opposing party 21 days before it is filed in court. Fed. R. Civ. P. 11(c)(2). This provides the opposing party safe harbor to avoid sanctions by amending or retracting a challenged filing. *See* Fed. R. Civ. P. 11(c)(2) advisory committee's note to 1993 amendment. Madison emailed the defendants her motion more than 21 days prior to filing it with the court. [37] at 16–18. It is not clear that her email fulfills the requirement to serve the motion in compliance with Rule 5. Fed. R. Civ. P. 11(c)(2). That said, even if Madison's notice complied with Rule 11, her motion fails.

"[A] frivolous argument is . . . one that is baseless or made without a reasonable and competent inquiry." *Berwick Grain Co. v. Ill. Dept. of Agriculture*, 217 F.3d 502, 504 (7th Cir. 2000). All legal arguments must "be warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law." Fed. R. Civ. P. 11(b)(2).

Defendants' exhaustion argument is not so frivolous as to warrant sanctions. While Madison argues that it relies on made-up facts, her complaint does contain a statement that she has a charge pending before the IDHR. *See* [1] at 2. While defendants' may have misinterpreted this allegation, their argument was not baseless. Defendants rely on cases that dismissed IHRA claims when a plaintiff had a charge pending before the IDHR, and Illinois law that requires claimants to wait 365 days after filing an IDHR charge to bring a lawsuit. *See* [19] at 3–4. While they erroneously argued to extend this to Title VII claims, their argument was not so unreasonable as to warrant sanctions.

Defendants' choice to seek dismissal under Rule 12(c) before filing an answer also does not warrant sanctions. While the motion was premature, it could be

construed as a Rule 12(b)(6) motion and the arguments within it were not frivolous. Madison's motion for sanctions, [36], is denied.

ENTER:

Date:   August 12, 2024

_____

Manish S. Shah
U.S. District Judge

# UNITED STATES DISTRICT COURT
## FOR THE Northern District of Illinois – CM/ECF NextGen 1.7.1.1
### Eastern Division

Mary Madison

                             Plaintiff,

v.                                        Case No.: 1:23−cv−16476

                                        Honorable Manish S. Shah

Creative Werks, LLC, et al.

                             Defendant.

## NOTIFICATION OF DOCKET ENTRY

This docket entry was made by the Clerk on Friday, September 13, 2024:

       MINUTE entry before the Honorable Manish S. Shah: Defendants' answer was due 9/4/24 and a status report was due 9/9/24. If defendants do not file an answer and a status report by 9/24/24, the court may enter an order of default against defendants. Notices Mailed. (psm, )

**ATTENTION:** This notice is being sent pursuant to Rule 77(d) of the Federal Rules of Civil Procedure or Rule 49(c) of the Federal Rules of Criminal Procedure. It was generated by CM/ECF, the automated docketing system used to maintain the civil and criminal dockets of this District. If a minute order or other document is enclosed, please refer to it for additional information.

For scheduled events, motion practices, recent opinions and other information, visit our web site at ***www.ilnd.uscourts.gov***.

## CERTIFICATE OF SERVICE

Please take notice that on November 2, 2024, I, Mary Madison, hereby, certify that I served a copy of

PLAINTIFF'S MOTION & MEMORANDUM IN SUPPORT FOR ENTRY OF DEFAULT by

mail in the foregoing matter of Case No. 23 CV 16476 to the following address:

> Jon D. Cohen
> Joseph R. Delehanty
> Dickinson Wright PLLC
> 55 W. Monroe St., Suite 1200
> Chicago, IL 60603
> (312) 641-0060
> jcohen@dickinsonwright.com
> JDelehanty@dickinson-wright.com

and have served the persons identified on the docket's service list through Notice of Electronic

Filing generated by the Court's CM/ECF system:

> Respectfully submitted,
>
> /S/ Mary Madison
> Mary Madison
> 9758 S Charles
> Chicago, Il 60643
> 7732979569
> Mdj123197@aol.com