UNITED STATED DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| MARY MADISON ) | |
| ) | |
| Plaintiff, ) | Case No. 23CV16476 |
| ) | |
| ) | Hon. Honorable Manish S. Shah |
| CREATIVE WERKS, LLC, ) | |
| and Steve Schroeder, Individually ) | |
| ) | |
| Defendants. ) | |
| ) | |

**RESPONSE TO MOTION FOR DEFAULT JUDGEMENT**

Mr. Steve Schroeder, by and through his counsel, Dickinson Wright PLLC, hereby sets forth this Response to Plaintiff's Motion for Default with respect to named defendant, Steve Schroeder.

Plaintiff filed a Complaint against Defendants (both Creative Werks LLC and its CEO, Mr. Steve Schroeder). The Complaint was the subject of a Motion to Dismiss, which was granted as to all ADEA claims and Title VII counts with respect to Mr. Steven Schroeder. Counsel, however, failed to list Mr. Schroeder as an answering party when it filed its Answer on September 24, 2024. This was due to a mistaken/neglectful belief that there were no pending claims remaining against Mr. Schroeder when the Answer was being drafted. Counsel acknowledges this is not the case after having received the Motion for Default and further review of the underlying Order.

Now, having received Plaintiff's Motion for Default and taking a more critical look at the Complaint and this Court's applicable Order, Defendant Mr. Schroeder, requests that this Court deny the instant Motion for Default with respect to him and to grant him leave to file the attached Amended Answer (See Exhibit A). Notably, the *sole* change in the attached answer sought to be

1

filed is to add Mr. Schroeder's as a named defendant in the Answer (i.e. changing Defendant in the Answer to Defendants).

"There are two stages in a default proceeding: the establishment of the default, and the actual entry of a default judgment. Once the default is established, and thus liability, the plaintiff still must establish his entitlement to the relief he seeks." *In re Catt*, 368 F.3d 789, 793 (7th Cir. 2004). Between entry of default and entry of default judgment, a defaulted party may move to set aside the entry of default, and Rule 55(c) [of the Federal Rules of Civil Procedure] provides that the court may grant such a motion 'for good cause.'" Here there is no default judgement entered at this time, and thus the standard under Rule 55(c) applies. *See* e.g., *Cracco v. Vitran Exp., Inc.*, 559 F.3d 625, 631 (7th Cir. 2009).

The standard in Rule 55(c) focuses on "good cause" for the judicial action of denying a default, not "good cause" for the defendant's error. *Holliday v. Ozburn-Hessey Logistics, LLC,* No. 08-CV-0397-MJR, 2008 WL 4516322, at *1 (S.D. Ill. Oct. 6, 2008); *Sims v. EGA Prod., Inc.,* 475 F.3d 865, 868 (7th Cir. 2007) (good cause may be found even when there is no good excuse for the alleged inattention to a case); *Hadley v. Larson*, No. 3:18-CV-2164-GCS, 2020 WL 4698066, at *1 (S.D. Ill. Aug. 13, 2020) ("Good cause does not require a party to provide a good excuse so long as setting aside a default does not create a windfall for a party.").

Moreover, while the same factors apply for motions seeking relief from default judgment under both Rule 55(c) and Rule 60(b), the test "is more liberally applied in the Rule 55(c) context" towards denial of motions for default. *See e.g., Bluegrass Marine Inc. v. Galena Rd. Gravel, Inc*., 211 F.R.D. 356, 357 (S.D. Ill. 2002). There are, in fact, dozens of 7th Circuit cases reflecting the express policy of favoring to resolve legal disputes on the *merits*, if possible, over entering a default judgment against a party. *See e.g., Signature Fin. LLC v. Auto Trans Grp. Inc.,* No. 17 C 9058,

