



**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**

|  |  |  |
|---|---|---|
| | ) | |
| | ) | |
| Mary Madison | ) | |
| **Plaintiff,** | ) | **Case Number: 1:23-CV-16476** |
| | ) | |
| -vs- | ) | **Honorable Judge Manish S. Shah** |
| | ) | |
| Steve Schroeder | ) | |
| Creative Werks, LLC | ) | |
| **Defendant** | ) | |

## PLAINTIFF'S REPLY TO DEFENDANTS RESPONSE TO PLAINTIFF'S RULE 55 MOTION FOR DEFAULT

Plaintiff rejects Defendants argument of inadvertences pursuant Federal Rule of Civil Procedure(s) Rule 8, 12(h) and 15.

FACTS:

Neither Defendant Schroeder nor Creative Werks raised any defenses relative to 42 USC 1981 in their original Rule 12(c) motion construed by the Court to be a motion under Rule 12. (Dkt.15 & Dkt. 33)

Defendants were apprised by the Court's August 12, 2024, Order that no defenses were raised outside of Title VII and ADEA.

Defendants failed to answer Plaintiff's complaint without leave of the court and were warned by the Court that if they did not answer, Default Judgement would be appropriate.

1

Defendants Schroeder and Creative Werks prepared and filed the initial joint status report (Dkt. 41) referencing 42 USC 1981[1] during the exact same relevant time it filed its answer for Defendant Creative Werks.

I. **DEFENDANTS WILLFULLY WAIVED AND FORFEITED THEIR RIGHT TO ASSERT DEFENSES RELATIVE TO 42 USC 1981 PURSUANT TO FED RULE OF CIVIL PROCEDURE 12(H)(1).**

DEFENDANTS' CONDUCT WAS CLEAR, UNEQUIVOCAL, AND INTENTIONAL.

Specifically, defendants, after being fully informed of their right on at least four (4) separate occasions pursuant to Federal Rules of Civil Procedure and the Court's three (3) separate orders and a warning to respond to Plaintiff's complaint pursuant to Fed Rule of Civil Procedure 12 willfully chose not to abide by the procedural guidelines or the Court's orders. In sum, Defendants of their own volition chose to proceed without raising defense(s) in their initial responsive pleading styled as a Rule 12(c) motion (Dkt.15) later construed by the Court as a Rule 12 motion (Dkt. 33). Hence, Defendants' conduct of failing to raise that or any defense was foreseeable as a forfeit and waiver of their right to assert that defense or any other defense.

Specifically, Fed Rule of Civil Procedure 12(h)(2)(A) mandates that a party waives any defense listed in Rule 12(b)(2)-(5) or any other affirmative defense or other right by omitting it from a motion or failing to make it by motion under Rule 12(h)(1). Further, the defendants' subsequent conduct of failing to timely address the Court's August 12, 2024, order (Dkt. 38) that clearly evidenced that defendants only raised defenses relative to Title VII and ADEA claims is also telling. Further, Rule 12(h) provides limitations on further motions. A party who has made a

---

[1] Plaintiff raised issues with Defendants regarding the terminology used relative to termination being used in the initial status report Defendants indicated that they would remove it. (See attached Exhibit A)

motion under this rule must not make another motion to raise a defense or objection that was available to the party but omitted from its earlier motions.

Further, Defendants were apprised by the Court that they were to answer Plaintiff's complaint and even warned that if they failed to do so default judgment would be appropriate, but Defendant Schroeder still chose not to answer Plaintiff's complaint. Now as an unfortunate circumstance of Defendant Schroeder's choice he cries without explanation or reasoning or within the correct legal construct "inadvertences." In sum, Defendant Schroeder makes no effort to defend the Court's order under the Federal of Civil Rule of Procedures. Additionally, Federal Rules, while complex, should be understandable to experienced litigators, who should be held to strict compliance. *Pioneer Inv. Serv. Co. v. Brunswick Assocs.,* 507 U.S. 380, 395, 113 S.Ct. 1489, 123 L.Ed.2d 74 (1993); *Marquez,* 424 F.3d at 541. In this case Defendants have two (2) experienced litigators, from an experienced Law firm comprised of several dozen subject matter experts, that have been fully apprised of the filings and the dispositioning of such filings, and they chose not to raise these issues or answer on behalf of Defendant Schroeder or apply the correct procedural framework for a proper response.

