



**FILED**
1/7/2025
THOMAS G. BRUTON
CLERK, U.S. DISTRICT COURT

LJ

## IN THE UNITED STATES DISTRICT COURT
### FOR THE NORTHERN DISTRICT OF ILLINOIS

|  |  |  |
|---|---|---|
|  | ) |  |
|  | ) |  |
| Mary Madison | ) |  |
| **Plaintiff,** | ) | **Case Number: 1:23-CV-16476** |
|  | ) |  |
| -vs- | ) | **Honorable Judge Manish S. Shah** |
|  | ) |  |
| Steve Schroeder | ) |  |
| Creative Werks, LLC | ) |  |
| **Defendant** | ) |  |

### PLAINTIFF'S RULE 11(c) MOTION

NOW COMES the Plaintiff pursuant to Federal Rule of Civil Procedure 11, stating as follows:

1. Pursuant to Rule 11, Defendants were informed of the Rule 11 violations raised and described in detail in Docket #'s 40 & 46.

2. Notice of intent to file a Rule 11(c) motion was propounded upon Defendant on December 8, 2024 by email.

3. On December 8, 2024, Defendant responded to the Notice of Intent to file the Rule 11(c) motion based on inaccurate and misleading statements:

    a) Dkt. #46-1 pg. 26- #79...."due to that date of her suspension *and termination."*

    b) Dkt. #46-1 pg. 33-35 First, Second & Third Affirmative Defense relative to Plaintiff's alleged termination.

    c) Dkt. #40 also references the same or similar assertions relative to Plaintiff being terminated that are to be remediated as well.

4. In response to the Notice of Intent to file a Rule 11(c) motion, Defendant indicated that it would seek sanctions if Plaintiff moved forward with filing the Rule 11(c) motion.

5. Pursuant to Rule 11 Defendants were allowed at least twenty-one (21) days' time to remediate the violations by either withdrawing the matter or correcting it within the prescribed timeframe set forth under Rule 11..

6. More than twenty-one (21) days have passed since notice of intent to file a Rule 11(c) was provided to Defendants.

7. Defendants have not remediated the violations to date.

8. Plaintiff hereby moves the court pursuant to Fed. R. Civ. P. 11(c) that Defendants be sanctioned for Fed. R. Civ. P. 11(b) violations.

Dated: January 7, 2025                              Respectfully submitted,

                                                   /S/ Mary Madison
                                                   Mary Madison
                                                   9758 S Charles
                                                   Chicago, Il 60643
                                                   7732979569
                                                   Mdj123197@aol.com

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**

|  |  |  |
|---|---|---|
|  | ) | |
|  | ) | |
| Mary Madison | ) | |
| **Plaintiff,** | ) | **Case Number: 1:23-CV-16476** |
|  | ) | |
| **-vs-** | ) | **Honorable Judge Manish S. Shah** |
|  | ) | |
| Steve Schroeder | ) | |
| Creative Werks, LLC | ) | |
| **Defendant** | ) | |

# PLAINTIFF'S MEMORANDUM IN SUPPORT OF THE RULE 11 MOTION FOR SANCTIONS PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 11

Plaintiff respectfully moves this Court for sanctions against Defendants, Creative Werks and Steve Schroeder pursuant to Federal Rule of Civil Procedure 11. This motion is based on the Defendants submitting pleadings containing inaccurate and misleading factual statements.

## I. FACTUAL BACKGROUND

Pursuant to Fed. R. Civ. P. 11, Plaintiff served notice of her intention to file a Rule 11 motion upon Defendants on December 8, 2024, more than 21 days before filing this motion.

Defendants have not appropriately corrected their improper actions to date but instead responded to Plaintiff's proposed motion by indicating that it would seek sanctions against Plaintiff if she moved forward and filed the motion, hereto attached as Exhibit A.

Defendants' conduct of threatening to impose sanctions is bullying and coercive and is in lockstep, with Defendants conduct, throughout Plaintiff's employment with the Defendants. Such conduct of threatening a litigant to discourage them from exercising their legal right to raise legal issues is intimidation is an impediment to justice amongst other ethical and legal violations. Defendants' acquiescence and intimidation tactics further underscore and evidence Plaintiff's assertions of Defendants' intentional contumacious behavior and intent to obstruct justice.

The pleading filed on September 24, 2024-Dkt. #40 and the unauthorized pleading, in contravention to Rule 15 that was filed on November 18, 2024-Dkt. #46; cite the following inaccurate and misleading statements:

1. Dkt. #46-1 pg. 26- #79...."due to that date of her suspension *and termination."*
2. Dkt. #46-1 pg. 33-35 First, Second & Third Affirmative Defense relative to Plaintiff's alleged termination.
3. Dkt. #40 also references the same or similar assertions relative to Plaintiff being terminated that are to be remediated as well.

These statements are not only factually incorrect but also have no basis in the evidence presented in this case.

Defendants were notified of these inaccurate and misleading statements on three (3) separate occasions. Defendants were first noticed on September 23, 2024, during the Defendant's drafting and filing of the Court-ordered Joint Status Report, hereto attached as Exhibit B. Defendant agreed that the assertion of termination was not the appropriate cause of action and acquiesced by removing the misleading and erroneous information as evidenced in the communication

between Plaintiff and Defendants and Defendants' preparation and filing of the Joint Status Report, hereto attached as Exhibit C and Dkt. #41.

Subsequently, Defendant, in contravention to Rule 11, filed the same erroneous and misleading information that Defendants previously agreed to have been improper, in Defendant Creative Werks' September 24, 2024 answer to Plaintiff's complaint Dkt. #40 and once again in Defendants' unauthorized pleadings filed on November 18, 2024-Dkt. 46. Defendants' conduct of removing it from the Joint Status Report evidenced that this information was improper (See Exhibit B and C; also Refer to Dkt. #41).

Defendant for the second (2nd) time was made apprised of the inaccurate and misleading statements made by Defendant relative to Plaintiff having termination claims before the court in Plaintiff's Reply to Defendants' Response to Plaintiff's Rule 55 Motion.  Dkt. #49 pg. 11 § 4

Defendants were again noticed for the third (3rd) time of the inaccurate and misleading statements on December 8, 2024, pursuant to Rule 11, hereto attached as Exhibit D.

