


IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS

|  |  |  |
|---|---|---|
| Mary Madison | ) | |
| **Plaintiff,** | ) | Case Number: 1:23-CV-16476 |
| | ) | |
| -vs- | ) | Honorable Judge Manish S. Shah |
| | ) | |
| Steve Schroeder | ) | |
| Creative Werks, LLC | ) | |
| **Defendant** | ) | |

## Motion to Quash Subpoena

**The Plaintiff, comes now** and respectfully moves this Court for an order quashing the subpoena issued to NOW Foods and in support thereof states as follows:

### 1. Introduction:

On February 5, 2025, a subpoena was issued to NOW Foods, commanding them to provide Plaintiff's personnel file the action required by the subpoena. See Attached Exhibit A

### 2. Grounds for Motion to Quash:

**Undue Burden:** The subpoena imposes an undue burden on Plaintiff by involving Plaintiff's current employer with matters that are not relevant to this matter. This is not necessary and can cause Plaintiff irreparable harm at my current employer.

**Irrelevance:** The requested documents are not relevant to the issues in this case. As, my current employment is not at issue here relative to the actions taken by Defendants against Plaintiff.

### 3. Conclusion:

For the foregoing reasons, Plaintiff, respectfully requests that this Court grant the motion to quash the subpoena issued to NOW Foods and direct Defendants not to contact NOW Foods now or in the future and for such other and further relief as the Court deems just and proper.

Respectfully submitted,

**Mary Madison**

## Certificate of Service

**The undersigned Mary Madison certifies that on February 5, 2025 she caused to be served Plaintiff's Motion to Quash by causing a copy to be served on all parties of record via the Court's CM/ECF electronic system to the following:**

>Jon D. Cohen, Esq.
>jcohen@dickinsonwright.com
>Joseph R. Delehanty, Esq
>j.delehanty@dickinson.wright.com
>C/o Dickinson Wright
>55 West Monroe St. Suite 1200
>Chicago, Il 60603

**Respectfully submitted,
/S/ Mary Madison\_\_\_\_\_
9758 S Charles
Chicago, Il 60643
615-239-6684
Mdj123197@aol.com**

UNITED STATED DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| MARY MADISON | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 23CV16476 |
| | ) | |
| | ) | |
| CREATIVE WERKS, LLC, and | ) | NOTICE OF SUBPOENA |
| STEVE SCHROEDER, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

To: Mary Madison
9758 S. Charles
Chicago, IL 60643
Email: mdj123197@aol.com

Pursuant to Rule 45 of the Federal Rules of Civil Procedure, Creative Werks LLC, by its undersigned counsel, Dickinson Wright PLLC, intends to serve a subpoena in the form attached hereto, upon Now Health Group, Inc., on February 10, 2025 or as soon thereafter as service can be effectuated.

**Creative Werks, LLC, and Steve Schroeder**

By: */s/ Jon D. Cohen*
  One of Their Attorneys

Dickinson Wright PLLC
Jon D. Cohen (6206666)
Joseph R. Delehanty (6334295)
55 W. Monroe St., Suite 1200
Chicago, IL 60603
(312) 377-4565
jcohen@stahlcowen.com
jdelehanty@dickinsonwright.com

1

## **CERTIFICATE OF SERVICE**

    Under penalties as provided by law, the undersigned attorney of record, certifies that he electronically sent a copy of this Notice of Subpoena at the address below, in addition to sending a copy via email on this date, February 5, 2025.

Mary Madison  
9758 S. Charles St.  
Chicago, IL 60643  
assist2law@gmail.com

                                                             */s/ Jon D. Cohen*

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
for the
Northern District of Illinois

| Mary Madison | ) |
|---|---|
| *Plaintiff* | ) |
| v. | ) Civil Action No. 23-CV-16476 |
| Creative Werks, LLC. and Steve Schroeder | ) |
|  | ) |
| *Defendant* | ) |

### SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
### OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To: Now Health Group, Inc. c/o
JAMES P EMME, 244 KNOLLWOOD DR, BLOOMINGDALE, IL 60108

*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material:

See Appendix hereto

| Place: Dickinson Wright, PLLC<br>55 W. Monroe St., Suite 1200<br>Chicago, IL 60603 | Date and Time:<br><br>02/24/2025 12:00 am |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: n/a | Date and Time: |
|---|---|

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: 02/10/2025

*CLERK OF COURT*

OR

_____    /s Jon D. Cohen, Esq.
*Signature of Clerk or Deputy Clerk*    *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* Jon D. Cohen, jcohen@dickinsonwright.com 312-377-4565 _____, who issues or requests this subpoena, are:

**Notice to the person who issues or requests this subpoena**
If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No. 23-CV-16476

# PROOF OF SERVICE

*(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* Now Health Group, Inc.
on *(date)* _____ .

☑ I served the subpoena by delivering a copy to the named person as follows:
JAMES P EMME, 244 KNOLLWOOD DR, BLOOMINGDALE ,IL 60108

on *(date)* 02/10/2025 ; or

☐ I returned the subpoena unexecuted because: _____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ 0.00 .

I declare under penalty of perjury that this information is true.

Date: 02/11/2025

/s Jon Cohen

*Server's signature*

Jon D. Cohen, Esq.

*Printed name and title*

55 W. Monroe St., Suite 1200
Chicago, IL 60603

*Server's address*

Additional information regarding attempted service, etc.:

Case: 1:23-cv-16476 Document #: 55 Filed: 02/05/25 Page 7 of 8 PageID #:907

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

  **(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
   **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
   **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
     **(i)** is a party or a party's officer; or
     **(ii)** is commanded to attend a trial and would not incur substantial expense.

  **(2)** *For Other Discovery.* A subpoena may command:
   **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
   **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

  **(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

  **(2)** *Command to Produce Materials or Permit Inspection.*
   **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
   **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
     **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
     **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

  **(3)** *Quashing or Modifying a Subpoena.*
   **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
     **(i)** fails to allow a reasonable time to comply;
     **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
     **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
     **(iv)** subjects a person to undue burden.
   **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
     **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or
     **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
   **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
     **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
     **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

  **(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
   **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
   **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
   **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
   **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

  **(2)** *Claiming Privilege or Protection.*
   **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
     **(i)** expressly make the claim; and
     **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
   **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

## Madison v. Creative Werks Subpoena Appendix

With respect to employee, Mary Madison, you are directed to produce the following:

1. A copy of Mary Madison's personnel file.

2. Any and all disciplinary reports (if any) relating to Mary Madison.

3. Any and all employee reviews, performance appraisals, performance reviews, assessments and/or performance improvement plans relating or referring to Mary Madison.

4. Any and all complaints filed by Mary Madison with respect to any other employees.

5. Any legal complaints filed by Mary Madison against Now Health Group, Inc., with any State or Federal Agency.

6. Documents reflecting all wages and benefits received by Mary Madison from the start of her employment to the present date, including but not limited to any bonuses, tuition reimbursements, 401(k) matching and /or insurance.

7. A copy of any and all information provided by Mary Madison to Now Health Group, Inc., associated with her hiring by Now Health Group, Inc., including but not limited to, applications for employment, resumes, cuurriculum vitae, work history and/or hiring related correspondence.

8. Any and all other records (other than health records) otherwise maintained by the Human Resources Department relating or referring to Mary Madison.