

**FILED**
2/6/2025
THOMAS G. BRUTON
CLERK, U.S. DISTRICT COURT

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS

|   |   |   |
|---|---|---|
| Mary Madison | ) | |
| **Plaintiff,** | ) | Case Number: 1:23-CV-16476 |
| -vs- | ) | Honorable Judge Manish S. Shah |
| Steve Schroeder | ) | |
| **Defendant** | ) | |

### RULE 12 (F) MOTION

Plaintiff hereby moves this Court to strike irrelevant portions of Defendant's Schroeder's answer Dkt. 53 pursuant to Federal Rule of Civil Procedure 12(f) based on the Defendant's asserting defenses and claims relative to claims of termination that are not before the court, as well as asserting defenses that Defendant had waived Dkt #38, as well as being insufficiently plead. In addition to the unauthorized pleadings filed at Dkt. #46. In support of this motion, Plaintiff states as follows:

1. Background: Plaintiff initiated this action by filing a Complaint on December 4, 2023 (Dkt. #1).

2. Defendant Creative Werks' answer was originally due and owing since January 5, 2024 (Dkt. #8).

3. Defendant Schroeder and Defendant Creative Werks' answers were court-ordered to be due by February 14, 2024 (Dkt. #20).

4. Defendants of their own volition filed a Rule 12(c) motion to dismiss in contravention to Fed. R. Civ. P 12(a) Dkt. # 19.

5. Neither Defendants Schroeder nor Creative Werks raised any defenses relative to 42 USC 1981 and USC 1985 in their original Rule 12(c) motion construed by the Court to be a motion under Rule 12 (Dkt. 15 & Dkt. 33).

6. Defendants failing to raise the defense in their initial responsive pleading (Dkt. #15) and their subsequent conduct in Dkt. # 40, evidenced their intention to abandon their defense(s) relative to 42 USC 1981 and 42 USC 1985 (See also Dkt. # 33 & 38).

7. On August 12, 2024, the Court ordered the Defendants to file an answer to their respective causes of action in Plaintiff's complaint by September 4, 2024 (Dkt. 38).

8. Defendants, in contravention to the Court's August 2024 order, did not file an answer by September 4, 2024, as ordered by the court nor did they seek an extension of time to file their answer(s).

9. On September 13, 2024, the Court issued a subsequent order for Defendants to file their answer no later than September 24, 2024 or have a default judgment entered against them (Dkt. #39).

10. In contravention and defiance to the Court's September 13, 2024 order, Defendant Schroeder for the third (3rd) time did not answer Plaintiff's complaint by September 24, 2024, as ordered.

11. Pursuant to the Court's order (Dkt. 39) a default judgment would be entered if an answer was not filed by September 24, 2024 and the Federal Rule of Civil Procedure 55(a) and 55(b)(2).

12. Plaintiff filed a Motion for Default Dkt. 44 on November 2, 2024.

13. Defendant Schroeder was Court ordered to file a response to Plaintiff's Motion for Default (Dkt. 45).

14. In contravention, Defendants Creative Werks and Schroeder filed an unauthorized pleading at Dkt. 46.

15. Plaintiff filed a reply to Defendant Schroeder's response, where Plaintiff raised the issue of Defendants filing unauthorized pleadings in Dkt. 49 pg. 3 ¶2, pg. 4¶ 2 and page 6 § II.

