

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS

|  |  |  |
|---|---|---|
| Mary Madison | ) ) ) | |
| **Plaintiff,** | ) ) | Case Number: 1:23-CV-16476 |
| -vs- | ) ) | Honorable Judge Manish S. Shah |
| Steve Schroeder | ) ) ) | |
| **Defendant** | ) | |

### MEMORANDUM IN SUPPORT OF PLAINTIFF'S RULE 12(F) MOTION

Plaintiff hereby moves this Court to strike irrelevant portions of Defendant's Schroeder's answer Dkt. 53 pursuant to Federal Rule of Civil Procedure 12(f) based on the Defendant's asserting defenses and claims relative to claims of termination that are not before the court, as well as asserting defenses that Defendant had waived Dkt #38, as well as being insufficiently plead. In addition to the unauthorized pleadings filed at Dkt. #46. In support of this motion, Plaintiff states as follows:

### FACTS:

1. Plaintiff's complaint is comprised of Title VII, 42 USC 1981 and 42 USC 1985 claims Dkt. #1.

1

2. Neither Defendant Schroeder nor Creative Werks raised any defenses relative to 42 USC 1981 and 42 USC 1985 in their original Rule 12(c) motion construed by the Court to be a motion under Rule 12 (Dkt.15 & Dkt. 33).

3. Defendants were apprised by the Court's August 12, 2024 Order that no defenses were raised outside of Title VII and ADEA (Dkt. 38).

4. Defendants Schroeder and Creative Werks prepared and filed the initial joint status report (Dkt. 41) referencing 42 USC 1981 as one of the causes of action during the exact same relevant time it filed its answer for Defendant Creative Werks.

5. Defendants Schroeder and Creative Werks concede that termination was not at issue before the Court, as evidenced by the Joint Status Report Dkt. #41; see also Exhibit A & B.

6. Defendants Creative Werks and Schroeder filed unauthorized pleadings without leave of the court Dkt. 46.

7. Defendant Creative Werks filed another unauthorized pleading without leave of the court Dkt. #53.

**ARGUMENT**

I.  DEFENDANT SCHROEDER WILLFULLY WAIVED AND FORFEITED HIS RIGHT TO ASSERT DEFENSES RELATIVE TO 42 USC 1981 AND 42 USC 1985 PURSUANT TO FED RULE OF CIVIL PROCEDURE 12(H)(1) AND THE OTHER AFFIRMATIVE DEFENSES 1-5 RAISED IN DKT. #53

DEFENDANTS' CONDUCT WAS CLEAR, UNEQUIVOCAL, AND INTENTIONAL.

Specifically, Defendant, after being fully informed of his right on at least four (4) separate

occasions pursuant to Federal Rules of Civil Procedure and the Court's three (3) separate orders and a warning to respond to Plaintiff's complaint pursuant to Fed Rule of Civil Procedure 12 willfully chose not to abide by the procedural guidelines or the Court's orders. In sum, Defendant Schroeder and Defendant Creative Werks of their own volition chose to proceed without raising defense(s) in their initial responsive pleading styled as a Rule 12(c) motion (Dkt.15) later construed by the Court as a Rule 12 motion (Dkt. 33). Hence, Defendant's conduct of failing to raise that or any other defense was foreseeable as a forfeit and waiver of their right to assert that defense or any other defense.

A party who makes an informed choice should not be relieved of the consequences when it subsequently develops that the choice was unfortunate. *Link* v. *Wabash R. Co.,* 370 U. S. 626 at 633 (1962). Hence, Defendants have abandoned and waived their right to defend the matter. *An Undetermined Quantity, etc.*, 583 at 947.

Specifically, Fed Rule of Civil Procedure 12(h)(2)(A) mandates that a party waives any defense listed in Rule 12(b)(2)-(5) or any other affirmative defense or other right by omitting it from a motion or failing to make it by motion under Rule 12(h)(1). Further, the defendants' subsequent conduct of failing to timely address the Court's August 12, 2024, order (Dkt. 38) that clearly evidenced that defendants only raised defenses relative to Title VII and ADEA claims is also telling. Further, Rule 12(h) provides limitations on further motions. A party who has made a motion under this rule must not make another motion to raise a defense or objection that was available to the party but omitted from its earlier motions.

