


IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS

|  |  |  |
|---|---|---|
| Mary Madison | ) | |
| **Plaintiff,** | ) | Case Number: 1:23-CV-16476 |
| -vs- | ) | Honorable Judge Manish S. Shah |
| Creative Werks, LLC | ) | |
| **Defendant** | ) | |

PLAINTIFF'S RULE 15 MOTION

Plaintiff hereby moves this Court to strike Defendant's Creative Werks Amended Answer Dkt. 53 pursuant to Federal Rule of Civil Procedure 12(f), based on the Defendant's failure to obtain leave of the Court as required by Federal Rule of Civil Procedure 15(a)(2). In support of this motion, Plaintiff states as follows:

1. Background: Plaintiff initiated this action by filing a Complaint on December 4, 2023 (Dkt. #1).
2. Defendant Creative Werks' answer was originally due and owing since January 5, 2024 (Dkt. #8).
3. Defendant Creative Werks' answers were court-ordered to be due by February 14, 2024 (Dkt. #20).
4. Defendants of their own volition filed a Rule 12(c) motion to dismiss in contravention to Fed. R. Civ. P. 12(a) Dkt. # 19.
5. Neither Defendants Schroeder nor Creative Werks raised any defenses relative to 42 USC 1981 and USC 1985 in their original Rule 12(c) motion construed by the Court to be a motion under Rule 12 (Dkt. 15 & Dkt. 33).

6. Defendants failing to raise the defense in their initial responsive pleading (Dkt. #15) and their subsequent conduct in Dkt. # 40, evidenced their intention to abandon their defense(s) relative to 42 USC 1981 and 42 USC 1985 (See also Dkt. # 33 & 38).
7. On August 12, 2024, the Court ordered the Defendants to file an answer to their respective causes of action in Plaintiff's complaint by September 4, 2024 (Dkt. 38).
8. Defendants did not file an answer by September 4, 2024, as ordered by the court nor did they seek an extension of time to file their answer(s).
9. On September 13, 2024, the Court issued a subsequent order for Defendants to file their answer no later than September 24, 2024 or have a default judgment entered against them (Dkt. #39).
10. In contravention and defiance to the Court's September 13, 2024 order, Defendant Schroeder for the third (3rd) time did not answer Plaintiff's complaint by September 24, 2024, as ordered.
11. Pursuant to the Court's order (Dkt. 39) a default judgment would be entered if an answer was not filed by September 24, 2024 and the Federal Rule of Civil Procedure 55(a) and 55(b)(2).
12. Plaintiff filed a Motion for Default Dkt. 44 on November 2, 2024.
13. Defendants Creative Werks and Schroeder filed an unauthorized pleading Dkt. without leave of the court.
14. Plaintiff filed a reply to Defendant Schroeder's response (Dkt #49).
15. Plaintiff raised the issue of Defendants filing unauthorized pleadings (Dkt. 49 pg. 3 ¶2, pg. 4 ¶2, pg. 6 § II), highlighting Defendants' persistent history of disregarding the Court's orders and failing to comply with the Federal Rules of Civil Procedure, which are essential for the orderly administration of justice.
16. The Court did not address the issues raised by Plaintiff regarding Defendant Creative Werks filing unauthorized pleadings in contravention of Fed. R. Civ. P. 8 & 15 in Dkt. #49, in its January 13, 2025 order at Dkt. #52.
17. Additionally, the Court did not address the issues raised regarding Defendant Creative Werks' materially false statements claiming that only Defendant

Schroeder's name was added to the answer, when in fact there were at least five material changes to the amended answer Defendants filed in Dkt. #46 pg. 1 ¶2 (Dkt. #49 pg. 7). Also See Exhibit C

18. Defendants' actions in making blatantly false statements to the court and deceitfully gaining a tactical advantage have been, and continue to be, highly prejudicial to the Plaintiff as well as detrimental to justice and its administration.

19. The order specifically granted leave of the Court for Defendant Schroeder to file his answer to Plaintiff's complaint.

20. On January 15, 2025, Defendant, Creative Werks' filed an improperly amended answer without obtaining the Court's permission or the written consent of Plaintiff Dkt. #53.

21. In conjunction with Defendant Steve Schroeder's court-ordered answer to Plaintiff's complaint (Dkt. #52).

22. Defendant Creative Werks denies that Schroeder and it are alter egos in its first answer, Dkt. #40, and its second answer Dkt.#46 and its most recent answer Dkt. #53 pg.6.¶ 6.

23. Defendant Creative Werks has consistently maintained that Schroeder and it were not alter egos.

24. Federal Rule of Civil Procedure 15(a)(2) stipulates that a party may amend its pleading only with the opposing party's written consent or the court's leave.

25. Hence, Defendant Creative Werks should not have filed an amended answer in contravention to Fed. R. Civ. P. 15 without leave of the Court of Plaintiff's consent.

