



FILED

2/6/2025

THOMAS G. BRUTON
CLERK, U.S. DISTRICT COURT

BI

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS

|  |  |  |
|---|---|---|
| | ) | |
| | ) | |
| Mary Madison | ) | |
| **Plaintiff,** | ) | **Case Number: 1:23-CV-16476** |
| | ) | |
| -vs- | ) | **Honorable Judge Manish S. Shah** |
| | ) | |
| | ) | |
| Creative Werks, LLC | ) | |
| **Defendant** | ) | |

### MEMORANDUM IN SUPPORT OF PLAINTIFF'S RULE 15(A) MOTION

Plaintiff hereby moves the court to strike Defendant Creative Werks' unauthorized pleadings
Dkt. #46 & 53 from the record and in support hereby states the following:

### FACTS:

1. Plaintiff's complaint is comprised of Title VII, 42 USC 1981 USC 1985 claims Dkt. #1.

2. Neither Defendant Schroeder nor Creative Werks raised any defenses relative to 42 USC
   1981 and 42 USC 1985 in their original Rule 12(c) motion construed by the Court to be a
   motion under Rule 12 (Dkt. #15 & Dkt. #33) See also (Dkt. #38).

3. Defendants Schroeder and Creative Werks prepared and filed the initial joint status report
   (Dkt. #41) referencing 42 USC 1981 as one of the causes of action during the exact same
   relevant time it filed its answer for Defendant Creative Werks. They also conceded that

1

termination was not at issue before the Court, as evidenced by the Joint Status Report Dkt.
#41; see also Exhibit A & B

4. Defendants Creative Werks and Schroeder filed unauthorized pleadings without leave of the
   court Dkt.# 46-1.

5. Plaintiff has previously raised the issue of Defendant Creative Werks filing unauthorized
   pleadings with the Court in Dkt. #49 pg. 3 ¶2, pg. 4 ¶2,  and pg. 6 §2.

6. Plaintiff had also previously raised the issue of Defendant Creative Werks waiver of defenses
   in Dkt. #49 pg. 2.

7. The Court's most recent order (Dkt. #52) did not address the issue of Defendant Creative
   Werks filing unauthorized pleadings.

8. Nor did the Court's most recent order (Dkt. #52) did not address the issue of Defendant
   Creative Werks waiver of defenses.

9. Defendant Creative Werks filed another unauthorized pleading without leave of the court
   Dkt. #53 introducing defenses that were available to Defendant when it filed its Rule 12
   motion Dkt#15.  Plaintiff has not amended her complaint to warrant Defendant to file a
   response that may subject them to have to amend the pleadings.

**ARGUMENT**

I.        UNAUTHORIZED  PLEADINGS FILED IN CONTRAVENTION TO FED RULE
OF PROCEDURE 8 (C) 12 AND 15

In violation of Fed Rule of Procedure 15, Defendants filed an amended pleading pursuant
to Federal Rule 12 without leave from the court or authorization from Plaintiff in Dkt #53.
Additionally, this is not Defendant's first time filing unauthorized pleadings. In Dkt #46,
Defendant took the liberty of filing an unauthorized pleading, as an exhibit, without leave of the

court or permission from Plaintiff.  In that same filing, the Defendant informed the Court that the

sole alteration in the pleading was the addition of Defendant Schroeder's name (Dkt. #46 pg. 1

¶2-Exhibit C) This was a patently false and misleading statement. Plaintiff found at least five (5)

instances where Defendants have amended the pleading. E.g. (Dkt. 46-1 pg. 9 ¶ 12, pg. 14 ¶32,

pg. 16 ¶40, pr. 17. ¶ 44, pg. 18 ¶ 48 & 51, pg. 21 ¶ 63 among other entries).

"NO FRAUD IS MORE ODIOUS THAN AN ATTEMPT TO SUBVERT THE ADMINISTRATION OF JUSTICE."

*Hazel-Atlas Glass* Co. *v. Hartford-Empire* Co., 322 U.S. 238, 251,64 S. Ct. 997, 88 L. Ed. 1250

(1944).

