

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS

MARY MADISON,

Plaintiff,

v.                                                       Civil Action No. Case No. 23CV16476
                                                            Honorable Judge Manish S. Shah

CREATIVE WERKS, LLC,
and Steve Schroeder, individually,

Defendants.

## PLAINTIFF'S MEMORANDUM OF LAW IN SUPPORT OF MOTION TO BAR TERMINATION-BASED DEFENSES UNDER THE DOCTRINES OF JUDICIAL ESTOPPEL, COLLATERAL ESTOPPEL, AND EQUITABLE ESTOPPEL

Plaintiff submits this memorandum in support of her motion to bar Defendants from asserting any termination-based justification, defense, or adverse employment action theory. Defendants have adopted fundamentally inconsistent positions in prior administrative proceedings and before this Court, rendering their current assertions estopped under the doctrines of judicial estoppel, collateral estoppel, and equitable estoppel.

1

**LEGAL STANDARD**

**A. Judicial Estoppel**

Judicial estoppel prevents a party from asserting a position in a legal proceeding that is contrary to a position it has successfully asserted in a previous proceeding. The doctrine applies where (1) the party's current position is clearly inconsistent with its earlier position; (2) the earlier position was accepted by a court or tribunal; and (3) the party asserting the inconsistent position would derive an unfair advantage or impose an unfair detriment on the opposing party. See *New Hampshire v. Maine*, 532 U.S. 742, 750–51 (2001); *Grochocinski v. Mayer Brown Rowe & Maw LLP*, 719 F.3d 785, 795 (7th Cir. 2013).

**B. Collateral Estoppel**

Collateral estoppel, or issue preclusion, bars relitigation of an issue of fact or law that was already litigated and resolved in a valid and final judgment. The doctrine applies when (1) the issue is identical to one decided in a prior proceeding; (2) the issue was actually litigated and decided on the merits; (3) the determination was essential to the judgment; and (4) the party to be estopped had a full and fair opportunity to litigate the issue. See *Montana v. United States*, 440 U.S. 147, 153 (1979).

**C. Equitable Estoppel**

Equitable estoppel applies when one party has made a misleading representation to another party who reasonably relied on that representation to their detriment. The doctrine prevents the first party from asserting a claim or defense inconsistent with its prior conduct. See *Heckler v. Cmty.*

*Health Servs.*, 467 U.S. 51, 59 (1984); *Bomba v. W.L. Belvidere, Inc.*, 579 F.2d 1067, 1071 (7th Cir. 1978).

**ARGUMENT**

**I. DEFENDANTS' CONTRADICTORY POSITIONS TRIGGER JUDICIAL ESTOPPEL**

Defendants have taken irreconcilable positions on whether Plaintiff was terminated and, if so, why. In administrative proceedings before the U.S. Department of Labor (See Exhibit 1) and the Illinois Department of Human Rights (Exhibit 2), Defendants represented—under oath—that Plaintiff was terminated for "incompetence," supported by a sworn declaration from their expert. These representations were relied upon by both agencies in conducting their investigations and at the Illinois Department of Human Rights in issuing a dismissal decision against Plaintiff.

However, in this litigation, Defendants now claim Plaintiff was not terminated at all (Dkt. #53 pg. 3 ¶11). In the alternative, they offer new, inconsistent reasons—including that Plaintiff was "alarmist," failed to follow the chain of command, or violated company policy, as reasons for Plaintiff's termination. All of these explanations contradict the prior sworn position taken before government tribunals and now presented to this very Court. These contradictions warrant the application of judicial estoppel. See New Hampshire v. Maine, 532 U.S. 742, 750–51 (2001); Grochocinski v. Mayer Brown Rowe & Maw LLP, 719 F.3d 785, 795 (7th Cir. 2013).

Judicial estoppel prevents a party from gaining an unfair advantage by asserting inconsistent positions in successive proceedings. Here, Defendants obtained a favorable outcome in prior

proceedings at the Illinois Department of Human Rights by asserting that Plaintiff was terminated for incompetence. They should not now be permitted to advance any theory of termination, as there is no evidence to support that Plaintiff was terminated.

In sum, Defendants have conclusively resolved the issue of termination by formally denying in their pleadings that Plaintiff was terminated (Dkt. #53 pg. 3 ¶11). Additionally, they have certified compliance with the Illinois Personnel Record Review Act, 820 ILCS 40/1 et seq., confirming that Plaintiff's personnel file is complete and contains no documentation evidencing a termination or adverse action (Dkt. #53 pg. 28 ¶92).

**II. COLLATERAL ESTOPPEL BARS RE-LITIGATION OF TERMINATION STATUS**

Defendants' pleadings in this case affirmatively deny that Plaintiff was terminated (Dkt. #53 pg. 3 ¶11). They have also represented, under the Illinois Personnel Record Review Act, that Plaintiff's personnel file is complete and contains no documentation of any termination or adverse employment action (Dkt. #53 pg. 28 ¶92). Those formal admissions resolve the issue of termination against Defendants and preclude them from now introducing contrary evidence or theories. *Montana v. United States*, 440 U.S. 147, 153 (1979).

