


UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS

MARY MADISON,

Plaintiff,

v.  Civil Action No. Case No. 23CV16476
Honorable Judge Manish S. Shah

CREATIVE WERKS, LLC,
and Steve Schroeder, individually,
Defendants.

# PLAINTIFF'S MOTION TO BAR TERMINATION-BASED DEFENSES UNDER THE DOCTRINES OF JUDICIAL ESTOPPEL, COLLATERAL ESTOPPEL, AND EQUITABLE ESTOPPEL

NOW COMES Plaintiff and respectfully moves this Honorable Court to estop Defendants from asserting inconsistent, contradictory, and unsupported justifications for Plaintiff's termination in this proceeding. Based on the doctrines of judicial estoppel, collateral estoppel, and equitable estoppel, Defendants should be barred from advancing any theory of termination. In support, Plaintiff states as follows:

1

**I. DEFENDANTS' INCONSISTENT POSITIONS WARRANT JUDICIAL ESTOPPEL**

Defendants have taken inconsistent and irreconcilable positions regarding whether Plaintiff was terminated and the reasons for such termination. In proceedings before the U.S. Department of Labor and the Illinois Department of Human Rights, Defendants explicitly claimed Plaintiff was terminated for alleged "incompetence," submitting sworn expert statements in support. Those statements were heavily relied upon by the agencies, particularly the Illinois Department of Human Rights, which ultimately dismissed Plaintiff's claims.

However, before this Court, Defendants now assert a conflicting narrative: that Plaintiff was not terminated at all (Dkt. #53 pg. 3 ¶11). Alternatively, they suggest she was removed for other reasons, including being "alarmist," unprofessional, or failing to follow chain of command (Dkt. #53 pg. 34). These positions contradict each other and have been asserted in the same forum—this Court. Under New Hampshire v. Maine, 532 U.S. 742, 750-51 (2001), and Grochocinski v. Mayer Brown Rowe & Maw LLP, 719 F.3d 785, 795 (7th Cir. 2013), judicial estoppel bars such clearly inconsistent litigation positions.

**II. COLLATERAL ESTOPPEL BARS RELITIGATION OF TERMINATION STATUS**

Defendants have conclusively resolved the issue of termination by formally denying in their pleadings that Plaintiff was terminated (Dkt. #53 pg. 3 ¶11). Additionally, they have certified compliance with the Illinois Personnel Record Review Act, 820 ILCS 40/1 et seq., confirming that Plaintiff's personnel file is complete and contains no documentation evidencing a

2

termination or adverse action (Dkt. #53 pg. 28 ¶92). That admission, combined with their denial in court, constitutes a binding determination that Plaintiff was not terminated. Under *Montana v. United States*, 440 U.S. 147, 153 (1979), the relitigation of this fact is barred.

## III. EQUITABLE ESTOPPEL BARS ASSERTION OF NEW TERMINATION THEORIES

Defendants' inconsistent assertions have misled both Plaintiff and administrative tribunals. Plaintiff structured her filings, expert disclosures, and evidentiary development in reliance on Defendants' sworn representation that she was terminated for incompetence. Only after Plaintiff's expert rebutted this basis—citing FDA compliance, industry standards, and comparator conduct—did Defendants pivot to new, unsupported termination theories.

Defendants also represented that Plaintiff's personnel file was complete and that no termination documentation exists (Dkt. #53 pg. 28 ¶92). Under Heckler v. Cmty. Health Servs., 467 U.S. 51, 59 (1984), and Bomba v. W.L. Belvidere, Inc., 579 F.2d 1067, 1071 (7th Cir. 1978), Defendants should be equitably estopped from changing their position to the detriment of Plaintiff and the judicial process.

3

**CONCLUSION**

**For the foregoing reasons,** Plaintiff respectfully requests that the Court:

1. Bar Defendants from asserting any termination-based defense or justification, including alleged incompetence, alarmism, failure to follow policy, or after-acquired evidence.

2. Strike all references to Plaintiff's termination or alleged misconduct as a basis for any adverse action.

3. Grant such other relief as the Court deems just and proper.

Submitted: May 1, 20205                                   Respectfully submitted,

                                                          /S/ Mary Madison
                                                          9758 S Charles
                                                          Chicago, Il 60643
                                                          6152396684
                                                          Mdj123197@aol.com

4