



FILED
5/1/2025
KSR
THOMAS G. BRUTON
CLERK, U.S. DISTRICT COURT

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS

MARY MADISON,
Plaintiff,

v.

CREATIVE WERKS, LLC,
and Steve Schroeder, individually,
Defendants.

Civil Action No. Case No. 23CV16476
Honorable Judge Manish S. Shah

## MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S RULE 12(f) MOTION TO STRIKE DEFENDANTS' INSUFFICIENT AFFIRMATIVE DEFENSES

### INTRODUCTION

Federal Rule of Civil Procedure 12(f) permits the Court to strike from a pleading "an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). Defendants have asserted a series of conclusory and undeveloped affirmative defenses that fail to satisfy federal pleading standards and are otherwise legally deficient.

As the Seventh Circuit has held, a motion to strike is appropriate where the asserted defenses "are so legally insufficient that it is beyond cavil that defendants could not prevail on them." Heller Fin., Inc. v. Midwhey Powder Co., 883 F.2d 1286, 1294 (7th Cir. 1989). Affirmative defenses must contain more than bare legal conclusions; they must include sufficient factual content to provide fair notice of the defense under the Twombly and Iqbal plausibility standard. See Iqbal, 556 U.S. 662, 678 (2009); Twombly, 550 U.S. 544, 555 (2007).

1

**LEGAL STANDARD**

Rule 12(f) provides that a district court "may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed.R.Civ.P. 12(f). The court may either strike on its own or on a motion by a party and has considerable discretion in striking any redundant, immaterial, impertinent or scandalous matter. *Id.; Talbot v. Robert Matthews Distrib. Co.,* 961 F.2d 654, 665 (7th Cir.1992).

**ARGUMENT**

Federal Rule of Civil Procedure 8(c) requires affirmative defenses to be pled with a sufficient factual basis to give fair notice. *Heller Financial, Inc. v. Midwhey Powder Co.,* 883 F.2d 1286, 1294 (7th Cir. 1989). Defendants assert defenses such as same actor inference, after-acquired evidence, same decision, legitimate reasons and mixed motive, failure to plead retaliation under Title VII, and that damages should be limited all without a factual basis:

**A**. **THE "SAME ACTOR" INFERENCE IS NOT A PROPER AFFIRMATIVE DEFENSE AND IS FACTUALLY UNDEVELOPED**

Defendants raise the "same actor" inference without identifying who hired, suspended, and allegedly fired Plaintiff or explaining how that negates retaliatory motive or the adverse actions taken against Plaintiff. This is not an affirmative defense, but at most a rebuttal argument, and is

improperly pled as a standalone defense. Further, same-actor inference may be rebutted by evidence of discriminatory motive.

To the extent Defendants invoke this inference without factual identification of the relevant decision-makers, their argument is speculative and cannot be credited at the pleading stage without evidentiary support.  See *Anderson v. Liberty Lobby, Inc.* 477 U.S. 242, 249 (1986) (non-moving party may not rest upon the mere allegations or denials of his pleading, but . . . must set forth specific facts showing that there is a genuine issue); *Celotex Corp. v. Catrett,* 477 U.S. 317, 322 (1982)

Additionally, this issue is moot, relative to Plaintiff's alleged termination, as there is no evidence to support that any discrete adverse action was taken by Defendants other than Plaintiff's October 26, 2022, suspension letter (Dkt. # 53 pg. 28 #92).

## B. **After-Acquired Evidence Defense Is Legally Defective, Moot, and Contradicted by the Record**

Defendants assert an after-acquired evidence defense, suggesting that newly discovered misconduct—would have justified termination. This defense is not only insufficiently pled, but also entirely inapplicable and contradicted by the Defendants' own admissions.

**1. The After-Acquired Evidence Defense Is Moot Where No Termination Occurred**

Crucially, Defendants have failed to produce any documented evidence of a discrete act of termination. They have not provided a termination letter, a separation notice, or any contemporaneous record indicating Plaintiff's employment ended through formal discharge. Their own pleadings and personnel file admit the absence of such documentation. Indeed, Defendants maintain Plaintiff's file is complete and nothing was withheld—yet it contains no indication of a termination event.

In the absence of a documented termination, the entire premise of an after-acquired evidence defense becomes moot. There is no adverse employment action to retroactively justify the defense

See McKennon v. Nashville Banner Publ'g Co., 513 U.S. 352, 361–62 (1995) (after-acquired evidence only limits relief if "the employer would have terminated the employee on lawful grounds had it known of the misconduct").

**2. The Defense Lacks the Specificity Required by Rule 8**

Defendants fail to identify:

What the alleged after-acquired evidence is;

When it was discovered;

How it relates to Plaintiff's employment; or

4

How it would have caused termination had it been known.

Without these essential elements, the defense is conclusory and fails under Rule 8(c). Courts in the Seventh Circuit routinely strike such undeveloped defenses. See Heller Fin., Inc. v. Midwhey Powder Co., 883 F.2d 1286, 1294 (7th Cir. 1989);

### 3. The Defense Is Contradicted by Defendants' Prior Representations and Personnel File

Defendants previously represented to the Department of Labor and the Illinois Department of Human Rights that Plaintiff was terminated for "incompetence." These administrative filings include sworn statements and a position letter, none of which reference the alleged failure to follow the chain of command[1] and company policy or other justifications now asserted.

