


UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS

MARY MADISON,
Plaintiff,

v.                                          Civil Action No. Case No. 23CV16476
                                               Honorable Judge Manish S. Shah

CREATIVE WERKS, LLC,
and Steve Schroeder, individually,
Defendants.

## PLAINTIFF'S STATEMENT OF UNDISPUTED MATERIAL FACTS RULE 12(c)

Defendants are regulated by the Food and Drug Administration.

Defendants are subject to the Food, Drug, and Cosmetic Act, hereinafter "FDCA" as amended by FSMA.

21 U.S.C. §§ 331, 333, 334 & 335(a) are codified under FDCA.

Defendants admitted that one of Plaintiff's duties was to ensure regulatory compliance with FSMA. (Dkt. #53 pg. 5 ¶2)

Plaintiff was hired by Defendants specifically for her subject matter knowledge in regulatory compliance and quality assurance (Dkt. #53, pg. 22, ¶71; pg. 7, ¶8)

Defendants had an FDA visit on September 28-29, 2022 (Dkt. #53 pg. 7 ¶9).

Defendants admitted that there was an FDA complaint Dkt. #53 pg. 7 fn. 3 and pg 9 ¶14)

Defendants admit that the FDA inspector makes note in the report (Exhibit 4 of Dkt. #1-pg. 36) of Defendants' see something, say something policy. (Dkt. #53 pg. 19 Fn. ¶8)

Defendants introduced adulterated product(s) into the stream of commerce. Dkt. #53, pg. 7 fn.

Defendants maintained an Open Door Policy allowing employees to report concerns directly to executive leadership without retaliation (Dkt. #53 pg. 19 ¶55-57 & Fn. 8)

On October 21, 2022, Plaintiff raised analogous food safety concerns that ZIcher had raised with management (Dkt. #53 pg. 20 ¶60-61)

Plaintiff was suspended, first with pay on October 26, 2022 (Dkt. #53 pg. 23 ¶75)

Defendants admitted Plaintiff was given a written suspension letter dated October 26, 2022 (Dkt. #53 pg. 23 ¶75).

Plaintiff objected to having to see outside legal counsel and requested that legal counsel accompany her. (Dkt. #53 pg. 25 ¶82)

Plaintiff was suspended three (3) business days, on October 26, 2022, after having the conversation with Defendant Schroeder regarding the Risk Analysis and other compliance issues (Dkt. #53 pg. 12 ¶26 and pg. 20 ¶60-61).

Plaintiff was subsequently suspended without pay on November 8, 2025, following her objections to having to see Defendants' outside counsel—-an undisputed fact by Defendants.

In January 2023, Plaintiff reported concerns of racial and sex-based disparate treatment, retaliation, and food safety violations under FSMA to Defendants (Dkt. #53 pg. 29 ¶95)

Defendants admitted that Zicher was never disciplined for the allegations raised by Plaintiff. (Dkt. #53 pg. 27 ¶86 and pg. 30 ¶99)

Defendants never denied that Zicher and Plaintiff were not similarly situated comparators—- an undisputed fact by Defendants.

Defendants admitted that Plaintiff denied making unfounded allegations (Dkt. #52 pg. 24 ¶76).

Plaintiff was never issued a discrete termination letter or formal separation notice (Dkt. #53 pg. 28 ¶92).

Plaintiff was never issued a discrete notice of poor performance (Dkt. #53 pg. 28 ¶92).

Plaintif requested her personnel file pursuant to the Illinois Personnel Review Act (Dkt. #53 pg. 28 ¶92)

Defendants admitted that Plaintiff was given a suspension letter.

Defendants admitted that Plaintiff was suspended (Dkt. #53 pg. 23 ¶75).

Defendants admitted that the outside counsel claimed attorney-client privilege (Dkt. #53 pg. 28 ¶93).

Defendants admitted they had an internal investigation without Plaintiff (Dkt. #53 pg. 24 ¶77).

Defendants admitted that no documents were withheld from Plaintiff's personnel file, pursuant to Plaintiff's request under the Illinois Personnel Review Act (Dkt. #53 pg. 28 ¶92).

Zicher, a similarly situated employee outside Plaintiff's protected classes, engaged in conduct resulting in adulterated products being introduced into commerce, yet suffered no adverse employment actions (Dkt. #1, pp. 36–52 & pp. 72–78; Dkt. #53, pg. 7 fn. 3 & pg. 9 ¶14).

Plaintiff's complaints triggered an internal investigation purportedly conducted by outside legal counsel, which Defendants later claimed was privileged and refused to disclose, while having conditioned Plaintiff's continued employment on her participation in the investigation (Dkt. #1 pg. 60 and Dkt. #53 pg. 23 ¶75, pg. 25 ¶82 and pg. 28 ¶93)

Defendants hired and funded an expert witness (Dkt. #53 pg. 30 ¶98)

Plaintiff's personnel record reflected no deficiencies in job performance (Dkt. #53 pg. 28 ¶92).

Defendants have not properly alleged that Plaintiff failed to meet legitimate employment expectations prior to her protected activity—- an undisputed fact by Defendants.

Defendants alleged that Plaintiff's communications were "alarmist" and "unprofessional" but offered no meaningful example of how these communications were deficient—- an undisputed fact by Defendants. Nor were there any documented prior warnings or corrective actions (Dkt. #53 pg. 28 ¶92).
Defendants hired Plaintiff to manage its regulatory and compliance issues. (Dkt. #53 pg. 7 ¶8)

Defendants denied they terminated Plaintiff (Dkt. #53 pg. 3 ¶11)

Defendants did not raise an affirmative defense to Plaintiff's claim under 42 USC 1981 (Dkt. #53).

Defendants did not deny Plaintiff's claim under 42 USC 1985 (Dkt. #53).

Defendants did not deny Plaintiff's hostile work environment claim (Dkt. #53).

Defendants have abandoned their expert witness (Dkt. #53 pg. 31 ¶100).

Defendants were noticed by Plaintiff's food safety, race, and sex claims (Dkt. #53 pg. 26 ¶84 and pg. 29 ¶95).

Defendants withheld Plaintiff's sign-on bonus (Dkt. #53 pg. 25 ¶79)

Defendants did not require Zicher to meet with outside counsel.

Respectfully submitted,
[Your Name/Signature Block]
Attorney for Plaintiff