

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS

MARY MADISON,
Plaintiff,

v.

CREATIVE WERKS, LLC,
and Steve Schroeder, individually,
Defendants.

Case No. 23CV16476
Honorable Judge Manish S. Shah

**PLAINTIFF'S RULE 12(f) MOTION TO STRIKE DEFENDANTS' INSUFFICIENT AFFIRMATIVE DEFENSES**

Plaintiff respectfully moves this Court under Rule 12(f) of the Federal Rules of Civil Procedure to strike the following insufficient and improperly pleaded affirmative defenses asserted by Defendants in their Answer:

I. INTRODUCTION

Defendants have raised boilerplate and conclusory affirmative defenses that fail to provide Plaintiff with fair notice and are legally insufficient under Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007), and Ashcroft v. Iqbal, 556 U.S. 662 (2009). Courts in this District routinely strike such affirmative defenses under Rule 12(f). See Heller Fin., Inc. v. Midwhey Powder Co., 883 F.2d 1286, 1294 (7th Cir. 1989).

## II. DEFENSES THAT MUST BE STRICKEN

A. Same Actor Inference

Defendants assert that the same actor participated in the adverse action. However, they fail to identify the actor(s) or the relevant timing, and omit comparator treatment, rendering this defense conclusory and insufficient. See Heller, 883 F.2d at 1294.

B. After-Acquired Evidence

Defendants invoke the after-acquired evidence doctrine without identifying what evidence they discovered, when they discovered it, or how it would have led to termination. This does not meet Rule 8 pleading standards. See Iqbal, 556 U.S. at 678. Nor does it meet the McKennon framework.

C. Same Decision

Defendants allege Plaintiff acted unprofessionally or submitted an "error-filled" report, but provide no contemporaneous records, discipline, or evaluations. The personnel file is devoid of such evidence, undermining the defense's factual basis. Unsupported statements, whether in oral argument, *In re: Payne,* 431 F.3d 1055, 1060 (7th Cir.2005), or in briefs do not count. *See Woolard v. Woolard,* 547 F.3d 755 (7th Cir.2008);

D. Failure to Address Title VII Retaliation or §§ 1981 and 1985

Defendants assert that Plaintiff failed to plead retaliation under Title VII, yet the Complaint clearly alleges protected activity and causation. They also failed to affirmatively plead any defense to claims under 42 U.S.C. §§ 1981 and 1985(3), and those defenses are now waived. See

Henry v. Hulett, 969 F.3d 769, 786 (7th Cir. 2020) (en banc), quoting United States v. Olano, 507 U.S. 725, 733 (1993); Fed. R. Civ. P. 8(c).

E. **"Mixed-Motive"** and "Legitimate Reasons" Defenses Are Factually Deficient and Legally Unsupported

Defendants assert as affirmative defenses that Plaintiff was terminated for "legitimate, non-discriminatory reasons," including that her report was allegedly "alarmist," "error-filled," and "unprofessional," and that she failed to follow protocol or chain of command. To the extent these claims are offered as a "mixed-motive" defense under Price Waterhouse v. Hopkins, 490 U.S. 228 (1989), or as an assertion of legitimate justification under McDonnell Douglas Corp. v. Green, 411 U.S. 792 (1973), they are not properly pled and must be stricken under Rule 12(f). Further, Defendants seek to limit Plaintiff's damages by invoking undefined "other legitimate" reasons without articulating any facts or evidence. This fails to meet minimum pleading standards. Fed. R. Civ. P. 8(c).

III. JUDICIAL ADMISSIONS DEFEAT THESE DEFENSES

Defendants have admitted material facts that contradict these defenses, including:

Plaintiff's protected activity; (Dkt. #53 ¶26, 60, 61, 75, 77, 78 & 81)

No documentation of poor performance or discipline in Plaintiff's personnel file; (Dkt. #53, pg 28 ¶92

Comparator (Zicher) engaged in similar conduct without discipline; (Dkt. #53 pg. 27 ¶86 & pg. 30 ¶99

Such admissions are binding and render several defenses implausible or inconsistent. See Keller v. United States, 58 F.3d 1194, 1199 n.8 (7th Cir. 1995).

IV. CONCLUSION

Because Defendants' affirmative defenses are insufficient as a matter of law, fail to provide fair notice, or are contradicted by their own admissions, Plaintiff respectfully requests the Court strike them pursuant to Rule 12(f).

Respectfully submitted,

/S/ Mary Madison
9758 S Charles
Chicago, Il 60643
6152396684
Mdj123197@aol.com