


UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS

MARY MADISON,
Plaintiff,

v.

Case No. 23CV16476
Honorable Judge Manish S. Shah

CREATIVE WERKS, LLC,
and Steve Schroeder, individually,
Defendants.

**PLAINTIFF'S MOTION TO BAR TERMINATION-BASED DEFENSES UNDER THE DOCTRINES OF JUDICIAL ESTOPPEL, COLLATERAL ESTOPPEL, AND EQUITABLE ESTOPPEL**

NOW COMES Plaintiff and respectfully moves this Honorable Court to estop Defendants from asserting inconsistent, contradictory, and unsupported justifications for Plaintiff's termination in this proceeding. Based on the doctrines of judicial estoppel, collateral estoppel, and equitable estoppel, Defendants should be barred from advancing any theory of termination. In support, Plaintiff states as follows:

**I. DEFENDANTS' INCONSISTENT POSITIONS WARRANT JUDICIAL ESTOPPEL**

Defendants have taken inconsistent and irreconcilable positions regarding whether Plaintiff was terminated and the reasons for such termination. In proceedings before the U.S.

1

Department of Labor and the Illinois Department of Human Rights, Defendants explicitly claimed Plaintiff was terminated for alleged "incompetence" or some variation thereof, submitting sworn expert statements in support. Those statements were heavily relied upon by the agencies, particularly the Illinois Department of Human Rights, which ultimately dismissed Plaintiff's claims.

However, before this Court, Defendants now assert a conflicting narrative: that Plaintiff was not terminated at all (Dkt. #53 pg. 3 ¶11). Alternatively, they suggest she was removed for other reasons, including being "alarmist," unprofessional, or failing to follow chain of command (Dkt. #53 pg. 34). These positions contradict each other and have been asserted in the same forum—this Court. Under New Hampshire v. Maine, 532 U.S. 742, 750-51 (2001), and Grochocinski v. Mayer Brown Rowe & Maw LLP, 719 F.3d 785, 795 (7th Cir. 2013), judicial estoppel bars such clearly inconsistent litigation positions.

## II. COLLATERAL ESTOPPEL BARS RELITIGATION OF TERMINATION STATUS

Defendants have conclusively resolved the issue of termination by formally denying in their pleadings that Plaintiff was terminated (Dkt. #53 pg. 3 ¶11). Additionally, they have certified compliance with the Illinois Personnel Record Review Act, 820 ILCS 40/1 et seq., confirming that Plaintiff's personnel file is complete and contains no documentation evidencing a termination or adverse action (Dkt. #53 pg. 28 ¶92). That admission, combined with their denial in court, constitutes a binding determination that Plaintiff was not terminated. Under *Montana v. United States*, 440 U.S. 147, 153 (1979), the relitigation of this fact is barred.

## III. EQUITABLE ESTOPPEL BARS ASSERTION OF NEW TERMINATION THEORIES

Defendants' inconsistent assertions have misled both Plaintiff and the administrative tribunals. Plaintiff structured her filings, expert disclosures, and evidentiary development in reliance on Defendants' sworn representation that she was terminated for incompetence. Only after Plaintiff's expert rebutted this basis—citing FDA compliance, industry standards, and comparator conduct—did Defendants pivot to new, unsupported termination theories.

Defendants also represented that Plaintiff's personnel file was complete and that no termination documentation exists (Dkt. #53 pg. 28 ¶92). Under Heckler v. Cmty. Health Servs., 467 U.S. 51, 59 (1984), and Bomba v. W.L. Belvidere, Inc., 579 F.2d 1067, 1071 (7th Cir. 1978), Defendants should be equitably estopped from changing their position to the detriment of Plaintiff and the judicial process.

Moreover, these defenses serve only to prejudice Plaintiff and fail to rebut the claims of pretext or retaliation, particularly where they were not contemporaneously cited as the basis for termination. Courts have consistently held that such unsupported rationalizations are legally insufficient and should be stricken as impertinent or prejudicial under Rule 12(f), Fed. R. Civ. P. See also McKennon v. Nashville Banner Publ'g Co., 513 U.S. 352, 360–63 (1995); EEOC v. AutoZone, Inc., 707 F.3d 824, 835–36 (7th Cir. 2013).

**CONCLUSION**

**For the foregoing reasons,** Plaintiff respectfully requests that the Court:

1. Bar Defendants from asserting any termination-related justification—including alleged incompetence, alarmism, policy violations, or after-acquired evidence—because such claims rely on documents and performance metrics not contained in Plaintiff's personnel file pursuant to the Illinois Personnel Record Review Act, 820 ILCS 40/2. Employers are prohibited from using records in employment-related decisions unless those records were made available to the employee in their personnel file. Any post hoc reliance on undisclosed materials violates this statutory protection (Dkt. #53, pg. 28 ¶92).

2. Strike all references to Plaintiff's termination or alleged misconduct as a basis for any adverse action.

3. Grant such other relief as the Court deems just and proper.

Submitted: June 25, 2025 Respectfully submitted,

/S/ Mary Madison
9758 S Charles
Chicago, Il 60643
6152396684
Mdj123197@aol.com

4