UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS

MARY MADISON,

Plaintiff,

v.                                         Case No. 23CV16476

                                           Honorable Judge Manish S. Shah

CREATIVE WERKS, LLC,

and Steve Schroeder, individually,

Defendants.

PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT

Plaintiff Mary Madison, pursuant to Federal Rule of Civil Procedure 56, respectfully moves this Court for an order granting summary judgment against Defendants Creative Werks, LLC and Steve Schroeder. The undisputed evidence confirms Defendants engaged in retaliation, racial discrimination, financial harm, procedural misconduct, and improper privilege invocation, eliminating any genuine dispute of material fact and entitling Plaintiff to judgment as a matter of law.

**I. LEGAL STANDARD**

Summary judgment is warranted when "there is no genuine dispute as to any material fact" and the moving party "is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Courts grant summary judgment when judicial admissions eliminate factual disputes, adverse inferences apply due to missing evidence, and shifting justifications demonstrate pretext. Reeves v. Sanderson

1

Plumbing Prods., Inc., 530 U.S. 133 (2000); Keller v. U.S., 58 F.3d 1194 (7th Cir. 1995); Bracey v. Grondin, 712 F.3d 1012 (7th Cir. 2013).

## II. STATEMENT OF UNDISPUTED MATERIAL FACTS

**See Separate Attached Statement of Undisputed Facts.**

## III. INTRODUCTION

Plaintiff brings this action against Defendants under Title VII, 42 U.S.C. §§ 1981 and 1985 for retaliation, disparate treatment, hostile work environment, and conspiracy, stemming from her wrongful suspension, financial retaliation, reputational harm, and exclusion from workplace functions after she engaged in protected activity related to regulatory compliance violations.

Critically, Defendants have waived their ability to challenge Plaintiff's retaliation, hostile work environment, § 1981, and § 1985(3) claims—including Plaintiff's disparate treatment allegations—by failing to raise objections in their Rule 12 Motion to Dismiss. The Court's prior ruling confirms that Defendants only contested aspects of Plaintiff's Title VII claims, meaning all remaining claims, including those based on unequal treatment compared to similarly situated employees, are preserved for summary judgment (Hager v. City of West Peoria, 84 F.3d 865, 868 (7th Cir. 1996)).

Under Federal Rule of Civil Procedure 12(h)(2), Defendants' failure to challenge these claims constitutes waiver, barring them from introducing new defenses at this stage (Beaumont v. General Motors Corp., 102 F.3d 302, 307 (7th Cir. 1996)). Additionally, Defendants' admissions, shifting explanations, and documented adverse actions provide overwhelming evidence supporting Plaintiff's claims.

2

Given the short temporal gaps between protected activity and retaliation, Defendants' shifting explanations, and procedural waiver of defenses, Plaintiff is entitled to summary judgment as a matter of law.

## IV. ARGUMENT

### A. Judicial Admissions Establish Liability

**Issue:** Defendants' own judicial admissions confirm liability for adverse employment actions.

**Rule:** Keller v. U.S., 58 F.3d 1194 (7th Cir. 1995) establishes that judicial admissions eliminate factual disputes and prevent parties from shifting explanations.

**Analysis:**

Defendants admitted that they suspended Plaintiff after she engaged in protected activity relative to raising concerns of FFDCA non-conformance's (Undisputed Fact #38). Defendants also admitted that they withheld Plaintiff's sign-on bonus (Undisputed Facts #45 & 46). Defendants also did not deny that Plaintiff's paid suspension transitioned to non-paid, after Plaintiff objected to having to see Defendants outside legal counsel and requesting legal representation (Undisputed Facts 44 & Dec. pg. 24 ¶3). Defendants also admitted that Zicher was not subject to any adverse employment actions, that he was part of their operations team and that they had FDA complaints under Zicher's leadership (Undisputed Facts # 9, 10, 12, & 48-54). Further, Plaintiff's personnel file contained no termination records or documented performance deficiencies, foreclosing any legitimate basis for adverse action (Undisputed Facts #18-20). Disparate treatment strengthens Plaintiff's discrimination claims under Title VII & § 1981.

Additionally, Defendants admitted Plaintiff was employed but is no longer employed by them (Undisputed Fact #2), confirming an adverse employment action. Defendants admit that they did not terminate Plaintiff (Undisputed fact #3), but later assert an affirmative defense to support that Plaintiff was terminated for policy violations and/or after acquired evidence (Dkt. #53 pg. 34 Third Affirmative Defense). Further, Defendants' Answer admitted no termination letter or negative performance records existed (Undisputed Facts #18-20), but their affirmative defenses claim Plaintiff was terminated for cause.

