



FILED
7/7/2025
THOMAS G. BRUTON
CLERK, U.S. DISTRICT COURT

MAN

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS

MARY MADISON,
Plaintiff,

v.

CREATIVE WERKS, LLC,
and Steve Schroeder, individually,
Defendants.

Case No. 23CV16476
Honorable Judge Manish S.
Shah

## PLAINTIFF'S REPLY IN OPPOSITION TO DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

### I. Introduction

Defendants' motion is premised on post hoc justifications that are inconsistent with their own admissions and unsupported by contemporaneous documentation. Plaintiff has presented direct and circumstantial evidence of retaliation, race and sex discrimination, and pretext—each supported by Defendants' Rule 56.1 admissions and the absence of a lawful basis for adverse action.

### II. Defendants Have Admitted There Was No Termination

Defendants argue Plaintiff was terminated for submitting an "alarmist" and "inaccurate" Risk Analysis. However, they admitted in their Answer (Dkt. #53, ¶11(b)) that Plaintiff was never terminated and agreed to remove termination language from the Joint Initial Status Report. No termination letter was issued, and the personnel file contains no such documentation. (Plaintiff's 56.1 Statement ¶3, ¶18–19, ¶20, ¶59–61.)

1

Under the Illinois Personnel Record Review Act (820 ILCS 40/8), Defendants may not now assert discipline or termination not present in the file. Their argument contradicts their own record and is procedurally barred.

## III. The Risk Analysis Was Protected Activity, and the Timing Supports Pretext

Plaintiff submitted the Risk Analysis on October 21, 2022, raising systemic FSMA violations. She was suspended five days later. (56.1 ¶¶33–38; Opposition ¶79–81.) This close temporal proximity, coupled with Defendants' failure to produce evidence of any prior performance issues (¶19, ¶21), supports an inference of retaliation.

## IV. Comparator Evidence Confirms Disparate Treatment

Defendants admit that Erich Zicher, a white male, raised similar regulatory concerns but was not disciplined. (Dkt. #53 ¶7; 56.1 ¶14, ¶17, ¶48–54.) Both he and Plaintiff were involved in FDA inspections, submitted quality assessments, and were PCQI certified.

Yet only Plaintiff was suspended and isolated. This differential treatment—along racial and gender lines—raises a triable issue under Title VII and §1981. Defendants' failure to distinguish Zicher further supports pretext. (See EEOC v. AutoZone, Inc., 707 F.3d 824, 835–36 (7th Cir. 2013).)

## V. The Investigation Was Exclusionary and Improper

Plaintiff was never included in Defendants' internal investigation. Instead, she was interviewed months later by outside litigation counsel—under the guise of an "independent fact-finder." (56.1 ¶27, ¶39–40, ¶57; Opposition ¶27–28.) Defendants' own admissions show that no neutral or contemporaneous process existed to evaluate Plaintiff's Risk Analysis, contradicting their stated rationale.

## VI. Defendants' Shifting Justifications Undermine Credibility

Defendants' characterization of the Risk Analysis has shifted: from "inappropriate tone" to "alarmism" to "inaccuracy." But at no time have Defendants identified what, specifically, was false or why. (56.1 ¶43–47; Opposition ¶38–53.) Nor did they offer an expert rebuttal—despite initially relying on an expert whose findings were later abandoned. That Zicher's draft Food Safety Plan was itself noncompliant (FDA & Nestlé audits) further discredits their defense. (56.1 ¶50–52, ¶56.)

## VII. Additional Grounds for Denial of Summary Judgment

In addition to the factual and legal disputes set forth above, summary judgment must also be denied because:

- Defendants failed to address Plaintiff's claims under 42 U.S.C. § 1985 and common law conspiracy. These claims remain uncontested and are supported by facts showing coordinated misconduct.

- Defendants' Rule 12(c) motion was limited to Title VII and did not contest the FSMA, §1981, §1985, or state law claims, leaving them active and viable. The Court ruled on Defendants' motion and it was denied.

- No statutory, regulatory, or scientific basis has been offered to rebut Plaintiff's Risk Analysis or show that her findings were inaccurate (Dkt. #40, 53 & 81).

