UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| MARY MADISON, | ) | |
| | ) | |
| Plaintiff, | ) | No. 23-cv-16476 |
| v. | ) | |
| | ) | Hon. Manish S. Shah |
| CREATIVE WERKS LLC, | ) | |
| and STEVE SCHROEDER, Individually | ) | |
| | ) | |
| Defendants. | ) | |

**DEFENDANTS' RESPONSE TO PLAINTIFF'S
MOTION TO STRIKE AFFIRMATIVE DEFENSES**

Defendants, Creative Werks, LLC and Steve Schroeder, submit the following in response to Plaintiff's Rule 12(f) Motion to Strike Its Affirmative Defenses.

**I.     Standard of Pleading and Rule 12(f) Motions**

Motions to strike affirmative defenses are governed by Rule 12(f) of the Federal Rules of Civil Procedure, which provides, in relevant part:

> Upon motion made by a party before responding to a pleading …upon motion made by a party within 20 days after the service of the pleading upon the party…the court may order stricken from any pleading any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter.

*Fed.R.Civ.P. 12(f); see also Codest Eng'g v. Hyatt Int'l Corp.*, 954 F. Supp. 1224, 1228 (N.D. Ill. 1996). Procedurally, a motion under Rule 12(f) must be filed "within 21 days after being served with the pleading." Fed.R.Civ.P. 12(f). Here, Plaintiff filed her Motion to Strike Affirmative Defenses approximately ten (10) months *after* Defendants filed their Answer and Affirmative Defenses, and Plaintiff sets forth no basis for such a delay. On this basis alone, Plaintiff's Motion

1

to Strike should be denied. *Red Label Music Publ'g, Inc. v. Chila Prods.,* 388 F. Supp. 3d 975, 982 (N.D. Ill. 2019).

If and to the extent this Court otherwise entertains a review of the affirmative defenses under Rule 12 on its own accord, Defendants note that this Court has consistently disfavored motions to strike affirmative defenses. *Id., citing Williams v. Jader Fuel Co., Inc*., 944 F.2d 1388, 1400 (7th Cir. 1991). Generally, such motions will only be granted if the affirmative defenses are "patently defective and could not succeed under any circumstances." *Mobley v. Kelly Kean Nissan, Inc.*, 864 F.Supp. 726, 732 (1993); *Williams,* 944 F.2d at 1400 (motion to strike affirmative defenses not granted unless defense(s) are insufficient on the face of pleadings, and only if it was a "certainty") In this respect, to grant such a motion, the court must "be convinced that there are no questions of fact, that any questions of law are clear and not in dispute, and that under no set of circumstances could the defense succeed." *Codest Eng'g*, 954 F. Supp. at 1228. Importantly too, in addressing a motion to strike affirmative defenses, a court is not to consider the strength of Defendants' factual proof for their defense when construing a motion to strike, as that is something to be later measured by the evidence presented. *Id*

**II. Plaintiff's Motion Seeks to Strike All Affirmative Defenses.**

Defendants raise five (5) affirmative defenses, none of which assert fraud or mistake, and thus do not have to be pled with particularity, but rather merely must satisfy the basic notice pleading requirements. See Fed. R. Civ. P. 9(b); *Bobbitt v. Victorian House, Inc*., 532 F. Supp. 734, 737 (N.D. Ill. 1982). As such, it is only required that the affirmative defenses be reflected in "short and plain terms." *Id.* Affirmative defenses are sufficient and invulnerable to a motion to strike as long as the pleading gives the plaintiff fair notice of the nature of the defense. *Codest Eng'g,,* 954 F. Supp. at 1228.

A. **Affirmative Defense No. 1**

Defendants' Affirmative Defense No. 1 asserts "The Same Actor Defense… To the extent the persons involved in Plaintiff's hiring decision within Creative Werks were involved in the decision to terminate Plaintiff, Defendants are entitled to have the jury or finder of fact that any adverse employment action was not discriminatory." Plaintiff argues that this defense is insufficient because it fails to assert the particular names of the actors who participated in the adverse action, fails to identify the timing of the adverse employment decision(s) and omits comparator treatment. Plaintiff also argues that the issue is "moot," asserting there is insufficient evidence to support this affirmative defense.

