UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| MARY MADISON, | ) | |
| | ) | |
| Plaintiff, | ) | No. 23-cv-16476 |
| v. | ) | |
| | ) | Hon. Manish S. Shah |
| CREATIVE WERKS LLC, | ) | |
| and STEVE SCHROEDER, Individually | ) | |
| | ) | |
| Defendants. | ) | |

**DEFENDANTS' RESPONSE TO PLAINTIFF'S
MOTION TO BAR TERMINATION BASED DEFENSE**

Defendants, Creative Werks, LLC and Steve Schroeder, submit the following in Response to Plaintiff's Motion and Memorandum for To Bar Termination-Based Defenses Under Doctrines of Judicial Estoppel, Collateral Estoppel, and Equitable Estoppel ("Motion to Bar").

**I. The Motion to Bar Overlaps Plaintiff's Motion to Strike Affirmative Defenses and Plaintiff's Response to Defendants' Motion for Summary Judgement**

The Motion to Bar appears to be in part: (a) an extension of Plaintiff's Motion to Strike Affirmative Defenses under Rule 12(f); and/or (b) seeking to address issues raised in Defendants' Motion for Summary Judgement. In either respect, Defendants adopt and incorporate the applicable standards with respect to same, and fully incorporated Defendants' related pleadings as if fully restated herein. Notwithstanding, and without waiving an rights and/or objections, this Response will focus on the case law at issue, as it specifically relates to the equitable legal principals asserted in Plaintiff's Motion to Bar.

**II. Judicial Estoppel**

Plaintiff argues that judicial estoppel is applicable on the purported basis of Defendants seeking to gain an "unfair advantage by asserting inconsistent positions in successive

1

proceedings." As part of this argument, Plaintiff appears to initially argued that because of a lack of a written termination letter in her "personnel" file produced to her, that *ipso facto*, Defendants did not and cannot assert she was "terminated" and/or seek to defend the basis of her termination upon any legal theory. This argument is nonsensical.

Under judicial estoppel, "[W]here a party assumes a certain position in a legal proceeding, *and succeeds in maintaining that position*, he may not thereafter, simply because his interests have changed, assume a contrary position, especially if it be to the prejudice of the party who has acquiesced in the position formerly taken by him." *New Hampshire v. Maine*, 532 U.S. 742, 750-51 (2001); *Grochocinski v. Mayor Brown Rowe & Maw*, LLP, 719 F.3d 785 (7th Cir. 2013). In order for judicial estoppel to be applicable, three (3) conditions must be met: (1) a party's later position must be "clearly inconsistent" with its earlier position; (2) the courts must determine if a party has succeeded in persuading a prior court to accept that party's earlier position (such that judicial acceptance of an inconsistent position in a later proceeding would create "the perception that either the first or the second court was misled,") and a party's later inconsistent position introduces no "risk of inconsistent court determinations," and thus poses little threat to judicial integrity; and (3) whether the party seeking to assert an inconsistent position would derive an unfair advantage or impose an unfair detriment on the opposing party if not estopped. (collectively "Judicial Estoppel Conditions"). *New Hampshire*, 532 U.S. at 750-51

In *New Hampshire*, the defendant alleged that the New Hampshire party had prevailed in a prior legal case using a specific legal position, and thereafter in subsequent litigation between the parties, the New Hampshire party sought to assert a wholly contradictory definition to avoid liability. *Id.* Under those procedural and factual facts, the Court found, that the New Hampshire

2

party was judicially estopped from arguing a contrary factual/legal argument that it previously succeeded on in prior litigation between the parties at issue. *Id.*

In the instant Motion to Bar, Plaintiff has not set forth any of the Judicial Estoppel Conditions. Indeed, Plaintiff's entire argument in this respect, is predicated upon the premise, that in a prior administrative action before the U.S Department of Labor ("U.S. DOL") and/or the Illinois Department of Human Rights ("IDHR"), that Defendants represented and argued that Plaintiff was "terminated for incompetence" but that here, Defendants are seeking to assert (as a defense) that Plaintiff was "not" terminated.

As a predicate matter, Defendants have *not* asserted a defense *in this case* premised on the theory or assertion that Plaintiff was *not* terminated. While Plaintiff asserts that Defendants have denied she was terminated, Plaintiff does so solely by selective reference to Defendants' Amended Answer. In this respect, Plaintiff appears to focus only in Defendants' Answer to par. 12 of the Complaint, wherein Defendants denied that, collectively she was terminated, failed to stop harassment and retaliated against her. While paragraph 12 was collectively denied as a whole, Defendants do not deny that Plaintiff was terminated, which is reflected in paragraph 79 of Defendants' Amended, wherein it is *affirmatively* averred that she was terminated. Moreover, Defendants' Affirmative Defense Nos. 1, 2 & 3 each affirmatively assert that Plaintiff was "terminated." Moreover, Defendants are not seeking to predicate any defense based upon a theory that Plaintiff was not terminated.

Here, there is no basis for this Court to conclude or be concerned with Defendants having "succeeded" in persuading a prior court to accept an *inconsistent* position and/or creating a perception that the prior or current court was/is being misled. *Id.* In this respect, Plaintiff has

3

presented no evidence of any prior judicial finding predicated upon any "termination" based defense in any other legal proceeding.

