UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| MARY MADISON, | ) | |
| | ) | |
| Plaintiff, | ) | No. 23-cv-16476 |
| v. | ) | |
| | ) | Hon. Manish S. Shah |
| CREATIVE WERKS LLC, | ) | |
| and STEVE SCHROEDER, Individually | ) | |
| | ) | |
| Defendants. | ) | |

**DEFENDANTS' RESPONSE TO PLAINTIFF'S
MOTION FOR JUDGMENT ON THE PLEADINGS**

Defendants, Creative Werks, LLC and Steve Schroeder, submit the following Response to Plaintiff's Motion and Memorandum for Judgment on the Pleadings ("Motion for Judgment on the Pleadings").

**I.    Federal Rule of Civil Procedure 12(c)[1]**

Plaintiff's Motion for Judgment on the Pleadings is predicated upon Rule 12(c) of the Federal Rules of Civil Procedure. Rule 12(c) allows a party to file a Motion for Judgment on the Pleadings "After the pleadings are closed—but early enough not to delay trial—a party may move

---

[1] Defendants note that to the extent Plaintiff seeks to raise matters and/or evidence outside of the pleadings, this Court may address Plaintiff's motion as a motion for summary judgment. Defendants note, in this regard, that Plaintiff filed a Statement of Undisputed Material Facts [Pursuant] to Rule 12(c) in this case ("Plaintiff's 12(c) Statement of Facts"). (See Docket. No. 83). Plaintiff does not cite to any particular portions of Plaintiff's 12(c) Statement of Facts in this Motion or Memorandum in Support thereof. Nevertheless, Defendants have filed a Response to Plaintiff's 12(c) Statement of Facts. Further, Plaintiff has also filed a Motion for Summary Judgment, a Memorandum in Support of same, and a Local Rule 56.1 Statement of Undisputed Facts (See Docket Nos. 89, 91 & 94). Plaintiff has yet to notice up that motion, nor has this Court otherwise entered an order setting dates for responsive pleadings to be filed with respect to same (i.e. this Court's 7/3/2025 Minute Order, entered after Plaintiff filed her Motion for Summary Judgment, solely addresses dates for Defendants' Reply Brief in Support of Their Motion for Summary Judgment and other motions pending, which include only Plaintiff's Rule 12(f) Motion to Strike Affirmative Defenses, Plaintiff's Motion to Bar Termination Based Defenses, and Plaintiff's Motion for Judgment on the Pleadings. If and to the extent there are any facts alleged outside of this Motion on the Pleadings, the Defendants would reserve their right to respond to same when filing its Responses to Plaintiff's Motion for Summary Judgment.

for judgment on the pleadings." Fed.R.Civ.P. 12(c); *Moss v. Martin*, 473 F.3d 694, 698 (7th Cir. 2007). In order to seek a judgment on the pleadings, a complaint must state a claim to relief that is plausible on its face. *Denan v. Trans Union LLC*, 959 F.3d 290, 293 (7th Cir. 2020). A motion for judgment on the pleadings depends solely on the content of the pleadings alone. *Black v. City of Chicago, et al,* No 2018CV06518 (N.D. Ill. 2022). Pleadings "include the complaint, the answer, and any written instruments attached as exhibits. *Federated Mut. Ins. Co. v. Coyle Mech. Supply Inc.*, 983 F.3d 307, 312 (7th Cir. 2020). When reviewing allegations set forth in a Motion on the Pleadings, the court must assume the truth of all well-pleaded factual allegations and/or denials in the *non-moving party's* pleadings and draws all reasonable inferences in the non-moving party's favor. *Zimnicki v. Neo-Neon Int'l, Ltd., No. 06 C 4879, 2009 WL 3805591, at *2 (N.D. Ill. Nov. 9, 2009).*

II. **Summary of Plaintiff's Motion on the Pleadings**

Here, Plaintiff argues that the pleadings entitle her to relief, under (a) Title VII; (b) the Food Safety and Modernization Act ("FSMA"), (c) 42 U.S.C. §1981; (d) 42 U.S.C. §1983; and (e) 42 U.S.C §1985(3). As a predicate matter, Plaintiff's Complaint in this case does not set forth/assert any claims under the FSMA[2] and/or 42 U.S.C §1985(3)[3] and thus should be summarily rejected. (See Plaintiff's Complaint, Docket No. 1).

---

[2] Plaintiff has a pending action against Defendants before the Department of Labor, which is in part, predicated upon a whistleblowing claim under the FSMA.