2018 WL 1914557 (denying motion for default noting that under Rule 55(c), they should only be granted "if the defaulting party has exhibited a willful refusal to litigate the case properly."); *Cracco*, 559 F. 3d at 631 ("Our cases articulate a policy of favoring trial on the merits over default judgment."); *Daniel v. Po*wer, No. 04-CV-789-DRH-DGW, 2007 WL 611242, at *1 (S.D. Ill. Feb. 26, 2007) *citing Sun v. Bd. of Trustees of Univ. of Ill.,* No. 06–2438, 2007 WL 93313, at * 11 (7th Cir. Jan. 16, 2007) (stating that a default judgment "is a weapon of last resort ..."). This is especially the case when the default is merely a technical mishap; which provides for good cause under Rule 55(c). *See Russell v.United States*, No. 08-CV-0247-MJR, 2008 WL 4831695, at *1 (S.D. Ill. Nov. 5, 2008) (inadvertent mistake leading to a failure to timely answer deemed good cause.).

Courts look to a variety of factors when weighing a Rule 55(c) motion to set aside, including whether the: (1) defendant showed *willful* disregard for the ongoing litigation; (2) exhibits prompt action to correct the situation; (3) whether denial will prejudice (if at all) the Plaintiff; and (4) whether there is a material monetary sum in controversy. *See Iconic Energy LLC v. Solar Permit Servs. Inc.*, No. 18 C 50020, 2018 WL 4520219, at *2 (N.D. Ill. June 4, 2018); *Parker v. Scheck Mech. Corp.*, 772 F.3d 502, 505 (7th Cir. 2014); *Daniel,* 2007 WL 611242, at *1(attorney inadvertence was sufficient to meet Rule 55 standard when timely addressing after learning of issue.); *Comerica Bank v. Esposito*, 215 Fed. Appx. 506, 508 (7th Cir. 2007). Courts have also taken into consideration whether a party alleged to be in default, seeks to submit a good-faith defense and/or to contest material facts in the complaint. *See Iconic Energy L*LC, at *2.

Here, when these factors are applied to these circumstances, and given the great deference given to this Court's discretion, the Plaintiff's motion should be denied. As applied here:

1. Mr. Schroeder's failure to answer at the same time as Creative Werks was an inadvertent action based on a misreading of a Court order, where Mr. Schroeder has been an active

defendant in this case from its inception (having been a party to the contested Motion to Dismiss). This is not a case of willful disregard of any court order, when the totality of circumstances are considered;

2. Mr. Schroeder has contemporaneously, with this Response, submitted an Amended Answer to the Complaint—merely adopting the Answer of Creative Werks in response to Plaintiff's filing of her Motion for Default and it merely modifies the existing Answer on file by adding his name to the Answer as a defendant (i.e. replacing "Defendant" with "Defendants" throughout). (See Ex. A).

3. Plaintiff has not nor will she be prejudiced in any way if her motion is denied as discovery in this case is in its infancy, with no production started to-date; (*See Iconic Energy*, at *3 ("plaintiff would suffer little prejudice if its motion for default judgment is denied; thus far it has only filed the complaint, moved for an entry of default, moved for default judgment…") and no meaningful passage in time;

4. Plaintiff is seeking material damages from Defendants, thus would be very prejudicial if not addressed on the merits; and

5. As reflected in Mr. Schroeder's proposed Amended Answer, he seeks to both contest material facts as alleged and to present colorable defenses as well. *Parker,* 72 F.3d at 505 (answer alleging non-discriminatory basis of termination sufficient to present defense when granting denying default judgement.)

Accordingly, for all of the above reasons, it is respectfully requested that the Plaintiff's Motion for Default be denied for "good cause" under Rule 55(C).

On behalf of Steve Schroeder<br>and Creative Werks, LLC

/s  Jon Cohen
By Jon Cohen, Esq.

Jon Cohen
Dickinson Wright PLLC
55 W. Monroe St., Suite 1200
Chicago, IL 60603
312-641-0060
jcohen@dickinsonwright.com

UNITED STATED DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| MARY MADISON ) | |
| ) | |
|    Plaintiff, ) | Case No. 23CV16476 |
| ) | |
| ) | Hon. Honorable Manish S. Shah |
| CREATIVE WERKS, LLC, ) | |
| and Steve Schroeder, Individually ) | |
| ) | |
|    Defendants. ) | |
| ) | |

EXHIBIT A