In addition, the defendants' repeated failure to comply with federal timelines and court orders, implies more than mere inadvertence, carelessness, or mistake; but such conduct demonstrates a pattern of gross negligence and willful disregard for procedural rules. For example, the defendant Creative Werks filed an amendment to their answer (Dkt.46) as an answer for Defendant Schroeder without obtaining leave of the court, in direct violation of Rule 15(a). Unauthorized amendments violate procedural rules and undermine judicial integrity. The Supreme Court has consistently held that procedural rules must be strictly followed to ensure fairness and equality in the judicial process. In *Pioneer Investment Services Co. v. Brunswick*

*Associates Ltd. Partnership,* 507 U.S. 380 (1993) the court emphasized that gross negligence or willful disregard of court deadlines does not qualify as excusable neglect. Additionally, in Bowles v Russell, 551 U.S. 205 (2007), the Court underscored the importance of strict adherence to procedural deadlines…These cases illustrate that the "good cause" standard is not applicable when a party fails to raise a defense under Rule 12(h), as such failures are considered inexcusable neglect and conceding.

Defendants' repeated noncompliance with federal timelines, failure to appear in court, contravention to the court's orders and warning, as well as obtaining an ill gotten benefit of having the motion for default overturned, in addition to the unauthorized amendment of pleadings, has resulted in violations of the Equal Protection and Due Process Clauses of the Fourteenth Amendment and Fed Rule of Civil Procedure 7,12 and15(a) violations have given Defendants more than their fair share of bites at the apple, allowing them to shore up their deficiencies and manufacturer scenarios that support their position. In sum, the defendants ignored the plain text of procedural rules, exacerbating the procedural and constitutional violations.  Further, their conduct evidences the repeated exploitation of the judicial "loophole" of the Court's favoring to resolve matters on the merits opposed to other constructs, such as: procedural gaps, inefficiencies, or deficiencies among other constructs whether intentional or unintentional.

Additionally, Defendants continually to heavily rely on the Court to do its heavy lifting and to be the "lawyer's lawyer" by strategically and conveniently misinterpreting and applying facts, rules, laws and regulations in a haphazard way, with the full knowledge that the court follows the precedence of the Seventh Circuit, of favoring resolving issues on the merits over

other dispositive methods or constructs that will lead the court to bring course correction in the name of justice and precedence.

More specifically, when the Court reasons and steward's gaps, like Defendants', to closure it is highly unlikely and improbable that the Court would reason against itself in the future. Undoubtedly this approach makes it insurmountable for opposing litigators to manage and even overcome and it becomes even more daunting and impossible for those who lack the professional, educational and experiential acumen to redress the issues at hand or to calibrate equalize or neutralize the playing field to even be heard or have a remote chance to prevail. Even the most seasoned lawyer would not be able to match wits or intellectual prowess with the Court, as the Court is a type of Behemoth and GOAT of Super Lawyers having endless access to information and subject matter expertise that is unrivaled allowing for seamless analysis of the most complicated issues.

Such an approach is undoubtedly inequitable, unequal and violative of one's protected rights relative to the equal protection of the law and due process among other rights, social constructs and principles. Effectively, this allows the court to keep buttoning up defendants' deficiencies and creating prejudice and irreparable harms to litigants; while undermining the judicial process and this is an affront to Justice and an erosion to fairness
The defendants' actions have not only violated procedural rules but have also blatantly ignored the plain text of these rules, compounding the procedural and constitutional violations. These repeated failures are highly prejudicial to Plaintiff. They cause delays in the judicial process, distract from the litigation, divert resources and cause undue burdens on the Plaintiff. This squarely undermines the principles and construct of Fed, Rule of Civil Procedure 1 and deprives

Plaintiff of her right to fair and equal treatment under the law, in violation of the Equal Protection and Due Process clauses of the Fourteenth Amendment.