Defendant has been given over twenty-one (21) days to correct and/or remediate the inaccurate and misleading violations by either withdrawing the matter or correcting it within the prescribed timeframe set forth under Rule 11.

To date, Defendant has failed to either correct or withdraw the matter.

## II. LEGAL STANDARD

Under Federal Rule of Civil Procedure 11(b), attorneys and unrepresented parties are required to ensure that their pleadings, motions, and other papers presented to the court are well grounded in

fact and law, and are not interposed for any improper purpose. Rule 11(c) provides for sanctions against parties who violate these standards. *Cooter & Gell v. Hartmarx Corp.,* 496 U.S. 384, 391, 110 S.Ct. 2447, 110 L.Ed.2d 359 (1990).

Specifically, Rule 11 allows the court to "impose an appropriate sanction on any attorney . . . or party" that has presented a document to the court "for any improper purpose," such as harassing the opposing party or causing unnecessary delay. Fed. R. Civ. P. 11(c)(1). The rule is intended to "deter frivolous litigation and abusive practices by attorneys and to ensure that those who create unnecessary cost(s) also bear them." *Kapco Mfg. Co., Inc. v. C & O Enter., Inc., 886 F.2d 1485, 1491 (7th Cir. 1989) (per curiam) (citations omitted).*

## III. ARGUMENT

## A.  DEFENDANT'S PLEADINGS CONTAIN INACCURATE FACTS

The defendant's pleadings contain factually inaccurate statements, as follows:

1. Dkt. 46-1 pg. 26- #79 .... "due to that date of her suspension *and termination."*

2. Dkt. 46-1 pg. 33-35 First, Second & Third Affirmative Defense relative to Plaintiff's alleged termination.

3. Dkt. 40 also references the same or similar assertions relative to Plaintiff being terminated that need to be remediated.

These statements are not only factually incorrect but also have no basis in the evidence presented in this case.

## B. THE CONTRIVED INACCURACIES ARE CLEAR VIOLATIONS OF RULE 11(B)

The Supreme Court has continually reasoned that they " give the Federal Rules of Civil Procedure their plain meaning, *Walker v. Armco Steel Corp.,* 446 U. S. 740, 750, n. 9 (1980), and generally with them, as with a statute, "[w]hen we find the terms . . . unambiguous, judicial inquiry is complete." *Rubin v. United States,* 449 U. S. 424, 449 U. S. 430 (1981)." *P & L v. Marvel Entertainment, 493 U.S. 120 at 123 (1989)*

Further, The Court of Cooter underscores that the Supreme Court consistently " interprets Rule 11 according to its plain meaning" *Cooter & Gell v. Hartmarx Corp.,* 496 U.S. 384, 391, 110 S.Ct. 2447, 110 L.Ed.2d 359 (1990). See also *Pavelic & LeFlore* v. *Marvel Entertainment Group,* 493 U. S. 120, 123 (1989) and in part Rule 11 says that papers must be signed "by at least one attorney of record *in the attorney's individual name," as a requisite of* their duty imposed by Rule 11 amongst other requisites and duties. Hence, under the construct of Rule 11 Defendant(s) and its counselors had a duty to satisfy by discharging themselves of their burden(s) of ensuring that the filed pleading(s) were factually and legally responsible. By the signing of the pleading, they represent not merely the fact that it is so, but also the fact that Defendants' counselors personally applied their own judgment. *P & L v. Marvel Entertainment, 493 U.S. 120 at 125 (1989).*

## C. THE SUPREME COURT HAS CONSISTENTLY HELD THAT PROCEDURAL RULES MUST BE STRICTLY FOLLOWED TO ENSURE FAIRNESS AND EQUALITY IN THE JUDICIAL PROCESS. *PIONEER INVESTMENT SERVICES CO. V. BRUNSWICK ASSOCIATES LTD. PARTNERSHIP, 507 U.S. 380 (1993)*

In sum, the Defendants have defied The Court's numerous orders and ignored the plain text of procedural rules since the onset of the matter, exacerbating procedural and constitutional violations.

1.      Defendant Creative Werks failure to answer or otherwise plead pursuant to Federal Civil Rule of Procedure 12, despite being properly served pursuant to Civil Rule of Procedure Rule 4-Dkt.# 8

2.      Defendants failure to appear in court pursuant to Civil Rule of Procedure 55-Dkt. #12; See also Dkt.# 17 pg. 24 ¶ 16-19 Pg. ID #176; pg. 32-Pg. ID-#184

3.      Defendants motion to set aside based on misleading and inaccurate statements- Dkt. #15.

4.      Defendants' failure to obey The Court's order to answer or otherwise plead pursuant to Federal Civil Rule of Procedure 12, after obtaining an ill-gotten opportunity based on its motion to set aside riddle with misleading and inaccurate statements-Dkt. #20.

5.      Defendants' failure to once again obey The Court's August 12, 2024 order to answer Plaintiff's complaint by September 4, 2024-Dkt. #38.

6.      Defendant Schroeder's failure to once again obey The Court's order of September 13, 2024 to answer Plaintiff's complaint by September 24, 2024-Dkt. #39.

7.      Defendants unauthorized filing of the amended pleading, Dkt. #46, was in contravention of Federal Rule of Civil Procedure 15.  The filing of the unauthorized pleading under the auspices of only adding Defendant Schroeder's name to the complaint was willfully deceptive and misleading; when in fact Defendants made material changes to the text. For example,

Defendants made the following material changes to Dkt. #46: pg. 9 ¶ 12, pg. 14 ¶32, pg. 16 ¶40, pg. 17. ¶44, pg. 18 ¶ 48 & 51, pg. 21 ¶ 63 amongst other entries. All for Defendants' betterment and in violation of Plaintiff's constitutional rights of having equal protection and due process under the law relative to the Fourteenth Amendment among other legal constructs. *Loving v. Virginia, 388 U.S. 1 (1967); Brown v. Board of Education, 347 U.S. 483 (1954).* Defendants' in sum made a patently false and misleading statement to commit a fraud on this Honorable Court. And the Seventh Circuit reasoned "no one needs to be warned not to lie to the judiciary" *Negrete vs. Nat'l R.R. Passenger Corp., 547 F.3d 721, 724(7th Circuit 2008.)*