16. Defendants conduct is further evidence of Defendants recalcitrant history of disobeying the Court's orders and not following the Fed. R. Civ. P. as required for the orderly administration of justice.
17. The Court declined to enter the Default Judgment it asserted it would enter if Defendant did not answer Plaintiff's complaint (Dkt. #39), as well as denying Plaintiff's Motion for Default on January 13, 2025, by Minute Entry Order (Dkt. #52).
18. Specifically, the order indicated that a default judgment was too harsh for a technical error and that the case should be resolved on the merits and not technicalities and that Defendant Schroeder had evidenced wanting to participate in the case relative to 42 USC 1981.
19. The Court's order specifically granted leave of the Court for Defendant Schroeder to file his answer to Plaintiff's complaint (Dkt. #52).
20. On January 15, 2025, Defendant, Creative Werks' filed an improperly amended answer without obtaining the Court's permission or the written consent of Plaintiff Dkt. #53.
21. In conjunction with Defendant Steve Schroeder's court-ordered answer (Dkt. #52).
22. Defendant Creative Werks denied that Schroeder and it were alter egos in its first answer Dkt. #40, the second answer Dkt. #46 and its most recent answer Dkt. #53 pg.6.¶ 6.
23. Defendant Creative Werks has consistently maintained that Schroeder and it were not alter egos.
24. Hence, Defendant Creative Werks should not have filed an amended answer in contravention to Fed. R. Civ. P. 15 without leave of the Court of Plaintiff's consent.
25. Further Defendant Schroeder is asserting affirmative defenses to claims of termination Dkt. # 53, when Plaintiff does not have discrete and separate claims of termination before the Court; a claim outside of Plaintiff's claims of suspension raised in her initial complaint Dkt. #1.
26. Defendant Schroeder and Defendant Creative Werks know that termination claims do not exist.

27. Defendants Schroeder and Creative Werks, without requiring Court intervention, conceded that their termination assertion was incorrect after the Plaintiff raised the issue with them during the drafting and filing of the Joint Status Report (See Exhibit A).
28. Consequently, they removed the termination assertion from the filing as the issue before the court (Dkt. #41).
29. Defendants stated that they were aware that Plaintiff did not want that false assertion of termination referenced on the Court ordered Joint Status report that was required to be filed (See Exhibit B).
30. Defendants removed that assertion from the Joint Status Report that it prepared and filed with the Court. Dkt. #41 pg. 1 (See Attached Exhibit C).
31. Defendants Schroeder and Creative Werks' actions in removing this issue from contention affirm and support that Defendants knew before filing the first answer in September of 2024 (Dkt. #40) that there were no claims of termination raised by Plaintiff.
32. And Defendants knew the claims pertained to paid and unpaid suspension, which constitutes a form of de facto termination.
33. Effectively Defendants knew that this was not an issue and removed the issue of termination from contention.
34. But instead Defendant in bad faith, willfully filed multiple pleadings, Dkt.'s # 46 & 53, in contravention to Fed. R. Civ. P. 11 that contained these patently false, misleading and unsupported defense(s) relative to non-existent claims of termination that cannot be corroborated by Defendants by fact or law for impermissible purposes.
35. Defendants actions of filing erroneous pleadings were calculated, deliberate, willful and contumacious.
36. Further, Plaintiff requested her personnel file on two (2) separate occasions, on November 17, 2022 and again in January of 2023.
37. Defendant Creative Werks tendered Plaintiff's personnel file containing only the suspension letter and onboarding documents (See Exhibit D).

38. There is no evidence to support the contention that a separate and discrete act of termination occurred.

39. Defendants did not issue any termination letter to Plaintiff.

40. Nor are there any termination documents in Plaintiff's personnel file to support the assertion that a separate and discrete event occurred.

41. Plaintiff moves the Court pursuant to Fed. R. Civ. P. 12 to strike Defendant Schroeder's defenses, affirmative and otherwise waived defenses.

February 5, 2025                                                Respectfully submitted,

                                                                      /S/ Mary Madison
Mary Madison
9758 S Charles
Chicago, Il 60643
6152396684
Mdj123197@aol.com

Gmail  Mary Madison <assist2law@gmail.com>

---

## Amended status report

**Jon D. Cohen** <JCohen@dickinson-wright.com>  Tue, Sep 24, 2024 at 12:51 PM
To: Mary Madison <assist2law@gmail.com>
Cc: "Joseph R. Delehanty" <JDelehanty@dickinson-wright.com>

I am fine with your version, and we can remove the word termination as well, which I understand you want removed.