Additionally, Federal Rules, while complex, should be understandable to experienced litigators, who should be held to strict compliance. *Pioneer Inv. Serv. Co. v. Brunswick Assocs.,* 507 U.S. 380, 395, 113 S.Ct. 1489, 123 L.Ed.2d 74 (1993); *Marquez,* 424 F.3d at 541. In this

case Defendants have two (2) experienced litigators, from an experienced Law firm over a hundred (100) years old comprised of several dozen subject matter experts, that have been fully apprised of the filings and the dispositioning of such filings, and they chose not to raise these issues or answer on behalf of Defendant Schroeder or Defendant Creative Werks. It is well established that "persons who make private determinations of the law and refuse to obey an order generally risk contempt even if the order is ultimately ruled incorrect. *Maness v. Meyers*, 419 U.S. 449, 459 95 S. Ct. 584, 42 L. Ed. 2d 574 (1975). See Also *Howat v. Kansas*, 258 U. S. 181, 189-190 (1922); *Worden v. Searls*, 121 U. S. 14 (1887).

In sum, Defendant(s) have a fundamental right and an obligation to defend the matter and Defendants have chosen not to do so; hence he has voluntarily waived their right to do so; resulting in those allegations being deemed admitted. *National Hockey League v. Metropolitan Hockey Club, Inc.*, 427 U.S. 639, 640-43.

In addition, the Defendant's repeated failure to comply with federal timelines and court orders, implies more than mere inadvertence, carelessness, or mistake; but such conduct demonstrates a pattern of gross negligence and willful disregard for procedural rules. For example, the Defendant Schroeder filed an unauthorized pleading answer (Dkt.46) without obtaining leave of the court, in direct violation of Rule 15(a). Unauthorized amendments violate procedural rules and undermine judicial integrity. The Supreme Court has consistently held that procedural rules must be strictly followed to ensure fairness and equality in the judicial process. See *In Pioneer Investment Services Co. v. Brunswick Associates Ltd. Partnership,* 507 U.S. 380 (1993); See also, Bowles v Russell, 551 U.S. 205 (2007) the Court underscored the importance of strict adherence to procedural deadlines…These cases illustrate that there is no "good cause"

standard when a party fails to raise a defense under Rule 12. And, such failures are considered inexcusable neglect and conceding.

Defendant's repeated noncompliance with federal timelines, failure to appear in court, contravention to the Court's orders and warning, as well as obtaining an ill gotten benefit of having the motion for default overturned, in addition to the unauthorized amendment of pleadings, has resulted in violations of the Equal Protection and Due Process Clauses of the Fourteenth Amendment and Fed Rule of Civil Procedure 7, 8, 11, 12 and15(a). Violations that have given Defendant more than his fair share of bites at the apple, allowing him to shore up this deficiencies and manufacturer scenarios that support Defendants' position. In sum, both Defendants ignored the plain text of procedural rules, exacerbating the procedural and constitutional violations. Further, their conduct evidences the repeated exploitation of the judicial "loophole" of the Court's favoring to resolve matters on the merits opposed to other constructs, such as: procedural gaps, inefficiencies, or deficiencies among other constructs whether intentional or unintentional.

Additionally, Defendants continually and heavily rely on the Court to do its heavy lifting and to be the "lawyer's lawyer" by strategically and conveniently misinterpreting and applying facts, rules, laws and regulations in a haphazard way, with the full knowledge that the court follows the precedence of the Seventh Circuit, of favoring resolving issues on the merits over other dispositive methods or constructs that will lead the court to bring course correction in the name of justice and precedence.

More specifically, when the Court reasons and steward's gaps, like Defendants', to closure it is highly unlikely and improbable that the Court would reason against itself in the future. Undoubtedly this approach makes it insurmountable for opposing litigators to manage

and even overcome and it becomes even more daunting and impossible for those who lack the professional, educational and experiential acumen to redress the issues at hand or to calibrate equalize or neutralize the playing field to even be heard or have a remote chance to prevail. Even the most seasoned lawyer would not be able to match wits or intellectual prowess with the Court, as the Court is a type of Behemoth and GOAT of Super Lawyers having endless access to information and subject matter expertise that is unrivaled allowing for seamless analysis of the most complicated issues.