26. Defendant Creative Werks failed to adhere to this requirement, as it has willfully and recalcitrantly failed to adhere to the Court's numerous orders and the Fed. R. Civ. P throughout this preceding.

27. Further Defendant Creative Werks willfully waived and forfeited their right to assert defenses relative to 42 USC 1981 and 42 USC 1985 pursuant to Fed Rule of Civil Procedure 12(h)(1) (Dkt.38).

28. Specifically, Defendant Creative Werks did not raise these issues in their Rule 12 (c) motion as evidenced by the Court's August 2024 order at Dkt. 38.

29. Further Defendant Creative Werks also willfully waived and forfeited their right to assert other defenses that were available to them when it filed its original answer on September 24, 2024 at Dkt. # 40 that it is subsequently raising in Dkt. #'s46 and 53.

30. Further Defendant Creative Werks is asserting affirmative defenses to claims of termination when Plaintiff does not have separate and discrete claims of termination before the Court over and beyond the claims plead in her complaint relative to her suspension (Dkt. #'s 1, 40, 46 & 53).

31. Defendants are aware that separate and discrete claims of termination do not exist and are not before the court.

32. Defendants are also aware that their claim is immaterial, impertinent and scandalous and filed for an impermissible purpose.

33. Defendants Schroeder and Creative Werks, without requiring Court intervention, conceded that their termination assertion was incorrect after the Plaintiff raised the issue with them during the drafting and filing of the Joint Status Report (See Exhibit A).

34. Consequently, they removed the termination assertion from the filing as the issue before the court (Dkt. #41).

35. Defendants stated that they were aware that Plaintiff did not want that false assertion of termination referenced on the joint status report to be filed (See Exhibit B).

36. Defendants removed that assertion from the Joint Status Report that it prepared and filed with the Court Dkt. #41 pg.1 (See Attached Exhibit C).

37. Defendants Schroeder and Creative Werks' actions in removing this issue from contention affirm and support that Defendants knew before filing the first answer in September of 2024 (Dkt. #40) that there were no claims of termination being raised by Plaintiff.

38. And Defendants knew the claims pertained to paid and unpaid suspension, which constituted a form of de facto termination.

39. Effectively Defendants knew that this was not an issue and hence removed the issue of termination from contention.

40. But instead, Defendants in bad faith, willfully filed multiple pleadings, Dkt. #'s40, 46, & 53, in contravention to Fed. R. Civ. P. 11 that contained these patently false, misleading and unsupported defense(s) that are impertinent, immaterial and scandalous relative to the existent of claims of termination that cannot be corroborated by Defendants by fact or law for permissible purposes.

41. Defendants actions of filing erroneous pleadings were calculated, deliberate, willful, contumacious and in contravention of Fed. R. Civ. P. 8, 11, & 15.

42. Further, this conduct is not a mere technicality but deliberate attempts to manipulate the outcome of the situation and game the system and commit fraud on the Court amongst other nefarious (mis)conduct.

43. Further, Plaintiff requested her personnel file on two (2) separate occasions, on November 17, 2022 and again in January of 2023.

44. Defendant Creative Werks tendered Plaintiff's personnel file containing only the suspension letter and onboarding documents (See Exhibit D).

45. There is no evidence to support the contention that a separate and discrete act of termination occurred.

46. Defendants did not issue any termination letter to Plaintiff.

47. Nor are there any termination documents in Plaintiff's personnel file to support the assertion that a separate and discrete event occurred.

48. Plaintiff moves the Court pursuant to Fed. R. Civ. P. 8, 12, & 15 to strike Defendant Schroeder's defenses, affirmative and otherwise waived defenses (Dkt. #15 & 38).

February 6, 2025                                                    Respectfully submitted,

                                                                                    /S/ Mary Madison
                                                                                    Mary Madison
                                                                                    9758 S Charles
                                                                                    Chicago, Il 60643
                                                                                    6152396684
                                                                                    Mdj123197@aol.com

## **CERTIFICATE OF SERVICE**

The undersigned Plaintiff certifies that on February 6, 2025, she caused to be served Plaintiff's Rule 15 Motion and Memorandum by causing a copy to be served on all parties of record via the Court's CM/ECF electronic system to the following:

        Jon D. Cohen, Esq.
        jcohen@dickinsonwright.com
        Joseph R. Delehanty, Esq
        j.delehanty@dickinson.wright.com\
        C/o Dickinson Wright
        55 West Monroe St. Suite 1200
        Chicago, Il 60603

February 6, 2025                                       Respectfully submitted,

                                                              /S/ Mary Madison
                                                              Mary Madison
                                                              9758 S Charles
                                                              Chicago, Il 60643
                                                              6152396684
                                                              Mdj123197@aol.com