Defendant has introduced new defenses in its unauthorized pleadings (Dkt. #53) that

were not previously raised. Defendants had ample opportunity to include this information in their

Rule 12 motion. While Defendants have the right and obligation to defend the matter, they do not

have the right to repeatedly amend pleadings to compensate for procedural and strategic

deficiencies, in violation of Rule 15 and the Court's Orders.

As a result, Defendant voluntarily waived its right to assert those defenses, resulting in

the allegations being deemed admitted *(National Hockey League v. Metropolitan Hockey Club,*

*Inc., 427 U.S. 639, 640-43).* There was no amended complaint or newly discovered information

to justify amending the pleadings. An informed party should not be relieved of the consequences

when the choice proves unfortunate *(McCoy v. Louisiana 584 U.S.).* Additionally, the assertion of

the insertion of Schroeder's name as the sole change is blatantly false and misleading.

Accepting an unauthorized amendment by the Court is highly prejudicial to Plaintiff and

it signals that Defendant is in control and not the Court.  In addition, it violates Plaintiff's

protected rights under the Equal Protection and Due Process Clauses of the Fourteenth

Amendment and Fed Rule of Civil Procedure 7,12 and15(a).  It further, undermines the

procedural safeguards designed to ensure fairness and order in litigation. Allowing such a precedent would encourage parties to bypass procedural rules, leading to chaos and inefficiency in the judicial process (*United States* v. *Mine Workers,* 330 U. S. 258, 293 (1947)).

DEFENDANTS' CONDUCT IS A FRAUD ON THE COURT AND IS HIGHLY PREJUDICIAL AND DISRUPTIVE OF THE PLAINTIFF'S LITIGATION AND STRATEGY.

The Defendants intentionally made materially false statements to the Court, claiming that the only change to the amended pleading was the addition of Schroeder as a Defendant. Plaintiff found at least five (5) instances where Defendants have amended the pleading. E.g. (Dkt. 46-1 pg. 9 ¶ 12, pg. 14 ¶32, pg. 16 ¶40, pr. 17. ¶ 44, pg. 18 ¶ 48 & 51, pg. 21 ¶ 63 among other entries). "No fraud is more odious than an attempt to subvert the administration of justice." *Hazel-Atlas Glass* Co. *v. Hartford-Empire* Co., 322 U.S. 238, 251,64 S. Ct. 997, 88 L. Ed. 1250 (1944). Such conduct is highly prejudicial to Plaintiff, as it allows Defendants to have another bite at the apple to shore up their defenses and gives an unfair tactual advantage over Plaintiff by allowing them to introduce defenses that were available to them at the onset of the matter. There was no legitimate triggering event to warrant this. It was not until Plaintiff filed motions identifying various deficiencies that Defendants sought to file unauthorized pleadings to correct these deficiencies (Dkt. #46, & #53). Defendant is squarely in contravention to Fed. R. Civ. P. 8, 12, & 15.

Inarguably, the Fed. R. Civ. P were intended to be followed for the orderly administration of justice and to provide some level of expectancy about the judicial processes. When Defendant(s) willfully act in defiance of the Fed. R. Civ. P. and its Court's orders without question "a court must be mindful of its responsibility '"to deter future parties from trampling upon the integrity of the court.'" *Dotson v. Bravo*, 321 F.3d 663, 668 (7th Cir. 2003)." *Salmeron*

4

*v. Ent. Rec. Sys. Inc.*, 579 F.3d 787, 797-96 (7th Cir. 2009). Further, "the Supreme Court insists that federal judges carry out the rules of procedure, whether or not those rules strike the judges as optimal." *Tuke v. United States,* 76 F.3d 155, 157 (7th Cir.1996) citing *Leatherman v. Tarrant County,* 507 U.S. 163, 113 S.Ct. 1160, 122 L.Ed.2d 517 (1993).

Plaintiff, like all other litigants, depends on the legal system to ensure fairness and equality. The Defendants' disregard for procedural rules erodes trust in the judicial process and creates an unfair advantage, which directly contravenes the principles of equal protection, as prefaced in the Fourteenth Amendment. The Supreme Court has continually reasoned in *Loving v. Virginia, 388 U.S. 1 (1967) and Brown v. Board of Education, 347 U.S. 483 (1954)* that equal protection is the prevailing law.