Because Plaintiff's employment status is material to the causes of action and defenses asserted, and because Defendants made these assertions to administrative bodies and in this Court, they are collaterally estopped from revisiting the question.

**III. EQUITABLE ESTOPPEL PRECLUDES NEW TERMINATION THEORIES**

Defendants should also be barred under the doctrine of equitable estoppel. In reliance on Defendants' sworn assertion that Plaintiff was terminated for incompetence, Plaintiff submitted rebuttal evidence (Exhibit 3), filed expert reports (Exhibit 4), and structured her claims accordingly. Only after those assertions were rebutted—through expert evidence citing FDA noncompliance and comparator misconduct—did Defendants reverse course and claim Plaintiff was not terminated, or that she was terminated for unrelated reasons.

Additionally, Defendants produced Plaintiff's personnel file and affirmatively stated that they had withheld no records (Dkt. #53 pg. 28 ¶92). The complete file lacks any notice of termination, discipline, or adverse action. See Heckler v. Cmty. Health Servs., 467 U.S. 51, 59 (1984); Bomba v. W.L. Belvidere, Inc., 579 F.2d 1067, 1071 (7th Cir. 1978). Permitting Defendants to now claim a termination occurred—when they previously asserted none did, and failed to produce any record thereof—would work an inequitable prejudice to Plaintiff and undermine the integrity of these proceedings.

**IV. Defendants Should Be Estopped Entirely From Asserting Termination-Based Theories**

Defendants have affirmatively denied that Plaintiff was terminated in their pleadings before this Court (Dkt. #53 pg. 3 ¶11) Moreover, under the Illinois Personnel Record Review Act, 820 ILCS 40/1 et seq., Defendants certified that Plaintiff's personnel file was complete and contained all documentation relevant to her employment and separation status. Notably, this file contains

no record of termination, no written notice, and no documentation supporting any legitimate basis for discharge. Defendants further certified that no documents were withheld, and no subsequent documentation was added to reflect a termination event (Dkt. #53 pg. 28 ¶92).

These facts render the issue of termination judicially resolved and factually closed. The Defendants' inconsistent and evolving justifications—ranging from incompetence, to unprofessionalism, to "alarmist" conduct, to alleged insubordination—lack any evidentiary support and are now barred under the doctrines of:

Judicial Estoppel (New Hampshire v. Maine, 532 U.S. 742): Defendants cannot assert that Plaintiff was terminated after telling this Court she was not.

Collateral Estoppel (Rein v. David A. Noyes & Co., 595 F. Supp. 2d 1016): The issue of whether a termination occurred has already been resolved by Defendants' own admissions and certified records.

Equitable Estoppel (Heckler v. Cmty. Health Servs., 467 U.S. 51): Plaintiff and reviewing bodies relied on Defendants' sworn statements and produced responses accordingly.

Accordingly, Defendants should be barred altogether from asserting any theory premised on a termination, including incompetence, procedural violations, or after-acquired justifications. Their own representations to the Court and under Illinois law foreclose any further litigation of this issue.

**CONCLUSION**

Because Defendants have adopted inconsistent positions on Plaintiff's termination, have denied the existence of any termination in their pleadings and personnel file disclosures, and have prejudiced Plaintiff and administrative tribunals by reversing course after gaining a litigation advantage, their termination-based defenses must be barred under judicial estoppel, collateral estoppel, and equitable estoppel.

**Plaintiff respectfully requests that the Court:**

1. Bar Defendants from asserting any termination-based defense or justification, including alleged incompetence, alarmism, policy violations, or after-acquired evidence;

2. Strike all references to Plaintiff's termination or alleged misconduct as a basis for any adverse action;

3. Grant such other and further relief as this Court deems just and appropriate.

Submitted: May 1, 2025                                           Respectfully submitted,

                                        /S/ Mary Madison
                                        9758 S Charles
                                        Chicago, Il 60643
                                        6152396684
                                        Mdj123197@aol.com

CERTIFICATE OF SERVICE

The undersigned, Mary Madison, certifies that on May 1, 2025, I caused to be served true and correct copies of the foregoing **PLAINTIFF'S MOTION & MEMORANDUM TO BAR TERMINATION-BASED DEFENSES UNDER THE DOCTRINES OF JUDICIAL ESTOPPEL, COLLATERAL ESTOPPEL, AND EQUITABLE ESTOPPEL** by causing a copy to be served on the persons identified on the docket's service list through Notice of Electronic Filing generated by the Court's CM/ECF system:

Respectfully submitted,


/S/ Mary Madison
9758 S Charles
Chicago, Il 60643
6152396684
Mdj123197@aol.com