The absence of any disciplinary record, warning, or performance deficiency in Plaintiff's file (Dkt. #53 pg. 28 ¶92 )contradicts Defendants' current assertions.

### 4. Judicial Estoppel Bars the Shift in Termination Theory

This attempt to pivot to a new justification based on vague, after-acquired allegations conflicts with Defendants' prior sworn positions. The doctrine of judicial estoppel bars such a maneuver where a party "assumes a certain position in a legal proceeding, and succeeds in maintaining that position," only to later adopt an inconsistent one in a different forum. See New Hampshire v.

---

[1] This allegation in itself is inherently flawed, due to Defendants' open door policy to which it admitted to in its pleadings (Dkt. #53 pg. 19 #55-57 & Fn. #8) and to which the FDA investigator noted in her report of the Septmber 28-29, 2022 investigation and audit (Dkt. #1, pg. 16 ¶6).

Maine, 532 U.S. 742, 749–50 (2001); Grochocinski v. Mayer Brown Rowe & Maw LLP, 719

F.3d 785, 795–96 (7th Cir. 2013).

Defendants' after-acquired evidence defense is moot, as Plaintiff was never formally terminated

and no documentation supports a discrete discharge. The defense is also factually unsupported,

procedurally insufficient, and legally precluded by judicial estoppel. It must be stricken under

Rule 12(f).

C. **Defendants' "Mixed-Motive" and "Legitimate Reasons" Defenses Are Factually**
**Deficient and Legally Unsupported**

Defendants assert as affirmative defenses that Plaintiff was terminated for "legitimate,

non-discriminatory reasons," including that her report was allegedly "alarmist," "error-filled,"

and "unprofessional," and that she failed to follow protocol or chain of command. To the extent

these claims are offered as a "mixed-motive" defense under Price Waterhouse v. Hopkins, 490

U.S. 228 (1989), or as an assertion of legitimate justification under McDonnell Douglas Corp. v.

Green, 411 U.S. 792 (1973), they are not properly pled and must be stricken under Rule 12(f).

First, conclusory labels such as "alarmist" and "unprofessional" are not factual allegations. They

are subjective characterizations unsupported by any disciplinary history, documented standards,

or citations to performance evaluations. Defendants admit that Plaintiff's personnel file is

complete (Dkt. #53 pg. 28 ¶92); containing no negative documentation contemporaneous with

the alleged conduct. Courts in the Seventh Circuit have consistently held that such post hoc

rationalizations, unsupported by the contemporaneous record, are insufficient to establish a legitimate reason for adverse action. See Hobgood v. Illinois Gaming Bd., 731 F.3d 635, 646 (7th Cir. 2013)

Second, a mixed-motive defense is not a blanket justification for discriminatory conduct. Under 42 U.S.C. § 2000e–5(g)(2)(B), the burden is on the employer to prove beyond a preponderance off the evidence that it would have taken the same action in the absence of the impermissible motive. At the pleading stage, that defense must still be supported by concrete facts—not generalities or shifting rationales. Here, the mixed-motive theory is undercut by Defendants' previous representations to the Illinois Department of Human Rights and Department of Labor, where they asserted Plaintiff was terminated solely due to incompetence—an explanation they have now abandoned.

Moreover, comparator evidence further undermines any "legitimate" basis for the adverse action. Plaintiff has alleged, and Defendants do not dispute, that Zicher—a similarly situated comparator—who engaged in public policy violations relative to introducing adulterated and deleterious food into the stream of commerce (Dkt. #53, as well as engaging in substantially similar conduct as Plainitff without discipline. Notably, the FDA investigation and audits substantiate Plaintiff's concerns regarding adulterated food and FSMA compliance, validating the substance of her report. In fact, Zicher privately and publicly complimented Plaintiff's performance, undercutting any claim of deficient professionalism.

Lastly, any mixed-motive or legitimate-reasons defense must be rejected where, as here, the employer fails to identify who made the final decision to terminate, under what standards or

procedures, and in what manner the alleged misconduct actually contributed to the outcome. See *Loudermilk v. Best Pallet Co.,* LLC, 636 F.3d 312, 315 (7th Cir. 2011) ("[A]n employer who offers a pretextual reason for firing an employee shows that it may have something to hide, and thus increases the likelihood that the true reason was unlawful.").

For these reasons, Defendants' mixed-motive and legitimate reasons defenses are insufficient as a matter of law and must be stricken under Rule 12(f).

**D. The "Same Decision" Defense Is Factually and Legally Deficient**

Defendants assert they would have made the same decision to terminate Plaintiff even absent any unlawful motive, citing vague claims that Plaintiff's report was "unprofessional," "alarmist," and "filled with errors," and that she failed to follow "protocol" or the "chain of command." However, this affirmative defense is not supported by any specific factual allegations demonstrating a legitimate, contemporaneous basis for the termination, as required under federal pleading standards.