**Fact:** Judicial estoppel applies because Defendants initially denied Plaintiff was terminated but later reversed their position, barring them from arguing new justifications (New Hampshire v. Maine, 532 U.S. 742, 749 (2001)).

Similarly, Defendants denied comparator Zicher's preferential treatment while admitting Zicher engaged in regulatory violations (Undisputed Facts #49, 50 & 53). Defendants admitted Plaintiff was required to meet with outside counsel as a mandatory employment condition, then suppressed investigative findings. (Undisputed Facts #27 & 68)

**Impact:**

Defendants' admissions remove any factual dispute regarding termination, adverse employment actions, procedural misconduct, and retaliation, making summary judgment appropriate and allowing the Court to rule on liability without needing further evidentiary development. Further, Defendants' contradictory explanations reinforce pretext and procedural manipulation. Additionally, selective enforcement proves pretext, further invalidating Defendants' defenses.

Defendants inconsistent statements invalidate their defenses. And without termination records or documented performance issues, Defendants lack a legitimate basis for adverse action, supporting Plaintiff's entitlement to summary judgment under Rule 56.

**B. Retaliation Confirmed by Financial Harm – SignOn Bonus & Unpaid Suspension**

**Issue:** Defendants' financial penalties constitute retaliatory adverse actions.

**Rule:** Burlington N. & Santa Fe Ry. Co. v. White, 548 U.S. 53 (2006) establishes that any adverse employment action—including financial penalties—qualifies as retaliation under Title VII.

**Analysis:**

Defendants failed to pay Plaintiff's contractually guaranteed signon bonus, constituting financial retaliation and breach of contract (Undisputed Fact #46).

Transitioning Plaintiff's suspension from paid to unpaid status after she requested counsel constitutes retaliatory punishment, violating Title VII protections (Undisputed Fact # 27).

**Impact:**

Financial penalties imposed after protected disclosures constitute Title VII retaliation. Failure to pay Plaintiff's signon bonus confirms Defendants' retaliatory intent, reinforcing pretext.

**C. Comparator Evidence Establishes Disparate Treatment Under Title VII & § 1981**

**Issue:** disparate treatment of similarly situated employees demonstrates pretext.

**Rule:** Humphries v. CBOCS West, Inc., 474 F.3d 387 (7th Cir. 2007) establishes that comparator evidence is a key factor in proving discrimination under Title VII & § 1981.

Courts recognize disparate treatment as evidence of pretext when a similarly situated employee outside Plaintiff's protected class receives preferential treatment despite engaging in similar or worse conduct.

**Analysis:**

Defendants denied differential treatment in their Answer, rejecting Plaintiff's claim of disparate discipline under Title VII & § 1981.

Plaintiff was suspended, but comparator Zicher—who introduced adulterated food into commerce—faced no discipline, confirming racial discrimination under Title VII & § 1981 (Undisputed Fact #53).

Similarly, Defendants denied comparator Zicher's preferential treatment while admitting Zicher engaged in regulatory violations, but faced no suspension or adverse employment action (Undisputed Facts #49-50).

Plaintiff, in contrast, was suspended just three business days after raising FSMA compliance concerns, further confirming selective enforcement.

**Impact:**

Disparate enforcement of workplace discipline strengthens Plaintiff's claims under Title VII & § 1981.

Defendants' contradictory defenses establish pretext, eliminating any legitimate reason for their adverse actions.

Summary judgment is warranted as Defendants cannot provide a legally consistent explanation for Plaintiff's suspension while comparator Zicher remained unaffected despite violations.

**D. Expert Witness Deficiencies Render Testimony Inadmissible Under Rule 702**

**Issue:** Defendants' expert witness is not qualified under federal evidentiary standards.

**Rule:** Daubert v. Merrell Dow Pharmaceuticals, Inc., 509 U.S. 579 (1993) requires expert testimony to be based on specialized knowledge relevant to the subject matter.

**Analysis:**

Defendants' expert is a microbiologist—not an expert in food safety regulations—rendering her opinion inadmissible under Rule 702 (Dkt. 53, pg. 31 ¶100).

**Impact:**

Without admissible expert testimony, Defendants lack a credible defense for their FSMA compliance claims.