- Defendants' counsel was presented as an independent fact finder, but then claimed privilege to withhold investigative findings—undermining the independence and credibility of that process. (56.1 ¶27)

3

- - Defendants never provided a legitimate, documented reason for suspending Plaintiff, either in their motion for summary judgment or anywhere in the record. Despite claiming misconduct or deficiencies, they failed to articulate any factual, regulatory, or performance-based rationale to support the adverse action. No policy, testimony, audit response, or written directive supports their suspension decision, rendering the action both pretextual and unsupported. No such rationale appears in the personnel file, in violation of the Illinois Personnel Record Review Act. Moreover, the suspension letter issued by Defendants explicitly stated Plaintiff was being suspended because of her Risk Analysis and conversation with Mr. Schroeder—confirming protected activity as the cause. (Dkt. #40, 53 & 81)

- - Defendants claimed that Plaintiff's conduct was "alarmist," "improper," and "unfounded," yet still referred her to an alleged "independent fact finder." This inconsistency further demonstrates pretext. If a conclusion had already been reached internally, no independent fact-finding would be necessary. (56.1 ¶27)

- - Defendants failed to provide Plaintiff a copy of her deposition transcript, as required by Federal Rules of Civil Procedure 26 and 37. This discovery violation prejudiced Plaintiff's ability to oppose summary judgment, particularly where credibility and context are key. Under Seventh Circuit precedent, Rule 37 violations concerning failure to produce documents or disclosures are treated as dispositive: where a party withholds key discovery materials such as a deposition transcript, it is axiomatic that the court must disregard any contentions raised by that party based on the withheld material. Accordingly, any use or citation of Plaintiff&#39;s deposition testimony by Defendants should be stricken or

excluded from consideration in this motion. See *David v. Caterpillar, Inc.*, 324 F.3d 851, 857 (7th Cir. 2003) (Rule 37 sanctions may include exclusion of improperly withheld evidence).

- The FDA inspection report (Def. Ex. 2 Dkt #81) confirmed that both Plaintiff and Zicher had responsibilities relating to FSMA compliance, supporting a comparator analysis under *Coleman v. Donahoe*, 667 F.3d 835, 846–47 (7th Cir. 2012), which establishes that comparators need not have identical responsibilities but must be similarly situated in all material respects. See also (56.1 ¶17)

- The undisputed facts show Defendants relied solely on Zicher's assertions without investigating Plaintiff's allegations, which is actionable pretext under *Humphries v. CBOCS West, Inc.*, 474 F.3d 387, 407 (7th Cir. 2007), aff'd, 553 U.S. 442 (2008), as a failure to investigate claims in the face of conflicting evidence may support a finding of discriminatory intent. (56.1 ¶39)

- Defendants have not disputed that Plaintiff was meeting their legitimate performance expectations prior to her Risk Analysis. They did not identify any preexisting performance concerns. The only cited issue is Plaintiff's Risk Analysis, which is protected activity. (56.1 ¶19 & 61); Answer ¶8, Dkt. #53.)

- - Plaintiff's expert witness, a renowned expert and contributor to the International Standards and regulatory compliance consultant,reviewed the Risk Analysis and concurred that it aligned with FSMA principles and identified systemic regulatory gaps. This testimony supports the reasonableness and validity of Plaintiff's protected conduct and directly rebuts any assertion of alarmism or inaccuracy. (Madison Declaration Exhibit 27).

In addition to the factual and legal disputes set forth above, summary judgment must also be denied because:

- Defendants failed to address Plaintiff's claims under 42 U.S.C. § 1985 and common law conspiracy. These claims remain uncontested and are supported by facts showing coordinated misconduct.

- Defendants' Rule 12(c) motion was limited to Title VII and did not contest the FSMA, §1981, §1985, or state law claims, leaving them active and viable.

- No statutory, regulatory, or scientific basis has been offered to rebut Plaintiff's Risk Analysis or show that her findings were inaccurate. (Dkt. #40, 53 & 81)

- Defendants' counsel was presented as an independent fact finder, but then claimed privilege to withhold investigative findings—undermining the independence and credibility of that process. Dkt. #81 Def Ex. 18 and (56.1 ¶27 & 62)

- Defendants never provided a legitimate, documented reason for suspending Plaintiff, either in their motion for summary judgment or anywhere in the record. Despite claiming misconduct or deficiencies, they failed to articulate any factual, regulatory, or performance-based rationale to support the adverse action. No policy, testimony, audit response, or written directive supports their suspension decision, rendering the action both pretextual and unsupported, and no such rationale appears in the personnel file, in violation of the Illinois Personnel Record Review Act.

- Also Defendants Exhibits are not true and correct copies.

## VIII. Conclusion

Defendants' admissions, failures to investigate, shifting narratives, and reliance on unsupported disciplinary action that does not appear in Plaintiff's personnel record create genuine disputes of material fact. Accordingly, summary judgment must be denied.

Respectfully submitted,

Mary Madison
9758 S. Charles
Chicago, IL 60643
6152396684
MDJ123197@aol.com

Dated: July 07, 2025