As an initial matter, the "same-actor inference," is a recognized affirmative defense in Title VII cases. *See e.g., EEOC v. Our Lady of the Resurrection Med. Ctr.*, 77 F.3d 145, 152 (1996). Under this defense, where the same person does the hiring and firing of an individual, an inference arises that the firing did not result from an improper discriminatory motive. *Johnson v. Zema Sys. Corp.*, 170 F.3d 734, 744–45 (1999). As pled, it has placed Plaintiff on notice that to the extent persons involved in her hiring process were involved in her termination process, they may not have the requisite mental state to have retaliated or discriminated against her. *See Id*. Plaintiff moreover had ample authority during discovery in this case to seek additional information concerning this defense, and she asserts no prejudice with respect to the same. Indeed, as noted above, Plaintiff now brings this motion approximately ten (10) after the defense's initial filing. Here, Plaintiff has sufficient knowledge of the defense, such that she will not be surprised having been put on fair notice of the same. *Codest,* 954 F. Supp. at 1228; *Riemer v. Chase Bank, N.A.*, 275 F.R.D. 492, 494–95 (N.D. Ill. 2011) (notice of the type of defense vs. specificity is the focus on a Rule 12(f) motion).

Plaintiff also argues that an asserted 'lack of evidence' of this defense renders it "moot", but this is just another argument on the purported strength or weakness of this defense. Affirmative Defenses are mere pleadings of *potential* defenses, and they may or may not be later confirmed through evidence by a finder of fact, and when addressing a motion to strike an affirmative defense, "it would be inappropriate for [the] Court to consider the Defendants' factual proof for their defense when construing a motion to strike." *Johnson,* No. 99 C 8288 *2. **B.**

**Affirmative Defense No. 2**

Plaintiff argues that Defendants' Affirmative Defense No. 2, regarding "After Acquired Evidence" should be stricken, asserting that (a) specific evidence of same is not identified; (b) does not reflect when such evidence was discovered; or (c) how it could have led to her termination. Plaintiff also argues that this affirmative defense allegedly contradicts certain of Defendants' admissions.  In furtherance of her motion, Plaintiff also argues that "Defendants have failed to produce any documented evidence" relating to her termination, and essentially asserts that this defense is not applicable because, allegedly, there is no evidence at all of her being terminated in Defendants' discovery production.

As an initial matter, Defendants note that 'after acquired evidence' is a valid and cognizable affirmative defense. *See e.g., Brown v. Yellow Transp., Inc*., No. 08 C 5908, 2010 WL 152000, at *2 (N.D. Ill. Jan. 14, 2010); *Sheehan v. Donlen Corporation*, 173 F.3d 1039, 1046 (7th Cir.1999) (recognizing the defense in an employment discrimination case).  In asserting this affirmative defense, this Court has held that, "To properly plead this defense, Defendants must [merely] allege: (1) existence of after-acquired evidence of employee-wrongdoing and (2) this wrongdoing would

have led to employee's dismissal." *Johnson v. City of Elgin*, No. 99 C 8288, 2001 WL 199506, at *2 (N.D. Ill. Feb. 28, 2001). Here, Defendants' affirmative defense meets the standard.[1]

Plaintiff's argument as to an asserted lack of evidence to support this affirmative defense is not applicable or appropriate in a Rule 12(f) motion. See e.g., *Johnson, No.* 99 C 8288 at *2.

Plaintiff's arguments relating to certain alleged admissions of Defendants is likewise a red-herring. Plaintiff asserts that Defendants have "admitted" she was not terminated. (Pl. Brief at pg. 4). This argument firstly ignores the allegations in Plaintiff's *own* Complaint, in paragraphs 11(b), 79 &109, that she was terminated as a result of discrimination and she seeks damages associated with same. Defendant, moreover, does not deny she was "terminated…" only that she was terminated on an unlawful basis. Defendants expressly and affirmatively assert that Plaintiff was terminated in its Answer to paragraph 79 of Plaintiff's Complaint.[2]

Additionally, in contradiction to the above issue of "termination", Plaintiff also argues, in her Motion to Strike, that "inconsistent" statements were made by Defendants to the Department of Labor and the Illinois Department of Human Rights …wherein, in part, Defendants represented that "Plaintiff was *terminated* for "incompetence," (emphasis added) and now for reasons including, but not limited to, a lack of professionalism, being alarmist, providing false information in her Risk Analysis and other reasons. Firstly, while not germane to the central issue here, there

---

[1] Plaintiff also argues that some sort of "after acquired evidence" was discussed with her when she had been suspended in a conference with Defendants' outside counsel. Plaintiff does not disclose what she is referring to in her brief, it is not supported by any evidence in the record, and this argument would not render any such defense of after acquired evidence as moot. Notwithstanding, Plaintiff would be free to argue otherwise in response to evidence raised during summary judgment and/or during the trial of this case.