Thirdly, Plaintiff has not argued or demonstrated how Defendants would derive an unfair advantage or impose an unfair detriment upon her if not estopped. Plaintiff's legal theories of recovery are predicated upon Defendants' alleged adverse employment. Defendants do not, in respect, deny suspending plaintiff, subsequently suspending her without pay, and/or subsequently terminating her employment. (See Defendants' Rule 56.1 Statement of Undisputed Facts, pars. 27, 28 & 30). Therefore, it cannot be argued by Plaintiff that Defendants are taking a different position in regard to any prior litigation and/or of any logical basis to argue an unfair advantage to Defendants or an unfair detriment upon Plaintiff.

For all of these reasons, Plaintiff's arguments predicated upon the applicability of judicial estoppel should be denied.

### III. Collateral Estoppel Is Not Applicable Here

Plaintiff next argues that the equitable principal of collateral estoppel should bar "re-litigation" of her termination status. Notwithstanding the Plaintiff's description of the basis of this relief, she merely makes an argument that the purported discovery materials produced to Plaintiff do not, allegedly reflect that she was "terminated" or received any adverse employment action. Notably too, Plaintiff does not argue that there is evidence to the contrary in any purported discovery, merely that she asserts there to be a lack of evidence. There are several flaws in this argument.

The Plaintiff's sole authority in her brief relating to the doctrine of collateral estoppel reflects that once a fact or law is actually and necessarily determined by a court of competent jurisdiction, that determination is conclusive in subsequent suits based on a different cause of

4

action involving a party to the prior litigation. *Montana v. United States*, 440 147, 153 (1979). With this argument, Plaintiff concludes that her "employment status" is material to the instant case and that Defendants should be estopped from raising an inconsistent position in this matter. However, the broad brush-stroke of Plaintiff's conclusions are not supported by reference to any contrary fact or legal issue previously adjudicated by another legal body.

As further context for the Defendants' in this action, there is a pending Motion for Summary Judgment, *expressly* predicated upon assertions that Creative Werks terminated Plaintiff (i.e. apparently consistent with its alleged position taken before the US DOL and IDHR-according to Plaintiff) and borne out in Defendants' Rule 56.1 Statement of Undisputed Facts.

For these reasons, Plaintiff's collateral estoppel arguments in support of her motion to bar should be rejected.

### III. Plaintiff's Equitable Estoppel Arguments Are Without Merit

Plaintiff next argues that Defendants should be barred from asserting that Plaintiff was terminated and/or barred from any defense predicated upon her "termination" because of the equitable theory of equitable estoppel.

The doctrine of equitable estoppel is applicable when a party, through their words or conduct, reasonably induces another party to rely on their representations, leading the latter to change their position to their detriment. *See e.g., Time Warner Sports Merchandising v. Chicagoland Processing Corp.*, 974 F.Supp. 1163, 1173 (1997). This doctrine is designed to prevent a party from unjustly or inequitably lulling their adversary into a false sense of security and then asserting a defense based on the delay caused by their own conduct. *See Anderson v. Holy*, 878 F.Supp.2d 923 (2012).

Here, Plaintiff does not argue or assert that Defendants engaged in any action to induce her to rely upon any representations and/or otherwise leading to a changing her position to her detriment. *Time Warner Sports Merchandising,* 974 F.Supp. at 1173. Similarly, Plaintiff does not assert or argue that she was unjustly or inequitably lulled into a false sense of security and then later impacted by a delay of acting. *Id.* Rather here, Plaintiff' arguments merely parrots her judicial estoppel arguments, which for the reasons noted above herein, are not meritorious.

### IV. Remaining Estoppel Arguments Are Without Merit

The remainder of Plaintiff's Motion to Bar Defenses is entitled "Defendants Should be Estopped Entirely From Asserting Termination-Based Theories." Here, Plaintiff merely reiterates arguments made in prior portions of her Motion to Bar, without asserting different legal or factual assertions or legal theories of estoppel. Accordingly, Defendants stand on the portion of this Response relating to same.

### V. Conclusion

Plaintiff's Motion to Bar appears to be arguments seeking to address Defendants' affirmative defenses, as well as potentially relating to Defendants' currently pending Motion for Summary Judgment and/or potential subsequent efforts of Defendants to raise certain defenses in the event summary judgment is not granted in their favor. To the extent it relates to the pending Motion for Summary Judgment, the Motion to Bar violates the briefing limitations and local Rule 56.1 associated with responses to Motions for Summary Judgment and/or appears to be a more detailed re-hash of arguments set forth in Plaintiff's Rule 12(f) Motion to Strike Defendants' Affirmative Defenses. Notwithstanding, even if addressed on the merits, Plaintiff's legal and/or factual arguments in the Motion to Bar do not support any basis upon which to bar any affirmative

defenses raised or sought to be raised by Defendants, and more particularly, should not be barred upon any estoppel doctrine raised by Plaintiff.

      Accordingly, Defendants Creative Werks, LLC and Steve Schroeder, respectfully request this Court to deny Plaintiff's Motion to Bar Termination-Based Defenses Under the Doctrines of Judicial Estoppel, Collateral Estoppel, and Equitable Estoppel.

On behalf of Defendants, Creative Werks, LLC and Steve Schroeder

/s Jon D. Cohen<br>
Jon D. Cohen, attorney

Dickinson Wright PLLC<br>
Jon D. Cohen, ARDC 6206666<br>
55 W. Monroe St., Suite 1200<br>
Chicago, Illinois 60603<br>
jcohen@dickinsonwright.com<br>
(312) 641-0060

7