[3] Plaintiff asserts in this Motion that she was retaliated against for raising safety concerns under FSMA regulations, but her causes of action in her Complaint are not predicated upon FSMA or any remedies under that statutory framework. Similarly, Plaintiff's Complaint does not set forth *prima facie* allegations required to be pled for a 42 U.S.C. §1985(3) action, which would include that two or more persons have conspired to deprive the individual of the *equal protection of the laws, or of equal privileges and immunities under the laws.* 42 U.S.C. § 1985(3); *Copeland v. Northwestern Memorial Hosp.*, 964 F. Supp. 1225 (N.D. Ill. 1997). Here, for instance, there are no allegations in the Complaint or record of proceedings reflecting that any constitutional rights were interfered with and, even if pled, such actions may not be brought against private employers to invoke remedies available under Title VII. *See e.g., Great Am. Fed. Sav. & Loan Ass'n v. Novotny*, 442 U.S. 366, 375–76 (1979).

Plaintiff further argues that: (1) Defendants' affirmative defenses are legally insufficient pursuant to Rule 8(c) and should be dismissed;[4] (2) that judicial admissions in Defendants' pleadings "establish *elements* of Plaintiff's claims;" (emphasis added)[5]; (3) that Defendants have waived certain arguments and affirmative defenses by failing to contest alleged "hostile work environment claims" in Plaintiff's Complaint;[6] (4) and otherwise by concluding that she "properly stated claims for" discrimination, hostile work environment, *de facto* termination, contract interference, race and sex based discrimination, retaliation, disparate treatment and hostile work environment under Title VII and adverse employment decisions while similarly situated comparators were not subject to same treatment.

### III. Plaintiff Has Failed to Meet Her Burdens

As an initial matter, Plaintiff argues in her Motion on the Pleadings she was discriminated against and retaliated against for engaging a "protected activity" by raising concerns regarding: (a) food safety, an FDA investigation and FDA audit; (b) as well as *purportedly* raising racial and sex disparities. (Pl. Brief at pg 3). While it is not disputed that Plaintiff raised certain food safety, FDA investigations and/or FDA audit issues prior to her termination, such actions are not "protected activities" as it relates to the causes of action at issue and do not further or support Plaintiff's discrimination or retaliation claims. *See e.g., Crawford v. Metropolitan Government of*

---

[4] This argument is not applicable or related to the substance of any argument on the pleadings. It is further noted that Plaintiff currently filed a separate Motion to Strike Affirmative Defenses on these purported grounds, and Defendants rely and wholly adopt their Response to that Motion, filed contemporaneously with this Response.

[5] It would not be proper for Plaintiff to seek a judgement on the pleadings with respect to some elements of an action, rather only the entire action can be addressed that way. *Kenall Mfg. Co. v. Cooper Lighting, LLC*, 354 F. Supp. 3d 877, 894 (N.D. Ill. 2018).

[6] Hostile work environment are not part of the elements of any claims asserted by Plaintiff, and are otherwise not admitted factually in Defendants' pleadings.

*Nashville and Davidson County*, 129 S.Ct. 846, 850 (2009); *Clark v. Olin Winchester*, LLC, 724 F. Supp. 3d 738, 747 (S.D. Ill. 2024) (i.e. such as both employment related complaints to the EEOC or IDHR and informal complaints to Defendant.)

     A.    **Plaintiff Has Not Met Her Burden of Asserting Engagement In Any Protected Activities.**

To the extent that Plaintiff argues that she communicated race and sex disparity allegations (i.e. protected activities) to Defendant, Creative Werks, *prior* to any adverse employment actions at issue, Plaintiff has not established same through the pleadings—indeed Defendants assert the contrary. In her Complaint, Plaintiff narrowly alleges in this regard that:

> 84. Madison communicated to Creative Werks the adverse employment actions, which were taken against her, including but not limited to being retaliated against for identifying and raising non-compliance issues to Mr. Schroeder related to violations of FSMA. And that she had been treated differently than others who had raised the same and/or similar issues of compliance deficiencies. Madison further addressed the issue of not being afforded an opportunity to be a part of any investigation.

(Docket No. 1, par. 84.) In response, Defendants answered as follows:

> **Answer**: Paragraph 84 contains legal conclusions to which no response is required; however, to the extent a response is required, *Defendants deny the same*. Defendants admit *that by and through Plaintiff's Complaint*, she asserts that adverse employment actions were taken against her and that she had been treated differently than others who had raised the same or similar issues of compliance deficiencies. Defendants deny the truth of Plaintiff's allegations. *Defendants deny the remaining allegations of Paragraph 84 of the Complaint.*

(Docket No.53, par. 84) (emphasis added.) In this respect, while not disputed that *after* being terminated Plaintiff filed an EEOC/IDHR action asserting same, she does not plead that she made any such allegations or participated in any discrimination or retaliation claims *prior* to being terminated. (See Complaint at ¶84.) Moreover, Defendants' 5th Affirmative Defense specifically alleges: <u>Failure to Plead:</u> Plaintiff's Complaint is, based in part upon retaliation with respect to Title VII. Plaintiff pleads no allegations alleging that she engaged in any statutorily protected activity nor any adverse job action causally connect to any such statutorily protected activity." *Id.*

Accordingly, Plaintiff has not met her burden as to her engagement of any protected activities established on the pleadings alone.