Defendant's actions and conduct clearly demonstrate inexcusable neglect of not raising an objection or defense when it became aware that the 12(c) motion was incorrect February of 2024 as noted in the Court's August 12, 2024, order detailing that Defendants had not raised affirmative defenses outside of Title VII and ADEA. Defendants took no effort to redress or remediate this issue despite having knowledge of what they filed and the benefit of having an order issued by the Court pointing to the defenses raised by Defendants. What is even more telling is that Defendants acknowledge the 42 USC 1981 claim before the court when it prepared and filed the initial joint status report in tandem of filing the answer for Defendant Creative Werks.

By Defendants failing to raise the defense in their initial responsive pleading and their subsequent conduct, they evidenced their intention to abandon their defense(s) relative to 42 USC 1981. Hence, the defendant has met the criteria for inexcusable neglect under FRCP Rule 12(h)(1). The defendant's counsel's failure to properly interpret the clear and unambiguous time limits, coupled with repeated failures to comply with federal timelines and court orders, constitutes gross negligence and willful disregard of court deadlines *US v. An Undetermined Quantity, etc., 583 F.2d 942, 947 (7th Cir. 1978)*. Furthermore, the defendant's actions of amending their answer without obtaining leave of the court directly ignore the plain text of Rule 15(a), exacerbating the procedural misconduct.

II. **Amended Pleadings in Contravention to Fed Rule of Procedure 8 (c) 12 and 15**

In violation of Fed Rule of Procedure 15, Defendants filed an amended pleading pursuant to Federal Rule 12 without leave or authorization from the court. Accepting an unauthorized

amendment would undermine the procedural safeguards designed to ensure fairness and order in litigation. Allowing such a precedent would encourage parties to bypass procedural rules, leading to chaos and inefficiency in the judicial process.

Furthermore, the defendant's proposed amendment introduces a new Defendant and defenses that were not raised earlier-Information that Defendants were fully apprised and could have introduced and raised if they had chosen to do so. Hence, a party who makes an informed decision should not be relieved of the consequences, when it subsequently develops that the choice was unfortunate. Additionally, Defendants assert that Defendant Creative Werks and Schroeder are not alter egos; however, Defendants; conduct of amending the original pleading to insert Defendant Schroeder suggests otherwise, in particular if we rest on the assertion that nothing was changed except inserting Defendant Schroeder's name.

Defendants' conduct is prejudicial and disruptive of the plaintiff's litigation and strategy. Also, Defendants made false statements to the Court indicating they only amended the pleading to insert Schroeder as a Defendant. Plaintiff has found at least five (5) instances where Defendants have amended the pleading. E.g. (Dkt. 46-1 pg. 9 ¶ 12, pg. 14 ¶32, pg. 16 ¶40, pr. 17. ¶ 44, pg. 18 ¶ 48 & 51, pg. 21 ¶ 63 among other entries). Such conduct is highly prejudicial to Plaintiff, as it allows Defendants to have another bite at the apple to shore up their defenses and gives an unfair tactual advantage over Plaintiff. Plaintiff, like all other litigants, rely on the legal system for fairness and quality. The Defendants' disregard for procedural rules erodes trust in the judicial process and creates an unfair advantage, which directly contravenes the principles of equal protection. In sum, it renders unequal due process and protection causing unnecessary delays and procedural burdens, relative to Plaintiff's fourteenth Amendment Rights, undermining her right to a fair and timely resolution of the case. *Loving v. Virginia, 388 U.S. 1 (1967); Brown*

*v. Board of Education, 347 U.S. 483 (1954)*

It would also require extensive reworking of case preparation and the already propounded discovery requests made to Defendant, as well reanalysis of the discovery received from Defendant and the impending discovery that is due and owing. Further, Defendants introduced "wholly invented facts" relative to terminating Plaintiff that were not raised by Plaintiff. In sum, Defendant responded to Plaintiff's complaint with a totally different subject and set of facts and technically Defendant never answered the complaint. These and other tangential issues would alter the current management schedule of this case and result in significant delays, undue burdens and increased expenses, adversely affecting Plaintiff's right to a timely resolution of the dispute pursuant to Fed Rule of Civil Procedure 1 among other harms.

Therefore, Plaintiff respectfully request that the Court strike the Defendant's amended pleading from the docket to maintain the efficiency and fairness of the judicial process and to protect the plaintiff from undue prejudice. And if the Court should decide to not Strike Defendants amended pleading, then Plaintiff respectfully asks that the Court strike those parts of the Defendants amended pleading that reference Plaintiff's alleged termination and references to other matters that do not have anything to do with the adverse actions Defendants took against Plaintiff and her being subject to different terms and conditions of employment than Erich Zicher.