Defendants have two (2) experienced litigators from a well-established one hundred and forty-seven (147) year-old multi-jurisdictional law firm across North America, with Chicago as its nineteenth (19) office, who has been hailed as having Super, Leading and Emerging Lawyers at its firm. Without question and doubt and within reason, Defendants lawyers are well versed and astute in the law, its interpretation and application, including the Federal Rules, which, while complex, should be understandable to experienced litigators. Further, Defendants legal counselors have a plethora of resources to help them ensure adequate filings of motions and pleadings before this Honorable Court. Thus, Defendants should be held to strict compliance of the rules. *McCarty v. Astrue, 528 F.3d 541, 544 (7th Circuit 2008)*

Further, Defendants' recalcitrant behavior implies more than mere inadvertence, carelessness, or mistake; but such conduct demonstrates a pattern of gross negligence and willful disregard for procedural rules. And as a direct proximate of Defendants' conduct sanctions are warranted for Defendants' "callous disregard for governing law." *Allison v. Dugan, 951 F.2d 828, 834 (7th Cir. 1992).*

**D. DEFENDANTS HAVE A RECALCITRANT HISTORY OF WILLFULLY MISREPRESENTING THEMSELVES OUTSIDE THE EXISTING STRUCTURE OF THE LAW**

1. Defendants from the onset have failed to represent themselves within the existing structure of the law, but instead intentionally misconstrued, misstated and misapplied the Fed. R. Civ. Procedure for impermissible purposes.

Specifically, on February 8, 2024, one (1) of the Defendants' two (2) legal counselors, from Dickinson Wright, PLLC of Chicago on behalf of Defendants signed and filed the Defendants' motion to set aside the Default Judgment-Dkt. #15. The motion was filed for a sundry of reasons, in contravention of Fed. R. Civ. P. 11 supported by "wholly invented facts" as well as false and misleading statements of material fact regarding matters plainly within Defendants' counselors' personal knowledge at the time of the filing of the motion to set aside.

These material facts include but are not limited to: Defendants having obtained permission for an extension of time to file an answer from Plaintiff's Department of Labor, "hereinafter DOL" counsel when Defendants Counsel had not even broached the subject with Plaintiff nor did Defendants' get permission from Plaintiff to do so (Dkt. # 17 pg. 3 ¶4 and pg. 23 ¶ 8)

Defendants' willful failure to appear at the Rule 55 hearing held on February 7, 2024, as evidenced by Defendants' counselor's communication with Plaintiff's legal counsel in another matter about the impending motion, coupled with Defendants being properly noticed of the filing of the motion. (Dkt. # 17 pg. 24 ¶18 & 19; See also pg. #32-Pg. ID. # 184)

Defendants also asserted that it had a meritorious defense to the complaint pursuant to Fed. R. Civ. P. 12(c) of unexhausted IDHR claims before the court. (Dkt. # 15) Claims not made by Plaintiff to this court, as evidenced by the Court's August 12, 2024 ruling (Dkt. #38).

2. Very similarly again Defendants are improperly asserting "wholly invented facts" of Plaintiff having termination claims before the court. Hence, once again, Defendants have failed to represent themselves within the existing structure of the law, but instead intentionally misconstrued, misstated and misapplied the Fed. R. Civ. Procedure for impermissible purposes by interjecting these "wholly invented facts" of Plaintiff having termination claims before the court in their answer-Dkt. #'s 40 & 46 to convolute the issues and subvert justice; as well as a subsequent remedial measure to a pretextual reason for the adverse actions taken towards Plaintiff. *Thornton v. Wahl, 787 F.2d 1151, 1154 (7th Cir.), cert. denied, 479 U.S. 851, 107 S.Ct. 181, 93 L.Ed.2d 116 (1986).*

Again, it is cognitively and legally unreasonable and without foundation to assert that Plaintiff made these claims. Defendants have again asserted false and misleading claims for the improper purpose of subverting justice and prejudicing, vexing, and harassing Plaintiff. Constructs that ceremoniously delay legal proceedings and cause undue burdens on Plaintiff to identify, raise and remediate these frivolous, false and misleading claims." *Fries v. Helsper, 146 F.3d 452, 458 (7th Cir. 1998) ("Frivolous is defined as an argument or claim that is baseless and made without a reasonable and competent inquiry."). See also Brunt v. Service Employees Intern. Union, 284 F.3d 715 (7th Cir. 2002).*

3. Defendants were further emboldened and empowered, from its previous unchecked actions, to blatantly and once again intentionally misrepresent and make patently false statements to the

court. The statement that it only added Schroeder's name as a Defendant to the unauthorized pleading that it filed, when, in fact, Defendants took the liberty to make several contextual changes to the text e.g. (Dkt. #46-1 pg. 9 ¶ 12, pg. 14 ¶32, pg. 16 ¶40, pr. 17. ¶ 44, pg. 18 ¶ 48 & 51, pg. 21 ¶ 63 among other entries). Contextual changes for their betterment and to Plaintiff's detriment.

Defendants cannot reasonably or legitimately justify by fact or law, under the given circumstance, filing its unauthorized amended answer Dkt. #46. A pleading that is riddled with contextual changes for Defendants' betterment that were asserted to this Honorable Court to be without material changes except for only adding Defendant Schroeder's name to the answer, which is patently false and misleading.