**Jon D. Cohen**
Member
O:312-377-4565
JCohen@dickinsonwright.com

55 West Monroe, Suite 1200, Chicago IL, 60603

**From:** Mary Madison <assist2law@gmail.com>
**Sent:** Monday, September 23, 2024 8:20 PM
**To:** Jon D. Cohen <JCohen@dickinson-wright.com>
**Cc:** Joseph R. Delehanty <JDelehanty@dickinson-wright.com>
**Subject:** Re: Amended status report

Mary Madison <assist2law@gmail.com>

---

# Amended status report

**Mary Madison** <assist2law@gmail.com>  Mon, Sep 23, 2024 at 8:20 PM
To: "Jon D. Cohen" <JCohen@dickinson-wright.com>
Cc: "Joseph R. Delehanty" <JDelehanty@dickinson-wright.com>

Good day,

Thank you for the clean copy. I saw the amendment to Section 1 paragraph d subsection 4 that you referenced in your communication.

There are two (2) points of clarification relative to the most reecent copy presented to me for review. I do not agree that my cause of action is based on termination and I have adopted your language and added it section 1 paragraph d subsection1 to reflect my disagreement.

Additionally, it seems that in Section 3, realtive to the Magistrate Judge, that you indicated that I was not sure if I wanted to proceed with a Magistrate Judge. The answer in response to the question is not the response that I provided. To be clear, I reject that response and I do not want to proceed with a Magistrate Judge now or in the future.

Please be sure that the answers accurately reflect what I have presented to you.

If for some reason you are unable to accomodate my positions on this report, please advise by noon tomorrow and I will move forward with the next steps.

Have an amazing rest of your evening.

Cheers

[Quoted text hidden]

---

📄 **Initial Status Report Madison v. Creative Werks v2.pdf**
115K

[Quoted text hidden]
[Quoted text hidden]

> [Quoted text hidden]
> [Quoted text hidden]
>
>> [Quoted text hidden]
>>
>> ### Jon D. Cohen
>>
>> Member

O:312-377-4565

JCohen@dickinsonwright.com

55 West Monroe, Suite 1200, Chicago IL, 60603

[Quoted text hidden]
[Quoted text hidden]

[Quoted text hidden]

[Quoted text hidden]

**Exhibit B**

UNITED STATED DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| MARY MADISON | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 23CV16476 |
| | ) | |
| | ) | Hon. Honorable Manish S. Shah |
| CREATIVE WERKS, LLC, and | ) | |
| STEVE SCHROEDER, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

### Initial Status Report

1. The Nature of the Case

    This is a Title VII and 42 USC 1981 action predicated upon Plaintiff's adverse employment actions (suspension) based on race and sex, retaliation and pretext.

    a. Identify the attorneys of record for each party, including the lead trial attorney.

        Plaintiff: Pro Se.

        Defendant: Jon D. Cohen, Lead Trial

        Joseph Delehanty
        Dickinson Wright, PLLC
        55 W. Monroe St., Suite 1200
        Chicago, IL 60603
        (312) 614-0060
        jcohen@dickinsonwright.com
        jdelehanty@dickinsonwright.com

    b. State the basis for federal jurisdiction.

        Federal Question

    c. Describe the nature of the claims asserted in the complaint and any counterclaims.

        Plaintiff worked for Creative Werks, a food packaging company. Plaintiff claims she was terminated because of discriminatory manners on the basis of submitting a purported risk analysis presented to the Defendant, asserting that she was treated less favorably than white males. Defendant denies any discriminatory animus in regards to Plaintiffs termination.

Plaintiff worked for Creative Werks and was treated less favorably than white males. Specifically, Plaintiff was suspended by Defendant pending an investigation for raising similar facts, contextual issues and concerns as Eric Zicher, a white-male, raised relative to operational and

compliance gaps in contravention to regulatory standards outlined in the Federal Drug and Cosmetic Act as amended by the Food Safety and Modernization Act.

      d.      State the major legal and factual issues anticipated in the case.