Such an approach is undoubtedly inequitable, unequal and violative of one's protected rights relative to the equal protection of the law and due process among other rights, social constructs and principles. Effectively, this allows the court to keep buttoning up defendants' deficiencies and creating prejudice and irreparable harms to litigants; while undermining the judicial process and this is an affront to Justice and an erosion to fairness

The defendants' actions have not only violated procedural rules but have also blatantly ignored the plain text of these rules, compounding the procedural and constitutional violations. These repeated failures are highly prejudicial to Plaintiff. They cause delays in the judicial process, distract from the litigation, divert resources and cause undue burdens on the Plaintiff. This squarely undermines the principles and construct of Fed, Rule of Civil Procedure 1 and deprives Plaintiff of her right to fair and equal treatment under the law, in violation of the Equal Protection and Due Process clauses of the Fourteenth Amendment.

Defendant's actions and conduct clearly demonstrate inexcusable neglect of not raising an objection or defense when it became aware that the 12(c) motion was incorrect February of 2024 (Dkt. #33). And as noted in the Court's August 12, 2024, order detailing that Defendants had not raised affirmative defenses outside of Title VII and ADEA (Dkt. #38). Defendant took no effort

to redress or remediate this issue despite having knowledge of what was filed and the benefit of having an order issued by the Court pointing to the defenses raised by Defendants. What is even more telling is that both Defendants acknowledged the outstanding claim(s) before the court when it prepared and filed the initial joint status report in tandem of filing the answer for Defendant Creative Werks (Dkt. #41). Whereby, Defendants conceded that termination was not the issue before the Court (See Exhibit A & B).

By Defendant failing to raise the defense in the initial responsive pleading and the subsequent conduct, evidenced his intention to abandon their defense(s) relative to 42 USC 1981 and 42 USC 1985. Hence, the defendant has met the criteria for inexcusable neglect under FRCP Rule 12(h)(1). The defendant's counsel's failure to properly interpret the clear and unambiguous rules and time limits, coupled with repeated failures to comply with federal timelines and court orders, constitutes gross negligence and willful disregard of just and its administration and the court deadlines *US v. An Undetermined Quantity, etc., 583 F.2d 942, 947 (7th Cir. 1978)*. Furthermore, the Defendant's action of filing unauthorized pleadings without obtaining leave of the court directly ignore the plain text of Rule 15(a); And making blatantly false statements to the Court that the pleading had not changed except for adding Defendant Schroeder's name (Dkt. # 46 Pg... ) is a fraud on the court, contumacious and exacerbating the procedural misconduct.

II.     LAW OF THE CASE

"[L]aw of the case... "posits that when a court decides upon a rule of law, that decision should continue to govern the same issues in subsequent stages in the same case." *Arizona v. California*, 460 U.S. 605, 618 (1983), decision supplemented, 466 U.S. 144 (1984). The Court ruled in its August 12, 2024, order that Defendants only raised defenses relative to Title VII and ADEA (Dkt.38; See also Dkt. #15) and Defendants did not challenge this ruling or

7

seek clarification or seek to correct or amend the ruling. Hence, Defendants agreed with the ruling and as a result, that ruling should not be disturbed and should continue to govern the same issues in subsequent stages of this case.

III. DEFENDANT SCHROEDER FAILED TO SUFFICIENTLY PLEAD HIS DEFENSES- INCLUDING THE AFFIRMATIVE DEFENSES ASSERTED AS 1-5 AND THE DEFENSES THAT WERE WAIVED

Defendant's affirmative defenses are meritless and Defendant has failed to meet the standards of the pleading requirements of the Federal Rules of Civil Procedure for the affirmative defenses set forth and those that were waived in Defendants Rule 12 motion (Dkt. #15; *See also Dkt. #38. Bell Atlantic Corp. v. Twombly 550U.S. 544, 555(2007); . Ashcroft v. Iqbal, 129 U.S. 1937, 1950 (2009)*