In sum, Defendants recalcitrant conduct renders unequal due process and unequal protection not only for Plaintiff but for society at large. This conduct is causing unnecessary delays and procedural burdens, relative to Plaintiff's fourteenth Amendment Rights, undermining her right to equal due process and protection and a fair and timely resolution of the case pursuant to Fed. R. Civ. P 1.

This would necessitate extensive reworking of case preparation and the already propounded discovery requests, as well as reanalysis of received and impending discovery, all while competing against the Court's hard deadline for discovery to close on March 31, 2025. Furthermore, Defendants introduced fabricated facts related to terminating Plaintiff that were never raised by Plaintiff and unsupported by Defendants. In essence, Defendant responded to Plaintiff's complaint with a completely different subject and set of facts, and technically never answered the complaint. These and other tangential issues need to and can be resolved in this motion to eliminate immaterial and impertinent matters that convolute Plaintiff's claims.

Therefore, Plaintiff respectfully request that the Court strike the Defendant's amended pleadings Dkt. #46 & 53 from the docket to maintain the efficiency and fairness of the judicial process and to protect the plaintiff from undue prejudice that may result in this court or on appeal.

II.      DEFENDANTS WILLFULLY WAIVED AND FORFEITED THEIR RIGHT TO ASSERT DEFENSES RELATIVE TO 42 USC 1981 AND 42 USC 1985 PURSUANT TO FED RULE OF CIVIL PROCEDURE 12(H)(1)  AND THE OTHER AFFIRMATIVE DEFENSES 1-5 RAISED IN DKT. #53

DEFENDANTS' CONDUCT WAS CLEAR, UNEQUIVOCAL, AND INTENTIONAL.

Specifically, Defendant, after being fully informed of its right on at least four (4) separate occasions pursuant to Federal Rules of Civil Procedure and the Court's three (3) separate orders and a warning to respond to Plaintiff's complaint pursuant to Fed Rule of Civil Procedure 12 willfully chose not to abide by the procedural guidelines or the Court's orders. In sum, Defendant Schroeder and Defendant Creative Werks of their own volition chose to proceed without raising defense(s) in their initial responsive pleading styled as a Rule 12(c) motion (Dkt.15) later construed by the Court as a Rule 12 motion (Dkt. 33).  Hence, Defendant's conduct of failing to raise that or any other defense was foreseeable as a forfeit and waiver of their right to assert that defense or any other defense.

A party who makes an informed choice should not be relieved of the consequences when it subsequently develops that the choice was unfortunate.  *Link* v. *Wabash R. Co.,* 370 U. S. 626 at 633 (1962). Hence, Defendants have abandoned and waived their right to defend the matter relative to the defenses that were not raised. *An Undetermined Quantity, etc.*, 583 at 947.

Specifically, Fed Rule of Civil Procedure 12(h)(2)(A) mandates that a party waives any defense listed in Rule 12(b)(2)-(5) or any other affirmative defense or other right by omitting it from a motion or failing to make it by motion under Rule 12(h)(1). Further, the defendants' subsequent conduct of failing to timely address the Court's August 12, 2024, order (Dkt. 38) that clearly evidenced that defendants only raised defenses relative to Title VII and ADEA claims is also telling. Further, Rule 12(h) provides limitations on further motions. A party who has made a motion under this rule must not make another motion to raise a defense or objection that was available to the party but omitted from its earlier motions.