The "same decision" or same-decision affirmative defense originates from Price Waterhouse v. Hopkins, 490 U.S. 228 (1989), and was later codified in part under Title VII, 42 U.S.C. § 2000e–5(g)(2)(B). It permits limited relief where a defendant proves, by a preponderance of the evidence, that it would have made the same decision even without the impermissible motive. However, as a pleading, it must be supported by specific facts showing a nondiscriminatory basis for the decision that existed contemporaneously with the adverse action. Unsupported

8

statements, whether in oral argument, *In re: Payne,* 431 F.3d 1055, 1060 (7th Cir.2005), or in briefs do not count. *See Woolard v. Woolard,* 547 F.3d 755 (7th Cir.2008); *United States v. Stevens,* 500 F.3d 625, 628-629 (7th Cir. 2007)

Here, Defendants' assertion rests entirely on post hoc rationalizations and is contradicted by their own judicial admissions:

Defendants concede Plaintiff's personnel file was complete and contained no adverse documentation (Dkt. #53 pg. 28 ¶92).

They offer no disciplinary records, written warnings, or evidence of contemporaneous objections to Plaintiff's conduct.

Plaintiff's report and conduct were allegedly "alarmist," but Defendants cite no policy, standard, or instruction that Plaintiff violated—nor any prior discipline or counseling.

Further, Defendants have abandoned their original stated basis for termination—"incompetence"—as represented in proceedings before the Illinois Department of Human Rights and the Department of Labor. The "same decision" theory now advanced is inconsistent with their prior representations and constitutes improper shifting justifications, which courts have recognized as probative of pretext. See Rudin v. Lincoln Land Cmty. Coll., 420 F.3d 712, 727 (7th Cir. 2005).

Defendants' failure to plead a coherent, fact-based alternative reason—contemporaneous with the adverse action—renders the "same decision" defense legally insufficient. As such, it must be stricken. See Heller v. Midwhey Powder Co., 883 F.2d 1286, 1294 (7th Cir. 1989) (affirmative defenses must be stricken where they are conclusory or legally inadequate on their face).

**E. Defendants Waived Challenges to Plaintiff's Retaliation and § 1981 / § 1985 Claims**

Defendants claim Plaintiff failed to plead retaliation under Title VII, but the Complaint alleges protected activity, causation, adverse action, and harm. Moreover, Defendants failed to adequately plead any defense to Plaintiff's various claims under 42 U.S.C. §§ 1981 and 1985(3). By omitting a defense, they waived it. Henry v. Hulett, 969 F.3d 769, 786 (7th Cir. 2020) (en banc), quoting United States v. Olano, 507 U.S. 725, 733 (1993); Fed. R. Civ. P. 8(c).

**F. The Attempt to Preemptively Limit Damages Is Legally Insufficient**

Defendants assert Plaintiff's damages should be limited based on hypothetical "legitimate" reasons that were never disclosed or substantiated. This fails to provide fair notice and lacks the factual predicate necessary under Twombly and Iqbal. See Hernandez v. City of Chicago, 2022 WL 1566238, at 4 (N.D. Ill. May 18, 2022).

**DEFENDANTS' JUDICIAL ADMISSIONS CONTRADICT THEIR DEFENSES**

**Defendants admitted:**

1. Plaintiff reported food safety, race, and sex claims (Dkt. 53 pg. 26 ¶84 and pg. 29 ¶95);

2. Plaintiff's personnel file lacked negative performance reviews (Dkt. #53, pg. 28, ¶92);

3. Plaintiff's personnel file lacked termination documents (Dkt. #53, pg. 28, ¶92);

4. They withheld no documents from Plaintiff's personnel file (Dkt. #53, pg. 28, ¶92);

5. Comparator Zicher was not subject to discipline (Dkt. 53, pg.27 ¶86 and pg. 30 ¶99).

These binding judicial admissions render Defendants' affirmative defenses of after-acquired evidence, same decision, and mixed motive implausible as a matter of law. See Keller v. United States, 58 F.3d 1194, 1199 n.8 (7th Cir. 1995).

**CONCLUSION**

Defendants' affirmative defenses are either legally invalid, factually unsupported, or contradicted by their own pleadings and admissions. Plaintiff respectfully requests that the Court strike the above-identified affirmative defenses pursuant to Rule 12(f).

Submitted: May 1, 2025                          Respectfully submitted,


                                                /S/ Mary Madison
                                                9758 S Charles
                                                Chicago, Il 60643
                                                6152396684
                                                Mdj123197@aol.com

CERTIFICATE OF SERVICE

The undersigned, Mary Madison, certifies that on May 1, 2025, I caused to be served true

and correct copies of the foregoing Plaintiff's Rule 12(f) motion and Memorandum by causing a

copy to be served on the persons identified on the docket's service list through Notice

of Electronic Filing generated by the Court's CM/ECF system:

Respectfully submitted,


/S/ Mary Madison
9758 S Charles
Chicago, Il 60643
6152396684
Mdj123197@aol.com