**E. Affirmative Defense Waiver – Procedural Default Bars Defendants' Defenses**

**Issue:** Defendants' failure to properly plead affirmative defenses bars them from invoking such defenses.

**Rule:** Venters v. City of Delphi, 123 F.3d 956 (7th Cir. 1997) confirms that affirmative defenses must be properly pled or they are waived under Rule 8(c).

Defenses such as "Same Decision" and "After Acquired Evidence" and "Mixed Motive" require factual support to be considered valid defenses against discrimination and retaliation claims.

Further, in addition to these defenses not being properly plead, Defendants "Same Actor Inference" is not a legitimate defense and Defendants failure to plead defense is improper in this context, for two (2) reasons the Court ruled on Defendants 12(C) motion and denied it (DKT. ) and Defendants have waived their right to raise any procedural defenses under Fed. R. Civ. P. 12.

**Analysis:**

Defendants failed to properly plead affirmative defenses under Rule 8(c), making them procedurally deficient.

"Same Actor Inference" and "After Acquired Evidence" and "Mixed Motive" defenses lack factual support, as Defendants offered contradictory rationales for Plaintiff's termination.

Waiver of procedural defenses strengthens Plaintiff's entitlement to summary judgment, as Defendants cannot introduce new arguments at this stage.

**Impact:**

Defendants' failure to plead defenses properly bars them from raising those arguments in opposition to summary judgment.

Plaintiff is entitled to summary judgment on all claims without Defendants invoking procedural defenses to obstruct liability.

**F. Adverse Inference for Missing Employment Records Under Rule 37(e)**

**Issue:** Defendants' failure to retain and produce termination related records warrants an adverse inference.

**Rule:** Bracey v. Grondin, 712 F.3d 1012 (7th Cir. 2013) establishes that courts impose evidentiary sanctions when key employment records are missing and Rule 37(e) allows an adverse inference where electronic records have been improperly deleted or withheld.

**Analysis:**

Defendants failed to produce termination records, performance evaluations, or disciplinary warnings, supporting an adverse inference (Undisputed Facts #18-20).

Defendants admitted Plaintiff's personnel file was complete, yet no termination justification exists—suggesting intentional suppression or spoliation of evidence.

Missing records prevent Plaintiff from fully assessing Defendants' basis for employment decisions, reinforcing pretext and procedural misconduct claims.

**Impact:**

Defendants cannot justify adverse employment actions without documentation. Further, Defendants' failure to document termination decisions supports an adverse inference under Rule 37(e). As a direct proximate, Plaintiff is entitled to an adverse inference ruling, strengthening her claims for summary judgment.

**G. Misleading Conduct Regarding Outside Counsel & Abuse of Privilege**

**Issue:** Defendants' coercion in requiring Plaintiff to meet with outside counsel under false pretenses constitutes procedural abuse.

9

**Rule:** Upjohn Co. v. U.S., 449 U.S. 383 (1981) confirms that invoking privilege to suppress findings obstructs procedural fairness when privilege is weaponized to conceal investigative results.

**Analysis:**

Defendants required Plaintiff to meet with outside legal counsel under the pretense of an "independent fact-finding investigation," yet later invoked privilege to conceal findings (Undisputed Fact #27).

Defendants' legal counsel was presented as neutral, but later suppressed investigative results and refused to disclose key employment records, reinforcing pretext.

This misuse of counsel further retaliated against Plaintiff, creating an intimidating work environment while denying her access to procedural fairness.

**Impact:**

Defendants' misuse of legal counsel denies Plaintiff due process. Mandatory participation followed by suppression of findings confirms procedural abuse. Further, spoliation of evidence supports Plaintiff's adverse inference argument under Rule 37(e). Defendants' misuse of counsel strengthens Plaintiff's hostile work environment claim and justifies summary judgment.

Courts reject privilege abuse when it is weaponized against employees in retaliation cases.

Plaintiff is entitled to summary judgment based on Defendants' procedural misconduct.

**IV. CONCLUSION**

Because Defendants' judicial admissions eliminate factual disputes, comparator evidence proves pretext, financial harm confirms retaliation, missing records warrant adverse inference, procedural failures invalidate their defenses, and abuse of privilege reinforces misconduct, Plaintiff respectfully requests this Court enter summary judgment in her favor under Rule 56.

Dated: June 24, 2025      Submitted By:___/S/_____
                                         Mary Madison
                                         9758 S. Charles
                                         Chicago, IL 60643
                                         6152396684
                                         mdj123197@aol.com