[2] While not reflected on the face of the pleadings here, Defendants have also admitted that Plaintiff was terminated in response to Plaintiff's Requests to Admit, which she does not cite to. Further, this same issue (i.e. the impact of whether Plaintiff was terminated as it relates to Defendants defenses) is the primary subject of a contemporaneously pending motion filed by Plaintiff, entitled "Motion to Bar Termination-Based Defenses Under The Doctrines of Judicial Estoppel, Collateral Estoppel, and Equitable Estoppel" (Docket No. 86). Defendants adopt and incorporate its Reply to that Motion to Bar.

is nothing inconsistent with such positions. Secondly, the issue of Defendants' basis for terminating Plaintiff is addressed in Defendants' pending Motion for Summary Judgment and Reply to Plaintiff's Response to Summary Judgment, which addresses this issue and which to the extent necessary, is adopted and incorporated herein.

Lastly, as it relates to Defendants' Affirmative Defense No. 2, Plaintiff argues that it should be stricken based on judicial estoppel on the purported basis of Defendants assuming a certain position in a legal proceeding and later adopting an inconsistent position in a different forum. However, while setting forth this legal argument, Plaintiff does not set forth any discernable statements, prior sworn positions or contradictory statements of Defendants in any other legal matter as it relates to this argument. Moreover, Plaintiff does not articulate what position taken by Defendants lent it to "succeed" in any prior action inconsistent with any position taken in this case. *See New Hampshire v. Maine*, 532 U.S. 742, 749-50 (2001) (in order for judicial estoppel to be applicable, it must be demonstrated that a party "assumes a certain position in a legal proceeding, and *succeeds* in maintaining that position…" (emphasis added.) Accordingly, Plaintiff's judicial estoppel arguments should be rejected.

    **C.**    **Affirmative Defense Nos. 3 & 4**

Plaintiff also seeks to strike Defendants' Affirmative Defense Nos. 3 & 4. Those Defenses are pled as follows:

> 3rd Affirmative Defense – Same Decision
> 3.    The Plaintiff's suspension and subsequent termination was based on a legitimate, non-discriminatory reasons, arising out of failing to follow corporate formalities, including chain of command, and drafting a report that was extremely unprofessional, unreasonably alarmist, full of errors, misstating facts, and otherwise reflecting poor reasoning, and reflecting a lack of proper research.
> 4th Affirmative Defense Plead Alternatively - Alternatively Mixed Motive

    4.    If and to the extent there would be any finding this case that adverse employment action occurred as a result, in part, of discriminatory animus, damages (if any) should be limited to the extent that Defendants had other legitimate non-discriminatory bases to terminate Plaintiff.

As an initial matter, legal/factual arguments that an employer would have terminated an employee for non-discriminatory actions and/or mixed-motives relating to same are recognized legal defenses in the Seventh Circuit. *See e.g., Speedy v. Rexnord Corp.,* 243 F.3d 397, 402-03 (2001). Plaintiff makes several arguments, however, that such defenses are not properly pled here.

In this respect, Plaintiff first seeks to have this Court address the merits (or strength) of Defendants' defenses, including assertions of Plaintiff's "alarmist" and "unprofessional" work product, and/or arguing the merits of comparator evidence. As part of Plaintiff's *factual* arguments, she even argues the substance/relevance of purported materials purportedly reflected in and/or not appearing in her "personnel file." (Pl. Memo at pg. 6). As with similar arguments made previously by Plaintiff, a Rule 12(f) Motion to strike is not a proper vehicle to have this Court address the strength or weakness of evidence relating to affirmative defenses.