**B.  Plaintiff Has Not Established Discrimination Through Pleadings**

Plaintiff also argues that she has satisfied the element of establishing "intentional discrimination." This argument is predicated upon Plaintiff's pleading (and Defendants' not disputing) that she was required to meet with outside counsel with respect to Creative Werks' investigation of Plaintiff's Risk Analysis. *See* Plaintiff's citation to Pars. 80-83 of her Complaint and Defendant's Answers thereto. Toward these ends, Plaintiff cites to *Texas Dept. of Community Affairs v. Burdline*, 450 U.S. 248, 255-56 (1981) for the legal proposition that by participating in Creative Werks' Risk Analysis investigation and/or utilizing her attorney in that process, that such actions otherwise constitute "protected activities." However, that case does not address what type of actions constitute protected activities, nor does it involve an employee who participated in any type of investigation conducted by their employer. *Id*. To the extent such facts have been addressed by the Court, it has been held that an employee's mere participation in an employer's investigation of their conduct is not grounds to asserted a "protected activity." See e.g,, Parson v. City of Danville, No. 21-CV-2119, 2024 WL 4869159, at *17-19 (C.D. Ill. Oct. 7, 2024); *Hatmaker v.*

*Memorial Medical Center*, 619 F.3d 741, 745 (2010). Accordingly, Plaintiff's argument as to establishment of discrimination by virtue of Defendants' pleadings confirming that she was the subject of an internal investigation, does not entitle Plaintiff to a judgment on the pleadings.

Plaintiff next asserts purported adverse employment actions after she engaged in alleged "protected activities," notwithstanding that, as noted above herein, it is disputed that Plaintiff ever engaged in protected activities *prior* to be being terminated and/or the timing of such is, at a minimum, a material disputed fact in this case such that a judgement on the pleadings is not appropriate.

Plaintiff makes similar arguments related to her § 1981 claim and her *purported* but un-pled §1985(3) claims.[7] Here Plaintiff premises these arguments on the *undemonstrated* assertions that Defendants engaged in purportedly retaliatory actions and conspiracies to conduct same and on the *disputed* basis that Defendants engaged in adverse employment actions: (a) *with respect* to any protected activities and/or (b) if there were any adverse employment actions engaged in *after* her raising race or sexual discrimination allegations.[8] None of the citations to the record in Plaintiff's Motion for Judgment on the Pleadings reflects any admission or agreement with these disputed assertions by Defendants.

Plaintiff makes other arguments that appear to be the type used when defending a Rule 12(b) motion to dismiss (i.e. arguing that she has properly "pled" various causes of actions) versus

---

[7] As noted above herein, Plaintiff has no pending claims asserted under 42 U.S.C. § 1985(3).

[8] By way of examples, it is disputed Defendants could have retaliated against Plaintiff for any protected activity. (see Answer, par. 84). To the extent that Plaintiff pleads otherwise in her Complaint, while Defendants acknowledge that she asserted racial and sex discrimination EEOC/IDHR action before filing the instant Complaint, Defendants deny any other allegations by Plaintiff prior to being terminated. *Id.* Plaintiff's argument that Defendant's alleged use of an "expert" to draft a statement in support of an EEOC/IDHR defense after her termination should also be considered retaliatory also lacks any logic here and does not comport with any type of cognizable adverse employment action or retaliation. (See Pl. Memo at pg. 5.)

the applicable standard required for a judgement on the pleadings. By way of example, in seeking to assert a claim of discrimination, Plaintiff argues that she *pled* that Zicher is a similarly situated employee and that he was not disciplined for alleged "public policy violations." (Pl. Memo at pg. 5, par. 4). However, Defendants have not admitted in its pleadings that Zicher is similarly situated in any respect, nor that Zicher engaged in any of the activities of the nature for which Defendants assert Plaintiff was terminated for. In this respect too, Plaintiff's complaint fails to adequately identify the facts upon which she even asserts that Zicher is similarity situated. Finally, Defendants note that this very legal/factual issue a subject of Defendants' pending Motion for Summary judgement, arguing that Plaintiff is unable to establish Zicher as a comparable/similarly situated employee.

The remainder of Plaintiff' Motion and Memorandum is similarly limited to unsupported conclusions asserting that the pleadings and answer on file (without resort to any other materials) entitled her to a judgment on the pleadings, but lacking citations to the record to establish same.

On behalf of Defendants, Creative Werks, LLC and Steve Schroeder

/s Jon D. Cohen
Jon D. Cohen, attorney

Dickinson Wright PLLC
Jon D. Cohen, ARDC 6206666
55 W. Monroe St., Suite 1200
Chicago, Illinois 60603
jcohen@dickinsonwright.com
(312) 641-0060