III.     LAW OF THE CASE

"[L]aw of the case... "posits that when a court decides upon a rule of law, that decision should continue to govern the same issues in subsequent stages in the same case." *Arizona v. California*, 460 U.S. 605, 618 (1983), decision supplemented, 466 U.S. 144 (1984).

The Court ruled in its August 12, 2024, order that Defendants only raised defenses relative to Title VII and ADEA. (Dkt.15) and Defendants did not challenge this ruling or seek clarification or seek to correct or amend the ruling. Hence, Defendants agreed with the ruling and as a result, that ruling should not be disturbed and should continue to govern the same issues in subsequent stages of this case.

IV.   DEFENDANT SCHROEDER HAS NOT EVIDENCED A CLEAR INTENTION TO DEFEND THE LAWSUIT

1.   Defendant has repeatedly and willfully violated the Court's various orders and the Fed. R. Civ. P 12(a). Specifically, Defendant willfully and recalcitrantly chose in contravention to the Fed. R. Civ. P. 12(a) and the court's orders of February 14, 2024, August 12, 2024 and the September 13, 2024, order and Court warning to not file an answer. (Dkt.'s 20, 38 & 39)

2.   In sum, Defendant Schroeder, knowingly and brazenly thumbed his nose at this Honorable Court and mocked the judiciary system and the court in daring contempt of the Rules of Civil Procedure and the Court's orders by willfully refusing to file an answer to Plaintiff's complaint, after being ordered to do so on three (3) separate occasions (Dkt.'s 20, 38 & 39).

3.   It is well established that "persons who make private determinations of the law and refuse to obey an order generally risk contempt even if the order is ultimately ruled incorrect. *Maness v. Meyers*, 419 U.S. 449, 459 95 S. Ct. 584, 42 L. Ed. 2d 574 (1975). See Also *Howat v. Kansas*, 258 U. S. 181, 189-190 (1922); *Worden v. Searls*, 121 U. S. 14 (1887).

4.   "Orders must be complied with promptly and completely, for the alternative would be to frustrate and disrupt the progress of the trial with issues collateral to the central questions in litigation." *Maness* at 459

5. The orderly and expeditious administration of justice by the courts requires that "an order issued by a court with jurisdiction over the subject matter and person must be obeyed by the parties until it is reversed by orderly and proper proceedings." *United States* v. *Mine Workers,* 330 U. S. 258, 293 (1947).

6. Defendant is not an unsophisticated party without competent legal counsel that prepared and filed the Joint Status Report (Dkt. #41) and answer (Dkt. #40) for Defendant Creative Werks reflecting the causes of action raised by Plaintiff that Defendant Schroeder needed to answer.

7. Defendants' conduct and actions of preparing and filing the Joint Status Report and the answer reflecting the causes of action identified in Plaintiff's complaint, such as 42 USC 1981, evidence Defendants' knowledge of claims beyond Title VII-Claims that required Defendants to file an answer, to which Schroeder willfully chose not to do so, even with the understanding that a default judgment could be entered against him.

8. In sum, Defendants have a fundamental right and an obligation to defend the matter and Defendant Schroeder has chosen not to do so; hence he has voluntarily waived his right to do so; resulting in those allegations being deemed admitted. *National Hockey League v. Metropolitan Hockey Club, Inc.*, 427 U.S. 639, 640-43.

9. Defendants and their legal counselors were ordered on two (2) separate occasions by the Court after it filed an improper 12(c) motion to dismiss (Dkt. 19) to answer Plaintiff's complaint, but in defiance chose not to.

10. It is well established that 42 USC 1981 among other statutes provides for individual liability, unlike Title VII. *Smith v. Bray,* 681 F.3d 888, 896 (7th Cir. 2012).

11. It is also well established that Plaintiff's complaint is based on Title VII, 42 USC 1981 and 1985 claims. (Dkts. # 1 pg. 4 & 8, 10 & 17; See Also Dkt. # 40 pg. ¶'s 8 &10).