Nor can Defendants justify asserting "wholly invented facts" relative to Plaintiff's alleged termination. *Brown v. National Bd. of Medical Examiners, 800 F.2d 168, 171 (7th Cir. 1986).* Defendants' conduct is recalcitrant, contemptuous and contumacious and an abuse of the judicial system, its administration and the proceedings. *Hazel-Atlas Glass Co. v. Hartford-Empire Co., 322 U.S. 238, 251,64 S. Ct. 997, 88 L. Ed. 1250 (1944).*

Defendants' conduct of filing and repeatedly pursuing a sham and baseless pleading predicated upon fraudulent and misleading facts does not comply with Fed. R. Civ. P. 11 and is perjurious. [P]erjury strikes at the heart of the integrity of the judicial system. And because of its seriousness and pernicious consequences sanctions are appropriate when a party conducts litigation in bad faith. *Chambers v. Nasco, Inc., 501 U.S. 32, 111 S. Ct. 2123, 2124, 115 L. Ed. 2d 27 (1991); National Hockey League v. Metropolitan Hockey Club, Inc., 427 U.S. 639, 642-43, 96 S. Ct. 2778, 49 L. Ed. 2d 747 (1976).*

Fed. R. Civ. P. 11 violations mandate the imposition of sanctions. Fed. R. Civ. P. 11. And "The Supreme Court insists that federal judges carry out the rules of procedure, whether or not those rules strike the judges as optimal." *Tuke v. United States, 76 F.3d 155, 157 (7th Cir.1996) citing Leatherman v. Tarrant County, 507 U.S. 163, 113 S.Ct. 1160, 122 L.Ed.2d 517 (1993).*

## E. BAD FAITH

Defendants' false or misleading statements do not appear to be an accident or mistake caused by ignorance. The subject matter of the misrepresentations were facts, particularly within Defendants and Defendants' counselors' own personal and professional knowledge. Hence, Defendants' repeated submission of false or misleading statements appear to have been in bad faith and in furtherance of their schemes to vex and frustrate Plaintiff and subvert and obstruct justice and its administration and is therefore, punishable under the Court's inherent authority. The court's "inherent power encompasses the power to sanction attorney or party misconduct." *Roadway Express, Inc. v. Piper, 447 U.S. 752, 764-65 (1980)*

In assessing Defendants' conduct and the appropriate sanctions, Defendants' contumacious and mendacious conduct and bad faith are without question factors in the analysis. Although without question Defendants acted in "bad faith" Rule 11 does not require the district court to make a finding that the transgressor acted in bad faith. *National Wrecking Co. v. International Bhd. of Teamsters, Local 731,990 F.2d 957, 963 (7th Cir. 1993).*

**IN SUM**, Defendants' actions are repeated, calculated, intentional, contumacious and motivated by a specific malicious intent on behalf of Defendants to subvert and obstruct justice and its administration, as well as, to obstruct Plaintiff's right to a speedy and impartial trial in violation of her constitutional rights. Additionally, this recalcitrant conduct is causing Plaintiff further

irreparable harm of loss of time, man-hours, and money sandwiched between stress and duress. All of which are cumulatively in contravention to Fed. R. Civ. P. 1 and 11 among other applicable rules.

Further, Defendants' conduct supports Defendants having something to hide and it is reasonable to infer that it is liability and culpability for the highly indisputable adverse actions taken against Plaintiff. Further, Defendants' conduct evidences a lack of compunction that has emboldened them to act with impunity concerning its course of dealings with Plaintiff and this Honorable Court.

Hence, Plaintiff is requesting this Honorable Court sanction Defendants Pursuant to Federal Rule of Civil Procedure 11 for knowingly filing frivolous pleadings that contain false and misleading statements to the court. Plaintiff is also asking that Defendants be sanctioned based upon the Court's inherent power to sanction Defendants for willfully lying and making false and misleading statements to the Court to perpetrate a fraud on the Court, as evidenced in the court of Chambers that reasoned "[t]he wielding of that inherent power is particularly appropriate when the offending parties have practiced a fraud upon the court." *Chambers v. NASCO, Inc.,* 501 U.S. 32, 42, 111 S. Ct. 2123, 115 L. Ed. 2d 27 (1991)

**Conclusively,** Plaintiff moves this Honorable Court for an Order of Sanctions finding that the Defendants' conduct was contumacious, intentional, deliberate and in bad faith motivated by specific malicious intent on Defendants' behalf to subvert and obstruct justice while avoiding culpability and liability, all to Plaintiff's and society's detriment.

Second, Plaintiff requests this Honorable Court to strike Defendants' unauthorized pleadings Dkt. #46 from the record.

Third, Plaintiff requests that this Honorable Court strike from Defendants' initial pleadings-Dkt. #40 the erroneous and misleading information relative to asserting claims and defenses that Plaintiff was terminated, as well as, any other extraneous information or assertions irrelevant to the matter at hand.

Fourth, Plaintiff requests that the Order also specifically state that Defendants forfeited and waived their right to raise defenses to issues that were not raised in their initial pleading filed on September 24, 2024 Dkt. #40.

Fifth, Plaintiff requests that Defendant Schroeder be held in default and an order of Judgment of Default be entered against him in Plaintiff's favour deeming all allegations as admitted.

Sixth, that Defendants collectively be held in contempt for making false and misleading statements to the Court relative to the filing of the unauthorized pleadings filed as Dkt. 46; whereby Defendants assert that they only added Defendant Schroeder's name. When in fact Defendants made a number of contextual changes to the text e.g. (Dkt. #46-1 pg. 9 ¶ 12, pg. 14 ¶32, pg. 16 ¶40, pr. 17. ¶ 44, pg. 18 ¶ 48 & 51, pg. 21 ¶ 63 among other entries) for Defendants' betterment and to Plaintiff's detriment. Effectively giving Defendants more bites at the apple in violation of Plaintiff's constitutional right of equal protection and due process under the law relative to the Fourteenth Amendment among other legal constructs.

Seventh, Plaintiff requests that the court impose monetary penalties and costs to deter future violations of Rule 11(b). Specifically, Plaintiff requests that she be compensated at the rate of pay Defendants would have paid Plaintiff for what the Court deems as a reasonable time required to address and remediate these issues before the Court pursuant to Fed. R. Civ. Procedure 11.

Fed Rule of Civil Procedure 11; See Also *Cooter & Gell v. Hartmarx Corp., 496 US 384, 391,*

*110 S.Ct. 2447, 110 L.Ed.2d 359.*

**WHEREFORE,** in light of the Defendant's repeated submission of factually inaccurate and

misleading statements in their pleadings, and in accordance with Rule 11 and The Court's

inherent power, Plaintiff respectfully requests that this Court to impose the foregoing requested

sanctions against the Defendants and their counsel and any other relief that this Honorable Court

deems appropriate.