Whether unlawful animus was the basis of Plaintiff's termination. The Defendant will raise issues asserting Plaintiff's poor job performance, failure to follow company procedures, and Plaintiff's poor work product as the sole basis of her termination. Plaintiff does not agree with Defendant's assertions as a factual or legal issue, and the parties could not bridge this disagreement.

Whether Plaintiff was treated unlawfully in her employment and in the adverse employment actions taken against her by Defendant in contravention of Title VII and 42 USC 1981 because of her sex and race.

Whether the subsequent actions taken by Defendant in its indefinite suspension and post disciplinary treatment of the Plaintiff and its investigation were a pretext for unlawful discrimination of her based upon her sex and race.

Plaintiff asserts that a legal and factual issue in this case also includes - whether Plaintiff was retaliated against by Defendant for bringing to its attention in her report dated October 20, 2022 that it was not in compliance with its Customer requirements and the relevant provisions of the Food Safety Modernization Act and the Bioterrorism Act. The Defendant does not agree that this is relevant as a factual or legal issue, and the parties could not bridge this disagreement.

      e.      Describe the relief sought by the plaintiff(s).

Monetary damages.

2.      Pending Motions and Case Plan

      a.      Identify all pending motions and propose a briefing schedule if one has not been set.

There are no pending motions.

      b.      Submit a proposal for a discovery plan, including the following information:

           i.      The general type of discovery needed;

It is anticipated that interrogatories, requests to produce, requests to admit and depositions will be engaged in between the parties. It is also anticipated that there will be some third party discovery sought by the parties.

           ii.      A date for Rule 26(a)(1) disclosures;

            It is anticipated that the parties can provide Rule 26(a)(1) disclosures by October 15, 2024.

      iii.    A date to issue written discovery;

            It is anticipated that the parties can start to issue written discovery by October 29, 2024.

      iv.    A date to request any amendment of the pleadings;

            It is anticipated that the parties may request to amend the pleadings by - January 31, 2025

      v.    A fact discovery completion date;

            It is anticipated that the parties may be able to complete fact discovery by July 16, 2025.

      vi.    If there will be expert discovery, an expert discovery completion date, including dates for the delivery of expert reports; and

            It is anticipated that experts will be named by the parties, that expert reports completed by August 31, 2025 and that expert discovery be completed by October 15, 2025

      vii.    A date for the filing of dispositive motions.

            It is anticipated that dispositive motions would be filed by the parties by - November 15, 2025

    c.    With respect to trial, indicate whether a jury trial is requested and the probable length of trial.

        Plaintiff has requested a jury trial. It is anticipated that four (4) full days will be required for the jury trial.

3.    Consent to Proceed Before a Magistrate Judge

a. Indicate whether the parties consent unanimously to proceed before a Magistrate Judge.

Plaintiff declines to consent to proceed before a Magistrate Judge.

4. Status of Settlement Discussions

a. Indicate whether any settlement discussions have occurred. Yes

b. Describe the status of any settlement discussion and whether the parties request a settlement conference.

The Parties are at an impasse. No settlement conference is currently being requested.

Prepared by:

/s Jon D. Cohen
Jon D. Cohen

Jon D. Cohen
Dickinson Wright PLLC
55 W. Monroe St., Suite 1200
Chicago, IL 60603
(312) 641-0060
jcohen@dickinsonwright.com

CERTIFICATE OF SERVICE

The undersigned Plaintiff certifies that on February 5, 2025, she caused to be served Plaintiff's Rule 12(F) Motion and Memorandum by causing a copy to be served on all parties of record via the Court's CM/ECF electronic system to the following:

>Jon D. Cohen, Esq.
>jcohen@dickinsonwright.com
>Joseph R. Delehanty, Esq
>j.delehanty@dickinson.wright.com\
>C/o Dickinson Wright
>55 West Monroe St. Suite 1200
>Chicago, Il 60603

Respectfully submitted,

/S/ Mary Madison

Mary Madison
9758 S Charles
Chicago, IL 60643
6152396684
Mdj123197@aol.com