For example, Defendant's defenses based on Plaintiff having been ... and "subsequently terminated" is legally insufficient. As it is wholly invented fact of Plaintiff having separate and discrete termination claims before the court over and beyond the claims cited in Plaintiff's complaint. The defense(s) are bare bone conclusory statement(s) that do not meet the pleading requirements of Rule 8. Hence it is not properly plead and does not comply with Fed. R. Civ. P 8 and cannot withstand a Rule 12(b)(6) challenge. They are mere conclusory statements without support. *Ashcroft v. Iqbal, 129 U.S. 1937, 1950 (2009)*

Specifically, Defendant failed to allege the necessary elements of the alleged claims to be legally sufficient. *Heller Fin., Inc. v. Midwhey Powder Co., Inc.,* 883 F.2d 1286, 1295 (7th Cir. 1989). Further, the basic concept of an affirmative defense is an admission of the facts alleged in the complaint, coupled with the assertion of some other reason defendant is not liable. *Bobbitt v. Victorian*

8

*House, Inc.*, 532 F.Supp. 734, 736-37 (D.C. Ill. 1982). And in sum, Defendant's answer(s) in general are not responsive to the complaint and are not grounded in fact, but "wholly invented facts" or law and is frivolous and in contravention to Rule 11 amongst others rules such as Fed. R. Civ. P. 7, 8 and 12. *Dreis & Krump Mfg. v. Intern. Ass'n of Machinists*, 802 F.2d 247, 255 (7th Cir. 1986).

Further, Defendant knows that the defense of the subsequent termination is meritless and patently false as he and Defendant Creative Werks conceded that Plaintiff's cause of action before the Court was suspension as evidenced in the Joint Status Report filed by Defendants Schroeder and Creative Werks (Dkt. #41 and See Exhibit A & B)

Hence, Defendant's defenses fail as a matter of legal sufficiency and because Defendant waived them as evidenced by the Court's August 2024 Order (Dkt. #38).

IV. DEFENDANT SCHROEDER WILLFULLY MISREPRESENTED HIMSELF OUTSIDE THE EXISTING STRUCTURE OF THE LAW

Defendant again has failed to represent himself within the existing structure of the law, but instead intentionally misconstrued, misstated and misapplied the Fed. R. Civ. Procedure for impermissible purposes when they used "wholly invented facts" of Plaintiff having termination claims before the court in their answer. *Thornton v. Wahl, 787 F.2d 1151, 1154 (7th Cir.), cert. denied, 479 U.S. 851, 107 S.Ct. 181, 93 L.Ed.2d 116 (1986).*

Defendants have once again intentionally misrepresented to the court that it only added Schroeder's name as a Defendant to the unauthorized pleading that it filed, when, in fact, Defendants took the liberty to make several contextual changes to the text. E.g. (Dkt. 46-1 pg. 9 ¶ 12, pg. 14 ¶32, pg. 16 ¶40, pr. 17. ¶ 44, pg. 18 ¶ 48 & 51, pg. 21 ¶ 63 among other entries).

Additionally, we are once again confronted with a different version and subject matter than the claims have before the court. Specifically, Defendant is referencing and addressing facts

about termination when the adverse actions before the court are relative to being suspended with and without pay and different terms and conditions of employment. *Mays v. Chicago Sun-Times*, 865 F.2d 134, 140 (7th Cir. 1989).

In sum, Defendant's answer(s) are not responsive to the complaint and not grounded in fact, but "wholly invented facts" or law and is frivolous and in contravention to Rule 11 amongst others rules such as Fed. R. Civ. P. 7, 8 and 12. *Dreis & Krump Mfg. v. Intern. Ass'n of Machinists*, 802 F.2d 247, 255 (7th Cir. 1986).