Additionally, Federal Rules, while complex, should be understandable to experienced litigators, who should be held to strict compliance. *Pioneer Inv. Serv. Co. v. Brunswick Assocs.,* 507 U.S. 380, 395, 113 S.Ct. 1489, 123 L.Ed.2d 74 (1993); *Marquez,* 424 F.3d at 541. In this case Defendants have two (2) experienced litigators, from an experienced Law firm over a hundred (100) years old comprised of several dozen subject matter experts, that have been fully apprised of the filings and the dispositioning of such filings, and they chose not to raise these issues or answer on behalf of Defendant Schroeder or Defendant Creative Werks.  It is well established that "persons who make private determinations of the law and refuse to obey an order generally risk contempt even if the order is ultimately ruled incorrect. *Maness v. Meyers*, 419 U.S. 449, 459 95 S. Ct. 584, 42 L. Ed. 2d 574 (1975).  See Also *Howat v. Kansas*, 258 U. S. 181, 189-190 (1922); *Worden v. Searls*, 121 U. S. 14 (1887).

In sum, Defendant(s) have a fundamental right and an obligation to defend the matter and Defendants have chosen not to do so. Hence, Defendant voluntarily waived their right to do so relative to the defenses it raised in the unauthorized pleadings; resulting in those allegations being deemed admitted. *Nat'l Hockey League, 427 U.S. at 640-43.*

7

In addition, the Defendant's repeated failure to comply with federal timelines and court orders, implies more than mere inadvertence, carelessness, or mistake; but such conduct demonstrates a pattern of gross negligence and willful disregard for procedural rules. For example, the Defendants filed an unauthorized pleading answer (Dkt.46) without obtaining leave of the court, in direct violation of Rule 15(a) and again in Dkt #53, again without leave of the court or permission from Plaintiff. Unauthorized amendments violate procedural rules and undermine judicial integrity. The Supreme Court has consistently held that procedural rules must be strictly followed to ensure fairness and equality in the judicial process. See *In Pioneer Investment Services Co. v. Brunswick Associates Ltd. Partnership,* 507 U.S. 380 (1993); See also, Bowles v Russell, 551 U.S. 205 (2007) the Court underscored the importance of strict adherence to procedural deadlines…These cases illustrate that there is no "good cause" standard when a party fails to raise a defense under Rule 12. And, such failures are considered inexcusable neglect and conceding.

The Defendant's repeated noncompliance with federal timelines, failure to appear in court, defiance of the Court's orders and warnings, as well as the ill-gotten benefit of having the motion for default overturned, and the unauthorized amendment of pleadings, has led to violations of the Equal Protection and Due Process Clauses of the Fourteenth Amendment, as well as Federal Rules of Civil Procedure 7, 8, 11, 12, and 15(a). These violations have afforded the Defendant more than its fair share of opportunities, enabling it to rectify deficiencies and fabricate scenarios that bolster its position to Plaintiff's detriment.

In sum, both Defendants ignored the plain text of procedural rules, exacerbating the procedural and constitutional violations. Further, their conduct evidences the repeated exploitation of the judicial "loophole" of the Court's favoring to resolve matters on the merits

opposed to other constructs, such as: procedural gaps, inefficiencies, or deficiencies among other constructs whether intentional or unintentional.

Furthermore, Defendants consistently depend on the Court to do its heavy lifting by doing the bulk of their work, acting as the "lawyer's lawyer" by strategically and conveniently misinterpreting and applying facts, rules, laws, and regulations in a haphazard manner. Defendants have done this with full awareness that the Court adheres to the Seventh Circuit's precedent of prioritizing the resolution of issues on the merits, rather than using other dispositive methods, which prompts the Court to course correct in the interest of justice and precedent.

More specifically, when the Court reasons and steward's gaps, like Defendants', to closure it is highly unlikely and improbable that the Court would reason against itself in the future. Undoubtedly this approach makes it insurmountable for opposing litigators to manage and even overcome and it becomes even more daunting and impossible for those who lack the professional, educational and experiential acumen to redress the issues at hand or to calibrate equalize or neutralize the playing field to even be heard or have a remote chance to prevail. Even the most seasoned lawyer would not be able to match wits or intellectual prowess with the Court, as the Court is a type of Behemoth and GOAT of Super Lawyers having endless access to information and subject matter expertise that is unrivaled allowing for seamless analysis of the most complicated issues.