Plaintiff similarly argues that mixed-motive defenses should be rejected here, arguing that "post hoc" resignations unsupported by the evidence in the contemporaneous record, are insufficient to establish a legitimate reason for adverse actions." Again, Plaintiff is arguing the purported merits of this affirmative defense, and in doing so as well, cites an unremarkable but applicable case relating only to summary judgment standards, not as it relates to Rule 12(f) motions to strike. *See* Plaintiff's citation to *Hobgood v. Illinois Gaming Bd.*, 731 F3d 635, 646 (7th Cir. 2013).

Plaintiff also repeats her legal argument that some purported written positions asserted by Defendants (before the Illinois Department of Human Rights and Department of Labor

administrative actions), as being somehow inconsistent with a mixed motive affirmative defense. This is a re-hash of her judicial estoppel argument, which is not meritorious, nor is the underlying logic of her argument-- even if the court were to look at any prior positions taken.

Finally, while appearing later in her brief (under the portion addressing Affirmative Defense No. 5), Plaintiff also raises an argument regarding Defendants' Affirmative Defense No. 4, relating to whether her purported damages should be limited to the extent that mixed-motives are found to be applicable with respect to her retaliation claim. (See Pl. Brief, p.g 9, Par. F). As best as can be discerned, Plaintiff is either arguing that it is not specific enough or that this defense is not applicable. However, this Court has held to the contrary, as to the merits of this defense as it relates to applicability to retaliation damages (*See e.g., Speedy,* 243 F.3d at 402-03), and as pled, adequately notified Plaintiff as to this defense meeting the Rule 12(f) standards.

### D. Affirmative Defense No. 5

Defendants' Affirmative Defense No. 5, sets forth that:

> Plaintiff's Complaint is based, in part, upon retaliation with respect to Title VII. Plaintiff pleads no allegations alleging that she engaged in any statutorily protected activity nor any adverse job action causally connect to any such statutorily protected activity.

Plaintiff's argument with respect to this Affirmative Defense appears largely to set forth an argument that she adequately alleged the *prima facie* elements of retaliation, but does not cite to the factual averments in her Complaint in doing so and/or does not cite to Defendants' pleadings indicating how or where the prima facie elements are not in controversy. (Pl. Brief, pg. 9).

Plaintiff also argues that Defendants somehow waived this legal affirmative defense, notwithstanding Defendants included the same in their pleadings. The case citation set forth in

support of this argument, moreover, merely stands for the narrow proposition that an argument cannot be made *on appeal*, if not asserted in the underlying action. *See Henry v. Hulett*, 9696 F3d 769, 786 (2020). However, issue/appeal waiver is not applicable here. To the extent relevant too, Defendants have separately addressed Plaintiff's failure to have adequately plead and/or the impossibility of Plaintiff establishing her retaliation claim in the pending Defendants' Motion for Summary Judgement.

  E.  **Miscellaneous Arguments Raised by Plaintiff**

The remainder of Plaintiff's Memorandum in Support of her Rule 12(f) Motion, reflects an argument, asserting a purported series of alleged "judicial admissions" which allegedly "contradict" Defendants' defenses, although unclear which affirmative defenses she is referring to. On its face, Plaintiff cites to certain portions of Defendants' Amended Answer, which are unremarkable nor constitute admissions of any kind. While Madison *concludes* to the contrary, nowhere in the Defendants' Answer do they *admit* that she reported race or sex claims *prior to being suspended or terminated*, nor have Defendants admitted to withholding any documents that purportedly should have been in Plaintiff's personnel file, nor have Defendants admitted (factually or legally) that her supervisor, Erich Zicher was a "comparator." In this respect, not only does Plaintiff wholly misrepresent the substance of Defendants' Answers, but she is essentially again, arguing the merits of Defendants' affirmative defenses, not arguing any legitimate basis upon which to strike them pursuant to Rule 12(f).

## Conclusion

Respectfully, Defendants, Creative Werks, LLC and Steve Schroeder, request that this Court deny Plaintiff's Rule 12(f) Motion to Strike Defendants' Affirmative Defenses.

                                                      On behalf of Defendants, Creative Werks, LLC and Steve Schroeder

                                                      <u>/s Jon D. Cohen</u>
                                                      Jon D. Cohen, attorney

Dickinson Wright PLLC
Jon D. Cohen, ARDC 6206666
55 W. Monroe St., Suite 1200
Chicago, Illinois 60603
jcohen@dickinsonwright.com
(312) 641-0060