12. These are all facts that Defendants' legal counselors evidenced they knew based upon identifying the causes of action in the answer filed by Creative Werks (Dkt. 40) and in the initial status report (Dkt.41). Hence, it cannot be reasoned or considered an anomaly, excusable neglect, a one-off, a mistake, or an oversight.  It can only be considered as sheer recalcitrant defiance of this Court, the judicial system and its administration.

13. A party who makes an informed choice should not be relieved of the consequences when it subsequently develops that the choice was unfortunate.  *Link* v. *Wabash R. Co.,* 370 U. S. 626 at 633 (1962).

14. Hence, Defendants have abandoned and waived their right to defend the matter. *An Undetermined Quantity, etc.*, 583 at 947.

VI.     DEFENDANT SCHROEDER AND DEFENDANT CREATIVE WERKS WILLFULLY MISREPRESENTED THEMSELVES OUTSIDE THE EXISTING STRUCTURE OF THE LAW

1.     Defendants again have failed to represent themselves within the existing structure of the law, but instead intentionally misconstrued, misstated and misapplied the Fed. R. Civ. Procedure for impermissible purposes when they used "wholly invented facts" of Plaintiff having termination claims before the court in their answer. *Thornton v. Wahl, 787 F.2d 1151, 1154 (7th Cir.), cert. denied, 479 U.S. 851, 107 S.Ct. 181, 93 L.Ed.2d 116 (1986).-See Exhibit A*

2.     Defendants have once again intentionally misrepresented to the court that it only added Schroeder's name as a Defendant to the unauthorized pleading that it filed, when, in fact, Defendants took the liberty to make several contextual changes to the text.  E.g. (Dkt. 46-1 pg. 9 ¶ 12, pg. 14 ¶32, pg. 16 ¶40, pr. 17. ¶ 44, pg. 18 ¶ 48 & 51, pg. 21 ¶ 63 among other entries).

3.    Additionally, we are once again confronted with a different version and subject matter than the claims have before the court. Specifically, Defendants are referencing and addressing facts about termination when the adverse actions before the court are relative to being suspended with and without pay and different terms and conditions of employment amongst other things. *Mays v. Chicago Sun-Times*, 865 F.2d 134, 140 (7th Cir. 1989). See Exhibit A

4.    In sum, Defendants' answer(s) are not responsive to the complaint and not grounded in fact, but "wholly invented facts" or law and is frivolous and in contravention to Rule 11 amongst others rules such as Fed. R. Civ. P. 7, 8 and 12. *Dreis & Krump Mfg. v. Intern. Ass'n of Machinists*, 802 F.2d 247, 255 (7th Cir. 1986).

5.    Defendants propounded in its answer(s) that Plaintiff raised claims against Defendants for being terminated. Again, it is cognitively and legally unreasonable and without foundation to assert that Plaintiff made these claims. Defendants have again asserted a false and misleading claim for the improper purpose to subvert justice, prejudice, vex and harass Plaintiff, that has ceremoniously delayed these legal proceedings." *Fries v. Helsper, 146 F.3d 452, 458 (7th Cir. 1998) ("Frivolous is defined as an argument or claim that is baseless and made without a reasonable and competent inquiry."). See also Brunt v. Service Employees Intern. Union, 284 F.3d 715 (7th Cir. 2002).*

6.    Defendants cannot reasonably or legitimately justify, by fact or law under the given circumstance, filing its amended answer. *Brown v. National Bd. of Medical Examiners*, 800 F.2d 168, 171 (7th Cir. 1986). Defendants' conduct is contemptuous and contumacious and an abuse of the judicial system and the proceedings. *Hazel-Atlas Glass* Co. *v. Hartford-Empire* Co., 322 U.S. 238, 251,64 S. Ct. 997, 88 L. Ed. 1250 (1944).

VIII.   THERE IS NO CONFLICT IN IMPOSING A DEFAULT JUDGMENT AND ENTERING AN ORDER OF JUDGMENT AND THE CIRCUIT'S GOALS OF REACHING THE MERITS

This conflict is easily resolved when a defendant has engaged in willful and contumacious conduct. Although the Circuit favors resolution on the merits, a defendant who has willfully delayed has, in effect, waived his right to defend on the merits. *National Hockey League v. Metropolitan Hockey Club, Inc.*, 427 U.S. 639, 640-43; *Bieganek v. Taylor*, 801 F.2d 879, 882 (7th Cir. 1986). Additionally, "no fraud is more odious than an attempt to subvert the administration of justice." *Hazel-Atlas Glass* Co. *v. Hartford-Empire* Co., 322 U.S. 238, 251,64 S. Ct. 997, 88 L. Ed. 1250 (1944).