January 7, 2025                                                  Respectfully submitted,

                                                                /S/ Mary Madison
                                                                 Mary Madison
                                                                 9758 S Charles
                                                                 Chicago, Il 60643
                                                                 7732979569
                                                                 Mdj123197@aol.com

## **CERTIFICATE OF SERVICE**

The undersigned Plaintiff certifies that on January 7, 2025, she caused to

be served Plaintiff's Rule 11(c) Motion and Memorandum for Sanctions by

causing a copy to be served on all parties of record via the Court's CM/ECF

electronic system to the following:

Jon D. Cohen, Esq.
jcohen@dickinsonwright.com
Joseph R. Delehanty, Esq
j.delehanty@dickinson.wright.com\
C/o Dickinson Wright
 55 West Monroe St. Suite 1200
 Chicago, Il 60603

Respectfully submitted,

/S/ Mary Madison
9758 S Charles
Chicago, Il 60643
7732979569
Mdj123197@aol.com


Mary Madison <assist2law@gmail.com>

---

## Rule 11 Notice-23-CV-16476

---

**Jon D. Cohen** <JCohen@dickinson-wright.com>                                    Sun, Dec 8, 2024 at 6:17 PM
To: Mary Madison <assist2law@gmail.com>, "Joseph R. Delehanty" <JDelehanty@dickinson-wright.com>

Respectfully Mary, you are not allowed to police the language I use in my client's Answer nor the affirmative defenses raised by my clients.  In *the Initial Status Report*, you objected to using the term "terminated" and as a concession, so we did not have to file separate statements, I agreed to your suggestion.  The Court generally prefers that the parties come to such agreements, but they are not contracts between the parties addressing minutia of the case.  The initial status report is to generally apprise the Court as to the salient legal and factual issues, to provide some context to the case, help to frame discovery and the like.  It is not a request to admit.  I think you should check with a lawyer on this issue.  If you bring a motion, I will obviously reply but I will seek attorney fees for your bringing a *frivolous* motion.  Further, I don't see the logic in your argument at any level.  If you are affirmatively asserting that you are suing only for suspension with pay but not for termination thereafter, is that to say are not seeking damages based on the loss of your salary?  If that really is the case, I would be happy to work with you to remove that issue from discovery and an agreed order that you are not seeking such damages.

**DW**
**DICKINSON WRIGHT PLLC**

**Jon D. Cohen**
Member
O:312-377-4565
JCohen@dickinsonwright.com

        55 West Monroe, Suite 1200, Chicago, IL 60603

[Quoted text hidden]
The information contained in this e-mail, including any attachments, is confidential, intended only for the named recipient(s), and may be legally privileged. If you are not the intended recipient, please delete the e-mail and any attachments, destroy any printouts that you may have made and notify us immediately by return e-mail. Neither this transmission nor any attachment shall be deemed for any purpose to be a "signature" or "signed" under any electronic transmission acts, unless otherwise specifically stated herein. Thank you.

UNITED STATED DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| MARY MADISON | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 23CV16476 |
| | ) | |
| | ) | Hon. Honorable Manish S. Shah |
| CREATIVE WERKS, LLC, and | ) | |
| STEVE SCHROEDER, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

### Initial Status Report

1.  The Nature of the Case

    This is a Title VII and 42 USC 1981 action predicated upon Plaintiff's adverse
    employment actions (suspension) based on race and sex, retaliation and pretext.

    a.  Identify the attorneys of record for each party, including the lead trial attorney.

        Plaintiff:    Pro Se.

        Defendant:   Jon D. Cohen, Lead Trial

                     Joseph Delehanty
                     Dickinson Wright, PLLC
                     55 W. Monroe St., Suite 1200
                     Chicago, IL 60603
                     (312) 614-0060
                     jcohen@dickinsonwright.com
                     jdelehanty@dickinsonwright.com

    b.  State the basis for federal jurisdiction.

                     Federal Question

    c.  Describe the nature of the claims asserted in the complaint and any counterclaims.

        Plaintiff worked for Creative Werks, a food packaging company. Plaintiff claims
        she was terminated because of discriminatory manners on the basis of submitting
        a purported risk analysis presented to the Defendant, asserting that she was
        treated less favorably than white males.  Defendant denies any discriminatory
        animus in regards to Plaintiffs termination.

Plaintiff worked for Creative Werks and was treated less favorably than white males.
Specifically, Plaintiff was suspended by Defendant pending an investigation for raising similar
facts, contextual issues and concerns as Eric Zicher, a white-male, raised relative to operational and

compliance gaps in contravention to regulatory standards outlined in the Federal Drug and Cosmetic Act as amended by the Food Safety and Modernization Act.

      d.     State the major legal and factual issues anticipated in the case.

           Whether unlawful animus was the basis of Plaintiff's termination. The Defendant will raise issues asserting Plaintiff's poor job performance, failure to follow company procedures, and Plaintiff's poor work product as the sole basis of her termination. Plaintiff does not agree with Defendant's assertions as a factual or legal issue, and the parties could not bridge this disagreement.

           Whether Plaintiff was treated unlawfully in her employment and in the adverse employment actions taken against her by Defendant in contravention of Title VII and 42 USC 1981 because of her sex and race.

           Whether the subsequent actions taken by Defendant in its indefinite suspension and post disciplinary treatment of the Plaintiff and its investigation were a pretext for unlawful discrimination of her based upon her sex and race.

           Plaintiff asserts that a legal and factual issue in this case also includes - whether Plaintiff was retaliated against by Defendant for bringing to its attention in her report dated October 20, 2022 that it was not in compliance with its Customer requirements and the relevant provisions of the Food Safety Modernization Act and the Bioterrorism Act. The Defendant does not agree that this is relevant as a factual or legal issue, and the parties could not bridge this disagreement.

      e.     Describe the relief sought by the plaintiff(s).

           Monetary damages.

2.     Pending Motions and Case Plan

      a.     Identify all pending motions and propose a briefing schedule if one has not been set.