Defendants propounded in its unauthorized pleading (Dkt #46) and answer Dkt #53 that Plaintiff raised separate and discrete claims against Defendants for being terminated. Again, it is cognitively and legally unreasonable and without foundation to assert that Plaintiff made these claims. Defendants have again asserted a false and misleading claim for the improper purpose to subvert justice, prejudice, vex and harass Plaintiff that has ceremoniously burdensome and that will delay and convolute these legal proceedings." *Fries v. Helsper, 146 F.3d 452, 458 (7th Cir. 1998) ("Frivolous is defined as an argument or claim that is baseless and made without a reasonable and competent inquiry."). See also Brunt v. Service Employees Intern. Union, 284 F.3d 715 (7th Cir. 2002).*

Defendants cannot reasonably or legitimately justify, by fact or law under the given circumstance, filing its amended answer. *Brown v. National Bd. of Medical Examiners*, 800 F.2d 168, 171 (7th Cir. 1986). Defendants' conduct is contemptuous and contumacious and an abuse of the judicial system and the proceedings. *Hazel-Atlas Glass* Co. *v. Hartford-Empire* Co., 322 U.S. 238, 251,64 S. Ct. 997, 88 L. Ed. 1250 (1944).

**Conclusively**, a failure to raise a timely defense is a non-waivable jurisdictional requirement under Federal Rule of Civil Procedure 12. Allowing Defendant to proceed would

10

violate Plaintiff's Fourteenth Amendment Right to Equal Protection under the law and violate due process of having fair treatment of procedural process when Defendant chose not to abide by Fed. R. Civ. P 12(a)(1)(A). Inarguably and without question "a court must be mindful of its responsibility "'to deter future parties from trampling upon the integrity of the court.'" *Dotson v. Bravo*, 321 F.3d 663, 668 (7th Cir. 2003)." *Salmeron v. Ent. Rec. Sys. Inc.*, 579 F.3d 787, 797-96 (7th Cir. 2009). Further, "the Supreme Court insists that federal judges carry out the rules of procedure, whether or not those rules strike the judges as optimal." *Tuke v. United States,* 76 F.3d 155, 157 (7th Cir.1996) citing *Leatherman v. Tarrant County,* 507 U.S. 163, 113 S.Ct. 1160, 122 L.Ed.2d 517 (1993).

      Failing to discipline Defendant for raising meritless and willfully false defenses sets a new precedent allowing bad actors like Defendant and its counsel to continue to subvert justice, commit fraud on the court, violate litigant's constitutional rights, act with impunity and disobey lawful orders without reprisal. *Chambers*, 501 U.S. at 44-46. Further, such {mis}conduct creates broader societal burdens and enmity that stoke the fires of social and judicial injustices, not to mention that it dissipates and wastes Judicial resources and misappropriates taxpayers' monies, as well as being an economical burden to litigants, such as Plaintiff amongst other irreparable harms.

      **WHEREFORE**, Plaintiff requests this Honorable Court to strike Defendant Schroeder's affirmative defenses 1-5 and his defenses to 42 USC 1981 and 42 USC 1985 and deem the defenses waived, as well as strike the other Defenses raised relative to Plaintiff having separate and discrete claims of termination over and beyond Plaintiff's claims of suspension and different terms and conditions of employment, as well as, any other immaterial, impertinent and scandalous matter Defendant is asserting. Further, Plaintiff again requests that Defendant

11

Schroeder's unauthorized pleading (Dkt. #46) be stricken from the record and provide any other relief available to Plaintiff for Defendants willful and contumacious conduct.

Dated February 5, 2025          Respectfully submitted,

/S/ Mary Madison

Mary Madison
9758 S Charles
Chicago, IL 60643
6152396684
Mdj123197@aol.com

CERTIFICATE OF SERVICE

The undersigned Plaintiff certifies that on February 5, 2025, she caused to be served Plaintiff's Rule 12(F) Motion and Memorandum by causing a copy to be served on all parties of record via the Court's CM/ECF electronic system to the following:

>Jon D. Cohen, Esq.
>jcohen@dickinsonwright.com
>Joseph R. Delehanty, Esq
>j.delehanty@dickinson.wright.com\
>C/o Dickinson Wright
>55 West Monroe St. Suite 1200
>Chicago, Il 60603

Respectfully submitted,

/S/ Mary Madison

Mary Madison
9758 S Charles
Chicago, IL 60643
6152396684
Mdj123197@aol.com