Such an approach is undoubtedly inequitable, unequal and violative of one's protected rights relative to the equal protection of the law and due process among other rights, social constructs and principles. Effectively, this allows the court to keep buttoning up defendants' deficiencies and creating prejudice and irreparable harms to litigants, such as Plaintiff; while undermining the judicial process and this is an affront to Justice and an erosion to fairness

The defendants' actions have not only violated procedural rules but have also blatantly ignored the plain text of these rules, compounding the procedural and constitutional violations. These repeated failures are highly prejudicial to Plaintiff. They cause delays in the judicial process, distract from the litigation, divert resources and cause undue burdens on the Plaintiff. This squarely undermines the principles and construct of Fed, Rule of Civil Procedure 1 and deprives Plaintiff of her right to fair and equal treatment under the law, in violation of the Equal Protection and Due Process clauses of the Fourteenth Amendment.

Defendant's actions and conduct clearly demonstrate inexcusable neglect of not raising an objection or defense when it became aware that the 12(c) motion was incorrect February of 2024 (Dkt. #33). And as noted in the Court's August 12, 2024, order detailing that Defendants had not raised affirmative defenses outside of Title VII and ADEA (Dkt. #38). Defendant took no effort to redress or remediate this issue despite having knowledge of what was filed and the benefit of having an order issued by the Court pointing to the defenses raised by Defendants. What is even more telling is that both Defendants acknowledged the outstanding claim(s) and cause of action before the court when it prepared and filed the initial joint status report in tandem of filing the answer for Defendant Creative Werks (Dkt. #41). Whereby, Defendants conceded that termination was not the issue before the Court (See Exhibit A & B).

By Defendant failing to raise the defense in the initial responsive pleading and the subsequent conduct, evidenced its intention to abandon the defense(s) relative to 42 USC 1981 and 42 USC 1985. Hence, the defendant has met the criteria for inexcusable neglect under FRCP Rule 12(h)(1). The defendant's counsel's failure to properly interpret the clear and unambiguous rules and time limits, coupled with repeated failures to comply with federal timelines and court

orders, constitutes gross negligence and willful disregard of justice and its administration and the court deadlines *US v. An Undetermined Quantity, etc., 583 F.2d 942, 947 (7th Cir. 1978).*

Furthermore, the Defendant's action of filing unauthorized pleadings, that are incorrectly pled, without obtaining leave of the court or permission from Plaintiff directly ignore the plain text of Rule 15(a). And making blatantly materially false statements to the Court that the pleading had not changed, except for adding Defendant Schroeder's name (Dkt. #46 pg.1¶2- Exhibit C), constitutes fraud on the court, is contumacious, and exacerbates the procedural misconduct.

## III.    LAW OF THE CASE

"[L]aw of the case... "posits that when a court decides upon a rule of law, that decision should continue to govern the same issues in subsequent stages in the same case." *Arizona v. California*, 460 U.S. 605, 618 (1983), decision supplemented, 466 U.S. 144 (1984). The Court ruled in its August 12, 2024, order that Defendants only raised defenses relative to Title VII and ADEA (Dkt.38; See also Dkt. #15) and Defendants did not challenge this ruling or seek clarification or seek to correct or amend the ruling.  Hence, Defendants agreed with the ruling and as a result, that ruling should not be disturbed and should continue to govern the same issues in subsequent stages of this case.

## IV.    DEFENDANT FAILED TO SUFFICIENTLY PLEAD THE DEFENSES- INCLUDING THE AFFIRMATIVE DEFENSES ASSERTED AS 1-5 AND THE DEFENSES THAT WERE WAIVED

Defendant's affirmative defenses are meritless and Defendant has failed to meet the standards of the pleading requirements of the Federal Rules of Civil Procedure for the affirmative defenses set forth and those that were waived in Defendants Rule 12 motion (Dkt.