"Courts are supposed to read any rule of civil procedure according to its "plain meaning", just like a statue." See Bus. *Guides, Inc. v. Chromatic Commc'ns Enters. Inc., 498 U.S. 533, 533, 540 (1991).* When the Court ignores Federal Law Rule 12, it violates Plaintiff's due process because it would not afford her fair treatment and equal protection of the law under the Fourteenth Amendment. And when Federal Law is not followed it stacks all the cards against her causing further irreparable harm and a miscarriage of justice.

Additionally, when a government harms a person without following the exact course of the law, this constitutes a due process violation, which offends against the  rule of law," See *Carroll v. Greenwich Co., 199 U.S. 401, 410 (1905);* See also  *French v. Barber Asphalt Paving Co., 181 U.S. 328 (1901).*

In sum, Congress stated in the rule that "if you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint." See Federal Rule Civil Procedure 12(a)(I)(A).

Further, "The Supreme Court insists that federal judges carry out the rules of procedure, whether or not those rules strike the judges as optimal." *Tuke v. United States, 76 F.3d 155, 157 (7th Cir.1996)* citing *Leatherman v. Tarrant County, 507 U.S. 163, 113 S.Ct. 1160, 122 L.Ed.2d 517 (1993).*

**Conclusively**, a failure to file on time is undue delay.  Untimely filing is a non-waivable jurisdictional requirement under Federal Rule of Civil Procedure 12(a)(1)(A).  Allowing Defendant to proceed would violate Plaintiff's Fourteenth Amendment Right to Equal Protection under the law and violate due process of having fair treatment of procedural process when Defendant chose not to abide by Fed. R. Civ. P 12(a)(1)(A).   Inarguably, Congress intended for a default judgment to be entered when a Defendant fails to comply with Fed. R. Civ. P. 12.  Without question "a court must be mindful of its responsibility "'to deter future parties from trampling upon the integrity of the court."' *Dotson v. Bravo*, 321 F.3d 663, 668 (7th Cir. 2003)." *Salmeron v. Ent. Rec. Sys. Inc.*, 579 F.3d 787, 797-96 (7th Cir. 2009).  Further, "the Supreme Court insists that federal judges carry out the rules of procedure, whether or not those rules strike the judges as optimal." *Tuke v. United States,* 76 F.3d 155, 157 (7th Cir.1996) citing *Leatherman v. Tarrant County,* 507 U.S. 163, 113 S.Ct. 1160, 122 L.Ed.2d 517 (1993).

Failing to discipline Defendants sets a new precedent allowing bad actors like Defendants and their counsel to continue to subvert justice, commit fraud on the court, violate litigant's constitutional rights, act with impunity and disobey lawful orders without reprisal. *Chambers*, 501 U.S. at 44-46.  Further, such {mis}conduct creates broader societal burdens and enmity that stoke the fires of social and judicial injustices, not to mention that it dissipates and wastes Judicial resources and misappropriates taxpayers' monies, as well as being an economical burden to litigants, such as Plaintiff amongst other irreparable harms.

**WHEREFORE**, in keeping with the Court's order of September 13, 2024 that a default judgment would be entered if Defendant did not file an answer and the precedents of the Supreme Court and the Seventh Circuit and for the aforementioned reasons, Plaintiff respectfully requests and implores this Honorable Court to execute the September 13, 2024 order and follow precedents by entering an Order of Judgement against Defendant Schroeder, Strike Defendants amended pleadings from the record and provide any other relief available to Plaintiff for Defendants willful and contumacious conduct.