There are no pending motions.

      b.     Submit a proposal for a discovery plan, including the following information:

          i.     The general type of discovery needed;

           It is anticipated that interrogatories, requests to produce, requests to admit and depositions will be engaged in between the parties. It is also anticipated that there will be some third party discovery sought by the parties.

          ii.     A date for Rule 26(a)(1) disclosures;

It is anticipated that the parties can provide Rule 26(a)(1) disclosures by October 15, 2024.

   iii.   A date to issue written discovery;

It is anticipated that the parties can start to issue written discovery by October 29, 2024.

   iv.   A date to request any amendment of the pleadings;

It is anticipated that the parties may request to amend the pleadings by - January 31, 2025

   v.   A fact discovery completion date;

It is anticipated that the parties may be able to complete fact discovery by July 16, 2025.

   vi.   If there will be expert discovery, an expert discovery completion date, including dates for the delivery of expert reports; and

It is anticipated that experts will be named by the parties, that expert reports completed by August 31, 2025 and that expert discovery be completed by October 15, 2025

   vii.   A date for the filing of dispositive motions.

It is anticipated that dispositive motions would be filed by the parties by - November 15, 2025

c.   With respect to trial, indicate whether a jury trial is requested and the probable length of trial.

Plaintiff has requested a jury trial. It is anticipated that four (4) full days will be required for the jury trial.

3.   Consent to Proceed Before a Magistrate Judge

       a.      Indicate whether the parties consent unanimously to proceed before a Magistrate Judge.

              Plaintiff declines to consent to proceed before a Magistrate Judge.

4.      Status of Settlement Discussions

       a.      Indicate whether any settlement discussions have occurred. Yes

       b.      Describe the status of any settlement discussion and whether the parties request a settlement conference.

              The Parties are at an impasse. No settlement conference is currently being requested.

Prepared by:

/s Jon D. Cohen
Jon D. Cohen

Jon D. Cohen
Dickinson Wright PLLC
55 W. Monroe St., Suite 1200
Chicago, IL 60603
(312) 641-0060
jcohen@dickinsonwright.com

**Exhibit C**

M Gmail

Mary Madison <assist2law@gmail.com>

---

## Amended status report

**Jon D. Cohen** <JCohen@dickinson-wright.com>                                    Tue, Sep 24, 2024 at 12:51 PM
To: Mary Madison <assist2law@gmail.com>
Cc: "Joseph R. Delehanty" <JDelehanty@dickinson-wright.com>

I am fine with your version, and we can remove the word termination as well, which I understand you want removed.



**Jon D. Cohen**
Member
O:312-377-4565
JCohen@dickinsonwright.com

55 West Monroe, Suite 1200, Chicago IL, 60603

From: Mary Madison <assist2law@gmail.com>
**Sent:** Monday, September 23, 2024 8:20 PM
**To:** Jon D. Cohen <JCohen@dickinson-wright.com>
**Cc:** Joseph R. Delehanty <JDelehanty@dickinson-wright.com>
**Subject:** Re: Amended status report

UNITED STATED DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS

MARY MADISON                                    )
                                                )
    Plaintiff,                  )    Case No. 23CV16476
                                                )
                                                )    Hon. Honorable Manish S. Shah
CREATIVE WERKS, LLC, and                        )
STEVE SCHROEDER,                                )
                                                )
    Defendant.                  )
                                                )

### Initial Status Report

1.    The Nature of the Case

    This is a Title VII and 42 USC 1981 action predicated upon Plaintiff's adverse employment actions (suspension) ~~termination~~ based on race and sex, retaliation and pretext.

    a.    Identify the attorneys of record for each party, including the lead trial attorney.

        Plaintiff:    Pro Se.

        Defendant:    Jon D. Cohen, Lead Trial
                    Joseph Delehanty
                    Dickinson Wright, PLLC
                    55 W. Monroe St., Suite 1200
                    Chicago, IL 60603
                    (312) 614-0060
                    jcohen@dickinsonwright.com
                    jdelehanty@dickinsonwright.com

    b.    State the basis for federal jurisdiction.

        Federal Question

    c.    Describe the nature of the claims asserted in the complaint and any counterclaims.

    Plaintiff worked for Creative Werks, a food packaging company. Plaintiff claims the was terminated because of discriminatory manner on the basis of submitted a purported risk analysis presented to the Defendant, asserting that she was treated less favorably than white males. Defendant denies any discriminatory animus in regards to Plaintiffs termination.

Plaintiff worked for Creative Werks and was treated less favorably than white males. Specifically, Plaintiff was suspended by Defendant pending an investigation for raising similar facts, contextual issues and concerns as Eric Zicher, a white-male, raised relative to operational and

compliance gaps in contravention to regulatory standards outlined in the Federal Drug and Cosmetic Act as amended by the Food Safety and Modernization Act.

      d.     State the major legal and factual issues anticipated in the case.

Whether unlawful animus was the basis of Plaintiff's termination. The Defendant will raise issues asserting Plaintiff's poor job performance, failure to follow company procedures, and Plaintiff's poor work product as the sole basis of her termination. Plaintiff does not agree with Defendants assertions as a factual or legal issue, and the parties could not bridge this disagreement.

Whether Plaintiff was treated unlawfully in her employment and in the adverse employment actions taken against her by Defendant in contravention of Title VII and 42 USC 1981 because of her sex and race.

Whether the subsequent actions taken by Defendant in its indefinite suspension and post disciplinary treatment of the Plaintiff and its investigation were a pretext for unlawful discrimination of her based upon her sex and race.

Plaintiff asserts that a legal and factual issue in this case also includes "Whether Plaintiff was retaliated against by Defendant for bringing to its attention in her report dated October 20, 2022 that it was not in compliance with its Customer requirements and the relevant provisions of the Food Safety Modernization Act and the Bioterrorism Act. The Defendant does not agree that this is relevant as a factual or legal issue, and the parties could not bridge this disagreement.

      e.     Describe the relief sought by the plaintiff(s).

Monetary damages.

2.    Pending Motions and Case Plan

      a.     Identify all pending motions and propose a briefing schedule if one has not been set.