#15; *See also Dkt. #38. Bell Atlantic Corp. v. Twombly 550U.S. 544, 555(2007); Ashcroft v. Iqbal, 129 U.S. 1937, 1950 (2009).*

For example, Defendant's defenses based on Plaintiff having been ... and "subsequently termi-nated" is legally insufficient. As it is wholly invented fact of Plaintiff having separate and dis-crete termination claims before the court over and beyond the claims cited in Plaintiff's com-plaint. The defense(s) are bare bone conclusory statement(s) that do not meet the pleading re-quirements of Rule 8. Hence, it is not properly plead and does not comply with Fed. R. Civ. P 8 and cannot withstand a Rule 12(b)(6) challenge. They are mere conclusory statements without support. *Ashcroft v. Iqbal, 129 U.S. 1937, 1950 (2009)*

Specifically, Defendant failed to allege the necessary elements of the alleged claims to be legally sufficient. *Heller Fin., Inc. v. Midwhey Powder Co., Inc.,* 883 F.2d 1286, 1295 (7th Cir. 1989). Further, the basic concept of an affirmative defense is an admission of the facts alleged in the complaint, coupled with the assertion of some other reason defendant is not liable. *Bobbitt v. Victorian House, Inc., 532 F.Supp. 734, 736-37 (D.C. Ill. 1982).* And in sum, Defendant's answer(s) in general are impertinent and not responsive to the complaint and are not grounded in fact, but "wholly invented facts" or law and is frivolous and in contravention to Rule 11 amongst others rules such as Fed. R. Civ. P. 7, 8 and 12. *Dreis & Krump Mfg. v. Intern. Ass'n of Machinists*, 802 F.2d 247, 255 (7th Cir. 1986).

Further, Defendant knows that the defense of the subsequent termination is immaterial and meritless and patently false as Schroeder and Defendant Creative Werks conceded that Plaintiff's cause of action before the Court was suspension as evidenced in the Joint Status Report filed by Defendants Schroeder and Creative Werks (Dkt. #41 and See Exhibit A & B)

Hence, Defendant's defenses fail as a matter of legal sufficiency and because Defendant waived them as evidenced by the Court's August 2024 Order (Dkt. #38).

V.      DEFENDANT CREATIVE WERKS WILLFULLY MISREPRESENTED ITSELF OUTSIDE THE EXISTING STRUCTURE OF THE LAW

Defendant again have failed to represent itself within the existing structure of the law, but instead intentionally misconstrued, misstated and misapplied the Fed. R. Civ. Procedure for impermissible purposes when Defendant used "wholly invented facts" of Plaintiff having separate and discrete termination claims before the court in their answer. *Thornton v. Wahl, 787 F.2d 1151, 1154 (7th Cir.), cert. denied, 479 U.S. 851, 107 S.Ct. 181, 93 L.Ed.2d 116 (1986).*

Defendant once again intentionally misrepresented to the court that it only added Schroeder's name as a Defendant to the unauthorized pleading that it filed Dkt. #46, when, in fact, Defendants took the liberty to make several contextual changes to the text.  E.g. (Dkt. 46-1 pg. 9 ¶ 12, pg. 14 ¶32, pg. 16 ¶40, pr. 17. ¶ 44, pg. 18 ¶ 48 & 51, pg. 21 ¶ 63 etc...).

Furthermore, we are again faced with a different version and subject matter than the claims currently before the court. Specifically, Defendants are referencing and addressing facts about termination, while the adverse actions before the court pertain to being suspended with and without pay in perpetuity and different terms and conditions of employment. *Mays v. Chicago Sun-Times, 865 F.2d 134, 140 (7th Cir. 1989).*

In sum, Defendants' answer(s) are not responsive to the complaint and not grounded in fact, but "wholly invented facts" or law and is frivolous and in contravention to Rule 11 amongst others rules such as Fed. R. Civ. P.  7, 8 and 12.  *Dreis & Krump Mfg. v. Intern. Ass'n of Machinists*, 802 F.2d 247, 255 (7th Cir. 1986).