Respectfully submitted,

/S/ Mary Madison

Mary Madison
9758 S Charles
Chicago, IL 60643
7732979569
Mdj123197@aol.com

## CERTIFICATE OF SERVICE

The undersigned Mary Madison certifies that on December 6, 2024 she caused to be served Plaintiff's Reply to Defendants' Response to Plaintiff's Rule 55 by causing a copy to be served on all parties of record via the Court's CM/ECF electronic system to the following:

Jon D. Cohen, Esq.
jcohen@dickinsonwright.com
Joseph R. Delehanty, Esq
j.delehanty@dickinson.wright.com
C/o Dickinson Wright
55 West Monroe St. Suite 1200
Chicago, Il 60603

Respectfully submitted,

/S/ Mary Madison_____
9758 S Charles
Chicago, Il 60643
7732979569
Mdj123197@aol.com

**Exhibit A**

![Gmail] Mary Madison <assist2law@gmail.com>

---

## Amended status report

**Jon D. Cohen** <JCohen@dickinson-wright.com>                    Tue, Sep 24, 2024 at 12:51 PM
To: Mary Madison <assist2law@gmail.com>
Cc: "Joseph R. Delehanty" <JDelehanty@dickinson-wright.com>

I am fine with your version, and we can remove the word termination as well, which I
understand you want removed.



**Jon D. Cohen**
Member
O:312-377-4565
JCohen@dickinsonwright.com

55 West Monroe, Suite 1200, Chicago IL, 60603

From: Mary Madison <assist2law@gmail.com>
**Sent:** Monday, September 23, 2024 8:20 PM
**To:** Jon D. Cohen <JCohen@dickinson-wright.com>
**Cc:** Joseph R. Delehanty <JDelehanty@dickinson-wright.com>
**Subject:** Re: Amended status report

**M Gmail**                                                                 Mary Madison <assist2law@gmail.com>

---

## Amended status report

---

**Mary Madison** <assist2law@gmail.com>                                    Mon, Sep 23, 2024 at 8:20 PM
To: "Jon D. Cohen" <JCohen@dickinson-wright.com>
Cc: "Joseph R. Delehanty" <JDelehanty@dickinson-wright.com>

Good day,

Thank you for the clean copy.  I saw the amendment to Section 1 paragraph d subsection 4 that you referenced in your communication.

There are two (2) points of clarification relative to the most reecent copy presented to me for review. I do not agree that my cause of action is based on termination and I have adopted your language and added it section 1 paragraph d subsection1 to reflect my disagreement.

Additionally, it seems that in Section  3, realtive to the Magistrate Judge, that you indicated that I was not sure if I wanted to proceed with a Magistrate Judge. The answer  in response to the question is not the response that I provided.  To be clear, I reject that response and I do not want to proceed with a Magistrate Judge now or in the future.

Please be sure that the answers accurately reflect what I have presented to you.

If for some reason you are unable to accomodate my positions on this report, please advise by noon tomorrow and I will move forward with the next steps.

Have an amazing rest of your evening.

Cheers
[Quoted text hidden]

---

📄 **Initial Status Report Madison v. Creative Werks v2.pdf**
115K

[Quoted text hidden]
[Quoted text hidden]

[Quoted text hidden]
[Quoted text hidden]

[Quoted text hidden]

## Jon D. Cohen

Member

O:312-377-4505

JCohen@dickinsonwright.com

55 West Monroe, Suite 1200, Chicago IL, 60603

[Quoted text hidden]
[Quoted text hidden]

[Quoted text hidden]

[Quoted text hidden]

UNITED STATED DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS

MARY MADISON                          )
                                      )
    Plaintiff,              )    Case No. 23CV16476
                                      )
                                      )    Hon. Honorable Manish S. Shah
CREATIVE WERKS, LLC, and              )
STEVE SCHROEDER,                      )
                                      )
    Defendant.              )
                                      )

## Initial Status Report

1.    The Nature of the Case

This is a Title VII and 42 USC 1981 action predicated upon Plaintiff's adverse employment actions (suspension) ~~termination~~ based on race and sex, retaliation and pretext.

    a.    Identify the attorneys of record for each party, including the lead trialattorney.

        Plaintiff:    Pro Se.

        Defendant:    Jon D. Cohen, Lead Trial
                      Joseph Delehanty
                      Dickinson Wright, PLLC
                      55 W. Monroe St., Suite 1200
                      Chicago, IL 60603
                      (312) 614-0060
                      jcohen@dickinsonwright.com
                      jdelehanty@dickinsonwright.com

    b.    State the basis for federal jurisdiction.