There are no pending motions.

      b.     Submit a proposal for a discovery plan, including the following information:

         i.     The general type of discovery needed;

It is anticipated that interrogatories, requests to produce, requests to admit and depositions will be engaged in between the parties. It is also anticipated that there will be some third party discovery sought by the parties.

        ii.     A date for Rule 26(a)(1) disclosures;

It is anticipated that the parties can provide Rule 26(a)(1) disclosures by October 15, 2024.

    iii.    A date to issue written discovery;

It is anticipated that the parties can start to issue written discovery by October 29, 2024.

    iv.    A date to request any amendment of the pleadings;

It is anticipated that the parties may request to amend the pleadings by .-January 31, 2025

    v.    A fact discovery completion date;

It is anticipated that the parties may be able to complete fact discovery by July 16, 2025.

    vi.    If there will be expert discovery, an expert discovery completion date, including dates for the delivery of expert reports; and

It is anticipated that experts will be named by the parties, that expert reports completed by August 31, 2025 and that expert discovery be completed by October 15, 2025

    vii.    A date for the filing of dispositive motions.

It is anticipated that dispositive motion would be filed by the parties by . November 15, 2025

    c.    With respect to trial, indicate whether a jury trial is requested and the probable length of trial.

Plaintiff has requested a jury trial. It is anticipated that four (4) full days will be required for the jury trial.

3.    Consent to Proceed Before a Magistrate Judge

  a. Indicate whether the parties consent unanimously to proceed before a Magistrate Judge. Plaintiff declines to consent to proceed before a Magistrate Judge.

4. Status of Settlement Discussions

  a. Indicate whether any settlement discussions have occurred. Yes

  b. Describe the status of any settlement discussion and whether the parties request a settlement conference. The Parties are at an impasse. No settlement conference is currently being requested.

Prepared by:

/s Jon D. Cohen
Jon D. Cohen

Jon D. Cohen
Dickinson Wright PLLC
55 W. Monroe St., Suite 1200
Chicago, IL 60603
(312) 641-0060
jcohen@dickinsonwright.com

**Exhibit D**

Mary Madison <assist2law@gmail.com>

---

## Rule 11 Notice-23-CV-16476

**Mary Madison** <assist2law@gmail.com>                                           Sun, Dec 8, 2024 at 1:32 PM
To: "Jon D. Cohen" <jcohen@dickinson-wright.com>, "Joseph R. Delehanty" <jdelehanty@dickinson-wright.com>

Good day,
Hope this finds you well.

Plese take note of the Rule 11 notice attached for your reference and immediate attention.

Thank you kindly.

Cheers

---

📄 **Rule 11 Notice 12.8.2024 23-CV-16476.pdf**
372K

December 8, 2024

Jon D. Cohen, Esq.
55 West Monroe Street Suite 1200
Chicago, IL 60603

Re: Case No. 1:23-CV-16476

Madison v Creative Werks and Steve Schroeder

Dear Mr. Cohen,

I am writing to address a serious concern regarding the information provided in your recent
pleading/filing -Dkt. 46 dated November 18,2024, as well as Dkt. 40 filed September 24,
2024.  Upon review, we have identified several factual inaccuracies and misleading
statements that violate the Federal Rule of Civil Procedure 11.

Specifically, the following statements are erroneous:

1. Dkt. 46-1 pg. 26- #79-…. due to that date of her suspension *and termination*.
2. Dkt. 46-1 pg. 33-35 First, Second & Third Affirmative Defense relative to Plaintiff's
   alleged termination

Dkt. 40 also refernces the same or similar assertions relative to Plaintiff being terminated
that need to be remediated.

These inaccuracies undermine the integrity of the judicial process and impose
unnecessary burdens on the opposing party. We request that you promptly correct these
errors and provide accurate information to the court.

As you recall, the issue of alleged termination was raised during your drafting of the joint
initial status report where this subject was broached and borough to your attention that
termination was not the cause of action.  You agreed that it was inappropriate and
removed it from the report, as evidenced by your filing of Dkt. #41 and corroborated by your
email of September 24, 2024-See attached Exhibit A. Predicated on the same rationale, it
must be removed from the pleadings filed as Dkt. 40 and 46-1, respectively.  Further, take
note that this erroneous information should not be used or asserted in any other filings
moving forward.

Please be advised that if the necessary corrections are not made within 21days from the
date of this letter, we will seek appropriate sanctions as permitted under Rule 11(c) on or

after December 30, 2024. This may include filing a motion for sanctions and requesting fees and costs incurred due to these inaccuracies.

We trust that you will take this matter seriously and ensure that all future submissions comply with the requirements of Rule 11. Should you have any questions or need clarification, please contact me directly.

Sincerely,

Mary Madison

**Exhibit A**

**Mary Madison <assist2law@gmail.com>**

---

## Amended status report

**Jon D. Cohen** <JCohen@dickinson-wright.com>                    Tue, Sep 24, 2024 at 12:51 PM
To: Mary Madison <assist2law@gmail.com>
Cc: "Joseph R. Delehanty" <JDelehanty@dickinson-wright.com>

I am fine with your version, and we can remove the word termination as well, which I
understand you want removed.



**Jon D. Cohen**
Member
O:312-377-4565
JCohen@dickinsonwright.com

55 West Monroe, Suite 1200, Chicago IL, 60603

From: Mary Madison <assist2law@gmail.com>
**Sent:** Monday, September 23, 2024 8:20 PM
**To:** Jon D. Cohen <JCohen@dickinson-wright.com>
**Cc:** Joseph R. Delehanty <JDelehanty@dickinson-wright.com>
**Subject:** Re: Amended status report

**Gmail**

Mary Madison <assist2law@gmail.com>

---

## Amended status report

**Mary Madison** <assist2law@gmail.com>
To: "Jon D. Cohen" <JCohen@dickinson-wright.com>
Cc: "Joseph R. Delehanty" <JDelehanty@dickinson-wright.com>

Mon, Sep 23, 2024 at 8:20 PM

Good day,

Thank you for the clean copy. I saw the amendment to Section 1 paragraph d subsection 4 that you referenced in your communication.

There are two (2) points of clarification relative to the most reecent copy presented to me for review. I do not agree that my cause of action is based on termination and I have adopted your language and added it section 1 paragraph d subsection1 to reflect my disagreement.