Defendants propounded in its answer(s) that Plaintiff raised claims against Defendants for

being terminated. Again, it is cognitively and legally unreasonable and without foundation to assert that Plaintiff made these claims. Defendants have again asserted a false and misleading claim for the improper purpose to subvert justice, prejudice, vex and harass Plaintiff, that has ceremoniously delayed these legal proceedings." *Fries v. Helsper, 146 F.3d 452, 458 (7th Cir. 1998) ("Frivolous is defined as an argument or claim that is baseless and made without a reasonable and competent inquiry."). See also Brunt v. Service Employees Intern. Union, 284 F.3d 715 (7th Cir. 2002).*

Defendants cannot reasonably or legitimately justify, by fact or law under the given circumstance, filing its amended answers Dkt #46 & 53, without leave of the court. *Brown v. National Bd. of Medical Examiners*, 800 F.2d 168, 171 (7th Cir. 1986). Defendants' conduct is a fraud on the Court, contemptuous and contumacious and an abuse of the judicial system and the proceedings. *Hazel-Atlas Glass* Co. *v. Hartford-Empire* Co., 322 U.S. 238, 251,64 S. Ct. 997, 88 L. Ed. 1250 (1944).

**Conclusively**, a failure to raise a timely defense is a non-waivable jurisdictional requirement under Federal Rule of Civil Procedure 12. Allowing Defendant to proceed would violate Plaintiff's Fourteenth Amendment Right to Equal Protection under the law and violate due process of having fair treatment of procedural process when Defendant chose not to abide by Fed. R. Civ. P 12(a)(1)(A). Inarguably and without question "a court must be mindful of its responsibility "'to deter future parties from trampling upon the integrity of the court.'" *Dotson v. Bravo*, 321 F.3d 663, 668 (7th Cir. 2003)." *Salmeron v. Ent. Rec. Sys. Inc.*, 579 F.3d 787, 797-96 (7th Cir. 2009). Further, "the Supreme Court insists that federal judges carry out the rules of procedure, whether or not those rules strike the judges as optimal." *Tuke v. United States,* 76 F.3d

155, 157 (7th Cir.1996) citing *Leatherman v. Tarrant County,* 507 U.S. 163, 113 S.Ct. 1160, 122

L.Ed.2d 517 (1993).

  Failing to discipline Defendants establishes a new precedent that allows bad actors like

Defendants and their counsel to continue subverting justice, committing fraud on the court,

violating litigants' constitutional rights, including due process and equal protection rights, acting

with impunity, and disobeying lawful orders without repercussion *(Chambers, 501 U.S. at 44-*

*46).* Furthermore, such misconduct creates broader societal burdens and enmity, fueling social

and judicial injustices. It is shambolic, a waste of judicial resources and taxpayer funds, and places

economic burdens on litigants, such as Plaintiff, along with other irreparable harms.

  **WHEREFORE**, Plaintiff respectfully requests this Honorable Court to issue an order

striking Defendant Creative Werks' unauthorized pleadings (Dkt. #46 & #53). Plaintiff also seeks

to prohibit Defendant from raising the affirmative defenses listed as 1-5 in Dkt. #46 & #53, as

they are impertinent, immaterial, scandalous and improperly pled. Plaintiff asserts that there are

no separate and discrete claims of termination outside of the claims of suspension in perpetuity

and different terms and conditions of employment. Furthermore, Plaintiff requests the Court to

strike the defenses pertaining to 42 USC §§ 1981 and 1985 due to waiver (Dkt. #38). Further,

Plaintiff requests that the order require Defendants to conduct themselves civilly and in a manner

tending to protect the dignity of the individuals before this Court and provide any other relief

available.

  Dated February 6, 2025    Respectfully submitted,

               /S/ Mary Madison
               Mary Madison
               9758 S Charles
               Chicago, IL 60643
               6152396684

CERTIFICATE OF SERVICE


The undersigned Plaintiff certifies that on February 6, 2025, she caused to be served

Plaintiff's Rule 15(A) Motion and Memorandum by causing a copy to be served on all parties of

record via the Court's CM/ECF electronic system to the following:


Jon D. Cohen, Esq.
jcohen@dickinsonwright.com
Joseph R. Delehanty, Esq
j.delehanty@dickinson.wright.com\
C/o Dickinson Wright
55 West Monroe St. Suite 1200
Chicago, Il 60603




Respectfully submitted,


/S/ Mary Madison

Mary Madison
9758 S Charles
Chicago, IL 60643
6152396684
Mdj123197@aol.com

16