        Federal Question

    c.    Describe the nature of the claims asserted in the complaint and anycounterclaims.

        Plaintiff worked for Creative Werks, a food packaging company. Plaintiff claims the was terminated because of discriminatory manner on the basis of submitted a purported risk analysis presented to the Defendant, asserting that she was treated less favorably than white males.  Defendant denies any discriminatory animus in regards to Plaintiffs termination.

Plaintiff worked for Creative Werks and was treated less favorably than white males. Specifically, Plaintiff was suspended by Defendant pending an investigation for raising similar facts, contextual issues and concerns as Eric Zicher, a white-male, raised relative to operational and

compliance gaps in contravention to regulatory standards outlined in the Federal Drug and
Cosmetic Act as amended by the Food Safety and Modernization Act.

      d.     State the major legal and factual issues anticipated in the case.

          Whether unlawful animus was the basis of Plaintiff's termination.  The Defendant
will raise issues asserting Plaintiff's poor job performance, failure to follow
company procedures, and Plaintiff's poor work product as the sole basis of her
termination. Plaintiff does not agree with Defendants assertions as a factual or legal
issue, and the parties could not bridge this disagreement.

          Whether Plaintiff was treated unlawfully in her employment and in the adverse
employment actions taken against her by Defendant in contravention of Title VII
and 42 USC 1981 because of her sex and race.

          Whether the subsequent actions taken by Defendant in its indefinite suspension and
post disciplinary treatment of the Plaintiff and its investigation were a pretext for
unlawful discrimination of her based upon her sex and race.

          Plaintiff asserts that a legal and factual issue in this case also includes "Whether
Plaintiff was retaliated against by Defendant for bringing to its attention in her
report dated October 20, 2022 that it was not in compliance with its Customer
requirements and the relevant provisions of the Food Safety Modernization Act and
the Bioterrorism Act.   The Defendant does not agree that this is relevant as a factual
or legal issue, and the parties could not bridge this disagreement.

      e.     Describe the relief sought by the plaintiff(s).

          Monetary damages.

2.     Pending Motions and Case Plan

      a.     Identify all pending motions and propose a briefing schedule if one has
not been set.
There are no pending motions.

      b.     Submit a proposal for a discovery plan, including the following
information:

         i.     The general type of discovery needed;

          It is anticipated that interrogatories, requests to produce, requests
to admit and depositions will be engaged in between the parties.  It
is also anticipated that there will be some third party discovery
sought by the parties.

         ii.    A date for Rule 26(a)(1) disclosures;

It is anticipated that the parties can provide Rule 26(a)(1) disclosures by October 15, 2024.

iii.   A date to issue written discovery;

It is anticipated that the parties can start to issue written discovery by October 29, 2024.

iv.   A date to request any amendment of the pleadings;

It is anticipated that the parties may request to amend the pleadings by .-January 31, 2025

v.   A fact discovery completion date;

It is anticipated that the parties may be able to complete fact discovery by July 16, 2025.

vi.   If there will be expert discovery, an expert discovery completion date, including dates for the delivery of expert reports; and

It is anticipated that experts will be named by the parties, that expert reports completed by August 31, 2025 and that expert discovery be completed by October 15, 2025

vii.   A date for the filing of dispositive motions.

It is anticipated that dispositive motion would be filed by the parties by . November 15, 2025

c.   With respect to trial, indicate whether a jury trial is requested and the probable length of trial.

Plaintiff has requested a jury trial. It is anticipated that four (4) full days will be required for the jury trial.

3.   Consent to Proceed Before a Magistrate Judge

        a.      Indicate whether the parties consent unanimously to proceed before a Magistrate Judge.  Plaintiff declines to consent to proceed before a Magistrate Judge.

4.      Status of Settlement Discussions

        a.      Indicate whether any settlement discussions have occurred. Yes

        b.      Describe the status of any settlement discussion and whether the parties request a settlement conference.  The Parties are at an impasse.  No settlement conference is currently being requested.

Prepared by:

/s Jon D. Cohen
Jon D. Cohen

Jon D. Cohen
Dickinson Wright PLLC
55 W. Monroe St., Suite 1200
Chicago, IL 60603
(312) 641-0060
jcohen@dickinsonwright.com