Additionally, it seems that in Section 3, realtive to the Magistrate Judge, that you indicated that I was not sure if I wanted to proceed with a Magistrate Judge. The answer in response to the question is not the response that I provided. To be clear, I reject that response and I do not want to proceed with a Magistrate Judge now or in the future.

Please be sure that the answers accurately reflect what I have presented to you.

If for some reason you are unable to accomodate my positions on this report, please advise by noon tomorrow and I will move forward with the next steps.

Have an amazing rest of your evening.

Cheers
[Quoted text hidden]

---

📄 **Initial Status Report Madison v. Creative Werks v2.pdf**
115K

[Quoted text hidden]
[Quoted text hidden]

[Quoted text hidden]
[Quoted text hidden]

[Quoted text hidden]

## Jon D. Cohen

Member

JCohen@dickinsonwright.com

55 West Monroe, Suite 1200, Chicago IL, 60603

[Quoted text hidden]
[Quoted text hidden]

[Quoted text hidden]

[Quoted text hidden]

UNITED STATED DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS

MARY MADISON                          )
                                      )
        Plaintiff,                    )        Case No. 23CV16476
                                      )
                                      )        Hon. Honorable Manish S. Shah
CREATIVE WERKS, LLC, and              )
STEVE SCHROEDER,                      )
                                      )
        Defendant.                    )
                                      )

## Initial Status Report

1.      The Nature of the Case

        This is a Title VII and 42 USC 1981 action predicated upon Plaintiff's adverse
        employment actions (suspension) ~~termination~~ based on race and sex, retaliation and
        pretext.

        a.      Identify the attorneys of record for each party, including the lead trial attorney.

                Plaintiff:      Pro Se.

                Defendant:      Jon D. Cohen, Lead Trial
                                Joseph Delehanty
                                Dickinson Wright, PLLC
                                55 W. Monroe St., Suite 1200
                                Chicago, IL 60603
                                (312) 614-0060
                                jcohen@dickinsonwright.com
                                jdelehanty@dickinsonwright.com

        b.      State the basis for federal jurisdiction.

                                Federal Question

        c.      Describe the nature of the claims asserted in the complaint and any counterclaims.

                Plaintiff worked for Creative Werks, a food packaging company. Plaintiff claims
                the was terminated because of discriminatory manner on the basis of submitted a
                purported risk analysis presented to the Defendant, asserting that she was treated
                less favorably than white males. Defendant denies any discriminatory animus in
                regards to Plaintiffs termination.

Plaintiff worked for Creative Werks and was treated less favorably than white males.
Specifically, Plaintiff was suspended by Defendant pending an investigation for raising similar
facts, contextual issues and concerns as Eric Zicher, a white-male, raised relative to operational and

compliance gaps in contravention to regulatory standards outlined in the Federal Drug and
Cosmetic Act as amended by the Food Safety and Modernization Act.

      d.     State the major legal and factual issues anticipated in the case.

          Whether unlawful animus was the basis of Plaintiff's termination. The Defendant
will raise issues asserting Plaintiff's poor job performance, failure to follow
company procedures, and Plaintiff's poor work product as the sole basis of her
termination. Plaintiff does not agree with Defendants assertions as a factual or legal
issue, and the parties could not bridge this disagreement.

          Whether Plaintiff was treated unlawfully in her employment and in the adverse
employment actions taken against her by Defendant in contravention of Title VII
and 42 USC 1981 because of her sex and race.

          Whether the subsequent actions taken by Defendant in its indefinite suspension and
post disciplinary treatment of the Plaintiff and its investigation were a pretext for
unlawful discrimination of her based upon her sex and race.

          Plaintiff asserts that a legal and factual issue in this case also includes "Whether
Plaintiff was retaliated against by Defendant for bringing to its attention in her
report dated October 20, 2022 that it was not in compliance with its Customer
requirements and the relevant provisions of the Food Safety Modernization Act and
the Bioterrorism Act. The Defendant does not agree that this is relevant as a factual
or legal issue, and the parties could not bridge this disagreement.

      e.     Describe the relief sought by the plaintiff(s).

          Monetary damages.

2.     Pending Motions and Case Plan

      a.     Identify all pending motions and propose a briefing schedule if one has
not been set.
There are no pending motions.

      b.     Submit a proposal for a discovery plan, including the following
information:

         i.     The general type of discovery needed;

          It is anticipated that interrogatories, requests to produce, requests
to admit and depositions will be engaged in between the parties. It
is also anticipated that there will be some third party discovery
sought by the parties.

         ii.    A date for Rule 26(a)(1) disclosures;

It is anticipated that the parties can provide Rule 26(a)(1) disclosures by October 15, 2024.

   iii.   A date to issue written discovery;

It is anticipated that the parties can start to issue written discovery by October 29, 2024.

   iv.   A date to request any amendment of the pleadings;

It is anticipated that the parties may request to amend the pleadings by .-January 31, 2025

   v.   A fact discovery completion date;

It is anticipated that the parties may be able to complete fact discovery by July 16, 2025.

   vi.   If there will be expert discovery, an expert discovery completion date, including dates for the delivery of expert reports; and

It is anticipated that experts will be named by the parties, that expert reports completed by August 31, 2025 and that expert discovery be completed by October 15, 2025

   vii.   A date for the filing of dispositive motions.

It is anticipated that dispositive motion would be filed by the parties by . November 15, 2025

c.   With respect to trial, indicate whether a jury trial is requested and the probable length of trial.

Plaintiff has requested a jury trial. It is anticipated that four (4) full days will be required for the jury trial.

3.   Consent to Proceed Before a Magistrate Judge

       a.      Indicate whether the parties consent unanimously to proceed before a Magistrate Judge.  Plaintiff declines to consent to proceed before a Magistrate Judge.

4.      Status of Settlement Discussions

       a.      Indicate whether any settlement discussions have occurred. Yes

       b.      Describe the status of any settlement discussion and whether the parties request a settlement conference.  The Parties are at an impasse. No settlement conference is currently being requested.

Prepared by:

/s Jon D. Cohen
Jon D. Cohen

Jon D. Cohen
Dickinson Wright PLLC
55 W. Monroe St., Suite 1200
Chicago, IL 60603
(312) 641-0060
jcohen@dickinsonwright.com